

**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Toll Free: (833) FIND-JUSTICE
(833) 346-3587
(917) 983-9321
Fax: (888) 421-4173

February 24, 2020

<u>**VIA ECF FILING**</u>

Hon. Anne Y. Shields
United States Magistrate Judge
Eastern District New York, Courtroom 830
100 Federal Plaza, P.O. Box 830
Central Islip, New York 11722

      Re:    *Stewart v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678-JS-AYS
              Application for Pre-Motion Conference on Anticipated Motion
              to Consolidate Related Cases

Dear Magistrate Judge Shields:

      In accordance with Rule X.C of Your Honor's Individual Practice Rules, Plaintiffs Nicole Stewart, Elizabeth Agramonte, and Summer Apicella, who filed the first of at least eight (8) related class action cases against Hain Celestial Group, Inc. ("Hain") in this District (the "*Stewart* Plaintiffs"), respectfully request a pre-motion conference regarding their anticipated Motion to Consolidate Related Cases. The *Stewart* Plaintiffs' anticipated consolidation motion will be supported by the following:

      Eight (8) substantially similar actions (the "Related Actions") concerning facts and allegations are currently pending before this Court. The Related Actions each allege that certain of Hain's baby food products are and were tainted with significant and dangerous levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury (the "Tainted Baby Foods"), and that Hain actively and knowingly misrepresented or omitted disclosure of this fact from consumers.[1] Each Related Action seeks, *inter alia*, injunctive relief barring Hain from continuing to misrepresent the truth about its products as well as monetary damages compensating for the purchase of the Tainted Baby Foods. The Related Actions present similar factual and legal issues and will involve the same or similar discovery. Accordingly, consolidation of the actions into a

---

[1] *Stewart v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678 (E.D.N.Y.); *Bredberg v. The Hain Celestial Group, Inc.*, Case No. 2:21-cv-00758 (E.D.N.Y.); *Mays v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00805 (E.D.N.Y.); *Walls et al v. Beech-Nut Nutrition Corp. et al*, Case No. 1:21-cv-00870 (E.D.N.Y.); *Boyd v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00884 (E.D.N.Y.); *McKeon v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00938 (E.D.N.Y.); *Baumgarten v. The Hain Celestial Group, Inc. et al*, Case No. 2:21-cv-00944 (E.D.N.Y.); and *Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00970 (EDNY).

Hon. Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
Page 2

single action is called for under Fed. R. Civ. P. 42(a).[2] Through their respective class actions, the plaintiffs in the Related Actions allege a combination of various state consumer protection statutes and other common law causes of action against Defendant Hain.[3]

The *Stewart* Plaintiffs respectfully request that the Related Actions be consolidated into a single action under their lowest numbered action. The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Here, the *Stewart* Plaintiffs respectfully propose that consolidation of the Related Actions is warranted, as the actions require proof of the same basic set of facts. Specifically, each of the Related Actions focuses on whether Hain is liable to consumers for its alleged misrepresentations and omissions regarding the true level of heavy metals contained in the Tainted Baby Foods. Since the Related Actions pending before this Court present essentially the same factual and legal issues, involve the same defendant, and will involve substantially the same discovery, consolidation is appropriate. *See, e.g., Crumrine v. Vivint Solar, Inc.*, No. 19-CV-5777 (FB) (JO), 2020 U.S. Dist. LEXIS 50090 (E.D.N.Y. Mar. 23, 2020) (consolidation appropriate where separate class actions are "substantially similar.") (citing Fed. R. Civ. P. 42(a)).

The *Stewart* Plaintiffs thank the Court for its consideration and are available to address any questions the Court may have.

Respectfully submitted,

/s/ Lori G. Feldman
Lori G. Feldman
George Gesten McDonald, PLLC

/s/ Janine L. Pollack
Janine L. Pollack
Calcaterra Pollack LLC

cc: Counsel for all parties via ECF

---

[2] In addition to the Related Actions, the following additional substantially similar cases were filed against Hain in other federal district courts: *Garces v. Gerber Products Co. et al*, Case No. 1:21-cv-00719 (N.D. Ill.), *Wallace et al v. Gerber Products Co. et al*, Case No. 2:21-cv-02531 (D.N.J.), *Mays v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-01185 (S.D.N.Y.), and *Johnson v. Beech-Nut Nutrition Company et al*, Case No. 2:21-cv-02096 (D. Kan.). The *Mays* case has since been voluntarily dismissed and refiled in the E.D.N.Y.

[3] The causes of action alleged include: violations of, among others, New York, California, Illinois, Ohio, Minnesota, and Florida state consumer protection act statutes, unjust enrichment, fraudulent concealment, intentional misrepresentation, negligent misrepresentation, breach of express warranty, breach of implied warranty of merchantability, negligence, gross negligence, strict product liability, fraudulent misrepresentation, and fraud by omission.

| TOLL FREE: (833) FIND JUSTICE | 9897 LAKE WORTH ROAD | 200 PARK AVENUE | 5516 FALMOUTH STREET |
| OFFICE: (561) 232-6002 | SUITE 302 | SUITE 1700 | SUITE 108 |
| WWW.4-JUSTICE.COM | LAKE WORTH, FL 33467 | NEW YORK, NEW YORK 10166 | RICHMOND, VA 23230 |

AFFILIATED OFFICES IN CHINA