

**GEORGE GESTEN MCDONALD, PLLC**
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Toll Free: (833) FIND-JUSTICE
(833) 346-3587
(917) 983-9321
Fax: (888) 421-4173

February 24, 2021

<u>VIA ECF FILING</u>

Hon. Anne Y. Shields
United States Magistrate Judge
Eastern District New York, Courtroom 830
100 Federal Plaza, P.O. Box 830
Central Islip, New York 11722

   Re: *Stewart v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678-JS-AYS
      Application for Pre-Motion Conference on Anticipated Motion for Appointment of
      Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)(3)

Dear Magistrate Judge Shields:

  In accordance with Rule X.C of Your Honor's Individual Practice Rules, Plaintiffs Nicole Stewart, Elizabeth Agramonte and Summer Apicella, who filed the first of at least eight (8) related class actions against Hain Celestial Group, Inc. ("Hain") in this District (the "*Stewart* Plaintiffs"), respectfully request a pre-motion conference regarding their anticipated Motion for Appointment of Interim Class Counsel Pursuant to Fed. R. Civ. P. 23(g)(3). The *Stewart* Plaintiffs' anticipated motion will be supported by the following:

  Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]" MANUAL FOR COMPLEX LITIG. § 21.1; *see also In re Municipal Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (same); *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (same); *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. Nov. 26, 2019) ("Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently."). Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may *require* designation of interim counsel." Fed. R. Civ. P. 23, advisory committee note to 2003 amendment (emphasis added).

Hon. Anne Y. Shields
United States Magistrate Judge
Eastern District of New York
Page 2

With at least eight (8) cases already pending before this Court concerning similar facts and allegations[1] (the "Related Cases"), the *Stewart* Plaintiffs believe the cases should be organized and appointment of interim lead counsel is warranted at this time. The *Stewart* Plaintiffs have, concurrently herewith, submitted a letter requesting a pre-motion conference regarding their anticipated motion to consolidate the Related Cases. Accordingly, the *Stewart* Plaintiffs respectfully request the Court hold a pre-motion conference to allow for a motion to appoint interim lead counsel and any additional committee positions as may be appropriate to facilitate an efficient organization of the Related Cases.

The *Stewart* Plaintiffs will, in their motion, respectfully propose that the Court designate Janine L. Pollack, Esq. (Calcaterra Pollack LLP) and Lori G. Feldman, Esq. (George Gesten McDonald, PLLC), counsel for the *Stewart* Plaintiffs, as Interim Lead Counsel (collectively, "Proposed Interim Class Counsel"). The *Stewart* Plaintiffs respectfully propose that Interim Lead Counsel, in consultation with other diverse and highly experienced counsel from the Related Cases, have the responsibility for strategic decisions associated with the prosecution of the cases against Hain. This proposed leadership structure will allow all plaintiffs to prosecute this case efficiently and in the best interests of the putative class. In addition, Proposed Interim Class Counsel are highly-experienced and accomplished attorneys who will represent the inevitable diversity of the class, have performed substantial work investigating and pursuing these claims and have the experience, knowledge, and resources to continue to prosecute this action in the putative class's best interests, including decades of class action experience litigating consumer protection and other complex class actions nationwide.

The *Stewart* Plaintiffs thank the Court for its consideration and are available to address any questions the Court may have.

Respectfully submitted,

/s/ Lori G. Feldman  /s/ Janine L. Pollack
Lori G. Feldman  Janine L. Pollack
George Gesten McDonald, PLLC  Calcaterra Pollack LLC

cc: Counsel for all parties via ECF

---

[1] *Stewart v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678 (E.D.N.Y.); *Bredberg v. The Hain Celestial Group, Inc.*, Case No. 2:21-cv-00758 (E.D.N.Y.); *Mays v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00805 (E.D.N.Y.); *Walls et al v. Beech-Nut Nutrition Corp. et al.*, Case No. 1:21-cv-00870 (E.D.N.Y.); *Boyd v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00884 (E.D.N.Y.); *McKeon v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00938 (E.D.N.Y.); *Baumgarten v. The Hain Celestial Group, Inc. et al*, Case No. 2:21-cv-00944 (E.D.N.Y.), and *Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00970 (E.D.N.Y.).

| TOLL FREE: (833) FIND JUSTICE | 9897 LAKE WORTH ROAD | 200 PARK AVENUE | 5516 FALMOUTH STREET |
| OFFICE: (561) 232-6002 | SUITE 302 | SUITE 1700 | SUITE 108 |
| WWW.4-JUSTICE.COM | LAKE WORTH, FL 33467 | NEW YORK, NEW YORK 10166 | RICHMOND, VA 23230 |

AFFILIATED OFFICES IN CHINA