# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARLOTTE WILLOUGHBY,<br><br>      Plaintiff,<br><br>v.<br><br>HAIN CELESTIAL GROUP, d/b/a Earth's Best Organics,<br><br>      Defendant. | Case No. 2:21-cv-00970<br><br>**PLAINTIFF'S RESPONSE IN SUPPORT OF THE *STEWART* PLAINTIFFS' MOTION FOR CONSOLIDATION AND TO SET DEADLINES** |
| NICOLE STEWART, ELIZABETH AGRAMONTE and SUMMER APICELLA, on behalf of themselves and all others similarly situated,,<br><br>      Plaintiffs,<br><br>v.<br><br>HAIN CELESTIAL GROUP,<br><br>      Defendant. | Case No. 2:21-cv-00678-JS-AYS |

  Plaintiff Charlotte Willoughby ("Plaintiff"), Case No. 21-cv-00970, by and through her undersigned counsel, respectfully submits this response in support of Plaintiffs Nicole Stewart, Elizabeth Agramonte, and Summer Apicella's ("the *Stewart* Plaintiffs") Motion for Consolidation against Hain Celestial Group ("Defendant" or "Hain"). *See* Case No. 21-cv-00938-JMA-SIL, Dkt. 9-1. As the *Stewart* Plaintiffs argue, these cases are ripe for consolidation into a single action under *Stewart* Action, the first-filed case in this District.

  There are eight similar actions (the "Related Actions"),[1] including the *McKeon* Action that makes nearly identical factual allegations and legal claims currently pending before this Court.

---

[1] *Stewart v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678-JYS (E.D.N.Y.); *Bredberg v.*

557648.2

Through their respective class actions, plaintiffs in the Related Actions allege a combination of various state consumer protection statutes and other common law causes of action against Defendant Hain.[2] The Related Actions each allege that certain of Hain's baby food products (the "Tainted Baby Foods") contain levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury (the "Heavy Metals") and that Hain misrepresented or omitted disclosure of this fact from consumers. Each Related Action seeks, *inter alia*, injunctive relief barring Hain from continuing to misrepresent the truth about its products as well as monetary damages compensating Plaintiffs and other purchasers for the purchase of the Tainted Baby Foods. Because the Related Actions present similar factual and legal issues and will involve the same or similar discovery, consolidation of the actions into a single action is called for under Fed. R. Civ. P. 42(a).

Pursuant to Fed. R. Civ. P. 42, where "actions before the court involve a common question of law or fact, the court may… consolidate the actions." Where consolidation will accomplish judicial economy, "a district court will generally consolidate actions." *Micholle v. Ophthotech Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *3 (S.D.N.Y. Mar. 13, 2018) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)). The court has "broad

---

*The Hain Celestial Group, Inc.*, Case No. 2:21-cv-00758 (E.D.N.Y.); *Mays v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00805 (E.D.N.Y.); *Walls et al v. Beech-Nut Nutrition Corp. et al*, Case No. 1:21-cv-00870 (E.D.N.Y.); *Boyd v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00884 (E.D.N.Y.); *McKeon v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00938 (E.D.N.Y.); *Baumgarten v. The Hain Celestial Group, Inc. et al*, Case No. 2:21-cv-00944 (E.D.N.Y.); and *Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00970 (E.D.N.Y.).

[2] The causes of action alleged include violations of, among others, New York, California, Illinois, Ohio, Minnesota, and Florida state consumer protection act statutes, unjust enrichment, fraudulent concealment, intentional misrepresentation, negligent misrepresentation, breach of express warranty, breach of implied warranty of merchantability, negligence, gross negligence, strict product liability, fraudulent misrepresentation, and fraud by omission.

discretion to determine whether consolidation is appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990).

Here, consolidation of the Related Actions is warranted under Rule 42(a), as the actions present essentially the same factual and legal issues, involve the same defendant, and will involve substantially the same discovery. *See Doroz v. Delorio's Foods, Inc.*, 437 F. Supp. 3d 140, 150 (N.D.N.Y. 2020) (consolidation appropriate where two separate actions were "substantially similar.") (citing *Tucker v. Kenney*, 994 F. Supp. 412, 415 (E.D.N.Y. 1998)); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 CIV. 10020 RMB, 2015 WL 1345931, at *1 (S.D.N.Y. Mar. 19, 2015) (granting motion for consolidation where the "complaints are related and all of the complaints describe the same allegedly fraudulent conduct."). The Related Cases are all putative class actions on behalf of the same class (all purchasers of Hain Baby Foods) and raise nearly identical legal claims, including state consumer protection claims, warranty claims, and negligent misrepresentation. *See Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012) (consolidating cases where, "Plaintiffs both bring class action lawsuits on behalf of the same class and raise almost identical claims against the same Defendants" and where "both cases involve the same set of facts.").

Consolidation is in the best interests of judicial resources as well as the resources of the parties. Defendant will suffer no prejudice by litigating one consolidated action rather than nine —or more—separate suits. Consolidation of the Related Actions would therefore inure to the benefit of all parties involved as well as the Court.

Because the instant issues share common issues of law and fact, Plaintiff supports the *Stewart* Plaintiffs' Motion for Consolidation pursuant to Fed. R. Civ. P. 42 (a).

Dated: March 15, 2021　　　　　　　　　LOCKRIDGE GRINDAL NAUEN P.L.L.P.

　　　　　　　　　　　　　　　　　　　s/ Rebecca A. Peterson
　　　　　　　　　　　　　　　　　　　ROBERT K. SHELQUIST, *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　REBECCA A. PETERSON, *Pro Hac Vice*
　　　　　　　　　　　　　　　　　　　100 Washington Avenue South, Suite 2200
　　　　　　　　　　　　　　　　　　　Minneapolis, MN 55401
　　　　　　　　　　　　　　　　　　　Telephone: (612) 339-6900
　　　　　　　　　　　　　　　　　　　Facsimile:  (612) 339-0981
　　　　　　　　　　　　　　　　　　　rkshelquist@locklaw.com
　　　　　　　　　　　　　　　　　　　rapeterson@locklaw.com

　　　　　　　　　　　　　　　　　　　CUNEO GILBERT & LADUCA, LLP
　　　　　　　　　　　　　　　　　　　Christian Hudson, Bar No. CH2626
　　　　　　　　　　　　　　　　　　　Charles LaDuca
　　　　　　　　　　　　　　　　　　　Katherine Van Dyck
　　　　　　　　　　　　　　　　　　　C. William Frick
　　　　　　　　　　　　　　　　　　　4725 Wisconsin Avenue NW, Suite 200
　　　　　　　　　　　　　　　　　　　Washington, DC 20016
　　　　　　　　　　　　　　　　　　　Telephone:(202) 789-3960
　　　　　　　　　　　　　　　　　　　Facsimile: (202) 789-1813
　　　　　　　　　　　　　　　　　　　E-mail: charles@cuneolaw.com
　　　　　　　　　　　　　　　　　　　kvandyck@cuneolaw.com
　　　　　　　　　　　　　　　　　　　bill@cuneolaw.com

　　　　　　　　　　　　　　　　　　　LITE DEPALMA GREENBERG, LLC
　　　　　　　　　　　　　　　　　　　Joseph DePalma
　　　　　　　　　　　　　　　　　　　Susana Cruz Hodge
　　　　　　　　　　　　　　　　　　　570 Broad Street, Suite 1201
　　　　　　　　　　　　　　　　　　　Newark, NJ 07102
　　　　　　　　　　　　　　　　　　　Telephone: (973) 623-3000
　　　　　　　　　　　　　　　　　　　E-mail: jdepalma@litedepalma.com
　　　　　　　　　　　　　　　　　　　scruzhodge@litedepalma.com

　　　　　　　　　　　　　　　　　　　**Attorneys for Plaintiff Charlotte Willoughby**