# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE STEWART, ELIZABETH AGRAMONTE, and SUMMER APICELLA, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>HAIN CELESTIAL GROUP, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 2:21-cv-00678-JS-AYS |
| SALLY BREDBERG and REBECCA BROMBERG, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 2:21-cv-00758 |
| ALYSSA MAYS, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>HAIN CELESTIAL GROUP, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 2:21-00805 |

| | |
|---|---|
| MICHELLE WALLS, on behalf of herself and all others similarly situated; and N.W., a minor child, by his parent and general guardian Michelle Walls, on behalf of himself and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>BEECH-NUT NUTRITION COMPANY; THE HAIN CELESTIAL GROUP, INC.; NURTURE, INC. D/B/A HAPPY FAMILY ORGANICS; GERBER PRODUCTS COMPANY; and PLUM PBC.,<br><br>      Defendants. | Case No. 1:21-cv-00870 |
| LEE BOYD, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>HAIN CELESTIAL GROUP, INC.,<br><br>      Defendant. | Case No. 2:21-cv-00884 |
| KELLY MCKEON, RENEE BRYAN, and MARILYN CARSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>HAIN CELESTIAL GROUP, INC., d/b/a Earth's Best Organics,<br><br>      Defendant. | Case No. 2:21-cv-00938 |

| | |
|---|---|
| LEIBA BAUMGARTEN, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>      Defendant. | Case No. 2:21-cv-00944 |
| CHARLOTTE WILLOUGHBY,<br><br>      Plaintiff,<br><br>v.<br><br>HAIN CELESTIAL GROUP, INC., d/b/a Earth's Best Organics,<br><br>      Defendant. | Case No. 2:21-cv-00970 |

**_MCKEON_ PLAINTIFFS' RESPONSE IN SUPPORT OF THE _STEWART_ PLAINTIFFS' MOTION FOR CONSOLIDATION AND TO SET DEADLINES**

Plaintiffs Kelly McKeon, Renee Bryan, and Marilyn Cason, ("the *McKeon* Plaintiffs"), Case No. 21-cv-00938-JMA-SIL, by and through their undersigned counsel, respectfully submit this response in support of Plaintiffs' Nicole Stewart, Elizabeth Agramonte, and Summer Apicella ("the *Stewart* Plaintiffs") Motion for Consolidation against Hain Celestial Group ("Defendant" or "Hain"). *See* Case No. 21-cv-00938-JMA-SIL, Dkt. 9-1. As the *Stewart* plaintiffs argue, these cases are ripe for consolidation into a single action under *Stewart* Action, the first-filed case in this District.

3

As the *Stewart* Plaintiffs stated, there are eight similar actions (the "Related Actions")[1], including the *McKeon* Action, making nearly identical factual allegations and legal claims currently pending before this Court. The Related Actions each allege that certain of Hain's baby food products (the "Tainted Baby Foods") contain levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury (the "Heavy Metals"), and that Hain misrepresented or omitted disclosure of this fact from consumers. Each Related Action seeks, *inter alia*, injunctive relief barring Hain from continuing to misrepresent the truth about its products as well as monetary damages compensating Plaintiffs and other purchasers for the purchase of the Tainted Baby Foods. The Related Actions present similar factual and legal issues and will involve the same or similar discovery. Accordingly, consolidation of the actions into a single action is called for under Fed. R. Civ. P. 42(a). Through their respective class actions, plaintiffs in the Related Actions allege a combination of various state consumer protection statutes and other common law causes of action against Defendant Hain.[2]

Pursuant to Fed. R. Civ. P. 42, where "actions before the court involve a common question of law or fact, the court may… consolidate the actions." Where consolidation will accomplish judicial economy, "a district court will generally consolidate actions." *Micholle v. Ophthotech*

---

[1] *Stewart v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678-JYS (E.D.N.Y.); *Bredberg v. The Hain Celestial Group, Inc.*, Case No. 2:21-cv-00758 (E.D.N.Y.); *Mays v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00805 (E.D.N.Y.); *Walls et al v. Beech-Nut Nutrition Corp. et al*, Case No. 1:21-cv-00870 (E.D.N.Y.); *Boyd v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-00884 (E.D.N.Y.); *McKeon v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00938 (E.D.N.Y.); *Baumgarten v. The Hain Celestial Group, Inc. et al*, Case No. 2:21-cv-00944 (E.D.N.Y.); and *Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics*, Case No. 2:21-cv-00970 (E.D.N.Y.).

[2] The causes of action alleged include violations of, among others, New York, California, Illinois, Ohio, Minnesota, and Florida state consumer protection act statutes, unjust enrichment, fraudulent concealment, intentional misrepresentation, negligent misrepresentation, breach of express warranty, breach of implied warranty of merchantability, negligence, gross negligence, strict product liability, fraudulent misrepresentation, and fraud by omission.

*Corp.*, No. 17-CV-1758 (VSB), 2018 WL 1307285, at *3 (S.D.N.Y. Mar. 13, 2018) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990)). The court has "broad discretion to determine whether consolidation is appropriate." *Johnson*, 899 F.2d at 1284.

Here, consolidation of the Related Actions is warranted, as the actions present essentially the same factual and legal issues, involve the same defendant, and will involve substantially the same discovery, consolidation is appropriate under Rule 42(a). *See Doroz v. Delorio's Foods, Inc.*, 437 F. Supp. 3d 140, 150 (N.D.N.Y. 2020) (consolidation appropriate where two separate actions were "substantially similar.") (citing *Tucker v. Kenney*, 994 F. Supp. 412, 415 (E.D.N.Y. 1998)); *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 CIV. 10020 RMB, 2015 WL 1345931, at *1 (S.D.N.Y. Mar. 19, 2015) (granting motion for consolidation where the "complaints are related and all of the complaints describe the same allegedly fraudulent conduct."). The Related Cases are all putative class actions on behalf of the same class (all purchasers of Hain Baby Foods) and raise nearly identical legal claims, including state consumer protection claims, warranty claims, and negligent misrepresentation. *See Delre v. Perry*, 288 F.R.D. 241, 246 (E.D.N.Y. 2012) (consolidating cases where, "Plaintiffs both bring class action lawsuits on behalf of the same class and raise almost identical claims against the same Defendants" and where "both cases involve the same set of facts.").

Consolidation is in the best interests of judicial resources as well as the resources of the parties. Defendant will suffer no prejudice by litigating one consolidated action rather than nine —or more—separate suits.  Consolidation of the Related Actions would therefore inure to the benefit of all parties involved as well as the Court.

Because the instant issues share common issues of law and fact, the *McKeon* plaintiffs support the *Stewart* Plaintiffs' Motion for Consolidation pursuant to Fed. R. Civ. P. 42 (a).

Dated: March 15, 2021

Respectfully submitted,

*s/Kevin Landau*
Kevin Landau
Miles Greaves
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
Tel: (212) 931-0704
klandau@tcllaw.com
mgreaves@tcllaw.com

Daniel E. Gustafson
Raina C. Borrelli
**GUSTAFSON GLUEK PLLC**
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Tel: (612) 333-8844
dgustafson@gustafsongluek.com
rborrelli@gustafsongluek.com

Kenneth A. Wexler
Kara A. Elgersma
**WEXLER WALLACE, LLP**
55 West Monroe, Suite 3300
Chicago, Illinois 60603
Tel: (312) 346-2222
kaw@wexlerwallace.com
kae@wexlerwallace.com

Simon B. Paris
Patrick Howard
**SALTZ, MONGELUZZI, & BENDESKY, P.C.**
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Tel: (215) 575-3895
sparis@smbb.com
phoward@smbb.com
Matthew D. Schelkopf
Lori G. Kier
Davina C. Okonkwo
**SAUDER SCHELKOPF**

                                            1109 Lancaster Avenue
                                            Berwyn, PA 19312
                                            Tel: (610) 200-0581
                                            mds@sstriallawyers.com
                                            lgk@sstriallawyers.com
                                            dco@sstriallawyers.com

                                            ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March 2021, I electronically filed the foregoing Response in Support of Stewart Plaintiff's Motion to Consolidate and to Set Deadlines using the CM/EMF System, which will then send a notification of such filing to all counsel of record.

/s/ Kevin S. Landau
Kevin S. Landau