UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE STEWART, ELIZABETH AGRAMONTE, and SUMMER APICELLA, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>THE HAIN CELESTIAL GROUP, INC.,<br><br>Defendant. | Case No. 2:21-cv-678-JS-AYS<br><br>The Honorable Joanna Seybert |

**THE HAIN CELESTIAL GROUP, INC.'S RESPONSE
TO PLAINTIFFS' MOTION TO CONSOLIDATE CASES**

As Plaintiffs note in their motion to consolidate, numerous plaintiffs have filed lawsuits in this District against Hain Celestial premised on the allegation that Earth's Best baby food contains excessive amounts of heavy metals.[1] While Hain Celestial contests these allegations, it does not oppose Plaintiffs' request to consolidate the consumer fraud lawsuits predicated on this theory into a single proceeding before this Court. Hain Celestial nonetheless objects to Plaintiffs' request for

---

[1] To date, these cases include: (1) *Bredberg v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-758; (2) *Mays v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-805; (3) *Walls v. Beech-Nut Nutrition Co.*, Case No. 1:21-cv-870; (4) *Boyd v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-884; (5) *McKeon v. Hain Celestial Group d/b/a Earth's Best Organics*, Case No. 2:21-cv-938; (6) *Baumgarten v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-944; (7) *Willoughby v. Hain Celestial Group d/b/a Earth's Best Organics*, Case No. 2:21-cv-970; (8) *Zorrilla v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1062; (9) *Lopez-Sanchez v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1045; (10) *Galloway v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1067; (11) *Baccari v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1076; (12) *Albano v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1118; (13) *Hanson v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1269; (14) *Lawrence v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1287; and (15) *Henry v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1293.

1

consolidation to the extent it encompasses lawsuits asserting product liability or personal injury claims, including but not limited to *Walls v. Beech-Nut Nutrition Co.*

Although Plaintiffs represent that the actions they seek to consolidate "present similar factual and legal issues" and "will involve the same or similar discovery" (ECF No. 19-1, at 5), that is not true with respect to the *Walls* matter, which asserts, among other things, claims against Hain Celestial for negligence, gross negligence, and strict products liability. *See Walls* Compl. ¶¶ 183-223. Those claims hinge on highly individualized questions of causation and injury and accordingly implicate far different factual and legal issues than the consumer fraud lawsuits pending in this District. Indeed, faced with a similar request to consolidate products liability and personal injury claims, another court denied that request because "the sole common fact" uniting those suits "is a claim of injury of such generality that it covers a number of different ailments for each of which there are numerous possible causes other than the tortious conduct of one of the defendants."[2] *In re Consol. Parlodel Litig.*, 182 F.R.D. 441, 445 (D.N.J. 1998) (emphasizing that "commonality begins to be obscured by individual case histories").

Moreover, unlike the bulk of the consumer fraud lawsuits pending in this District, the *Walls* action asserts claims on behalf of the minor children who *consumed* Hain Celestial's baby foods — not just the parents who *purchased* the food and allege they were misled by Hain Celestial's advertising. That distinction further renders the *Walls* matter — or any other matter involving product liability or personal injury claims — a poor candidate for consolidation. *See, e.g.*, *Banacki v. OneWest Bank, FSB*, 276 F.R.D. 567, 572 (E.D. Mich. 2011) (denying consolidation where

---

[2] *See also, e.g.*, *McCoy v. Biomet Orthopedics, LLC*, No. 12-1436, 2019 WL 6324558, at *7 (D. Md. Nov. 25, 2019) (denying consolidation of product liability claims where, "despite some factual similarities, individual issues predominate in plaintiffs' cases"); *Hasman v. G.D. Searle & Co.*, 106 F.R.D. 459, 461 (E.D. Mich. 1985) ("When cases involve some common issues but individual issues predominate, consolidation should be denied.")

"[t]he claims asserted by the putative plaintiff classes vary" and "will require the presentation of different evidence").

Finally, Hain Celestial notes that, following the filing of this motion, the plaintiffs in the *Albano* action filed a motion before the Judicial Panel on Multidistrict Litigation ("JPML") to transfer all of the pending cases arising out of the alleged presence of heavy metals in baby food to a single multidistrict proceeding for pretrial purposes pursuant to 28 U.S.C. § 1407. Hain Celestial is assessing that motion and will respond in accordance with the briefing schedule set by the JPML.

Dated: March 15, 2021                    By:   /s/   Dean N. Panos
                                                                  Dean N. Panos (*pro hac vice*)
                                                                  Jenner & Block LLP
                                                                  353 North Clark Street
                                                                  Chicago, IL 60654
                                                                  Telephone: (312) 222-9350
                                                                  Facsimile: (312) 527-0484

                                                                  Counsel for Defendant
                                                                  The Hain Celestial Group, Inc.