UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NICOLE STEWART, ELIZABETH
AGRAMONTE and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

                              Plaintiffs,

             -against-

HAIN CELESTIAL GROUP, INC.,

                              Defendant.

CASE NO.
2:21-cv-00678-JS-AYS

**MEMORANDUM OF LAW IN SUPPORT OF GERBER PRODUCTS COMPANY'S
MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF ADDRESSING AND
OPPOSING PLAINTIFFS' MOTION TO CONSOLIDATE**

Gerber Products Company ("Gerber"), respectfully submits this Memorandum of Law in

support of its Motion to Intervene in this action (the "Action") for the sole purpose of opposing

Plaintiffs' pending motion to consolidate (the "Consolidation Motion") (Dkt. No. 6) as it relates

to Gerber.

**PRELIMINARY STATEMENT**

The Consolidation Motion seeks to consolidate all of the actions pending against Hain

Celestial Group, Inc. ("Hain") in the Eastern District of New York stemming from a report issued

by a Subcommittee of the U.S. House of Representatives on February 4, 2021 (the "Subcommittee

Report"), relating to the alleged presence of heavy metals in certain baby food products.  Gerber

is an interested party in this Action because the Consolidation Motion, if granted, would

consolidate at least three actions in which Gerber is a named defendant with the actions pending

(largely only) against Hain in this Court.  *See Walls v. Beech-Nut Nutrition Co., et al.*, No. 1:21-

cv-00870 ("*Walls* Action"); *Albano, et al. v. Hain Celestial Group, Inc., et al*., No. 2:21-cv-01118 ("*Albano* Action"); and *Lawrence v. Hain Celestial Group, Inc., et al.,* No. 21-cv-01287 ("*Lawrence* Action").  Gerber files this motion to inform the Court that it intends to move to sever the claims asserted against it, in this and other districts, stemming from the Subcommittee Report, including in the *Walls*, *Albano*, and *Lawrence* Actions, and to transfer those claims to the District of New Jersey where there currently are five cases stemming from the Subcommittee Report pending against Gerber.  Gerber opposes the Consolidation Motion to the extent it seeks to consolidate the claims asserted against Gerber in the *Walls*, *Albano*, and *Lawrence* Actions, and any subsequently filed or transferred action against Gerber that the Consolidation Motion requests to consolidate with the actions pending against Hain in this Court.

## BACKGROUND

**The Hain EDNY Cases.**  The Consolidation Motion seeks to consolidate this Action with the *Walls* Action, the *Albano* Action, and at least six other cases,[1] as well as any subsequently filed or transferred related actions, including the *Lawrence* Action (together, the "Hain EDNY Cases"). Gerber is not a party to any action that is subject to the Consolidation Motion, other than the *Walls*, *Albano*, and *Lawrence* Actions.

**Allegations in the Hain EDNY Cases.**  The Hain EDNY Cases all allege that Hain's baby food products are tainted with toxic heavy metals, including arsenic, lead, cadmium, and mercury. These allegations resulted from the Subcommittee Report, relating to the alleged presence of heavy metals in certain baby food products.  There have been numerous lawsuits filed around the country

---

[1] The other cases are captioned: *Bredberg et al. v. The Hain Celestial Group, Inc*., No. 2:21-cv-00758; *Mays v. Hain Celestial Group, Inc*., No. 2:21-cv-00805; *Boyd v. Hain Celestial Group, Inc*., No. 2:21-cv-00884; *McKeon et al. v. Hain Celestial Group, d/b/a Earth's Best Organics*, No. 2:21-cv-00938; *Baumgarten v. The Hain Celestial Group, Inc.*, No. 2:21-cv-00944; and *Willoughby v. Hain Celestial Group, d/b/a Earth's Best Organics*, No. 2:21-cv-00970.

against various baby food manufacturers based on the same allegations contained in the Subcommittee Report.

The *Walls*, *Albano*, and *Lawrence* Actions are the only Hain EDNY Cases that also allege claims against Gerber.  In fact, the Consolidation Motion does not even mention any of the complaints' allegations against Gerber, instead describing the Hain EDNY Cases as "alleg[ing] that certain of *Hain's* baby food products (the 'Tainted Baby Foods') are and were tainted with significant and dangerous levels of toxic heavy metals," and that "*Hain* misrepresented or omitted disclosure of this fact from consumers."  (Dkt. No. 6 at 1-2 (emphases added).)

***Sever and Transfer Motions.***  The first-filed action against Gerber related to the subject matter of the Subcommittee Report, to the best of Gerber's knowledge, was filed on February 5, 2021, in the District of New Jersey, and is pending before Judge Claire C. Cecchi.  *Shepard v. Gerber Products Company*, No. 2:21-cv-01977 (D.N.J.) ("*Shepard* Action").[2] At least four other cases since *Shepard* have been filed against Gerber in the District of New Jersey and are all pending before Judge Cecchi.  (*Moore v. Gerber Products Company*, No. 2:21-cv-02516 ("*Moore* Action"); *Wallace et. al. v. Gerber Products Company, et. al*., No. 2:21-cv-02531 ("*Wallace* Action"); *Cantor, et. al. v. Gerber Products Company*, No. 2:21-cv-03402 ("*Cantor* Action"); and *Pierre-Louis v. Gerber Products Company*, No. 2:21-cv-4791 ("*Pierre-Louis* Action") (together, the "New Jersey Gerber Actions")).

The plaintiffs' joinder of Gerber in the *Walls, Albano* and *Lawrence* Actions is improper. By asserting claims against all of the defendants in each of those actions, those plaintiffs have failed to comply with Rule 20(a)(2) of the Federal Rules of Civil Procedure, which provides, in

---

[2] On March 12, 2021, plaintiffs in the *Shepard* Action filed a motion to consolidate the New Jersey Gerber Actions before Judge Cecchi in the District of New Jersey.

relevant part, that claims that do not arise out of the same transaction or occurrence should not be joined in one lawsuit.  None of the plaintiffs in any of the Hain EDNY Cases that are subject to the Consolidation Motion allege any facts that could establish that the defendants acted pursuant to a common scheme or plan.  Nor do they allege that defendants are jointly and severally liable for the plaintiffs' alleged damages.  The plaintiffs fail to allege any facts that show a necessary relationship between the defendants; if anything, the plaintiffs' allegations make clear that their claims against each defendant are separate and distinct.  For that reason, Gerber intends to sever the claims made against it in those and other cases where it is joined with other defendants and transfer those claims to the District of New Jersey.[3]

***Multidistrict Litigation.***  On March 8, 2021, plaintiffs in the *Albano* Action filed a motion with the United States Judicial Panel on Multidistrict Litigation for consolidation and transfer of the various cases stemming from the House Subcommittee Report ("JPML Motion").  The JPML Motion seeks to transfer all of the "Related Actions"[4] to the Eastern District of New York.  This Action, along with the *Walls*, *Albano*, and *Lawrence* Actions, are subject to the JPML Motion.  In its order issuing a briefing schedule on the JPML Motion, the JPML ordered the parties to "address what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases)."  *In Re: Baby Food Marketing, Sales Practices and Products Liability Litigation,* MDL No. 2997 (Dkt. No. 3) (J.P.M.L.).

---

[3] Gerber is prepared to brief this issue in more detail at the Court's direction and convenience.

[4] The JPML Motion involves at least 43 actions, including 38 proposed class actions, pending in 12 different federal district courts.

**STANDARD**

A motion to intervene may be granted under Fed. R. Civ. P. 24(b)(1)(B) for anyone who, on timely motion, "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion, the court should consider factors that include

> [T]he nature and extent of the intervenors' interests, the degree to which those interests are adequately represented by other parties, and whether parties seeking intervention will significantly contribute to [the] full development of the underlying factual issues in the suit and to the just and equitable adjudication of the legal questions presented.

*Berroyer v. United States*, 282 F.R.D. 299, 302-03 (E.D.N.Y. 2012) (internal quotations omitted). The test is "flexible and courts generally look at all of the factors rather than focusing narrowly on any one of the criteria." *Mass. Bricklayers and Mason Funds v. Deutsche Alt-A Secs.*, 273 F.R.D. 363, 365 (E.D.N.Y. 2011).

**ARGUMENT**

The requirements for intervention for the limited purpose of opposing the Consolidation Motion as to Gerber are satisfied here. First, given that Gerber is a party to the *Walls*, *Albano*, and *Lawrence* Actions, which are the subject of the pending Consolidation Motion (Dkt. No. 6), the question of whether consolidation is appropriate as to Gerber presents a "common question of law" and procedure in this Action. In addition, all of the Hain EDNY Cases, including the *Walls*, *Albano*, and *Lawrence* Actions, appear to stem from the Subcommittee Report. (*Albano* Compl. ¶¶ 4, 29; *Walls* Compl. ¶¶ 5, 6, 19-28; *Lawrence* Compl. ¶¶ 1, 28-31; *Bredberg* Compl. ¶¶ 2-5, 23-25, 31; *Mays* Compl. ¶¶ 23, 25; *Boyd* Compl. ¶¶ 7, 8, 27, 30-32; *McKeon* Compl. ¶¶ 9-11, 34-36; *Baumgarten* Compl. ¶¶ 7-11, 15; *Willoughby* Compl. ¶¶ 9-11, 34-36.)

Second, Gerber has an interest in this Action because, if the Consolidation Motion is granted, it will consolidate claims asserted against Gerber with claims that do not pertain to Gerber

5

in any way and instead apply only to Hain.  The *Walls, Albano*, and *Lawrence* Actions, in which Gerber is a defendant, contain Gerber-specific allegations and causes of action that are not present in the other EDNY Actions.  (*Albano* Compl. ¶¶ 7, 25, 108-123; *Walls* Compl. ¶¶ 14, 31, 32, 40, 54; *Lawrence* Compl. ¶¶ 19, 37, 42.)  Moreover, as noted, Gerber is *not* a defendant in this Action, or any of at least six other Hain EDNY Cases subject to the Consolidation Motion, which therefore do not pertain to Gerber.  In fact, almost all of the underlying alleged facts outlined in the Consolidation Motion relate only to Hain—not to Gerber.  Given the absence of claims against Gerber in at least seven of the pending Hain EDNY Cases, consolidating the claims asserted against Gerber in the *Walls*, *Albano*, and *Lawrence* Actions with the claims predominantly asserted against Hain in the Hain EDNY Cases will not result in efficiencies.  This is especially true in light of the fact that Gerber intends to move to sever the claims asserted against it in those (and other) actions and transfer them to the District of New Jersey where there are currently five actions pending against it, all before the same judge, and all currently the subject to a motion to consolidate there.  Consolidation of the claims asserted against Gerber in the *Walls*, *Albano* and *Lawrence* Actions with the other Hain EDNY will not result in efficiencies where Gerber will regardless be defending itself in the District of New Jersey.

Third, because Gerber is not a party to this Action, its interests with respect to the Consolidation Motion are not adequately represented by any other party.

Finally, allowing Gerber to intervene for the sole and limited purpose of opposing the Consolidation Motion as it pertains to the claims asserted against Gerber will enable Gerber to inform the Court regarding the procedural implications of the Consolidation Motion.  Given that Gerber is not a party to this Action, it lacks a mechanism to otherwise apprise the Court of its intentions with respect to severing and transferring the claims asserted against it in other cases,

including the Hain EDNY Cases.  In addition, because this Motion to Intervene is timely filed, as the Motion to Consolidate was filed only 15 days ago, this limited intervention similarly will not prejudice any of the named parties and will not cause undue delay.

## CONCLUSION

Gerber requests to intervene for the limited purpose of (i) opposing the Consolidation Motion to the extent it seeks to consolidate the claims asserted against Gerber in the Hain EDNY Cases with the claims asserted against Hain and other defendants in those cases, and (ii) alerting this Court to the New Jersey Gerber Actions and Gerber's intention to move to sever the claims asserted against Gerber in the Hain EDNY Cases and transfer them to the District of New Jersey.

DATED:      March 15, 2021
             New York, New York          Respectfully submitted,

                                          KELLEY DRYE & WARREN LLP

                                          /s/ *Geoffrey W. Castello, III*
                                          Geoffrey W. Castello, III
                                          Glenn T. Graham
                                          3 World Trade Center
                                          175 Greenwich Street
                                          New York, NY 10007
                                          (212) 808-7800
                                          gcastello@kelleydrye.com
                                          ggraham@kelleydrye.com

                                          WHITE & CASE LLP
                                          Bryan A. Merryman (*pro hac vice* motion forthcoming)
                                          Catherine S. Simonsen (*pro hac vice* motion forthcoming)

                                          555 South Flower Street, Suite 2700
                                          Los Angeles, CA 90071-2433
                                          T: (213) 620-7700
                                          F: (213) 452-2329
                                          bmerryman@whitecase.com
                                          catherine.simonsen@whitecase.com

                                          *Attorneys for Gerber Products Company*