UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICOLE STEWART, ELIZABETH AGRAMONTE, and SUMMER APICELLA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HAIN CELESTIAL GROUP, INC.,<br><br>Defendant. | Case No. 2:21-cv-00678-JYS-AYS<br><br>ECF Case |

## NON-PARTY NURTURE INC'S OPPOSITION TO MOTION TO CONSOLIDATE

Non-party Nurture Inc., appearing specially and solely for the purpose of this response, submits this opposition to the Motion to Consolidate. Dkt. No. 19.[1]

### I.     PRELIMINARY STATEMENT

By their Motion to Consolidate, the Plaintiffs in this action (the "Stewart Plaintiffs") seek to consolidate all cases filed in this District against Hain Celestial Group, Inc., which allege that certain of Hain's baby food products contain dangerous levels of toxic heavy metals. Three of these actions, however, also include claims against other defendants, including Nurture, Inc., concerning their baby food products. Nurture respectfully submits that actions in which Nurture is a defendant are inappropriate for consolidation with the cases in which Hain is a defendant because of idiosyncrasies between the defendants and their products that make these cases inappropriate

---

[1] Nurture is not a named party to this action, but is named in three other actions which the Stewart Plaintiffs seek to consolidate: *Walls v. Beech-Nut Nutrition Co.*, *et al.*, No. 21-cv-00870 (E.D.N.Y. Feb. 17, 2021); *Albano v. Hain Celestial Grp., Inc.*, et al., No. 21-cv-01118 (E.D.N.Y. Mar. 2, 2021); and *Lawrence v. Hain Celestial Grp., Inc.*, *et al.,* No. 21-cv-01287 (E.D.N.Y. Mar. 10, 2021). Nurture has not yet been served in *Lawrence* and its responses to the Complaints in *Walls* and *Albano* are not yet due, therefore Nurture specially appears solely to file this opposition to the Motion out of an abundance of caution so as not to waive its ability to object to the Motion. Nurture does so without waiving any rights or defenses that Nurture has or may assert in any action pending against it.

for consolidation. At the proper time, Nurture will move to be severed from these actions, and therefore opposes consolidation of the cases to which it is a party.

## II.     STATEMENT OF FACTS

On February 4, 2021, the United States House of Representatives Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform, issued a report (the "Report") alleging that certain heavy metals are present in commercial baby food products at potentially harmful levels. Since the issuance of the Report, approximately 60 class actions have been filed nationwide against the seven makers of baby food mentioned in the Report, including 15 cases against Nurture. Nurture disputes the health-risk-related statements in the Report and denies the allegations against Nurture in this and all suits in which Nurture is named. On February 28, 2021, the Stewart Plaintiffs filed the Motion to Consolidate, seeking to consolidate all cases filed in this District against Hain concerning its baby foods. *See* Dkt. No. 19. The Motion was subsequently been filed in or purports to apply to all cases pending in this District in which Hain is a defendant, which as of the filing of this opposition was 15 cases. Only 3 of these 15 actions include claims against defendants besides Hain. Nurture is a named party to all 3, but has only recently been served in 2 of those actions.

## III.    ARGUMENT

Federal Rule of Civil Procedure 42 provides that, when "actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). Under Fed. R. Civ. P. 42, the burden at all times remains with the plaintiff to demonstrate that consolidation is appropriate. *Weiss v. Nat'l Westminster Bank PLC*, No. 05-cv-4622-DLI-RML, 2017 WL 10058916, at *3 (E.D.N.Y. Mar. 31, 2017). Even when actions involve a common question of law or fact, the trial court has broad discretion to determine

whether consolidation is appropriate by balancing the economy gained from consolidation with the prejudice to the parties. *Gristede's Foods, Inc. v. Poospatuck (Unkechauge) Nation*, No. 06-cv-1260-KAM, 2009 WL 3644159, at *3 (E.D.N.Y. Oct. 27, 2009).

The Stewart Plaintiffs fail to show that consolidation of the claims against multiple defendants is appropriate because, while the claims against the various defendants may superficially appear similar, many varied individual issues predominate given that the respective defendants are competitors situated quite differently with different accused products. While all defendants indeed manufacture baby foods, their products and their product marketing are plainly different in important ways. These differences mean the facts and required proof vary significantly between each defendant. Discovery will also differ between defendants as the fact witnesses and physical evidence relevant to the plaintiffs' claims against each defendant are distinct and will not overlap. And because defendants are competitors, the consolidation of cases against them increases concerns over the disclosure of proprietary and trade secret information.

Notably, the Motion to Consolidate only discusses the actions as they concern Hain. *See, e.g.*, Dkt. No. 19 at p. 3. Specifically, the Stewart Plaintiffs discuss that all of the actions concern whether *Hain* is liable to consumers for alleged misrepresentations and omissions regarding Hain's baby food products. *Id*. There is no discussion of commonality of claims against other defendants.

For these reasons, consolidation of claims against Nurture is not appropriate. At the proper time, Nurture will seek to sever claims against it from those against any other defendant. *Jem Accessories, Inc. v. JVCKENWOOD USA Corp.*, 2021 WL 706646, at *4 (S.D.N.Y. Feb. 22, 2021) (court may sever claims based on: (1) judicial economy; (2) prejudice to the parties; and (3) whether the claims involve different witnesses and evidence).

## IV. CONCLUSION

Based on the foregoing, Nurture respectfully requests that the Stewart Plaintiffs' Motion to Consolidate be denied with respect to any claims against Nurture.

Dated: March 15, 2021          **DLA PIPER LLP (US)**

By: */s/ Negin Hadaghian*
Negin Hadaghian
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Telephone: 212.335.4500
Facsimile: 212.335.4501
Email: negin.hadaghian@us.dlapiper.com

Angela C Agrusa (*pro hac vice* pending)
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, California 90067-4704
Telephone: 310.595.3000
Facsimile: 310.595.3300
Email: angela.agrusa@us.dlapiper.com

*Appearing Specially on behalf of Non-Party Nurture, Inc.*

-5-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 15, 2021, the foregoing document was filed electronically using CM/ECF and is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

Dated:  March 15, 2021　　　　　　　　　*/s/ Negin Hadaghian*
　　　　　　　　　　　　　　　　　　　　　Negin Hadaghian