**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X
NICOLE STEWART, ELIZABETH
AGRAMONTE and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

                        Plaintiffs,

              -against-

HAIN CELESTIAL GROUP, INC.,

                        Defendant.
-------------------------------------------------------- X
SALLY BREDBERG and REBECCA
BROMBERG, individually and on behalf of
all others similarly situated,

                        Plaintiffs,

              -against-

THE HAIN CELESTIAL GROUP, INC.,

                        Defendant.
-------------------------------------------------------- X
ALYSSA MAYS, individually and on behalf
of all others similarly situated,

                        Plaintiffs,

              -against-

HAIN CELESTIAL GROUP, INC.,

                        Defendant.
-------------------------------------------------------- X

CASE NO.
2:21-cv-00678-JS-AYS

2:21-cv-00758

2:21-cv-00805

-------------------------------------------------------- X

MICHELLE WALLS, on behalf of herself
and all others similarly situated; and N.W.,
a minor child, by his parent and general
guardian Michelle Walls, on behalf of himself
and all others similarly situated,

                Plaintiffs,

         -against-                            1:21-cv-00870

BEECH-NUT NUTRITION COMPANY;
THE HAIN CELESTIAL GROUP, INC.;
NURTURE, INC. D/B/A HAPPY FAMILY
ORGANICS; GERBER PRODUCTS
COMPANY; and PLUM PBC.,

                Defendants.

-------------------------------------------------------- X

LEE BOYD, individually and on behalf of all
others similarly situated,

                Plaintiff,

         -against-                            2:21-cv-00884

HAIN CELESTIAL GROUP, INC.,

                Defendant.

-------------------------------------------------------- X

KELLY MCKEON, RENEE BRYAN, and
MARILYN CARSON, individually and on
behalf of all others similarly situated,

                Plaintiffs,

         -against-                            2:21-cv-00938

HAIN CELESTIAL GROUP, d/b/a Earth's
Best Organics,

                Defendant.

-------------------------------------------------------- X

```
------------------------------------------------------- X
```
LEIBA BAUMGARTEN, individually and on
behalf of all others similarly situated,

                    Plaintiff,

                    -against-                                2:21-cv-00944

THE HAIN CELESTIAL GROUP, INC.,

                    Defendant.
```
------------------------------------------------------- X
```
CHARLOTTE WILLOUGHBY,

                    Plaintiff,

                    -against-                                2:21-cv-00970

HAIN CELESTIAL GROUP, d/b/a Earth's
Best Organics,

                    Defendant.
```
------------------------------------------------------- X
```

## [PROPOSED] ORDER ON CONSOLIDATION

WHEREAS, there are currently sixteen (16) putative class actions for violations of various state statutes and common law based on the same or similar facts and issues of law filed against The Hain Celestial Group, Inc. ("Hain" or "defendant"), including those captioned above and an additional eight class actions, namely *Zorrilla v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1062 (E.D.N.Y.); *Lopez-Sanchez v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1045 (E.D.N.Y.); *Galloway v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1067 (E.D.N.Y.); *Baccari v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1076 (E.D.N.Y.); *Albano v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1118 (E.D.N.Y.); *Hanson v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1269 (E.D.N.Y.); *Lawrence v. Hain Celestial Group, Inc.*, Case No. 1:21-cv-1287 (E.D.N.Y.); and *Henry v. Hain Celestial Group, Inc.*, Case No. 2:21-cv-1293 (E.D.N.Y.); and

WHEREAS, entry of this Order will promote judicial economy, avoid duplicative law and motion and discovery proceedings, and streamline adjudication of related matters;

IT IS HEREBY ORDERED THAT:

1.      Other than as described in paragraph 2 below, the above-captioned and listed actions, only to the extent they name Hain as a defendant, are hereby consolidated before the Honorable Joanna Seybert and shall hereafter be identified as: *In re Hain Celestial Heavy Metals Baby Food Litigation*, Master File No. 2:21-cv-00678 (the "Consolidated Actions").

2.      Any and all personal injury and product liability claims for non-economic damages (collectively, the "PI Claims") asserted against Hain in the above-captioned and listed actions, including in the action entitled *Walls v. Beech Nut Nutrition Company, et al.,* (the "*Walls* Action"), shall not be asserted in the Consolidated Actions; instead, any and all such PI Claims against Hain which arise out of the same or similar facts as alleged in the Consolidated Actions shall be asserted in a separate amended complaint.  Thereafter, the *Walls* Action, which shall only assert the PI Claims, shall be coordinated with the Consolidated Actions for discovery and other pre-trial proceedings.

3.      Any actions asserting consumer protection type claims hereafter filed in, or transferred or removed to, this District which arise out of the same or similar facts shall be consolidated for all purposes with the Consolidated Actions, to the extent such cases allege consumer protection type claims against Hain, when the Court is apprised of them.  Any actions asserting PI Claims hereafter filed in, or transferred or removed to, this District which arise out of the same or similar facts shall be consolidated or coordinated, as appropriate, with the *Walls* Action only to the extent they contain PI Claims and discovery and other pretrial proceedings coordinated with the Consolidated Actions; however, any consumer protection type claims contained in such actions shall be consolidated with the Consolidated Actions.

2

4.      The parties shall notify the Court of any other action which is pending or filed outside of this District which may be related to the subject matter of the Consolidated Actions and/or the *Walls* Action if and when they become aware of such actions.

5.      Every pleading in *In re Hain Celestial Heavy Metals Baby Food Litigation*, Master File No. 2:21-cv-00678, shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **In re HAIN CELESTIAL HEAVY** | ) | |
| **METALS BABY FOOD LITIGATION** | ) | **Master File No.: 2:21-cv-00678-JS-AYS** |
| | ) | |
| | ) | |
| **This Document Relates To:** | ) | |

6.      When a pleading is intended to be applicable to all actions to which this Order is applicable, the words "All Actions" shall appear immediately after the words "This Document Relates to:" in the caption set out above.  When a pleading is intended to be applicable only to some, but not all, of such actions, this Court's docket number for each individual action to which the paper is intended to be applicable and the last name of the first-named plaintiff in said action shall appear immediately after the words "This Document Relates to:" in the caption described above.

7.      The deadline for the filing of any motions in the Consolidated Actions and the *Walls* Action seeking interim lead counsel appointment pursuant to Fed. R. Civ. P. 23(g) is ten (10) business days following the entry of this Order.  The deadline for the filing of a consolidated amended complaint in the Consolidated Actions and the *Walls* Action is 45 days following the entry of an order under Rule 23(g).

3

**IT IS SO ORDERED.**

Dated: _____, 2021

_____
HONORABLE JOANNA SEYBERT
UNITED STATES DISTRICT JUDGE