**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------- X
NICOLE STEWART, ELIZABETH
AGRAMONTE and SUMMER APICELLA,
on behalf of themselves and all others similarly
situated,

      Plaintiffs,

  -against-

HAIN CELESTIAL GROUP, INC.,

      Defendant.
------------------------------------------------------- X
SALLY BREDBERG and REBECCA
BROMBERG, individually and on behalf of
all others similarly situated,

      Plaintiffs,

  -against-

THE HAIN CELESTIAL GROUP, INC.,

      Defendant.
------------------------------------------------------- X
ALYSSA MAYS, individually and on behalf
of all others similarly situated,

      Plaintiffs,

  -against-

HAIN CELESTIAL GROUP, INC.,

      Defendant.
------------------------------------------------------- X

CASE NO.
2:21-cv-00678-JS-AYS

2:21-cv-00758

2:21-cv-00805

```
---------------------------------------------------------- X
MICHELLE WALLS, on behalf of herself
and all others similarly situated; and N.W.,
a minor child, by his parent and general
guardian Michelle Walls, on behalf of himself
and all others similarly situated,

                         Plaintiffs,

        -against-                                             1:21-cv-00870

BEECH-NUT NUTRITION COMPANY;
THE HAIN CELESTIAL GROUP, INC.;
NURTURE, INC. D/B/A HAPPY FAMILY
ORGANICS; GERBER PRODUCTS
COMPANY; and PLUM PBC.,

                         Defendants.
---------------------------------------------------------- X
LEE BOYD, individually and on behalf of all
others similarly situated,

                         Plaintiff,

        -against-                                             2:21-cv-00884

HAIN CELESTIAL GROUP, INC.,

                         Defendant.
---------------------------------------------------------- X
KELLY MCKEON, RENEE BRYAN, and
MARILYN CARSON, individually and on
behalf of all others similarly situated,

                         Plaintiffs,

        -against-                                             2:21-cv-00938

HAIN CELESTIAL GROUP, d/b/a Earth's
Best Organics,

                         Defendant.
---------------------------------------------------------- X
```

```
------------------------------------------------------- X
LEIBA BAUMGARTEN, individually and on
behalf of all others similarly situated,

                    Plaintiff,

         -against-                                           2:21-cv-00944

THE HAIN CELESTIAL GROUP, INC.,

                    Defendant.
------------------------------------------------------- X
CHARLOTTE WILLOUGHBY,

                    Plaintiff,

         -against-                                           2:21-cv-00970

HAIN CELESTIAL GROUP, d/b/a Earth's
Best Organics,

                    Defendant.
------------------------------------------------------- X
```

**RESPONSE BY THE *STEWART* PLAINTIFFS TO THE *ALBANO* PLAINTIFFS' UNTIMELY OBJECTIONS TO MOTION FOR CONSOLIDATION <u>AND TO SET DEADLINES</u>**

Plaintiffs Nicole Stewart, Elizabeth Agramonte and Summer Apicella (the "*Stewart* Plaintiffs"), by and through their undersigned counsel, respectfully request that the Court accept this short Response to the untimely *Albano* Plaintiffs' Objections to *Stewart* Plaintiffs' Motion for Consolidation and to Set Deadlines (the "*Albano* Plaintiffs" and the "*Albano* Objection").

The Court should not consider the *Albano* Objection as it is untimely. The claim that there was no service of the *Stewart* Plaintiffs' Motion for Consolidation and to Set Deadlines (the "Motion") on the *Albano* Plaintiffs is incorrect. In fact, the *Albano* Objection acknowledges that the Motion was filed on their docket via ECF filing. This is sufficient service. The *Albano* Plaintiffs should have submitted a timely opposition on March 15, 2021, to which the *Stewart* Plaintiffs would have had a full and fair opportunity to respond in a reply brief.. Instead, the *Albano* Objection contains a response to the reply submitted by the *Stewart* Plaintiffs ("Reply") and was thus an improper sur-reply.

Second, if the Court considers the *Albano* Objection, the requested relief of a stay of all proceedings in light of the *Albano* Plaintiffs' pending industry-wide baby food MDL petition should be denied. The day after the *Stewart* Plaintiffs filed their Reply, the principal defendants in the MDL filed a motion with the MDL Panel for an extension of time to respond to the MDL petition in which they explained that steps are being taken, including consolidation, severance and transfer, that may obviate the need for the requested MDL. The fact that these statements suggest it is *unlikely* – rather than likely as the *Albano* Plaintiffs state -- that there will be an industry-wide baby food MDL further supports that consolidation here is proper at this time and that the Court should refuse to stay the proceedings.

**ARGUMENT**

    **A.    The *Albano* Plaintiffs Were Served with the *Stewart* Plaintiffs' Motion for Consolidation**

Although the *Albano* Plaintiffs claim they were not served with the Motion, they were in fact properly served. Nothing in the *Albano* Objection shows otherwise. Indeed, the *Albano* Plaintiffs cite to the ECF entry of the Motion on their own docket. *See Albano* Objection at 1. The *Albano* Objection is untimely and there is no sufficient basis for its delay of filing until after the conclusion on *all* briefing on the Motion. As such, the Court should not consider the untimely *Albano* Objection.

A timeline of the ECF filings demonstrates that the *Albano* Plaintiffs were properly served and had actual notice of the Motion but did not file their Objection until eight days after the deadline. On February 28, 2021, the *Stewart* Plaintiffs filed their Motion in the *Stewart* docket and all other dockets in the Eastern District of New York for existing cases listed in the Motion's caption. After that filing, the *Stewart* Plaintiffs diligently monitored the Eastern District of New York dockets for new filings against Hain so that they could timely give notice of the pending Motion. As a result of such diligence, on March 3, 2021, at 9:29 am, the *Stewart* Plaintiffs filed their Motion in the *Albano* docket (ECF No. 2) before even being officially notified by ECF that the *Albano* complaint had been filed. ECF No. 2 reflects that notice of this filing and the Motion itself were electronically sent to counsel for the *Albano* Plaintiffs. The *Stewart* Plaintiffs thus properly served the *Albano* Plaintiffs with the Motion per Local Civil Rule 5.2(a) of the Eastern District of New York. *See id.* ("A paper served and filed by electronic means in accordance with such instructions is, for purposes of Fed. R. Civ. P. 5, served and filed in compliance with the Local Civil Rules of the Southern and Eastern Districts of New York").

Despite being served with the Motion on March 3, 2021, the *Albano* Plaintiffs failed to timely file their Objection when due on March 15, 2021. Instead, they waited until March 23, 2021, a day after the *Stewart* Plaintiffs filed their Reply, to file the *Albano* Objection, which responds to arguments in the Reply.[1] This late filing prejudiced the *Stewart* Plaintiffs as it deprived them of the ability to fully respond to the arguments of the *Albano* Plaintiffs. *See, e.g., Nicosia v. United States*, No. 11-CV-5069(JS)(GRB), 2014 U.S. Dist. LEXIS 89600, at *5-6 (E.D.N.Y. July 1, 2014) (sur-replies improper without court permission); *Corona Realty Holding, LLC v. Town of N. Hempstead*, No. 08-CV-4997, 2009 U.S. Dist. LEXIS 76085, at *2 n.1 (E.D.N.Y. Aug. 24, 2009) (declining to consider sur-reply "because the Court does not permit sur-replies without prior approval."). While the *Stewart* Plaintiffs respectfully submit that the Court should not consider the *Albano* Objection since it was untimely, at a minimum the record needs to be corrected to reflect that the *Stewart* Plaintiffs properly and timely served the *Albano* Plaintiffs with their Motion.

     **B.**    **The Pending MDL Motion Does Not Support A Stay Here**

The *Albano* Objection requests a stay of all proceedings here based on the *Albano* Plaintiffs' pending industry-wide baby food MDL petition. Their primary contention is that because they believe the MDL petition is likely to be granted, a stay is warranted. However, statements contained in a joint motion for an extension to respond to the MDL petition filed with the MDL Panel by the five main defendants[2] fully supports the *Stewart* Plaintiffs' bases for seeking

---

[1] The *Albano* Plaintiffs filed their MDL Petition on March 8, 2021, seven days prior to the March 15, 2021 deadline for filing this Objection. They therefore had sufficient time to have filed their Objection even after their MDL filing.

[2] The moving Defendants are Beech-Nut Nutrition Company; Gerber Products Company; Hain Celestial Group, Inc., the defendant in this case; Nurture, Inc.; and Campbell Soup Company and its indirectly wholly owned subsidiary Plum, PBC ("Defendants"). They jointly requested a two-

3

consolidation here and refutes the central argument in the *Albano* Objection. *See* Unopposed Motion for Extension of Time, *In re: Baby Food Marketing, Sales Practices and Product Liab. Litig.*, MDL No. 2997, ECF No. 49 (Mar. 23, 2021) ("Defendants' Unopposed MDL Extension Request"). Notably, this was filed after the *Stewart* Plaintiffs had filed their Reply here but the joint statements by five Defendants explain the updated status in the baby food cases subject to the MDL petition. In Defendants' Unopposed MDL Extension Request, they state that they are seeking a two-week extension of the MDL response deadline because:

- "there are emerging small clusters of defendant-specific cases in different Defendants' home districts," including the 16 cases against Hain in this District as well as 12 against Beech-Nut pending in the Northern District of New York, 11 of which have already been consolidated, and seven against Nurture in the Southern District of New York (*id.* at 2); and

- "there may be near-term opportunities to work with Plaintiffs' counsel to explore means of cooperatively managing these cases without the need for an MDL – including potentially by severance of mis-joined claims and consolidation, transfer and/or re-filing of others. Indeed, such efforts are underway and are expected to be better appreciated in the next few weeks." *Id.*

These statements by Defendants fully support the arguments made by the *Stewart* Plaintiffs in their Reply as to why a stay is unwarranted here and consolidation should be granted.

In their Reply, the *Stewart* Plaintiffs cited a recent ruling by Judge Rakoff in the Southern District of New York supporting denial of a stay. *See Quinn v. JPMorgan Chase Bank, N.A.*, No. 20-cv-4100 (JSR), 2020 U.S. Dist. LEXIS 111202 (S.D.N.Y. June 24, 2020). In *Quinn*, the defendant bank sought a stay in the four cases before Judge Rakoff pending a ruling by the Panel on centralization. As here, the MDL briefing had begun but there was no date set for the hearing. *See id.* at *4. There were 31 other similar cases pending against at least 120 defendants. *See id.*

---

week extension of the deadline to respond to the *Albano* MDL motion. The *Albano* Plaintiffs did not oppose this extension.

4

Judge Rakoff denied the stay for numerous reasons, including that it would not make sense to put the cases on hold for "weeks or months" given that the earliest date for the Panel's hearing was over a month away at that time. *See id.* at *5. Moreover, Judge Rakoff noted that "the JPML may well deny the petition. Over the last five years, the JPML has denied petitions for centralization in 60 percent of the cases. Further still, of the 40 percent of petitions that were granted, many were unopposed, whereas here there is substantial opposition to centralization. Accordingly, as a mere matter of probabilities, the petition has a meaningful possibility of being denied, in which case significant time would have been totally wasted if a stay had been granted." *Id.* at *5-6 (footnote omitted). Judge Rakoff further explained that even if the petition were granted, it would still "be helpful for the four cases before this Court to move forward in the meantime" because, in his experience in presiding over MDL cases, the MDL transferee judge ultimately does benefit from the individual cases moving forward while awaiting the Panel's ruling. *Id.* at *6. "This is because the preliminary disputes arising in these earlier proceedings enable the MDL judge to quickly learn what kinds of discovery and other pre-trial issues are likely to arise in the now-centralized cases, and, more generally, to get a feel for what these cases are really about." *Id*. Finally, Judge Rakoff stated that "no party materially suffers from the fact that some initial motion practice or discovery has transpired before the MDL takes effect. On the contrary, it helps to move the cases forward," is "quite helpful to the MDL judge," and "ultimately saves the parties time and expense as well." *Id.* at *6-7. Notably, the MDL Panel denied centralization. *See In re: Paycheck Protection Program Agent Fees Litig.*, MDL No. 2950 (J.P.M.L. Aug. 5, 2020) (ECF No. 72).[3]

---

[3] In denying centralization, the Panel noted that while the actions all alleged a failure to pay fees to agents who assisted small businesses in applying for PPP loans during the pandemic, the actions involved dozens of different lenders and there was no common or predominant defendant in all of them or common practices. *See in re: Paycheck Protection Program Agent Fees Litig.*, MDL No. 2950, ECF No. 72 at 2-3. The same is true here given that there are different baby

The *Stewart* Plaintiffs argued in their Reply that Judge Rakoff's ruling applies with equal force here. The earliest Panel hearing date is the end of May with a ruling likely in mid-June, at least three months from now. The *Stewart* Plaintiffs further argued in their Reply that there would likely be fervent opposition to an industry-wide MDL and it has a substantial chance of being denied, particularly given that consolidations are already happening in other Districts in the other baby food cases. Defendants' statements in their Unopposed MDL Extension Request cited above support these arguments by the *Stewart* Plaintiffs. While the *Albano* Objection argues that the MDL petition is likely to be granted and *Quinn* therefore does not apply, Defendants' Unopposed MDL Extension Request suggests *exactly the opposite*. Indeed, Defendants' Unopposed MDL Extension Request comports fully with the MDL Panel's instruction on its ECF entry to all affected cases that "[i]n their briefs, the parties should address what steps they have taken to pursue alternatives to centralization (including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.)." *In re: Baby Food Marketing, Sales Practices and Products Liab. Litig.*, ECF No. 3. This instruction from the Panel itself directly contradicts the *Albano* Plaintiffs' argument that all activity should cease until the Panel issues its ruling and fully supports the *Stewart* Plaintiffs' activities here to consolidate the cases. Importantly, the *Albano* Plaintiffs do not contend consolidation is unwarranted, just that it is premature, which was fully addressed in *Quinn*, *supra*.[4]

---

food manufacturers each with its own manufacturing practices. Moreover, the Panel also noted that alternatives to centralization were available, including consolidation before a single judge, which had already begun in multiple jurisdictions. *See id.* at 4. Again, the same is true here, including in this District.

[4] The *Albano* Plaintiffs' other argument to attempt to distinguish *Quinn* also fails. They suggest that the court's statement in Quinn that economic pressures created by the pandemic caused it to deny a stay. *See Albano* Objection at 4. While Judge Rakoff did mention this as one reason for denial of the stay, it was by no means the sole decisive reason, as demonstrated by the quotations from *Quinn, supra*.

6

Finally, Defendants' Unopposed MDL Extension Request demonstrates that the Defendants have already begun the process of severing improperly joined defendants in the various baby food cases and seeking Section 1404 transfers of cases to the "clusters of defendant-specific cases in different Defendants' home districts." *See* Defendants' Unopposed MDL Extension Request at 2.[5] Notably, the Panel granted Defendants' request for the two-week extension. *See In re: Baby Food Marketing, Sales Practices and Products Liab. Litig.*, ECF No. 52.[6]

## II.  CONCLUSION

For the reasons stated above, the *Stewart* Plaintiffs respectfully request that the Court not consider the untimely *Albano* Objection and deny the request for a stay of all proceedings.

---

[5] The *Albano* Plaintiffs contend that they should be allowed to respond to any motion to sever filed by any defendant. *See Albano* Objection at 3 n.1. The *Stewart* Plaintiffs do not dispute this right.

[6] To the extent that the *Albano* Plaintiffs claim that the Court should wait until all of the cases against Hain have been consolidated in this District to begin the process of appointing interim class counsel under Rule 23(g), only three such cases are pending outside of this District and according to Defendants, some transfer activities are already underway. *See* Defendants' Unopposed MDL Extension Request at 2. The plaintiffs in those three cases will undoubtedly take the steps necessary to seek to preserve their own rights regarding class counsel appointment here, which is an interim appointment under Rule 23(g).

7

Dated: March 25, 2021            Respectfully submitted,

*/s/ Janine L. Pollack*
Janine L. Pollack, Esq.
Michael Liskow, Esq.
**CALCATERRA POLLACK LLP**
1140 Avenue of the Americas
9th Floor
New York, New York 10036
Phone: (917) 899-1765
Fax: (332) 206-2073
Email: jpollack@calcaterrapollack.com
mliskow@calcaterrapollack.com

**GEORGE GESTEN MCDONALD, PLLC**
Lori G. Feldman, Esq.
102 Half Moon Bay Drive
Croton-on-Hudson, New York 10520
Phone: (561) 232-6002
Fax: (888) 421-4173
*LFeldman@4-Justice.com*

**GEORGE GESTEN MCDONALD, PLLC**
David J. George, Esq. (pro hac vice forthcoming)
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33463
Phone: (561) 232-6002
Fax: (888) 421-4173
*DGeorge@4-Justice.com*

*Attorneys for Plaintiffs Nicole Stewart, Elizabeth Agramonte and Summer Apicella and the Proposed Class in the Stewart Action*

8

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 25, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Janine L. Pollack*
Janine L. Pollack