UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION,<br><br>This document relates to:<br><br>All Actions | Case No. 2:21-cv-0678-JS-AYS<br><br>**JOINT DECLARATION OF LORI G. FELDMAN AND REBECCA A. PETERSON IN SUPPORT OF THE STEWART MOVANTS' MOTION FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL** |

We, Lori G. Feldman and Rebecca A. Peterson, hereby declare and state as follows:

1. We are counsel for Plaintiffs Elizabeth Agramonte, Summer Apicella, Nicole Stewart, and Charlotte Willoughby in the above-entitled litigation (the "Consolidated Action"). This Declaration is being made in support of the Stewart Movants' Motion for Appointment of Lori G. Feldman and Rebecca A. Peterson For Interim Co-Lead Counsel.[1] Except as otherwise stated, we make this declaration based on personal knowledge, and if called to do so, we could testify competently to the information set forth below.

**Procedural Background and Litigation Posture**

2. On February 8, 2021, Plaintiffs Nicole Stewart, Elizabeth Agramonte and Summer Apicella (the "Stewart Plaintiffs") filed the first putative consumer class action against Hain Celestial Group, Inc. ("Hain") in the Eastern District of New York alleging misleading and

---

[1] The "Stewart Movants" refer to the Plaintiffs Elizabeth Agramonte, Summer Apicella, Nicole Stewart, Charlotte Willoughby, Lee Boyd, Kelly McKeon, Renee Bryan, Marilyn Cason, Najah Henry, Chanel Jackson, Alexis Dias, and Holly Buffinton

557648.2

deceptive business practices based on the undisclosed inclusion of heavy metals in Hain's baby food (the "Stewart Action").

3. After the Stewart Action was filed, fourteen (14) other cases were filed against Hain in the Eastern District of New York (collectively the "Related Actions"):

- *Bredberg et al v. Hain Celestial Group, Inc.,* Court File 2:21-CV-00758 (E.D.N.Y.), filed February 11, 2021;

- *Mays v. Hain Celestial Group, Inc.,* Court File 2:21-cv-00805 (E.D.N.Y.), filed February 12, 2021;

- *McKeon, et al. v. Hain Celestial Group,* Court File 2:21-cv-00938 (E.D.N.Y.), filed February 19, 2021;

- *Willoughby v. Hain Celestial Group*, Court File 2:21-cv-00970 (E.D.N.Y.), filed February 22, 2021;

- *Baumgarten v. Hain Celestial Group, Inc.,* Court File 2:21-cv-00944 (E.D.N.Y.), filed February 22, 2021;

- *Zorilla v. Hain Celestial Group, Inc.,* Court File 2:21-cv-01062 (E.D.N.Y.), filed February 26, 2021;

- *Lopez-Sanchez v. Hain Celestial Group, Inc.,* Court File 2:21-cv-01045 (E.D.N.Y.), filed February 26, 2021;

- *Galloway v. Hain Celestial Group, Inc.,* Court File 1:21-cv-01067 (E.D.N.Y.), filed February 26, 2021;

- *Baccari et al. v. Hain Celestial Group, Inc.,* Court File 2:21-cv-01076 (E.D.N.Y.), filed March 1, 2021;

- *Hanson v. Hain Celestial Group, Inc.,* Court File 2:21-cv-91269 (E.D.N.Y.), filed March 9, 2021;

- *Boyd v. Hain Celestial Group, Inc.,* Court File. 2:21-cv-00884 (E.D.N.Y.), filed February 18, 2021;

- *Henry, et al. v. Hain Celestial Group*, Court File 2:21-cv-01293 (E.D.N.Y.), filed March 11, 2021;

- *Gray, et al. v. Hain Celestial Group, Inc.*, Court File 2:21-cv-1569 (E.D.N.Y.), filed March 24, 2021;

- *Anderson, et al. v. Hain Celestial Group, Inc.*, Court File No. 21-cv-1621 (E.D.N.Y.), filed March 26, 2021.

4. Since the filing of the Stewart Action, the Stewart Plaintiffs' counsel have taken a number of steps to ensure the efficient coordination of the proceedings. On February 22, 2021, the Stewart Plaintiffs' counsel organized a conference call with all plaintiffs' counsel on record in cases pending in this District to discuss consolidation and working cooperatively to advance the cases. On February 28, 2021, the Stewart Plaintiffs moved for consolidation of the Related Actions. By Orders dated May 13, 2021 and May 18, 2021, this Court consolidated the Related Actions into the Stewart Action.

5. In addition, the Stewart Movants' counsel have taken other steps to advance this litigation. On March 4, 2021, Ms. Peterson served a Freedom of Information Act request on the U.S. Food and Drug Administration (FDA) regarding the inclusion of heavy metals in Hain's baby food and its presentation to the FDA in 2019. The FDA responded on May 13, 2021, with a single redacted document which was appealed by Ms. Peterson on May 20, 2021. The Stewart Movants also sent notice to Hain as to Plaintiffs' warranty claims under California, New York, Florida, and Illinois law as well as pre-suit notice under the Consumers Legal Remedies Act (CLRA), California Civil Code Sections 1750-1784, and the Texas Deceptive Trade Practices Act, Texas Business & Commercial Code Section 17.41 *et seq.*, in anticipation of an amended or consolidated complaint.

6. Moving forward, we will expend the resources necessary to litigate through anticipated motions to dismiss and execute e-discovery and deposition strategies, fight through contested class certification and summary judgment proceedings, retain all necessary experts, and take this matter to trial and beyond, if necessary.

7. We also have both the personnel and financial resources required to litigate this case to a successful conclusion, and frequently work on cases that involve the management and coordination of many law firms and lawyers, and both of our firms are highly experienced in those collaborative tasks. We anticipate that document productions, as with most cases of this size and complexity, will reach into the hundreds of thousands of documents and require a document coding and review protocol to be deployed with assistance from attorneys at the various plaintiffs' law firms. We expect that the litigation in this case is likely to be hard fought and labor intensive, necessitating a few dozen depositions throughout the United States, significant and complex motion practice, class certification proceedings, and potential settlement negotiations and appeals. Our firms are well acquainted with such litigation activities and are prepared to take all necessary steps to advance the case and protect the interests of the Class.

8. True and correct copies of Ms. Feldman's and Ms. Peterson's submissions reflecting their qualifications are attached as Exhibits 1 and 2.

## PROPOSED INTERIM CO-LEAD COUNSEL

9. **Lori Feldman of George Gesten McDonald:** Ms. Feldman is the Chair of the Class Action Practice Group and Managing Partner of the New York Office of her firm. She was admitted to the E.D.N.Y. in 1991 and is bicoastally licensed in New York and Washington State. She has served in a leadership role in numerous class action cases, including consumer protection and data breach cases, and has successfully litigated against some of the most well-funded and largest defendants in class actions, including but not limited to:

- *South Ferry v. Killinger*, C04-1599-JCC (W.D. Wash.) ($41.5 million securities fraud settlement involving Washington Mutual);

- *Cavalieri v. General Electric Co.*, 06-CV-315 (N.D.N.Y) ($40 million pension fraud class action settlement);

- *In re Amazon.com Securities Litigation*, C-01-358-L (W.D. Wash.) ($27.5 million securities fraud class action settlement);

- *In re CenturyLink Sales Practices and Securities Litigation*, MDL No. 17-2795 (MJD/KMM) (D. Minn.) ($15.5 million consumer fraud settlement);[2]

- *Podowitz v. Swisher International, Inc.*, 16-CV-27621 (Multnomah Cty, OR) ($2.5 million consumer fraud class action settlement);

- *Hochstadt v. Boston Scientific Corp. ERISA Litigation*, C-08-CV-12139-DPW (D. Mass.) ($8.2 million pension fraud class action settlement);

- *Gebhardt v. ConAgra Foods, Inc.*, 4:01-CV-427 (D. Neb.) ($14 million securities fraud class action settlement);

- *In re Macy's Inc. ERISA Litigation*, 1:01-CV-02150-ML-KWR (S.D. Ohio) ($8.5 million pension fraud class action settlement);

- *In re Gilead Sciences Securities Litigation*, C-03-4999-SI (N.D. Cal.) ($8.75 million securities fraud class action settlement);

- *In re Rhythms Securities Litigation*, 02-CV-35-JLK-CBS (D. Colo.) ($17.5 million securities fraud class action settlement).

10. Ms. Feldman was recently appointed to serve as Plaintiffs' Co-Lead Counsel in *In re EyeMed Vision Care, LLC Data Sec, Litig.*, 1:20-cv-00036 (S.D. Ohio); to serve on the Plaintiffs' Executive Committee in *In re Canon U.S.A. Data Breach Litig.* 1:20-cv-06239 (E.D.N.Y.); and on the Plaintiffs' Executive Committee in *In re Morgan Stanley Data Security Litigation.*, 1:20-cv-05914 (S.D.N.Y.). She also works in a leadership capacity in the data breach case *In re WaWa, Inc. Data Breach Litigation*, No. 19-cv-6019-GEKP. (E.D. Pa.), and worked on the *In re Equifax Consumer Data Sec. Breach Litig,* 1:17-md-2800 (N.D. Ga.). She is also currently

---

[2] Ms. Feldman was appointed co-lead counsel in this MDL litigation and served in that capacity from 2017 through 2019 while Of Counsel to Geragos & Geragos. She left the Geragos firm in March 2019 and joined George Gesten McDonald, at which point her colleague Ben Meiselas at Geragos assumed her position as co-lead counsel. Less than two months later, the case settled for $15.5 million. While Ms. Feldman was not at Geragos at the end of the case, she was instrumental in positioning the class to obtain this substantial settlement.

litigating a data breach case against *In re Warner Music Group Data Breach*, No. 1:20-cv-07473 (S.D.N.Y.).

11. As an additional benefit to the class, given that Ms. Feldman is a New York attorney (born and raised) admitted in the E.D.N.Y., there is no need for separate liaison counsel. Ms. Feldman was recently recognized by The National Law Journal as a 2021 Plaintiffs' Lawyers Trailblazer, as one of several plaintiffs' lawyers in the country who continue to make their mark in various aspects of work on the plaintiffs' side.

12. **Rebecca A. Peterson of Lockridge Grindal Nauen P.L.L.P.:** Ms. Peterson is a partner at Lockridge Grindal Nauen ("LGN") and is admitted to the state bars of California and Minnesota. Ms. Peterson practices in the firm's class action group with a focus on consumer protection. She has been part of successful prosecution of actions on behalf of consumers in both state and federal courts. Ms. Peterson has been appointed lead counsel and also, alongside a group of attorneys, was recognized as Attorney of the Year by Minnesota Lawyer for her work on behalf of U.S. farmers.

13. Ms. Peterson has spent the last three years extensively litigating numerous mislabeling consumer cases involving heavy metals and other contaminants. In these actions, she acted as lead counsel and conducted and defended dozens of depositions, including expert depositions. She has also vetted and worked extensively with experts that have the specific expertise required for opining on heavy metals testing and related quality control practices that are available for food manufacturers. Ms. Peterson has argued class certification motions and key dispositive motions. As a result of her experience, Ms. Peterson has significant knowledge of the legal, discovery, expert, and factual issues that are critical in litigating consumer class cases concerning heavy metals and other contaminants.

14. Currently, Ms. Peterson is co-lead counsel in *In re Big Heart Pet Brands Litigation*, Civil No. 4:18-cv-00861-JSW (N.D. CA), which involves consumer protection claims based on an undisclosed contaminant in dog food.

## PROPOSED EXECUTIVE COMMITTEE

15. Given the complexity and scope of the litigation, we believe the appointment of an Executive Committee comprised of the attorneys below will facilitate the best representation of the Class, and true and correct copies of their submissions reflecting their qualifications are attached as Exhibits 3 through 5, as indicated below:

- Catherine Sung-Yun Smith of Gustafson Gluek, PLLC (attached hereto as Exhibit 3)
- Stephen Basser of Barrack Rodos & Bacine (attached hereto as Exhibit 4)
- Susana Cruz Hodge of Lite DePalma Greenberg & Afanador, LLC (attached hereto as Exhibit 5)

16. We believe that having the support of the proposed Executive Committee will ensure work is performed efficiently by capable and experienced professionals to achieve the best results for the Class. As indicated by their credentials, the proposed Executive Committee attorneys possess substantial experience in consumer fraud and complex class action litigation and bring a diverse set of professional and personal experiences, including experience with class actions involving heavy metals.

17. The proposed Interim Co-Lead Class Counsel and Executive Committee have substantial resources that they intend to continue to commit to representing the Class. Each member of the Proposed Interim Class Counsel is committed to prosecuting this case efficiently and expeditiously.

18. In managing the litigation, and to increase efficiency and avoid duplication of effort, we intend to implement a monthly time reporting protocol, which can be provided to the Court, as well as periodic reports, in camera, if requested.

19. Attached hereto as Exhibit 6 is a copy of the September 17, 2020 Order Consolidating All Related Cases And Appointing Interim Co-Lead Class Counsel And Executive Committee in *Tillman et al. v. Morgan Stanley Smith Barney LLC,* No. 1:20-cv-05914-AT (S.D.N.Y.).

20. Attached hereto as Exhibit 7 is a copy of the March 9, 2021 Order Appointing Interim Co-Lead Class Counsel and Executive Committee in *In Re: Canon U.S.A. Data Breach Litigation*, No. 1:20-cv-06239-AMD-SJB (E.D.N.Y.).

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | |
|---|---|
| Executed this 27th day of May, 2021 at Minneapolis, Minnesota. | Executed this 27th day of May, 2021 at New York, New York. |
| LOCKRIDGE GRINDAL NAUEN P.L.L.P. | GEORGE GESTEN McDONALD, PLLC |
| By: s/ Rebecca A. Peterson<br>     Rebecca A. Peterson | By: s/ Lori G. Feldman<br>     Lori G. Feldman |