UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION** | Case No. 2:21-cv-678-JS-AYS |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF ASYIA ANDREWS TO APPOINT LABATON SUCHAROW AS INTERIM LEAD COUNSEL**

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................................1

RELEVANT BACKGROUND ............................................................................................2

ARGUMENT.........................................................................................................................3

    I.    Labaton Sucharow Should be Appointed Interim Lead (or Co-Lead) Counsel For the Proposed Class ...................................................................................................3

        A.    Labaton Sucharow Worked to Develop this Case.....................................4

        B.    Labaton Sucharow is Experienced in Litigating Class Actions, Including Class Actions in this District......................................................................5

        C.    Labaton Sucharow Possess Extensive Knowledge of the Relevant Law ....8

        D.    Labaton Sucharow is Willing and Able to Commit Significant Time and Resources to this Case ...............................................................................9

CONCLUSION....................................................................................................................12

## INTRODUCTION

Plaintiff Asyia Andrews (the "Andrews Plaintiff" or "Plaintiff"), by and through her undersigned counsel respectfully moves for the appointment of her counsel, Michael Canty and Carol Villegas of Labaton Sucharow LLP ("Labaton Sucharow" or "Proposed Interim Lead Counsel") as Interim Lead Counsel pursuant to Federal Rules of Civil Procedure 23(g) so that they may act on behalf of the putative class while managing this consolidated action.  Such appointment is appropriate here to provide organization structure and leadership during the period before class certification when important decisions, such as pre-trial motion practice, litigating class certification, and discovery, must be made.

Proposed Interim Lead Counsel are well-suited to represent the class in this action. Labaton Sucharow has a proven ability to successfully navigate high-stakes, complex class actions and has shown they can litigate against some of the most sophisticated institutions in the world.  Indeed, Proposed Interim Lead Counsel has extensive experience successfully litigating complex class actions and winning multimillion-dollar recoveries for class members, including specifically in the consumer protection context.  Most recently, Labaton Sucharow was Co-Lead Counsel in the landmark $650 million recovery in the groundbreaking Facebook consumer privacy case.  *See In re Facebook Biometric Information Privacy Litigation*, No. 15-cv-3747 (N.D. Cal.), ECF No. 537.

Upon learning of the alleged conduct by Hain Celestial and other baby food manufacturers, Proposed Interim Lead Counsel conducted a thorough investigation into the allegations.  Specifically, Labaton Sucharow deployed its in-house investigative team on the matter.  So far, Labaton Sucharow's investigation has identified 60 former Hain Celestial employees all of whom may have relevant information regarding the conduct of Hain Celestial.  Additionally, Proposed Interim Lead

Counsel contacted and spoke with those responsible for investigating and drafting the Congressional Report from The Subcommittee on Economic and Consumer Policy of the Committee on Oversight and Reform that served as the impetus for this action.[1] If appointed Interim Lead Counsel, Labaton Sucharow will continue to vigorously investigate these claims to effectively prosecute this action on behalf of class members. Moreover, Labaton Sucharow has the capacity to devote significant resources to prosecuting class actions (like this one) against the most well-funded defendants and understands how to do so in a manner that promotes efficiency.

## RELEVANT BACKGROUND

On March 29, 2021, Plaintiff filed a class action complaint against Beech-Nut Nutrition Company, Gerber Products Company, Hain Celestial Group, Inc., Nurture, Inc., and Sprout Foods, Inc. *Andrews v. Beech-Nut Nutrition Company et. al.*, 2:2021-cv-01704-GRB-AKT (E.D.N.Y)(the "Andrews Action"). Thereafter, on April 7, 2021, Plaintiff filed a Notice of Related Action in *In Re: Baby Food Marketing, Sales Practices and Products Liability Litigation*, 0:2021-md-02997 (JPML) (ECF No. 86). On April 13, 2021, Plaintiff filed a response in support of consolidation and transfer of all Related Actions[2] to the Eastern District of New York. *Id.* at ECF No. 110. On May 3, 2021, Plaintiff and defendants in the Andrews Action filed a Joint Motion to stay proceedings in the *Andrews v. Beech-Nut Nutrition Company* matter pending the resolution of the motion to consolidate and transfer Related Actions to the Eastern District of New York. *See Andrews v. Beech-Nut Nutrition Company et. al.*, at ECF No. 10. On May 13, 2021, this Court granted the Stewart Plaintiffs' motion to consolidate and

---

[1] *See* Staff Report, Subcommittee on Economic and Consumer Policy of the Committee on Oversight and Reform, U.S. House of Representatives, *Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury* (hereinafter referred to as "Congressional Report") (February 4, 2021) (online at: https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf).
[2] "Related Actions" refers to cases filed in the Schedule of Actions accompanying *In Re: Baby Food Marketing, Sales Practices and Products Liability Litigation*, 0:2021-md-02997 (JPML) (ECF No. 1).

ordered that motions to appoint interim lead counsel shall be filed within 14 days.[3] *In re Hain Celestial Heavy Metals Baby Food Litigation*, 2:2021-cv-00678 (E.D.N.Y.) at ECF No. 47. To that end, Andrews Plaintiff, seeks the appointment of her counsel, Michael Canty and Carol Villegas of Labaton Sucharow as Interim Lead Counsel in accordance with Federal Rule of Civil Procedure 23(g), and further seeks the opportunity to present oral argument on this matter as may be permitted by the Court.[4] To the extent the Court believes the appointment of multiple firms will serve the best interest of the Class, Labaton Sucharow has experience working with Cohen Milstein and Gibbs Law Group and would litigate this case effectively with those firms or any other firm appointed by the Court.

## ARGUMENT

### I. Labaton Sucharow Should be Appointed Interim Lead (or Co-Lead) Counsel For the Proposed Class

Federal Rule of Civil Procedure 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action;
(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class.

Here, the Andrews Plaintiff has retained Michael Canty and Carol Villegas of Labaton Sucharow, both of whom have extensive experience in class action consumer protection litigation. As set forth below Labaton Sucharow is "adequate" under the mandatory Rule

---

[3] The Andrews Action was not one the matters consolidated in the May 13 order, however, it alleges similar consumer fraud claims against Hain Celestial.
[4] While Plaintiff believes that the JPML should grant the motion to consolidate and transfer all Related Actions against the baby food manufacturer-defendants to this Court, Plaintiff moves this Court for appointment as Interim Lead Counsel and reserves the right to seek further appointment should this Court deem it necessary upon resolution of the motion to consolidate and transfer.

23(g)(1)(A) considerations and appointing Labaton Sucharow as Interim Lead Counsel is in the best interest of the putative class.

> **A.   Labaton Sucharow Worked to Develop this Case Through an Ongoing Investigation into Hain Celestial and Other Baby Food Manufacturers' Conduct**

Labaton Sucharow has dedicated significant time and resources to identifying and investigating the asserted claims against Hain Celestial and the other baby food manufacturers. Indeed, Proposed Interim Lead Counsel has already added value to the prosecution of this action by (1) conducting a robust investigation into the claims, and (2) identifying dozens of witnesses who may have information relevant to Hain Celestial's conduct.

Prior to filing of the Andrews Action, Labaton Sucharow initiated a full investigation into Defendant and other baby food manufacturers following the release of the Congressional Report on February 4, 2021. Since then, Labaton Sucharow's in-house investigative team has designed and carried out a thorough investigation into Hain Celestial and other baby food manufacturers' conduct, which has already yielded impressive results. During the pendency of the investigation, Proposed Interim Lead Counsel had discussions with the one of the authors of the Congressional Report that was the impetus for this case. Additionally, the investigation has identified over 60 witnesses who are former employees of Defendant, all of whom may have information to bolster the allegations in the Complaint. Moreover, Labaton's investigators have begun conducting confidential interviews with current and former employees of Hain Celestial and other baby food manufacturers. These potential witnesses work or worked in a variety of roles in the baby food manufacturers' supply chains and together provide a unique cross-section of the industry's manufacturing and quality control processes.

Labaton Sucharow's dedicated in-house investigative team—one of the first in the Plaintiff's class action bar—consists of six experienced investigators including a former

4

Investigative Auditor at the New York City Department of Investigation, and a former Investigator with the Chicago Office of the Inspector General. The team is led by Amy Greenbaum, Director of Investigations, a Certified Fraud Examiner who has been with Labaton Sucharow for over fifteen years. During this time, Amy Greenbaum has been instrumental in hundreds of Labaton Sucharow's securities, antitrust, whistleblower and mass arbitration cases, and her development of witnesses has been frequently cited by judges throughout the country.

All told, Labaton Sucharow's investigation, has assisted in identifying additional avenues for recovery for the class, and provided Proposed Interim Lead Counsel with invaluable insight regarding the inner-workings of supply chains in the industry. In addition to the substantial work already performed, Proposed Interim Lead Counsel continues to expend considerable resources to identify and investigate pertinent factual and legal issues relating to the Class' claims.

  **B.** **Labaton Sucharow is Experienced in Litigating Class Actions, Including Class Actions in this District**

Labaton Sucharow has been recognized as a leader in the field of complex litigation, and is one of the nation's foremost plaintiffs' class action law firms, having received awards and recognitions from leading industry publications, including *Chambers & Partners USA*, *The Legal 500 U.S.*, and *Benchmark Litigation*. *See* Declaration of Michael Canty, Ex. A. For the past decade, Labaton Sucharow was listed on *The National Law Journal*'s Plaintiffs' Hot List and was inducted to the Hall of Fame for successive honors. *Id.* Labaton Sucharow has also been featured as one of *Law360*'s Most Feared Plaintiffs Firms and Class Action and Securities law Practice Groups of the Year, *see id.*, and has achieved this distinction based on vigorous efforts representing a wide variety of plaintiffs in complex litigation on both a class and single-plaintiff basis, from individual consumers and small business, to large institutional investors

(such as banks, mutual funds, insurance companies, pension funds and health and welfare funds), municipalities, and corporations.

Labaton Sucharow has significant experience serving as lead counsel, and has recovered more than $12 billion, including more than $1 billion in *In re American International Group, Inc. Securities Litigation*, $671 million in *In re HealthSouth Securities Litigation*, $624 million in *In re Countrywide Financial Corporation Securities Litigation*, and $473 million in *In re Schering-Plough/ENHANCE Securities Litigation*. Labaton Sucharow has also served as Lead Counsel in class actions in this district, including a class action against Defendant Hain Celestial. *See, e.g., In Re The Hain Celestial Group Inc. Securities Litigation*, 16-cv-04581-ADS-SIL (E.D.N.Y.), ECF No. 56; *In re Cronos Group Inc. Securities Litigation*, No. 2:20-CV-01310-ENV-SIL (E.D.N.Y.), ECF No. 35; *ODS Capital LLC v. Changyou.com Limited et al.*, No. 1:20-cv-05973-KAM-RLM (E.D.N.Y.), ECF No. 9. Labaton also served as class counsel in *In re Facebook Biometric Information Privacy Litigation*, securing a landmark $650 million settlement. In approving the settlement, Judge Donato concluded that "class counsel achieved an excellent result for the class" and "recognize[d] the skill, dedication, and hard work class counsel brought to th[e] case and their clients." No. 15-cv-3747 (N.D. Cal.), ECF No. 537.

Labaton Sucharow's recent notable lead and co-lead counsel appointments include:

- ***Marriott International Inc. Data Privacy Security Breach Litigation***. In this case, Labaton Sucharow was appointed as lead counsel on behalf of a class of securities plaintiffs on April 29, 2019 in the coordinated consumer data breach class action against Marriot international. The case follows the 2018 announcement that unauthorized access to the Starwood guest reservation database had potentially affected up to 500 million Marriott customers and further disclosures that an internal investigation revealed that there had been unauthorized access to the Starwood network since 2014.

- ***In re AT&T/DirecTV Now Securities Litigation***. Labaton Sucharow represents Steamfitters Local 449 Pension Plan as co-lead counsel in this securities class action against AT&T and multiple executives and directors of the company alleging wide ranging fraud, abusive sales tactics, and misleading statements to the market in regards to the streaming service, DirecTV Now.

6

- ***In re PG&E Corporation Securities Litigation.*** Labaton Sucharow represents the Public Employees Retirement Association of New Mexico as lead plaintiff in a securities class action lawsuit against PG&E related to wildfires that devastated Northern California in 2017.

Other significant representations and notable successes include:

- ***In re Facebook Biometric Privacy Litigation***. In a hotly litigated and closely watched case alleging claims against Facebook under the Illinois Biometric Information Privacy Act (BIPA), 740 Ill. Comp. Stat. 14/1 et seq. (2008), Labaton Sucharow, along with its co-counsel, secured a landmark $650 million settlement on behalf of Illinois Facebook users. The case raised several complex legal issues, including the question of whether a statutory privacy injury was sufficiently "real" and concrete to establish an injury in fact for standing under Article III. Following years of discovery and extensive motion practice, including class certification and summary judgment briefing, and while the case was on the eve of trial, the parties agreed to resolve the matter, resulting in a groundbreaking settlement for the class.

- ***In re American International Group, Inc. Securities Litigation.*** In one of the most complex and challenging securities cases in history, Labaton, as sole Lead Counsel secured more than $1 billion in recoveries on behalf of lead plaintiff Ohio Public Employees' Retirement System in a case arising from allegations of bid rigging and accounting fraud. To achieve this remarkable recovery, the Firm took over 100 depositions and briefed 22 motions to dismiss. The settlement entailed a $725 million settlement with American International Group (AIG), $97.5 million settlement with AIG's auditors, $115 million settlement with former AIG officers and related defendants, and an additional $72 million settlement with General Reinsurance Corporation, which was approved by the Second Circuit on September 11, 2013.

- ***In re Countrywide Financial Corp. Securities Litigation.*** Labaton, as sole lead counsel for the New York State Common Retirement Fund and the five New York City public pension funds, sued one of the nation's largest issuers of mortgage loans on behalf of a class of shareholders for fraudulent misrepresentations relating to its mortgage underwriting practices. The Firm's focused investigation and discovery efforts uncovered incriminating evidence that, coupled with its convincing briefing and skilled negotiation, led to a $624 million settlement for investors. On February 25, 2011, the court granted final approval to the settlement, which is one of the top 20 securities class action settlements in the history of the PSLRA.

Critically, Labaton has also repeatedly demonstrated its willingness and ability to litigate complex cases through trial and appeal, to the U.S. Supreme Court if necessary, a skill unmatched by many firms in the plaintiffs' class action bar. Currently, Labaton Sucharow serves as Lead Counsel (and Counsel to Respondents) in *Goldman Sachs Group Inc. v. Arkansas Teacher Retirement System*, No. 20-222 (2020), which is currently pending before the U.S.

7

Supreme Court and was argued on March 29, 2021. Likewise, in *Amgen v. Connecticut Retirement Plans & Trust Funds*, 133 S. Ct. 1184 (Feb. 27, 2013), Labaton Sucharow, as sole Lead Counsel, persuaded the Supreme Court to reject efforts to thwart the certification of a class of investors seeking monetary damages in a class action. Labaton Sucharow has also tried a number of class action cases, including, *In re Real Estate Associates Limited Partnership Litigation*, in which the firm obtained a landmark $184 million jury verdict – one in which the Plaintiff class, consisting of 18,000 members, recovered 100% of their damages.

### C. Labaton Sucharow Possess Extensive Knowledge of the Relevant Law

As detailed above, Labaton Sucharow's institutional knowledge of the law applicable to the claims asserted in this action is reflected in its extensive experience and continued success prosecuting complex class actions.

Notably, Labaton Sucharow's role in prosecuting claims on behalf of consumers in the *In re Facebook Biometric Information Privacy Litigation* demonstrates the firm's success in pursuing claims on a class basis and achieving landmark results in an evolving area of the law, against the most well-resourced Defendants. This nearly six-year litigation was extremely hard-fought: the parties took 19 depositions, participated in 17 hearings, and engaged in five rounds of dispositive motion practice. And this is not to mention the substantive trial preparation the parties undertook, exchanging 526 trial exhibits and eight motions *in limine*, and identifying 17 trial witnesses. Indeed, while the case was on the eve of trial, the Ninth Circuit granted Facebook's request for interlocutory review of the district court's order granting Plaintiffs' motion for class certification and stayed the class pending the appeal. After extensive briefing on class certification-related issues the Ninth Circuit affirmed the district court's rulings. Just days before the trial setting conference, the parties agreed to settle the action.

8

Likewise, in *In re Takata Airbag Products Liability Litigation*, Labaton Sucharow filed the first nationwide consumer class action on behalf of all persons or entities who purchased or acquired one of the nearly 35 million affected vehicles containing Takata-brand airbags.  In *Fishbein et al., v. All Market Inc. (Vita Coco Coconut Water Marketing Practices Litigation)*, Labaton Sucharow secured a $10 million settlement in a nationwide class action against maker of Vita Coco, alleging misleading and deceptive advertising.  Finally, in *In re Imprelis Herbicide Marketing, Sales Practices and Products Liability Litigation*, the firm served as a lead counsel a class on behalf of lawn care professionals and property owners against E. I. du Pont de Nemours and Company for damage to trees and other vegetation caused by DuPont's herbicide Imprelis®.  Based on the settlement agreement, DuPont agreed to arrange for the removal and replacement of damaged trees at no cost, and to provide additional compensation to members of the class.

Labaton Sucharow has expert knowledge of the law governing civil procedure, including the rules governing class certification and discovery, based on its extensive experience efficiently managing complex class actions.  Labaton Sucharow is thoroughly prepared to meet the demands of potentially extensive discovery and motion practice.

### D. Labaton Sucharow is Willing and Able to Commit Significant Time and Resources to this Case

Proposed Interim Class Counsel has years of experience prosecuting and funding complex class action litigation and tremendous resources, including more than 60 attorneys.  As demonstrated by the representative cases cited above, Labaton has routinely litigated against the largest Defendants represented by the best defense firms in the country to achieve significant results.  Further, Labaton Sucharow has advanced millions of dollars to fund expenses in several of its cases, demonstrating a commitment to provide the resources and staffing needed to successfully prosecute class actions.  However, Labaton Sucharow is cognizant that this case

9

needs to be litigated both effectively ***and efficiently***, and the firm is committed to staffing the case leanly where appropriate and robustly when needed.  This will ensure that the class receives the best representation while avoiding unnecessary efforts or costs.

For example, Labaton Sucharow is well-equipped to deliver results with a robust infrastructure, including more than 60 full-time attorneys, paralegals, financial analysts, e-discovery specialists, Certified Public Accountants, and a Certified Fraud Examiner.  Moreover, it is not just the amount of resources devoted to a case that is important, but also how those resources are used.  Labaton Sucharow has consistently shown the ability to work efficiently and cooperatively with co-counsel to avoid duplicative efforts.

In addition, the firm has shown its commitment to diversity and believe that Plaintiffs will be best served by a diverse group of attorneys who will bring their experience to bear for the benefit of the class.  Courts in recent years have made a specific point of encouraging diversity from counsel appointed to lead class actions such as this one.  *See, e.g.*, *In re: Elmiron (Pentosan Polysulfate Sodium) Productions Liability Litig.* No. 2:20-md-02973-BRM-ESK (D.N.J.), ECF No. 2 ("Leadership and the committees are expected to be diverse in gender, ethnicity, geography, and experience."); *In re Zantac (Ranitidine) Products Liability Litig.*, No. 20-md-2924-RLR (S.D. Fl. ), ECF No. 685 ("The Court was particularly impressed by the number of applicants who have started their own firms, especially the number of female founding partners who applied for roles in this litigation.").

Labaton Sucharow is continually committed to developing initiatives that focus on the firm's diversity and inclusion goals — which include recruiting, professional development, and advancement of diverse and minority candidates.  In addition, in 2007, Labaton Sucharow launched its Women's Initiative — a dedicated program that promotes the advancement and

10

growth of the firm's women lawyers and staff in order to prepare them to be future leaders and to collaborate with industry and thought leaders to promote the advancement of women as a whole. This initiative is run by Carol Villegas. In recognition of the firm's efforts, Labaton Sucharow has been honored and shortlisted by *Chambers & Partners* as Inclusive Firm of the Year and by *Euromoney* as the Best National Firm for Women in Business Law.

In addition, Michael Canty — counsel for Plaintiff here, has significant experience prosecuting consumer and securities cases, including serving as one of the lead attorneys in *In re Facebook Biometric Information Privacy Litigation*. Mr. Canty has also received several rewards recognizing his litigation skills and successes, including from the *National Law Journal* as a "Plaintiffs' Trailblazer" and the *New York Law Journal* as a "New York Trailblazer." Prior to joining Labaton Sucharow, Mr. Canty was a federal prosecutor in the U.S. Attorney's Office for the Eastern District of New York, where he last served as the Deputy Chief of the Office's General Crimes Section. Mr. Canty also served in the Office's National Security and Cybercrimes Section, and in the Long Island Section of the Office. During his time as lead prosecutor, Mr. Canty investigated and prosecuted complex and high-profile white collar, national security, and cybercrime offenses. He also previously served as an Assistant District Attorney for the Nassau County District Attorney's Office, where he served in the Office's Homicide Bureau. Prior to that, Mr. Canty worked as a Congressional Staff Member for the U.S. House or Representatives. During his time with the House of Representatives, Mr. Canty served on the Government Reform and Oversight Committee—coincidentally the same Committee responsible for the investigation into Hain Celestial's conduct in this case. *See supra* note 1.

Mr. Canty's colleague, Carol Villegas — a Partner at Labaton Sucharow and counsel to Plaintiff here —holds a variety of leadership positions within the firm, including serving on the

11

firm's Executive Committee, co-chair of the Women's Initiative, and Chief of Compliance. Ms. Villegas has also received numerous rewards honoring her litigation skills and accomplishments, including from the *National Law Journal* as a "Plaintiffs' Trailblazer" and the *New York Law Journal* as a "Top Woman in Law" and a "New York Trailblazer." She has also been recognized as a "Future Star" by Benchmark Litigation and a "Next Generation Lawyer" by The Legal 500. Indeed, Ms. Villegas has significant experience litigating complex class actions, including leading Labaton Sucharow's prosecution of numerous cases, including the *Marriott International Inc. Data Privacy Security Breach Litigation*. Ms. Villegas is also a member of the Board of Directors of the City Bar Justice Center, the social justice and pro bono arm of the Association of Bar of the City of New York, and is also very involved in planning programming for and speaking on diversity issues in connection with the Women in Law Section of the New York State Bar Association. She is a proud first generation Colombian-American and is a member of the Hispanic National Bar Association. Prior to joining Labaton Sucharow, Ms. Villegas served as the Assistant District Attorney in the Supreme Court Bureau for the Richmond County District Attorney's office, where she took several cases to trial.

## CONCLUSION

In sum, Labaton Sucharow is well qualified to prosecute this litigation. Plaintiff respectfully requests that the Court appoint Labaton Sucharow as Interim Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

Dated: May 27, 2021

/s/     *Michael P. Canty*
Michael P. Canty
Carol C. Villegas
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
cvillegas@labaton.com