**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION<br><br>This Document Relates to: All Actions | Case No. 2:21-cv-0678-JS-AYS |
| This Document also Relates to:<br><br>LORI-ANNE ALBANO, MYJORIE PHILIPPE, REBECCA TELARO, and ALYSSA ROSE, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>HAIN CELESTIAL GROUP, INC., BEECH-NUT NUTRITION COMPANY, GERBER PRODUCTS COMPANY, and NURTURE, INC.,<br><br>      Defendants. | Case No. 2:21-cv-01118-JS-AYS<br><br>**ALBANO PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR APPOINTMENT OF COHEN MILSTEIN SELLERS & TOLL PLLC AND GIBBS LAW GROUP LLP AS INTERIM COUNSEL** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 23(g) and the

Court's consolidation order of May 13, 2021 in *Stewart, et al v. Hain Celestial Group, Inc.*, 2:21-

cv-00805-SJF-SIL (*Stewart* ECF No. 27), and the reassignment order of this case by the Hon.

Margo Brodie to this Court on May 20, 2021 in *Albano, et al v. Hain Celestial Group*, 2:21-cv-

0118-JS-AYS, Plaintiffs in *Albano* move to appoint Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Gibbs Law Group LLP ("Gibbs Law") as Plaintiffs' Interim Counsel in the consolidated action, *In re Hain Celestial Heavy Metals Baby Food Litigation*, Case No. 21-CV-0678, for the proposed Class as more fully set forth in the Class Action Complaint (*Albano* ECF No. 1), and for any additional class actions that are transferred or assigned to the Court (collectively "Class").

The Motion is based on the following Memorandum of Points and Authorities, the accompanying Declarations of Douglas McNamara and Rosemary M. Rivas and exhibits thereto, and any other such papers submitted to the Court before or at a hearing on the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This is an important case presenting a national problem in the baby food industry, as set forth in a detailed investigative report titled, *Baby Foods are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium and Mercury*, issued by the U.S. House of Representatives Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform on February 4, 2021 ("Congressional Report"). A number of proposed class actions have been filed against the baby food manufacturers identified in the Congressional Report, including against Defendant The Hain Celestial Group, Inc. ("Hain"), by numerous plaintiff law firms.

Rule 23 authorizes the Court to designate interim counsel to act on behalf of a proposed class "before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Under Rule 23(g)(2), when there is more than one applicant seeking appointment, as there will likely be here, "the court must appoint the applicant best able to represent the interests of the class." *Id.* As explained more fully herein, Cohen Milstein and Gibbs Law are the applicants best able to represent the interests of consumers in this case.

2

Cohen Milstein and Gibbs Law have already taken a leadership role in this litigation, by among other things, preparing and filing a motion before the Judicial Panel on Multidistrict Litigation to centralize the suits against Hain and the other baby food manufacturer defendants into a single MDL before this Court pursuant to 28 U.S.C. § 1407. They also pledge to work cooperatively with all Plaintiffs' counsel and Defendants' counsel for Hain, and other baby food manufacturer defendants if they are added to this action.[1]

Moreover, Cohen Milstein and Gibbs Law have investigated the case for the past four months and have accomplished significant and important work in identifying and investigating the claims, including, among other things: commissioning laboratory testing and analysis of Defendants' baby foods for heavy metals; consulting with experts; communicating with nearly 1,000 witnesses and proposed class members whose bought the affected baby food products; collecting and analyzing studies about the harmful effects of heavy metal toxins on children; and researching and analyzing regulations promulgated by the Food and Drug Administration regarding food labeling and monitoring its activities on in response to the Congressional Report.

As highlighted below and in their attached résumés, Cohen Milstein and Gibbs Law possess extensive experience litigating complex consumer class actions, having successfully litigated some of the largest and most complex consumer cases in history as well as many class actions involving claims quite similar to those alleged *in Albano* and *In re Hain Celestial*. Cohen

---

[1] The Court's May 13, 2021 consolidation order did not consolidate *Albano* with the consolidated proceedings titled, *In re Hain Celestial Heavy Metals Baby Food Litigation*, Case No. 21-CV-0678 ("*In re Hain Celestial*"), however, the Court stated that its decision was without prejudice and that a motion to consolidate *Albano* with *In re Hain Celestial* could be renewed upon *Albano's* reassignment to the Court. *Albano* has now been reassigned to this Court and the *Albano* plaintiffs will seek to consolidate it with *In re Hain Celestial*. To the extent non-Hain defendants wish to sever the claims against them, they are free to file that motion for the Court's consideration. In the interim, however, *Albano* should be consolidated with *In re Hain Celestial.*

Milstein and Gibbs Law have served as Class Counsel in some of the largest consumer class action settlements and their work has resulted in the recovery of billions of dollars.

A case of this magnitude and complexity will require a significant expenditure of resources. With offices and more than 100 lawyers in New York, California, Florida, Illinois, Pennsylvania, and Washington D.C., Cohen Milstein and Gibbs Law possess ample resources to match those of opposing counsel and to prosecute this litigation to a successful conclusion, no matter how long the litigation takes.

For these reasons, Cohen Milstein and Gibbs Law are uniquely positioned to vindicate the rights of parents who bought the contaminated baby foods at issue and were harmed by fraudulent and deceptive business practices. Accordingly, Cohen Milstein and Gibbs Law respectfully request that the Court grant their application to serve as Interim Counsel for the consolidated action, *In re Hain Celestial*,  for the proposed Class in *Albano*, and for all other related cases that may come before this Court.

## II.    BACKGROUND

Numerous scientific studies, conducted over the last several decades, have shown that the consumption of these heavy metals is toxic and harmful to a baby's developing brain and nervous system. *Albano* Compl. ¶ 2 (*Albano* ECF No. 1). Babies and children who consume inorganic arsenic, lead, cadmium, or mercury are at an increased risk of developing serious health problems, such as bladder, lung, and skin cancer, and Type 2 Diabetes. *Id.*  ¶ 3.  They may also suffer from a loss of intellectual capacity and behavior problems such as attention-deficit/hyperactivity disorder, among other issues. *Id.* ¶ 3. There are no established safe levels of these substances in baby foods, and the negative health and developmental effects of these toxic metals are considered by most experts to be long-term and permanent. *Id.* ¶ 2, 3.

On February 4, 2021, the U.S. House of Representatives Subcommittee on Economic and Consumer Policy issued a detailed report that revealed that many of the largest manufacturers of baby food in the country were knowingly distributing baby food with harmful levels of heavy metals such as inorganic arsenic, lead, cadmium, and mercury. *Id.* ¶ 4.[2] The Hain Celestial Group, Inc., Beech-Nut Nutrition Company, Gerber Products Company, and Nurture, Inc., are all major manufacturers of baby food in the United States that were identified in the report as distributing and selling baby food with harmful levels of these toxic metals. *Id.* ¶ 4.

Even though they were selling toxic baby food, the baby food manufacturers all marketed and sold their products as safe for consumption by babies. *Id.* ¶ 53-123. Their marketing included: direct representations on the labels advertising the product's health benefits and appropriateness for babies; depictions of babies on the product labels indicating that the products were appropriate for crawling or sitting babies; and statements touting their quality-control processes to ensure their products are safe. *Id.* ¶ 53-123. The baby food manufacturers' messaging campaigns gave reasonable consumers the false impression that their products were safe and healthy for consumption by babies. *Id.* ¶ 53-123. Had they been honest with consumers and disclosed that their products were tainted with heavy metals, or that they did not even test the final products to assess the levels of those toxins, consumers would not have purchased the baby food products or would have paid less for them. *Id.* ¶ 5-10.

On March 2, 2021, Plaintiffs Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, and Alyssa Rose ("*Albano* Plaintiffs"), through their counsel Cohen Milstein and Gibbs Law, filed a proposed class action complaint against Hain Celestial Group, Inc., Beech-Nut Nutrition

---

[2] The entire report is available at:
https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf. (accessed on May 26, 2021)

Company, Gerber Products Company, and Nurture, Inc., alleging unjust enrichment, common law fraud, and violations of New York General Business Law, N.Y. Gen. Bus. Law § 349, *et seq.*; New York General Business Law, N.Y. Gen. Bus. Law § 349, *et seq.*; and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et. seq.* The case was assigned to District Court Judge Joan M. Azrack and Magistrate Judge Kathleen Tomlinson. (*Albano* ECF No. 1)

On March 3, 2021, the plaintiffs in *Stewart, et al. v. The Hain Celestial Group, Inc.*, Case No. 2:21-cv-00678-JS-AYS ("*Stewart*"), by and through their counsel, moved in that case to consolidate *Albano* and seven other cases in this District with substantially similar allegations, into one action in front of this Court. (*Albano* ECF No. 2)

On March 8, 2021, Cohen Milstein and Gibbs Law filed a motion, on behalf of the *Albano* Plaintiffs, with the Judicial Panel on Multidistrict Litigation ("JPML"), to transfer to the Eastern District of New York the cases that the Stewart Plaintiffs had moved to consolidate, as well as cases from 12 other jurisdictions with similar allegations against baby food manufacturers identified in the Congressional Report. *In re Baby Food Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2997 (ECF No. 1). That request to transfer was heard by the JPML on May 27, 2021, with a decision likely to follow shortly.

On May 13, 2021, this Court granted in part the *Stewart* Plaintiffs' motion to consolidate cases and consolidated 13 actions as *In re Hain Celestial* but did not consolidate *Albano*. (*Stewart* ECF No. 27) A week later, Chief Judge Margo K. Brodie reassigned *Albano* to this Court from Judges Azrack and Tomlinson. Cohen Milstein and Gibbs Law now seek appointment as Plaintiffs' Interim Counsel on behalf of all plaintiffs and consumers in each of the cases before this Court, including *Albano* and *In re Hain Celestial*.

## III.    LEGAL STANDARD

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, Nos. 5:12–cv–03088 EJD, 5:12–cv–03422 EJD, 5:12–cv–03430 EJD, 5:12–cv–03557 EJD, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (internal citation omitted). The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004).

In determining whether counsel is suited for appointment, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A); *see also Guadagna v. Zucker*, 332 F.R.D. 86, 97 (E.D.N.Y. 2019) (applying these factors to appointment of interim counsel). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also* Fed. R. Civ. P. 23(g)(4).

## IV.    ARGUMENT

Proposed Counsel, Cohen Milstein and Gibbs Law, satisfy each of the factors enumerated

by Rule 23(g) and should be appointed as Interim Class Counsel.

      **A.**     **Cohen Milstein and Gibbs Law Have Thoroughly Identified and Investigated the Claims**

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. *All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.*

Moore's Federal Practice § 23.120(3)(a) (3d. ed. 2007) (emphasis added).

Filing the Complaint in this matter required an extensive preliminary evaluation of the case, retention of a plaintiff, and organization with co-counsel. It also required significant factual research into the February 4, 2021 Congressional Report, its supporting documentation and data, and the third-party sources the report relied on. In addition to reviewing publicly available information, Cohen Milstein and Gibbs Law commissioned their own laboratory testing to determine whether the baby food products still contain unsafe levels of toxic metals, while also speaking with potential consulting with a number of experts, including experts regarding the impact of toxic heavy metals on child development. Cohen Milstein and Gibbs Law also conducted significant legal research in preparation for filing suit. This included determining which causes of action were viable, which damages theories to assert, whether this case could be feasibly brought as a class action, issues that might arise from bringing a class as opposed to an individual case and potential defenses, including preemption or primary jurisdiction arguments. *See* accompanying Declaration of Douglas J. McNamara ("McNamara Decl.") ¶ 2.

These investigative efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the Complaint. These measures are precisely the type of work the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

Additionally, the appointment of interim class counsel will be necessary to conduct discovery prior to a determination regarding class certification pursuant to Fed. R. Civ. P. 23(c)(1), as "some discovery is often necessary for that determination." *See* Fed. R. Civ. P. 23, Advisory Committee Notes (2003); *see also Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (finding that class certification cannot be determined merely on the pleadings). Albano Plaintiffs expect a significant amount of discovery-related activity to take place prior to class certification, and such discovery will likely be complicated, requiring review of a large number of documents, multiple depositions, retention of experts, negotiations with co-counsel, and motion practice. Cohen Milstein and Gibbs Law's thorough investigation of the claims—in addition to their experience in complex discovery in large consumer class actions, as described below—will enable them to lead such discovery and related motion practice efficiently.

**B.      Cohen Milstein and Gibbs Law Have Extensive Experience in Class Actions of this Kind**

Cohen Milstein and Gibbs Law are well qualified to lead this litigation. Both Cohen Milstein and Gibbs Law have extensive experience in class actions, multidistrict litigations ("MDLs"), and in cases involving dangerous or defective products like this one, often serving as lead or co-lead counsel or on plaintiffs' steering committees. The qualifications and experience of counsel are detailed in the attached declarations and firm résumés, but in brief:

1.      Cohen Milstein Is Well-Qualified to Serve as Interim Co-Lead Counsel in the Prosecution of this Case.

Cohen Milstein is one of the largest plaintiff-side litigation firms in the country.[3] Cohen Milstein has been recognized as a "class-action powerhouse,"[4] achieving results across a wide range of practice areas and is considered one of "America's 25 Most Influential Law Firms."[5] McNamara Decl. ¶ 3. Cohen Milstein's Consumer Practice Group has also been recognized as a leader in the field – by courts, peers, and the legal press – for work on a wide range of consumer issues, ranging from safe drinking water, toxic or defective products, and false and deceptive advertising. The group is "known for notching big wins for plaintiffs,"[6] and has been recognized as a Group of the Year by Law360 for several years running.[7] Members of the Consumer Practice Group served in leadership positions in many consumer protection cases that achieved excellent results for the class, including: *In re Anthem, Inc. Data Breach Litigation*, No. 5:15-md-2617-LHK (N.D. Cal.) (co-lead counsel, in case resulting in the then-largest data breach settlement in U.S. history); *In Re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices and Prods. Liab. Litig.*, No. 15-md-2627-AJT-MSN (E.D. Va.) (co-lead counsel, in a case resulting in $36 million settlement involving

---

[3] The qualifications of Cohen Milstein are set forth in the firm's resume, attached as Ex. A to the McNamara Declaration.

[4] *Here Comes Treble*, Forbes (Aug. 27, 2003), https://www.forbes.com/2003/08/27/cz_mf_0827antitrust.html#7df201226fc2.

[5] *America's Most Influential Law Firms: The Forum 2018*, National Law Journal & The Trial Lawyer Magazine, https://www.thetriallawyermagazine.com/wp-content/uploads/2019/01/2018-the-forum.pdf (accessed Apr. 9, 2020).

[6] Shayna Posses, *Consumer Protection Group of the Year: Cohen Milstein*, Law360 (Jan. 25, 2019), https://www.law360.com/articles/1117702/consumer-protection-group-of-the-year-cohen-milstein.

[7] *See id.*; Joyce Hanson, *Consumer Protection Group of the Year: Cohen Milstein*, Law360 (Jan. 17, 2020), https://www.law360.com/articles/1233361/consumer-protection-group-of-the-year-cohen-milstein; *Law360 Names Practice Groups of the Year*, Law360 (Jan. 15, 2018), https://www.law360.com/articles/998948; Nathan Hale, *Class Action Group of the Year: Cohen Milstein*, Law360 (Jan. 20, 2017), https://www.law360.com/articles/883221/class-action-group-of-the-year-cohen-milstein.

toxic flooring); and *Khoday v. Symantec Corp.*, No. 11-cv-00180-JRT-TNL (D. Minn.) (sole lead, in a case where defendant failed to disclose that a product was available for free, resulting in a $60 million settlement). *Id.* at ¶ 4.

Cohen Milstein's efforts in this case will be led by two highly experienced attorneys. Geoffrey A. Graber is a partner in Cohen Milstein's Consumer Practice Group, where he specializes in representing consumers in complex class action litigation involving issues of false advertising, fraud, and other forms of unfair business practices. Mr. Graber has litigated and continues to litigate high-profile matters, including *LLE One, LLC v. Facebook*, No. 4:16-cv-06232-JSW (N.D. Cal.); *DZ Reserve v. Facebook,* No. 4:18-cv-04978 (N.D. Cal.); *GCDC Grilled Cheese Bar The Hartford Financial Services Group, Inc.,* No. 1:20-cv-01094 (D.D.C.); and *Mudpie, Inc. v. Travelers Casualty Insurance,* No. 3:20-cv-03213 (N.D. Cal., 9th Cir.). *Id.* at ¶ 5.

His recent successes include *In re Anthem Data Breach Litigation,* No. 5:15-md-02617-LHK (N.D. Cal.), where he worked on the lead counsel team, representing 80 million Americans whose personal information had been hacked. The case settled for $115 million – the largest data breach settlement at that time. He also leads the firm's litigation efforts in *Ariza, et al. v. Luxottica Retail N. Amer., Inc. d/b/a LensCrafters,* No. 1:17-cv-05216-PKC-RLM (E.D.N.Y.), a multi-state class action alleging various violations of consumer protection statutes, including California's Unfair Competition Law, for fraudulent marketing practices. *Id.* ¶ at 6.

Prior to joining Cohen Milstein in 2015, Mr. Graber had a distinguished career at the U.S. Department of Justice (DOJ), serving as Deputy Associate Attorney General and Director of the Residential Mortgage-Backed Securities (RMBS) Working Group at the DOJ, where he oversaw the DOJ's nationwide investigation into the packaging and sale of mortgage-backed securities (MBS) leading up to the financial crisis, ultimately recovering more than $36 billion. He

supervised more than 100 DOJ prosecutors, lawyers, investigators and analysts and worked closely with senior officials from the SEC, Department of Housing and Urban Development (HUD), Inspector General's Office for the Federal Finance Agency, and more than 10 state attorney general offices. In 2014, while at the DOJ, Mr. Graber also received the Attorney General's Distinguished Service Award for his work relating to the $13 billion settlement with JP Morgan – including, at the time, the largest FIRREA penalty recovered by the DOJ. *Id.* at ¶ 7.

Douglas J. McNamara is a partner in Cohen Milstein's Consumer Practice Group and has over 20 years of experience in complex litigation, MDLs, and class actions. This includes *In Re: Lumber* Liquidators, where the defendant sold flooring that contained toxic levels of formaldehyde. Mr. McNamara assisted Co-Lead Counsel and Cohen Milstein Chair Steven Toll by leading offensive discovery efforts, drafting pleadings, and working with experts. Consumer counsel secured a $36 million settlement within 2 ½ years based on false statements made by a lumber retailer concerning its formaldehyde emissions. *Id.* at ¶ 8.  In *Khoday v. Symantec Corp.*, Mr. McNamara served as the lead attorney and represented a class of purchasers of a product that the defendant Symantec failed to disclose could be obtained for free. Mr. McNamara oversaw discovery, deposed witnesses, retained and defended experts, and helped to negotiate a $60 million settlement that gave participating class members back more than 100 cents on the dollar for their out-of-pocket losses. *Id.* at ¶ 9.  Additionally, he served on the Plaintiffs' Steering Committee and was co-chair of the expert committee in *In re Apple Inc. Device Performance Litigation*, No. 18-md-2827-EJD (N.D. Cal.), where a $500 million settlement was approved. Aside from his experience litigating, Mr. McNamara has also taught as an adjunct professor at George Washington University School of Law, published articles in *Pace Law Review* and Law360 on class action

issues,[8] and spoken at professional gatherings on class action practice. *Id.* at ¶ 10.

Cohen Milstein also anticipates drawing from its pool of other talented attorneys to work on this matter, including Brian Johnson and Paul Stephan. Mr. Johnson is an associate at Cohen Milstein and a member of the Consumer Practice Group, where he assists in the development of potential cases and provides support in all aspects of current litigation. Prior to joining Cohen Milstein, Mr. Johnson was an Associate at a Missouri-based law firm where he represented consumers in financial lawsuits involving the Fair Debt Collection Practices Act, Fair Credit Reporting Act, and the Telephone Consumer Protection Act.  Following law school, Mr. Johnson served as a Law Clerk for the Honorable Margaret L. Sauer and the Honorable Janette K. Rodecap, 16th Circuit Court of Jackson County, Missouri after receiving his law degree from George Washington University. *Id.* at ¶ 11.

Mr. Stephan is also an associate at Cohen Milstein and a member of the Consumer Practice Group. Mr. Stephan's practice focuses on litigating class actions on behalf of consumers who have been misled, deceived, or harmed by large corporations. Prior to joining Cohen Milstein, Mr. Stephan was a law clerk for the Honorable Anne E. Thompson of the United States District Court for the District of New Jersey. During law school, Mr. Stephan was a law clerk for the U.S. Government Accountability Office, Office of General Counsel. He is the author of an article on arbitration in the *University of Memphis Law Review*. He received his J.D., magna cum laude, Order of the Coif, from the University of Pennsylvania Law School, where he was a Comments

---

[8] Douglas McNamara et al., *Reexamining the Seventh Amendment Argument Against Issue Certification*, 34 Pace L. Rev. 1041 (2014); Douglas McNamara, *When Conjoint Analysis Is Not Enough For A Damage Model*, Law360 (Dec. 11, 2019), https://www.law360.com/articles/1226744; Douglas McNamara, *Carriuolo v. GM and the Future of the Overcharge Theory*, Law360 (June 2, 2016), https://www.cohenmilstein.com/sites/default/files/media.9100.pdf.

Editor of the *University of Pennsylvania Law Review*. *Id.* at ¶ 12.

Additional background on all of the Consumer Practice Group lawyers is in the Cohen Milstein firm resume attached to the McNamara Declaration as Exhibit A.

2.  **Gibbs Law Is Well-Qualified to Serve as Interim Co-Lead Counsel in the Prosecution of this Case.**

Gibbs Law has handled dozens of consumer class actions and has recovered hundreds of millions of dollars for class members.[9] Gibbs Law lawyers have earned a national reputation for their innovative strategies and relentless efforts to advance consumer rights through class litigation. Recently, the firm was named a Law360 Class Action Group of the Year and Daily Journal Top Boutique Law Firm in California; its attorneys won three California Lawyer Attorney of the Year (CLAY) Awards; and its founding partner, Eric H. Gibbs, was recognized as a Law360 Titan of the Plaintiffs Bar and one of Lawdragon's 500 Leading Plaintiff Consumer Lawyers.

Gibbs Law attorneys have also drawn praise from courts across the country:

- "Throughout this litigation, Class Counsel has consistently demonstrated superb candor, diligence, organization, and aptitude." *In Re: Vizio, Inc. Consumer Privacy Litigation*, No. 8:16-ml-02963 (C.D. Cal. July 31, 2019) (Staton, J.), ECF No. 337 at 14.

- "[T]his is an extraordinarily complex case and an extraordinarily creative solution. … I wanna thank you and compliment you . . . It's been a real pleasure to work with you." *Glenn v. Hyundia Motor Am.*, No. 8:15-cv-2052, ECF No. 275 at 14-15 (C.D. Cal., Feb. 25, 2019) (Carter, J.).

- "You made it very easy to deal with this case and clearly your years of expertise have carried the day here. Nice work. Thank you." *In re American Honda Motor Co., Inc., CR-V Vibration Litig.*, No. 2:15-md-2661, ECF No. 108 at 27 (S.D. Ohio Dec. 7, 2018) (Watson, J.).

---

[9] The qualifications of Gibbs Law, including the biographies of the lawyers who will litigate this case, are set forth in the firm's resume, attached as Ex. A to the Rivas Declaration.

- "This [\$51.15 million] settlement could not have been achieved without the skill and experience that Class Counsel applied in the face of legal hurdles at every turn." *Beaver v. Tarsadia Hotels*, No. 11-cv-1842–GPC, ECF No. 314 at 23 (S.D. Cal. Sept. 28, 2017) (Curiel, J.).

*See* accompanying Declaration of Rosemary M. Rivas ("Rivas Decl.") ¶ 21.

Rosemary M. Rivas, a partner with Gibbs Law, will take on primary responsibility of the case on behalf of the firm. She has dedicated her legal career to representing consumers and has a significant amount of experience and knowledge in litigating complex, class action cases involving food mislabeling cases, defective products and consumer fraud. Based on her experience and leadership skills, Ms. Rivas has received a number of judicial appointments to leadership positions in multidistrict litigation proceedings and other class action cases in state and federal courts around the country that have settled for hundreds of millions of dollars. Rivas Decl. ¶ 4.

In a highly competitive process involving 150 applicants, the Honorable Charles R. Breyer selected Ms. Rivas to serve on the Plaintiffs' Steering Committee in *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.,* MDL No. 2672 (N.D. Cal.), which settled for over \$14.7 billion dollars — the largest in the history of auto class actions. *Id.* at ¶ 5. The Recorder, a San Francisco legal newspaper, named the lawyers selected by Judge Breyer as a class action "dream team." *Id*. Ms. Rivas was also part of the team in the national class action titled *Rodriguez v. West Publishing Corp*., No. 05-3222 (C.D. Cal.), which settled for \$49 million based on allegations of unlawful monopolization in the bar review market. *Id.* at ¶ 6.  Recently, Ms. Rivas was part of the plaintiffs' executive committee in *In Re: Apple Inc. Device Performance Litig.,* No. 5:18-md-02827 (N.D. Cal.), which settled for \$310 million on behalf of consumers nationwide whose iPhones allegedly were intentionally slowed

down by Apple. *Id.* at ¶ 7.

Ms. Rivas also has significant experience litigating food labeling cases. She served as Co-Lead Class Counsel in *Pappas v. Naked Juice*, No. 2:11-cv-08276 (C.D. Cal.), which involved allegations that Naked Juice was falsely advertised as "all natural" and containing "No GMOs." In that case, Ms. Rivas was instrumental in achieving a nationwide class action settlement consisting of a $9 million cash fund and changes to the company's testing procedures and product labels. *Id.* at ¶ 8. In *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability Litig.*, MDL No. 2887 (D. Kan.), which involves claims that Hill's dog food had excessive Vitamin D that was harmful to pets, Chief Judge Julie A. Robinson appointed Ms. Rivas to the executive committee. A proposed nationwide class action settlement of $12.5 million is currently pending in *Hill's*. *Id.* at ¶ 9. In *Lilly v. ConAgra Foods, Inc*., 743 F.3d 662 (9th Cir. 2014), Ms. Rivas obtained a reversal of the district court's order below finding that the plaintiff's claims that the defendant unlawfully failed to disclose the full amount of sodium on its food labels were preempted by FDA regulations. Thereafter, ConAgra Foods agreed to change its labeling of David Sunflower Seeds as part of a class action settlement. *Id.* at ¶ 10.

Other class cases Ms. Rivas has prosecuted include: *Lima v. Gateway,* No. 8:09-cv-01366-DMG-AJW (C.D. Cal.) (Co-Lead Class Counsel in nationwide class action involving defective monitors; achieved $195 refund for each monitor purchased) and *Garcia v. Allergan*, Inc., No. 09-cv-7088 PSG (C.D. Cal.) (Co-Lead Class Counsel; achieved $7.75 million settlement and changes to the company's training procedures in class action alleging Allergan engaged in off-label advertising). *Id.* at ¶ 11.

For her work on behalf of consumers, Ms. Rivas received a California Lawyer of the Year ("CLAY") Award, which is given annually to outstanding California practitioners

"whose extraordinary work and cases had a major impact on the law." *Id.* at ¶ 12. Ms. Rivas has also been repeatedly recognized as a Super Lawyer by Law & Politics Magazine, which recognizes the top lawyers in specific areas, including Class Actions & Mass Torts. *Id.* at ¶ 13. Additionally, Bay Area Legal Aid presented Ms. Rivas with the Guardian of Justice award for her work achievements in the law and her role in helping to ensure equal access to the civil justice system. *Id.* at ¶ 14. Based on her experience, Ms. Rivas routinely speaks on matters relating to consumer protection and class action procedure as set forth in her biography. ¶ 15, Ex. A.

Ms. Rivas is dedicated to protecting consumer rights and improving the justice system, including ensuring equal access to all litigants. *Id.* at ¶ 16. Among other things, she is a member of the American Association for Justice ("AAJ") and as part of the 2019 Women Trial Lawyer Caucus Lobby Days, she met with members of Congress and/or their staff to ask for their support in passing the Forced Arbitration Injustice Repeal "FAIR" Act (S. 610 & H.R. 1423), to prohibit forced arbitration in consumer and employment contracts. Rivas Decl. ¶ 17. She is also a member of the Federal Bar Association. *Id.* at ¶ 18. Ms. Rivas is regularly invited to participate in bench-bar conferences and programs developed by the Duke Law Center for Judicial Studies and has participated in updating and drafting Duke's Guidelines and Best Practices to increase women and diversity in MDL leadership positions. *Id.* at ¶ 19. Ms. Rivas' experience and successful track record in litigating and resolving class actions, her passion for consumer rights, her personal commitment to improving the justice system, and diverse background support her appointment as Interim Co-Lead Counsel in this matter. *Id.* at ¶ 20.

Mr. Mark Troutman will assist Ms. Rivas in this matter. Mr. Troutman has represented clients in complex litigation since becoming an attorney in 2003.  As an Assistant Attorney

General for the State of Ohio, Mr. Troutman represented state entities sued in class actions regarding public benefits and other issues.  Since moving to the Plaintiffs' side, Mr. Troutman has represented consumers in cases against the world's largest automakers, pharmaceutical companies, and gym chains.  In the State of Ohio's litigation against opioid manufacturers, Mr. Troutman serves a key role in discovery and guiding the case towards trial.  Best Lawyers in America has honored Mr. Troutman as a top plaintiff Class Action Litigator, and Ohio Super Lawyers bestowed the Rising Star designation on Mr. Troutman for seven years straight.  Mr. Troutman co-authored the leading guide on Ohio Consumer Law for more than a decade and regularly speaks on complex litigation issues across the country.

### D.     Cohen Milstein and Gibbs Law have the Necessary Resources to Devote to the Litigation

Cohen Milstein and Gibbs Law are willing and able to devote the necessary resources to this case and will establish a litigation fund to immediately support the litigation effort. Cohen Milstein and Gibbs Law have litigated class actions against some of the nation's largest and most prominent companies, including Facebook,[10] JP Morgan Chase,[11] Wal-Mart,[12] and Wells Fargo.[13] These cases often involved extensive discovery and well-heeled defense counsel. Just as in those cases, Cohen Milstein and Gibbs Law will devote the necessary financial resources to this case.

---

[10] *Facebook 2018 Data Breach Litigation*, Cohen Milstein, https://www.cohenmilstein.com/case-study/facebook-2018-data-breach-litigation (accessed Apr. 10, 2020).

[11] *Chase Minimum Payment Class Action*, Gibbs Law Group LLP, https://www.classlawgroup.com/chase/ (accessed Apr. 10, 2020).

[12] *Evidence of Decades of Sex Discrimination at Wal-Mart Stores: The History of* Dukes v. Wal-Mart, Cohen Milstein, https://www.cohenmilstein.com/case-study/wal-mart (accessed Apr. 10, 2020).

[13] *Wells Fargo Loan Modification Lawsuit (2019)*, Gibbs Law Group LLP, https://www.classlawgroup.com/wells-fargo-mortgage-modification-lawsuit/ (accessed Apr. 10, 2020).

E.     **Cohen Milstein and Gibbs Law Will Fairly and Adequately Represent the Interests of the Putative Class**

As noted above, Cohen Milstein and Gibbs Law have extensive experience litigating class actions, particularly class actions involving dangerous or defective products such as this one. Also, as noted above, Cohen Milstein and Gibbs Law and their respective law firms are recognized leaders in the field, having litigated some of the most high-profile consumer class actions in the country, and have been recognized for their dedicated work on behalf of their clients and class members.

Appointment of Cohen Milstein and Gibbs Law as Interim Counsel will also result in cost savings. It will enable this litigation to proceed smoothly, with one team coordinating discovery and scheduling with defense counsel. *See supra* Section IV.A (discussing the significant discovery required prior to class certification). Cohen Milstein and Gibbs Law will also balance the need to dedicate sufficient resources to this case with the need to control costs and move proceedings forward. They know from experience how to promote efficient litigation and implement billing protocols to protect the class. To that end, Cohen Milstein and Gibbs Law have prepared a protocol to ensure that the litigation is pursued efficiently, without unnecessary effort and duplication, and in a manner that can be best supervised by the Court. *See* Ex. C. This protocol will govern timekeeping, monthly submission of time records, and other administrative tasks. It is based on those developed by Cohen Milstein and Gibbs Law in other consumer cases. The protocol includes:

- A requirement that any work done be assigned or approved by Interim Counsel;
- Monthly submittal of time and expenses on an agreed-upon report, certified by Interim Counsel;
- Detailed descriptions of work done, kept in increments of 1/10th of an hour; and
- Excluding as common benefit time any time devoted to seeking lead counsel and general review of filings, orders, transcripts, or emails not directly related to assignments.

At the Court's request, Cohen Milstein and Gibbs Law will make billing records available quarterly to the Court *in camera* to aid the Court in its oversight of the case and to avoid any surprises at the end of the litigation.

Cohen Milstein and Gibbs Law do not believe it is necessary to appoint a formal Steering Committee or additional leads in this case. That said, Cohen Milstein and Gibbs Law have experience working successfully with the firms of Susman Godfrey LLP; Labaton Sucharow; Kohn, Swift, & Graf P.C.; and Zimmerman Law Offices, P.C. Cohen Milstein and Gibbs Law would certainly litigate this case effectively with those firms and any other firms appointed by the Court should it believe the appointment of additional counsel will serve the best interests of the Class.

## V.     CONCLUSION

If appointed by the Court, Cohen Milstein and Gibbs Law will be privileged to represent Plaintiffs and the proposed Class. They will draw on their extensive experience litigating consumer class actions of this kind; will commit the necessary time and resources to pursue the matter to its conclusion; will coordinate and cooperate with counsel in the Consolidated Cases to provide focused roles to prosecute the case efficiently; and will at all times meet their obligations to the named Plaintiffs, all members of the proposed Class, and this Court. For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Cohen Milstein and Gibbs Law as Interim Counsel under Federal Rule of Civil Procedure 23(g)(3).

May 27, 2021                                Respectfully submitted,

                                            */s/ Douglas J. McNamara*
                                            Douglas J. McNamara (DM6069)
                                            Geoffrey A. Graber (*pro hac vice* pending)
                                            Brian E. Johnson (*pro hac vice* forthcoming)
                                            Paul Stephan (*pro hac vice* forthcoming)

**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave, 5th Floor
Washington, DC 20005
T: 202-408-4600
F: 202-408-4699
dmcnamara@cohenmilstein.com
ggraber@cohenmilstein.com
bejohnson@cohenmilstein.com
pstephan@cohenmilstein.com

Eric A. Kafka (EK8746)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street
14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Rosemary M. Rivas (*pro hac vice* pending)
Mark Troutman (*pro hac vice* pending)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 110
Oakland, California 94612
T: 510-350-9700
F: 510-350-9701
rmr@classlawgroup.com
mht@classlawgroup.com

*Attorneys for Plaintiffs Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, Alyssa Rose, and the Proposed Class Members*