**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION | Case No.: 2:21-CV-0678-JS-AYS |
| This Document Relates To: *Lawrence, et al. v. Hain Celestial Group, Inc., et al.*, 1:21-CV-01287-JS-AYS (E.D.N.Y.) | |

**MOTION OF KOHN, SWIFT & GRAF, P.C. FOR APPOINTMENT AS INTERIM LEAD COUNSEL IN THE HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION AND MEMORANDUM IN SUPPORT**

Zahra R. Dean (5554191)
Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
Aarthi Manohar
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
zdean@kohnswift.com
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com
amanohar@kohnswift.com

Michael L. Roberts
Karen Halbert
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, Arkansas 72223
Telephone: (501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us

David H. Fink
Nathan J. Fink
**FINK BRESSACK**
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

*Attorneys for the Lawrence, Frantz, and Mezile Plaintiffs*

**TABLE OF CONTENTS**

INTRODUCTION…………………………………………………………………...1

BACKGROUND…………………………………………………………………1

ARGUMENT…………………………………………………………………...3

    I.    LEGAL STANDARDS FOR APPOINTMENT OF INTERIM LEAD

        COUNSEL………………………………………………………………...3

        A.    SELECTING LEAD COUNSEL………………………………………3

            1.    Lead Counsel's Obligations…………………………………..3

            2.    Kohn Swift Knows How to Manage

                 Cases…………………………………………………………4

            3.    Hitting the Ground Running………………………………...5

        B.    FACTORS TO CONSIDER WHEN APPOINTING  LEAD

            COUNSEL ........................................................................................ 6

    II.    KOHN SWIFT IS WELL-QUALIFIED TO SERVE AS INERIM LEAD

        COUNSEL………………………………………………………………...7

            1.    The Work Counsel Has Done in Identifying or Investigating

                 Potential Claims in This Action ....................................................... 7

            2.    Kohn Swift (and it's Co-Counsel) Have Vast Experience Handling

                 Large Scale Multi-Party Litigation…………………………….7

            3.    Kohn Swift Has Extensive Knowledge of the Applicable Law….13

            4.    Kohn Swift and its Co-Counsel Will Commit the Necessary

                 Resources to the Heavy Metals Baby Food Case. ....................... 13

    CONCLUSION………………………………………………………………..…14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Advanced Fluid Sys., Inc. v. Huber,*
    295 F. Supp. 3d 467 (M..D. Pa. 2018) ...................................................................12

*Albano v. Hain Celestial Group, Inc.*,
    No. 21-cv-1118 (E.D.N.Y.) ....................................................................................2

*Arden Architectural Specialties, Inc. v. Exolon-ESK Company*
    (W.D.N.Y.) ...........................................................................................................11

*Cirulli v. Hyundai Motor Co.*,
    Case No. SACV08-00854 (C.D. Cal.) ....................................................................9

*Edmondson, et al., v Raniere, et al.*
    No. 20-cv-485 (E.D.N.Y.) ...............................................................................5, 12

*In re Amino Acid Lysine Antitrust Litig.*,
    MDL No. 1083, 918 F. Supp. 1190 (N.D. Ill. 1996) .........................................4, 14

*In re: Assicurazioni Generali S.p.A. Holocaust Insurance Litig.*,
    MDL 1374, M 21-89 (MBM) (S.D.N.Y) ................................................................5

*In re: Austrian and German Bank Holocaust Litig.*,
    Master File No. 98 Civ. 3938 (SWK) (S.D.N.Y) ....................................................5

*In re Bolar Pharmaceutical Co., Inc. Generic Drug Consumer Litigation*,
    MDL 849 (E.D. Pa.) ..........................................................................................9.11

*In re Compact Disc Minimum Advertised Price Antitrust Litig.*,
    MDL No. 1361, 2001 WL 64775 (D. Me. Jan. 26, 2001) ........................................4

*In re Factor VIII or IX Concentrate Blood Prods. Prod. Liability Litig.*,
    MDL No. 986, 853 F. Supp. 454 (J.P.M.L. Dec. 7, 1993) .......................................9

*In re Mun. Derivatives Antitrust Litig.*,
    252 F.R.D. 184 (S.D.N.Y. 2008) ...........................................................................6

*In re Packaged Ice Antitrust Litig.*,
    MDL No. 1952, 2009 WL 1518428 (E.D. Mich. June 1, 2009) ...............................4

*In re Synthroid Marketing Litigation*,
    MDL 1182 (N.D. Ill.) .......................................................................................4, 11

*In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation*,
    MDL 1001 (D. Minn.) ......................................................................................9, 11

*Lawrence et al. v. Hain Celestial Group, Inc., et al.*,
   1:21-cv-01287 (E.D.N.Y.) ....................................................................................................1, 2

*Linde v. Arab Bank, PLC*,
   14-cv-2799 (E.D.N.Y.) ..............................................................................................................5

*Miller, et al., v Arab Bank*
   Case No. 18-cv-2192 (BMC)(PK)(E.D.N.Y) ......................................................................12

*Stewart v. Associates Consumer Discount Company*
   (E.D. Pa.).....................................................................................................................................11

*In re Automotive Parts Antitrust Litigation*,
   Master File No. 12-md-02311 and MDL No. 2311 (E.D. Mich.)............................4, 8, 10, 11

*In re Porsche Cars North America, Inc. Plastic Coolant Tubes Product Liability Litigation*,
   Case No. 2-11-md-2233 (S.D. Ohio) ....................................................................................9

*Julin, et al., v. Chiquita Brands International, Inc.*,
   No. 08-20641-civ-KAM, No. 08-01916-MD-Marra/Johnson (S.D. Fla.) ..............................12

## RULES

Fed. R. Civ. P. 23(g)(1)(A) ............................................................................................................6

Fed. R. Civ. P. 23(g)(3)............................................................................................................3, 6

Fed. R. Civ. P. 23(g)(4)................................................................................................................6

Rule 23 ..........................................................................................................................................6

## INTRODUCTION

Plaintiffs Erik Lawrence, Rachel M. Frantz, and Marie Mezile in *Lawrence et al. v. Hain Celestial Group, Inc., et al*., 1:21-cv-01287 (E.D.N.Y.), respectfully request that the Court appoint Kohn, Swift & Graf, P.C. and Joseph C. Kohn as interim lead counsel for the plaintiffs in the *Hain Celestial Heavy Metals Baby Food Litigation*.[1]

Kohn Swift seeks a leadership position in this case because the firm offers a talented and diverse group of attorneys with the skills and experience, as well as the resources, to move the case forward fairly and efficiently.  The firm is a veteran of large-scale litigation involving numerous plaintiffs and defendants, including but not limited to multidistrict litigation cases, and has been appointed as lead or co-lead counsel, or to committees of counsel, in major cases throughout the United States.  While the firm may be best known for its antitrust and pioneering human rights work, over the past 52 years it has litigated a wide-variety of other types of cases, including consumer protection cases, property and product contamination cases, and drug and biologics mass-torts.  Moreover, Kohn Swift's co-counsel, the Roberts Law Firm and Fink Bressack, also have extensive experience in class actions and complex litigation and will provide support and additional resources if Kohn Swift were to be appointed interim lead counsel.

## BACKGROUND

The U.S. House of Representatives Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform issued a detailed report titled *Baby Foods are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury* in February, 2021 (the "Report").

---

[1] The *Lawrence* action was originally assigned to Judge Komitee.  On May 13, 2021, *Lawrence* was reassigned to Your Honor.  The factual allegations about Hain and other suppliers selling baby food containing heavy metals without appropriate disclosures to consumers in *Lawrence* are the same or substantially similar to those asserted by the plaintiffs in the cases consolidated by the Court's Order entered May 13, 2021 (Doc. 15 in 1:21-cv-0678-JS-AYS).

The Report revealed that Hain and other companies knowingly sold baby food containing harmful heavy metals, such as inorganic arsenic, lead, cadmium, and mercury, without adequate testing or disclosures.  The Report painted a dire picture of the failure by an industry that provides food to vulnerable babies and infants.

After the Report was released, the *Lawrence* plaintiffs (and others) filed class-action lawsuits in this and other districts against baby food suppliers profiled in the Report.  The *Lawrence* plaintiffs seek to alter Hain's (and the other baby food companies') conduct and to recover damages for plaintiffs and the class members.

The Judicial Panel on Multidistrict Litigation is considering a motion filed by counsel in *Albano v. Hain Celestial Group, Inc.*, No. 21-cv-1118 (E.D.N.Y.) (Cohen Milstein and Gibbs Law Group) to centralize all heavy metals baby food cases in the Eastern District of New York. Kohn Swift supported the motion, believing that creating one MDL would be the fairest and most efficient way for the baby food cases to be litigated.  Kohn Swift has worked in the past well and efficiently with the Cohen Milstein firm in other matters, and will be able do so in this matter.

 Other parties have expressed both support for and opposition to the MDL motion. Opponents have suggested establishing multiple single defendant MDL actions, or proceeding by way of separate consolidated actions against each defendant in several different districts, instead of centralizing all the heavy metal baby food cases in one court.  The Panel argument was today, so a decision is likely by mid-June.

## ARGUMENT

## I.   LEGAL STANDARDS FOR APPOINTMENT OF INTERIM LEAD COUNSEL

### A.   SELECTING LEAD COUNSEL

In litigation like the heavy metals baby food litigation, where there are multiple cases, plaintiffs, defendants, and their attorneys, the Court is placed in the position of having to select interim lead counsel to manage the litigation on behalf of plaintiffs and the class from among often numerous qualified applicants.  *See* Fed. R. Civ. P. 23(g)(3); *Manual for Complex Litig. (Fourth)* §10.22 (2004).  The objective of the lead counsel selection is to achieve efficiency and economy without jeopardizing fairness to the parties.  Once appointed, lead counsel "assume[s] a responsibility to the court and an obligation to act fairly, effectively, and economically in the interests of all parties and parties' counsel."  *Manual for Complex Litig. (Fourth), supra.*[2]

### 1.   Lead Counsel's Obligations.

The demands of this type of litigation on the parties and the Court require lead counsel to have the highest level of competence, experience, and professionalism.  Lead counsel will be working with plaintiffs' and defendants' counsel and the Court for the duration.  A premium is placed on lead counsel fulfilling the obligation to zealously advocate for the plaintiffs in a manner that also creates and maintains a good working relationship among the attorneys for both sides and the Court. *Id.* at §10.221.  Kohn Swift has consistently shown its ability to fulfill the duties of lead counsel in accordance with these standards.  Further, the Kohn Swift attorneys who will be principally working on the case—Joseph C. Kohn, William E.  Hoese, Douglas A.

---

[2] As the *Manual for Complex Litig. (Fourth)* states, a court may conclude that in addition to lead counsel, a committee of counsel should also be established.  We understand that the Wolf Haldenstein firm intends to submit an application for a committee position if the Court decides one would be appropriate.  Kohn Swift has worked well with Wolf Haldenstein in the past and will also in this case.

Abrahams, Zahra R. Dean, and Aarthi Manohar—have regularly demonstrated the "ability to command the respect of their colleagues and work cooperatively with opposing counsel and the court." *Id.* at §10.224.  If selected as interim lead counsel (or as an interim lead counsel), Kohn Swift would work towards the goals of fairness and efficiency by engaging cooperatively and in good faith with counsel to establish common ground to resolve or narrow issues.

### 2.      Kohn Swift Knows How to Manage Cases.

Kohn Swift knows how to manage complex litigation, either as sole lead counsel or as a member of a co-counsel team.  For example, Kohn Swift was chosen by Judge Borman in the Eastern District of Michigan to serve as lead counsel from among multiple well-credentialed applicants in *In re Packaged Ice Antitrust Litig.*, MDL No. 1952, 2009 WL 1518428, at *1 (E.D. Mich. June 1, 2009).  Judge Hornby in the District of Maine appointed Kohn Swift lead counsel for the private plaintiffs in *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL No. 1361, 2001 WL 64775, at *1 (D. Me. Jan. 26, 2001), in which the firm led the private party cases and coordinated them with a consortium of state attorneys general.  Kohn Swift was also selected as sole lead counsel from among a large group of qualified bidders by Judge Shadur in the Northern District of Illinois in *In re Amino Acid Lysine Antitrust Litig.*, MDL No. 1083, 918 F. Supp. 1190 (N.D. Ill. 1996).

Kohn Swift also has worked collaboratively with other firms as co-lead counsel, such as in the massive *Automotive Parts Antitrust Litigation*, MDL No. 2311, which was before Judge Battani and now Judge Cox in the Eastern District of Michigan.  Kohn Swift served as co-lead counsel for the class of third-party payors in *In re Synthroid Marketing Litigation,* MDL 1182 (N.D. Ill.), before Judge Bucklo in Chicago.  Kohn Swift and its co-counsel negotiated a $45.5 million third-party payor settlement of claims that defendants suppressed and misrepresented

facts regarding Synthroid's effectiveness in treating thyroid disorders compared to the other available drugs, all of which were less expensive than Synthroid.

Kohn Swift has also performed important roles in cases in the Eastern and Southern Districts of New York.  The firm was part of the team that participated in the groundbreaking Antiterrorism Act trial against Arab Bank on behalf of victims of terrorist attacks in Israel. *Linde v. Arab Bank, PLC*, 14-cv-2799 (E.D.N.Y.) (Judge Cogan).  The firm also played a prominent role in a number of lawsuits pursuing claims against banks and insurance companies to recover property they wrongfully withheld from holocaust victims. *In re: Holocaust Victim Assets Litig.*, Master Docket No. CV 96 4849 (ERK) (MDG) (E.D.N.Y); *In re: Assicurazioni Generali S.p.A. Holocaust Insurance Litig.*, MDL 1374, M 21-89 (MBM) (S.D.N.Y); *In re: Austrian and German Bank Holocaust Litig.*, Master File No. 98 Civ. 3938 (SWK) (S.D.N.Y). Recently the firm filed suit on behalf of scores of former members of the infamous NXIVM organization, seeking to hold the founder, inner circle, and others associated with NXIVM liable for allegedly violating myriad federal and state laws, including the Racketeer Influenced and Corrupt Organizations Act and laws prohibiting human trafficking, sex slavery and forced labor. *Edmondson, et al., v Raniere, et al.* No. 20-cv-485 (E.D.N.Y.).

These are just some of the cases in which Kohn Swift has taken a lead role.  Others are listed on the firm's resume, which is attached as Exhibit A.

### 3.    Hitting the Ground Running.

If appointed interim lead counsel, Kohn Swift will be prepared to promptly organize plaintiffs' counsel and get to work. Depending on the MDL Panel's decision, a consolidated amended complaint or complaints may need to filed.  A motion or motions to dismiss may be filed.  If so, after the Court's ruling the parties will proceed to prepare and discuss the necessary

initial case management documents, such as a preservation order, an electronic discovery order, a deposition protocol, and a discovery and class certification plan and schedule, for submission to the Court.  We will strive at every step to resolve disputes without the need for Court intervention, while zealously and efficiently advancing our clients' interests.

### B.    FACTORS TO CONSIDER WHEN APPOINTING LEAD COUNSEL

The Federal Rules provide that "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action."  Fed. R. Civ. P. 23(g)(3).  The factors for courts to consider are: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation and claims of the type asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A) (i-iv).  The *Manual for Complex Litig. (Fourth)* also provides a similar non-exclusive list of items to consider that includes: professional qualifications, competence, reputation, and resources, as well as commitment to the case and the ability to work cooperatively with all counsel and the court.

"[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities…." *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 185 (S.D.N.Y. 2008) (quoting *Manual for Complex Litig. (Fourth)* §21.11).  Rule 23 mandates that counsel must "fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(4).  Appointment of interim lead counsel for a class is appropriate in cases like this one, where there are overlapping and duplicative class actions pending in a single district for the coordination of pretrial proceedings in order to promote efficient case management.  *See Air Cargo Shipping Services Antitrust Litig.*, 240 F.R.D. 52, 58 (E.D.N.Y. 2006).  As discussed

herein, Kohn Swift satisfies all of the requirements of Rule 23(g)(1)(A), and is well-qualified to "represent the interests of the class." Fed. R. Civ. P. 23(g)(4).

## II.    KOHN SWIFT IS WELL-QUALIFIED TO SERVE AS INTERIM LEAD COUNSEL

### 1.    The Work Counsel Has Done in Identifying or Investigating Potential Claims in This Action

All the baby food cases, ours included, were filed after the House Subcommittee Report on heavy metals in baby food was released.  Kohn Swift and its co-counsel have been diligent in in studying the Report and researching heavy metals in baby food.  No applicant firm can correctly claim it identified or originated these claims.

 Kohn Swift has performed significant work researching the factual and legal bases for the claims, drafting the complaint filed in this case, and responding to the MDL motion.  Further work should only be done after the Court chooses lead counsel, otherwise multiple law firms could duplicate efforts with no benefit for the plaintiffs or the class.

### 2.    Kohn Swift (and its Co-Counsel) Have Vast Experience Handling Large Scale Multi-Party Litigation

As discussed herein, many federal courts have appointed Kohn Swift to leadership positions in multidistrict cases and class actions.  *See* Exhibit A – Kohn Swift resume.  Kohn Swift has demonstrated the ability to successfully organize and manage large cases and to cooperate with counsel for all of the involved parties, earning praise from courts around the county. *Id*.

As in those other cases, Kohn Swift can and will provide a wealth of litigation talent, as well as leadership, claims resolution, and case strategy experience. Kohn Swift possesses decades of legal experience, including extensive trial experience, as do its co-counsel.  Kohn Swift and the other firms have shown that they are willing to commit the necessary human and

financial capital to litigation, and that they are willing to take cases to trial, if necessary, to vindicate the rights of their clients.  Kohn Swift, as well as its co-counsel, have also demonstrated the ability and integrity to ensure that the interests of all class members are appropriately protected in the most cost-effective manner possible.  This experience, coupled with the other factors discussed in this memorandum, demonstrates that Kohn Swift is well-suited to serve as interim lead counsel in this action.

## KOHN, SWIFT & GRAF, P.C.

Kohn Swift has prosecuted complex consumer, antitrust, securities and other cases as lead counsel or as a member of a steering committee in an efficient and cost-effective manner for over 50 years.  Kohn Swift has been appointed as lead counsel by courts throughout the country in dozens of class actions and has a long history of successfully representing the interests of the classes it has been appointed to represent.  Exhibit A.  The firm is listed as a top antitrust firm by *Chambers USA,* and its lawyers—among them Joseph Kohn, William Hoese, Douglas Abrahams, Zahra Dean, and Aarthi Manohar— are recognized in the *Best Lawyers in America* and "Super Lawyers" publications.  The more senior members of the team, Messrs. Kohn, Hoese, and Abrahams, have also achieved "av" ratings from Martindale-Hubble.

Emblematic of Kohn Swift's ability to successfully manage a sprawling MDL is *In re Automotive Parts Antitrust Litigation*, Master File No. 12-md-02311 and MDL No. 2311 (E.D. Mich.) (in that case as a co-lead counsel).  *Automotive Parts* begin in 2012 and involves over two dozen cases against scores of Japanese, European, and American companies accused of price fixing, bid-rigging, and customer and market allocation of a myriad of parts used in motor vehicles.  It has been described as the largest criminal antitrust investigation in U.S. history, and the civil litigation was equally mammoth.  As co-lead counsel for the direct purchasers we

worked closely and cooperatively not only with our co-counsel in the direct purchaser cases, but also with multiple firms serving as co-lead counsel for indirect purchasers of parts—car buyers and dealers—and so far over $359 million has been recovered for our clients and the class members.

The firm has also served as lead or co-lead counsel in large consumer class actions such as *In re Temporomandibular Joint (TMJ) Implants Products Liability Litigation*, MDL 1001 (D. Minn.) and *In re Bolar Pharmaceutical Co., Inc. Generic Drug Consumer Litigation*, MDL 849 (E.D. Pa.).  Illustrating the breadth of its practice, Kohn Swift has taken an important role in cases as different as one brought by persons with hemophilia against producers of blood factor concentrates contaminated with the human immunodeficiency virus, *In re Factor VIII or IX Concentrate Blood Prods. Prod. Liability Litig*., MDL No. 986, 853 F. Supp. 454 (J.P.M.L. Dec. 7, 1993), to lawsuits against Porsche and Hyundai for selling defective vehicles, *In re Porsche Cars North America, Inc. Plastic Coolant Tubes Product Liability Litigation*, Case No. 2-11-md-2233 (S.D. Ohio) and *Cirulli v. Hyundai Motor Co.*, Case No. SACV08-00854 (C.D. Cal.).

Kohn Swift has a strong group of attorneys working on the baby food case, and will apply the lessons learned in other cases to efficiently litigate this case. The firm is also committed to meaningful participation in all facets of the litigation by younger attorneys. Joseph C. Kohn is a shareholder and director of Kohn Swift.  At Villanova Law School he was both Editor-in-Chief of the Villanova Law Review and winner of the prestigious Reimel Moot Court competition, an accomplishment unique in the law school's history.  He was elected to the Order of the Coif, and later served on the Villanova Law School Board of Consultors.  Mr. Kohn has spent over 30 years litigating major cases in a variety of fields, including antitrust, securities, products liability, environmental, lender liability, employment and civil rights.  As discussed

herein, he has been designated by federal and state courts throughout the country as lead counsel in class action and other multi-party litigation.  He has personally tried cases in federal and state courts and has won multi-million-dollar jury trials in class actions and other complex business cases, as well as arguing cases in the Third Circuit and other appellate courts.  He has a "av" rating from Martindale-Hubbell and has been listed in *Who's Who in American Law;* the *Best Lawyers in America®; Chambers USA America's Leading Business Lawyers;* and as a top 100 "Super Lawyer" in Pennsylvania.  He recently was honored by *Best Lawyers®* as the Philadelphia lawyer of the year for antitrust litigation.

William E. Hoese is a Phi Beta Kappa and honors graduate of the College of Wooster, a liberal arts college in Wooster, Ohio.  He graduated *magna cum laude* from the Syracuse University College of Law and was inducted into the Justinian Honor Society at the College of Law and the Order of the Coif, the national honor society for law school graduates.

Mr. Hoese obtained the highest ratings from Martindale-Hubble for professional excellence and skill and integrity.  He is also proud to have been selected by others attorneys for inclusion in *Best Lawyers in America®* and "Philadelphia's Best Lawyers" in the area of antitrust law, and also as a Pennsylvania "Super Lawyer."

Mr. Hoese was senior trial counsel in the enforcement division at the Securities and Exchange Commission's Philadelphia Regional office before joining the firm in 1989.  Since joining Kohn Swift over 32 years ago, Mr. Hoese served as co-lead counsel in *In re Skin Cap Products Liability Litigation*, and has been played important roles in all phases of antitrust and other complex class and non-class litigation, including recently representing direct purchasers in the *Automotive Parts Antitrust Litigation* and *First Impressions Salon, Inc. v. National Milk*

*Foundation* in the Southern District of Illinois before Judge Rosenstengel (antitrust action against dairy cooperatives).

Douglas A. Abrahams is a graduate of the Temple University Beasley School of Law. After graduation, he served as law clerk to the Honorable Ethan Allen Doty of the Philadelphia Court of Common Pleas.  Prior to joining the firm he was an enforcement attorney in the Philadelphia Regional Office of the United States Securities and Exchange Commission.

He is "av" rated by Martindale-Hubble, has been selected for inclusion in *Best Lawyers in America®* in the antitrust specialty, and has been recognized as a Pennsylvania "Super Lawyer."

Since joining the firm in 1988, Mr. Abrahams' practice has emphasized complex civil litigation.  He was designated by the Court to serve as co-counsel for the class in *Stewart v. Associates Consumer Discount Company* (E.D. Pa.) and *Arden Architectural Specialties, Inc. v. Exolon-ESK Company*, (W.D.N.Y.).  He has litigated numerous consumer class actions, such as *In re Synthroid Marketing Litig.*, *In re Temporomandibular Joint (TMJ) Implants Products Liability Litig.*, and *In re Bolar Pharmaceutical Co., Inc. Generic Drug Consumer Litig.,* and antitrust class actions, including *In re Automotive Parts Antitrust Litig.*, *In re Fasteners Antitrust Litig.*, and *In re Automotive Refinishing Paint Antitrust Litig.*

Zahra R. Dean graduated from Temple University Beasley School of Law with a Master of Law (LL.M.), *cum laude*, (2016) where she was awarded the 2015 Philadelphia Bar Association International Law Committee Award for Outstanding Achievement in International Law or Human Rights in 2016.  Ms. Dean was awarded a Bachelor of Laws (LL.B.) from the University of London (2011).  From 2012 to 2015, she worked at Jamil & Jamil, a private law firm in Pakistan.

Since joining Kohn Swift, Ms. Dean has gained significant experience litigating complex class and non-class cases, including antiterrorism financing, intellectual property, trafficking and forced labor, such as *Julin, et al., v. Chiquita Brands International, Inc*., No. 08-20641-civ-KAM, No. 08-01916-MD-Marra/Johnson (S.D. Fla.); *Miller, et al., v Arab Bank* Case No. 18-cv-2192 (BMC)(PK)(E.D.N.Y); *Advanced Fluid Sys., Inc. v. Huber*, 295 F. Supp. 3d 467 (M.D. Pa. 2018); and *Edmondson, et al., v Raniere, et al.* No. 20-cv-485 (E.D.N.Y.).

In *Chiquita*, Ms. Dean and the other attorneys represented the families of  missionaries kidnapped and murdered by the Colombian terrorist organization *Fuerzas Armadas Revolucionarias de Colombia* (FARC). The suit alleged that Chiquita violated the civil provisions of the Antiterrorism Act by knowingly providing funds to FARC during the time the missionaries were abducted, held hostage and ultimately murdered.  Ms. Dean was part of the team that prepared the case for trial, which settled on the day the trial was to begin.

Ms. Dean is currently part of the group litigating *Miller, et al., v Arab Bank*, Case No. 18-cv-2192 (BMC)(PK) in the Eastern District of New York, on behalf of American victims of terrorist attacks in Israel who seek to hold Arab Bank liable for violating the Antiterrorism Act. Ms. Dean has also been integral to the firm's efforts in *Edmondson, et al., v Raniere, et al.,* No. 20-CV-485 (E.D.N.Y.), where the firm represents former members of the NXIVM organization.

Aarthi Manohar has experience litigating complex consumer protection, sex abuse, and civil rights cases.  Her consumer work includes representing plaintiffs in breach of warranty and misrepresentation cases, including those involving defective and harmful products and bait and switch tactics by energy suppliers, among others.  She has worked on a variety of civil rights cases, including *Taha v. Bucks County*, 2:12-cv-06867, a successful class action under the Pennsylvania Criminal History Record Information Act on behalf of prisoners whose privacy

rights were violated.  She also represented sexual abuse survivors in *In Re USC Student Health Center Litigation*, 2:18-cv-04258, which involved allegations by female patients against a doctor employed at the health center.  Ms. Manohar has additional experience with data breach cases.

Before joining Kohn Swift, Ms. Manohar worked at an employment litigation firm, representing plaintiffs in sexual harassment, race, age, disability, and sex discrimination cases. She received her bachelor's degree, *magna cum laude*, from Bryn Mawr College in 2011.  She received her J.D. from the Villanova University School of Law in 2014, and her M.S. in Journalism from Columbia University in 2015.

Kohn Swift is also working with two extremely capable firms, Roberts Law Firm, P.A. from Little Rock, Arkansas, and Fink Bressack from Bloomfield Hills, Michigan, whose attorneys are available to assist in the litigation of the case.  Both of these firms are fully capable of serving as lead counsel in their own right, and have done so in numerous cases.

### 3. Kohn Swift Has Extensive Knowledge of the Applicable Law

As shown above, Kohn Swift has extensive experience in class actions and complex litigation, including litigating cases involving state warranty, consumer protection, and other laws, which are applicable to the claims in this litigation.  Kohn Swift (and its co-counsel) possess the knowledge required to prosecute the claims in this litigation effectively and efficiently.

### 4. Kohn Swift and its Co-Counsel Will Commit the Necessary Resources to the Heavy Metals Baby Food Case.

Courts often consider the resources that proposed lead counsel will commit to the prosecution of the lawsuit.  The attached resume of Kohn Swift shows its demonstrated ability to commit the necessary resources to major litigation.  Kohn Swift and its co-counsel will also

devote the required resources to aggressively represent and advance the interests of plaintiffs and the class in this case.

## CONCLUSION

After carefully considering Kohn Swift's credentials, Judge Shadur stated that "[a]lthough a small firm by today's mega firm standards, it has amply demonstrated its ability to handle major litigation." *In re Amino Acid Lysine Antitrust Litig.,* 918 F. Supp. at 1200.  What was true then remains true today—Kohn Swift stands ready to serve as lead counsel to vindicate our clients' rights as efficiently as possible for all parties and the judicial system.  For the reasons set forth above, plaintiffs respectfully request that Kohn Swift be appointed as interim lead counsel.

Dated: May 27, 2021                           Respectfully submitted,


                                              /s/ *Zahra R. Dean*
                                              Zahra R. Dean (5554191)
                                              Joseph C. Kohn
                                              William E. Hoese
                                              Douglas A. Abrahams
                                              Aarthi Manohar
                                              **KOHN, SWIFT & GRAF, P.C.**
                                              1600 Market Street, Suite 2500
                                              Philadelphia, PA 19103
                                              Telephone: (215) 238-1700
                                              zdean@kohnswift.com
                                              jkohn@kohnswift.com
                                              whoese@kohnswift.com
                                              dabrahams@kohnswift.com
                                              amanohar@kohnswift.com

Michael L. Roberts
Karen Halbert
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, Arkansas 72223
Telephone: (501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us

David H. Fink
Nathan J. Fink
**FINK BRESSACK**
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

*Attorneys for the Lawrence, Frantz, and Mezile Plaintiffs*