**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION**<br><br>**This Document Relates To: All Actions** | Case No.: 2:21-cv-00678-JS-AYS<br><br>**MOTION TO APPOINT GARY F. LYNCH AND JEFFREY K. BROWN AS INTERIM CO-LEAD CLASS COUNSEL AND JUDGE JOHN G. MARKS (RET.) AS LIAISON COUNSEL** |

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ................................................................................................ 1

II. BACKGROUND .............................................................................................. 2

III. ARGUMENT .................................................................................................. 3

    A. Legal Standard ......................................................................................... 3

    B. The CLLB Team Satisfies the Requirements of Rule 23(g)(1)(A)(i)-(iv).............. 3

        1. The CLLB Team has Committed, and Will Continue to Commit, Substantial Time and Resources into the Investigation of the Facts and the Development and Prosecution of the Claims in this Lawsuit .............. 3

        2. The CLLB Team's Litigation and Class Action Leadership Experience is Unparalleled ......................................................................................... 4

            i. Proposed Co-Lead Counsel Gary F. Lynch and Carlson Lynch..... 5

            ii. Proposed Co-Lead Counsel Jeffrey K. Brown and Leeds Brown .. 7

            iii. Proposed Liaison Counsel Judge John G. Marks (Ret.) ................. 9

        3. The CLLB Team Has Extensive Knowledge of Applicable Law............. 10

        4. The CLLB Team Has Sufficient Resources to Manage this Litigation .... 12

    C. Other Matters Pertinent To Counsel's Ability To Fairly And Adequately Represent The Class The Court May Consider Under Rule 23(g)(1)(B) ............. 12

        1. The CLLB Team has a Proven Track Record of Working Cooperatively with Co-counsel, Opposing Counsel, and the Court................................. 13

        2. The CLLB Team Consists of Highly Effective Leaders.......................... 14

IV. CONCLUSION.................................................................................................. 16

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Angulo v. Parm Battery Park LLC*,
Index No. 508280/2020 (Sup. Ct. Kings Cty.  Sept. 28, 2020) ................................................. 9

*Arias v. Clear Channel Broadcasting, Inc.*,
No. 14-CV-5088(SN) (S.D.N.Y. Feb. 2, 2016) ............................................................................. 9

*Barnes v. PH New York LLC*, Index
No. 157340/2018 (Sup. Ct. N.Y. Cty. Apr. 6, 2021) ................................................................... 8

*Barry v. S.E.B. Serv. of N.Y.*,
No. 11-cv-5089 (JMA)(MG) (E.D.N.Y. Nov. 12, 2015) ............................................................. 8

*Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*,
No. 1:17-cv-01102 (D. Colo.) ...................................................................................................... 6

*Bishop et al. v. Behr Process Corp. et al.*,
No. 1:17-cv-04464 (N.D. Ill.) .................................................................................................... 14

*Cedeno v. Hibernia Construction LLC*,
Index No. 605947/2017 (Sup. Ct. Nassau Cty. Mar. 8, 2021) ................................................... 9

*Cohan v. Columbia Sussex Management, LLC*,
2018 U.S. Dist. LEXIS 170192 (E.D.N.Y. Sept. 28, 2018) ........................................................ 8

*Contreras v. Dania Marina, Inc.*,
Index No. 54536/2018 (Sup. Ct., Westchester Cty., Oct. 3, 2019 .............................................. 8

*Contreras v. Salem Golf Club Associates, LLC*,
Index No. 63967/2018 (Sup. Ct. Westchester Cty. Mar. 16, 2020) ........................................... 9

*Cortes v. Pacific Langham New York Corp.*,
Index No. 154853/2018 (Sup. Ct. N.Y. Cty. June 17, 2020) ...................................................... 9

*Diaz v. Anvil NY LLC*,
Index No. 525279/2018 (Sup. Ct. Kings Cty. Jan. 9, 2020) ...................................................... 9

*Dittman v. UPMC*,
196 A.3d 1036 (Pa. 2018) ........................................................................................................... 5

*Felix v. Roosevelt Univ.*,
No. 20-cv-4793 (N.D. Ill. Nov. 12, 2020) ................................................................................. 13

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Cases (cont.)**

*First Choice Federal Credit Union v. The Wendy's Co., et al.*,
No. 2:16-cv-00506 (W.D. Pa.) ................................................................................................. 1, 5

*Godfrey v. The Executive Club LLC*,
Index No. 512924/2018 (Sup. Ct. Kings Cty. Dec. 18, 2019) .................................................. 9

*Gonzalez v. Masgad Corp.*,
Index No. 607031/2018 (Sup. Ct. Nassau Cty. Oct. 7, 2020) ................................................... 9

*Gonzalez v. Sterling Caterers, Inc.*, Index
No. 603074/2019 (Sup. Ct. Nassau Cty. Feb. 26, 2021) ........................................................... 8

*Grant v. Warner Music Group Corp.*,
No. 13-CV-4449(PGG) (S.D.N.Y. Mar. 11, 2016) ................................................................... 9

*Gray v. The Hain Celestial Group, Inc.*,
No. 2:21-cv-01569 (E.D.N.Y.) ................................................................................................. 2

*Greater Chautauqua Fed. Credit Union v. Kmart Corp.*,
No. 1:15-cv-02228 (N.D. Ill.) ................................................................................................... 6

*Griffin v. Aldi, Inc.*,
No. 16-cv-00354-LEK-ATB (N.D.N.Y. Nov. 15, 2018) ........................................................... 7

*Gualano v. Abercrombie & Fitch Stores, Inc.*,
No. 2:03-cv-00356 (W.D. Pa. 2004) ......................................................................................... 6

*In re Community Bank of N. Va.*,
MDL No. 1674 (W.D. Pa.) ........................................................................................................ 5

*In re Equifax, Inc. Customer Data Security Breach Litig.*,
MDL No. 2800 (N.D. Ga.) ......................................................................................................... 6

*In re Equifax, Inc., Customer Data Security Breach Litig.*,
No. 1:17-cv-05010 (N.D. Ga.) ................................................................................................. 12

*In re Generali Covid-19 Travel Insurance Litig.*,
MDL No. 2968 (S.D.N.Y) ........................................................................................................ 14

*In re Mt. Fuji Restaurant Class Action Lawsuit*,
Index No. 614047/2020 (Sup. Ct. Nassau Cty. Mar. 19, 2021) ................................................. 8

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

**Cases (cont.)**

*In re Robinhood Outage Litig.*,
No. 20-cv-1626 (N.D. Cal.) .................................................................. 14

*In re Rust-Oleum Restore Marketing, Sales Practices and Prods. Liab. Litig.*,
No. 1:15-cv-1364 (N.D. Ill.) ................................................................. 11

*In re Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.*,
No. 1:15-cv-01364 (N.D. Ill.) .................................................................. 5

*In re Solara Medical Supplies Data Breach Litig.*,
No. 3:19-cv-02284 (S.D. Cal.) ............................................................... 14

*In re Vizio, Inc. Consumer Privacy Litig.*,
MDL No. 2693 (C.D. Cal.) ...................................................................... 6

*In re Wawa, Inc. Data Security Litig.*,
No. 2:19-cv-6019 (E.D. Pa.) .................................................................... 6

*In re Wireless Phone Equipment Replacement Insurance Litig.*,
(C.P. Allegheny County, Pa. 2005) ......................................................... 7

*In re: Arby's Rest. Group, Inc. Data Sec. Litig.*,
No. 1:17-mi-55555 (N.D. Ga.) ................................................................ 6

*In re: Ashley Madison Customer Data Sec. Breach Litig.*,
No. 4:15-md-02669 (E.D. Mo.) ............................................................... 5

*In re: Ashley Madison Customer Data Security Breach Litig.*,
No. 4:15-md-2669 (E.D. Mo.) ................................................................. 6

*In re: Community Health Systems, Inc. Customer Data Security Breach Litig.*,
MDL No. 2595 (N.D. Ala.) ...................................................................... 6

*In re: Erie Cvoid-19 Business Interruption Protection Ins. Litig.*,
MDL No. 2969 (W.D. Pa.) ..................................................................... 14

*In re: FedLoan Student Loan Servicing Litig.*,
MDL No. 2833 (E.D. Pa.) ........................................................................ 6

*In re: Home Depot, Inc., Customer Data Security Breach Litig.*,
MDL No. 2583 (N.D. Ga.) .................................................................... 5, 6

**TABLE OF AUTHORITIES (cont.)**

**Page(s)**

**Cases (cont.)**

*In re: Marriott International, Inc.*,
No. 8:19-md-02879 (D. Md.)...................................................................... 6

*In re: Target Corp. Customer Data Sec. Breach Litig.*,
MDL No. 2522 (D. Minn.)....................................................................... 5, 6

*In Re: TikTok, Inc., Consumer Privacy Litig.*,
No. 1:20-cv-04699 ................................................................................ 5

*Islam v. Morgans Hotel Group Management LLC*,
Index No. 612723/2020 (Sup. Ct. Nassau Cty. Mar. 18, 2021)................................. 9

*James-Howell v. Family Residences and Essential Enterprises, Inc.*,
Index No. 605950/2017 (Sup. Ct. Mar. 11, 2020) ....................................... 9

*Kobylanski v. Motorola Mobility, Inc., et al.*,
No. 2:13-cv-1181 (W.D. Pa.)................................................................. 11

*Luca v. Wyndham Hotel Group, LLC*,
No. 2:16-cv-746 (W.D. Pa.)................................................................... 10

*Maestre, et al. v. The Hain Celestial Group, Inc.*,
Index No. 605375/2021 (Sup. Ct. Nassau Cnty.) ....................................... 4

*Marcus v. AXA Advisors, LLC*,
No. 11-CV-2339 (SJ)(SMG) (E.D.N.Y.)...................................................... 7

*Mauro v. Gurney's Inn Resort & Spa LLC*,
Index No. 616077/2019 (Sup. Ct. Nassau Cty. Mar. 15, 2021)................................. 9

*Mednick v. Precor, Inc.*,
No. 1:14-cv-03624 (N.D. Ill.) ............................................................... 14

*Mednick v. Precor, Inc.*,
No. 14-cv-03624 (N.D. Ill.) ................................................................. 11

*Montero v. 333 Bayville Avenue Restaurant Corp.*,
Index No. 603760/2017 (Sup. Ct. Nassau Cty. May 6, 2019) ................................ 8

*Morrow v. Ann Inc.*,
No. 16-cv-3340 (S.D.N.Y.).................................................................. 10

**TABLE OF AUTHORITIES (cont.)**

**Cases (cont.)**

*Okolo v. Maryville Univ. of St. Louis*,
  No. 20SL-CC02850 (Miss. Cir. Ct., 21st Dist, Feb. 9, 2021) ................................................... 13

*Padder v. Levy Premium Foodservice Limited Partnership*,
  Index No. 518187/2018 (Sup. Ct. Kings Cty. Dec. 9, 2020); .................................................... 9

*Padder v. Logans Sanctuary LLC*,
  Index No. 602455/2018 (Sup. Ct. Nassau Cty. Feb. 19, 2020) ................................................. 9

*Pinzon v. Summit Development Corp.*,
  Index No. 604025/2016 (Sup. Ct. Nassau Cty. May 11, 2020) ................................................. 9

*Quinn et al. v. Walgreen Co., Wal-Mart Stores, Inc., Supervalu, Inc., and Perrigo Company of
  South Carolina, Inc.*,
  No. 7:12-cv-8187 (S.D.N.Y.) ................................................................................................. 11

*Ramlochan v. Westchester Shores Event Holdings, Inc.*,
  Index No. 53509/2018 (Sup. Ct. Westchester Cty. Jan. 25, 2021) ........................................... 9

*Sanchez v. Craft Beekman, LLC*, Index
  No. 154833/2019 (Sup. Ct. N.Y. Cty. Mar. 17, 2021) ............................................................. 9

*Santa Maria v. Aimbridge Hospitality, LLC*,
  Index No. 2018-51928 (Sup. Ct. Dutchess Cty. Feb. 24, 2020) ............................................... 9

*Tart v. Lions Gate Entm't Corp.*,
  2015 U.S. Dist. LEXIS 139266 (S.D.N.Y. Oct. 13, 2015) .................................................... 8, 9

*Varela v. Building Services Industries, LLC*, Index
  No. 600037/2016 (N.Y. Sup. Ct. Nassau Cty. June 21, 2018) ................................................. 8

*Vega v. The Golf Club of Purchase, Inc.*, Index
  No. 608665/2017 (Sup. Ct. Nassau Cty. Dec. 20, 2019) .......................................................... 8

*Vitetta v. Sirius XM Radio Inc.*,
  No. 14-2926(VEC) (S.D.N.Y. Dec. 18, 2015) ........................................................................ 9

*Vizcaino v. The Ritz Carlton Hotel Company, LLC*,
  2020 N.Y. Misc. LEXIS 2319 (N.Y. Sup. Ct., Suffolk Cty., May 8, 2020) .............................. 8

*Weinstein v. Jenny Craig Operations, Inc.*,
  138 A.D.3d 546 (N.Y. App. Div. 2016) .................................................................................. 7

## TABLE OF AUTHORITIES (cont.)

**Page(s)**

**Cases (cont.)**

*White v. 1 Person at a Time, LLC*,
   No. 2:17-cv-1047 (W.D. Pa. June 14, 2018) ............................................................. 7

**Federal Rules**

Fed. R. Civ. P. 23(g)(1)(A) ........................................................................... passim

Fed. R. Civ. P. 23(g)(1)(B) ........................................................................... i, 3, 12

Fed. R. Civ. P. 23(g)(2) .................................................................................. 3

Fed. R. Civ. P. 23(g)(3) ................................................................................. 1, 2, 3

**Other Authorities**

*Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury*, Staff
   Report, Staff of H. Subcomm. On Econ. And Consumer Policy, Comm. On Oversight and
   Reform, 117th Cong.,............................................................................................ 2

Bolch Judicial Institute, Duke Law School, *MDL Best Practices*, p. 32 (2d ed. Sept. 2018)........ 4

*Guidelines and Best Practices for Large and Mass-Tort MDLs* .................................... 4

Manual on Complex Litigation § 10.22 (4th ed. 2004) .................................... 13, 16

Moore's Federal Practice § 23.120(3)(a) (3d ed. 2007).................................................. 3

## I.      **INTRODUCTION**

Plaintiffs Lisa Gray and Heather Age ("Plaintiffs") respectfully move this Court, pursuant to Federal Rule of Civil Procedure 23(g)(3), to appoint the following interim Co-Lead Counsel and Liaison Counsel (the "CLLB Team"):

- Co-Lead Counsel: Gary F. Lynch of Carlson Lynch, LLP ("Carlson Lynch") and Jeffrey K. Brown of Leeds Brown Law, P.C. ("Leeds Brown");

- Liaison Counsel: Judge John G. Marks (Ret.). [1]

This complex litigation will require an experienced, knowledgeable, and well-funded leadership group to steer it to a successful conclusion. As outlined below, the CLLB Team has the necessary skill, experience, and resources to ensure that the interests of the proposed classes are fully protected and that this case progresses efficiently to trial. Both firms' attorneys have proven track records of successfully representing class members in hundreds of class actions and MDL proceedings.

The CLLB Team's proposed lean leadership structure of three very experienced co-lead counsel and liaison counsel will serve the needs of this case and avoid the duplication of effort, inefficiency, and wasted resources that larger structures can entail. While other capable and qualified plaintiffs' counsel are seeking leadership positions, the Court must consider which attorneys are the best qualified, can best work cooperatively with others to represent the interests of *all* plaintiffs in all the member cases, and can commit the necessary time and resources to lead

---

[1] The CLLB Team understands that Scott + Scott, Attorneys at Law, LLP ("Scott+Scott") is filing a separate leadership application proposing Erin Green Comite as lead counsel. The CLLB Team supports that application and would welcome a leadership structure that includes Scott+Scott with the CLLB Team and any other firms it proposes. Carlson Lynch and Scott+Scott have a proven track record of working cooperatively with co-counsel, opposing counsel and the court. Both firms have worked together on numerous occasions and have demonstrated they can work cohesively and effectively with each other and other law firms in complex litigation matters such as this. *See, e.g., First Choice Federal Credit Union v. The Wendy's Co., et al.*, No. 2:16-cv-00506 (W.D. Pa.) (consolidated data breach action in which Mr. Lynch and Ms. Comite were designated co-lead counsel and secured $50 million settlement including additional security measures).

the effective and efficient prosecution of the plaintiffs' claims against Defendant The Hain Celestial Group, Inc. ("Hain" or "Defendant"). In short, the CLLB Team with Judge Marks as liaison counsel presents an efficient and robust leadership team with experience in high profile national litigation that maximizes the chance for a successful class-wide resolution of this case. Accordingly, the CLLB Team satisfies the criteria for leadership set forth in Rule 23(g)(1)(A) and should be appointed pursuant to Rule 23(g)(3).

## II.    **BACKGROUND**

On February 4, 2021, The United States House of Representatives Subcommittee on Economic and Consumer Policy, Committee on Oversight and Reform ("Subcommittee") published a report ("Subcommittee Report"), revealing its findings that numerous baby foods, including those manufactured by Hain, are "tainted with significant levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury."[2] Following the release of the Subcommittee Report, dozens of cases were filed against a handful of baby food manufacturers, including Hain.

Plaintiffs filed their action against Hain on March 24, 2021. *See Gray v. The Hain Celestial Group, Inc.*, No. 2:21-cv-01569 (E.D.N.Y.), ECF No. 1. As of May 18, 2021, fifteen (15) cases against Hain have been consolidated before this Court. *See* ECF Nos. 47, 50.[3] The cases each involve nearly identical allegations: Defendant systematically misrepresented and falsely advertised that its baby food products were safe and suitable for consumption by infants and young children when, in reality, they contained, or were at high risk of containing, undisclosed levels of

---

[2] *See Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury*, Staff Report, Staff of H. Subcomm. On Econ. And Consumer Policy, Comm. On Oversight and Reform, 117th Cong., https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20S taff%20Report.pdf (Feb. 4, 2021) ("Subcommittee Report").

[3] Unless otherwise indicated, all references "ECF No(s). _" are to *In re Hain Celestial Heavy Metals Baby Food Litig.*, No. 2:21-cv-00678 (E.D.N.Y.).

toxic heavy metals, including arsenic, lead, mercury, and cadmium. On May 13, 2021, this Court ordered motions to appoint interim lead counsel be filed by May 27, 2021. ECF No. 47.

## III.   ARGUMENT

### A.   Legal Standard

Prior to determining whether a class should be certified, courts may appoint interim class counsel pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure. In considering the leadership appointment, courts consider: (i) the work counsel has done in investigating and identifying the claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B). When more than one attorney seeks appointment, the court must appoint the applicant(s) "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

### B.   The CLLB Team Satisfies the Requirements of Rule 23(g)(1)(A)(i)-(iv)

#### 1.   The CLLB Team has Committed, and Will Continue to Commit, Substantial Time and Resources into the Investigation of the Facts and the Development and Prosecution of the Claims in this Lawsuit

Rule 23(g)(1)(A)(i) requires that a court consider the work undertaken by the proposed interim class counsel in the case. Counsel who has undertaken extensive investigatory and analytical tasks prior to drafting the complaint is better able to represent the class than one who did not. *See* Moore's Federal Practice § 23.120(3)(a) (3d ed. 2007).

To date, the CLLB Team has devoted significant time and resources to the pursuit of the claims in this litigation. Plaintiffs filed their action against Hain on March 24, 2021.  On April 29, 2021, Carlson Lynch filed a case against Hain in Nassau County Supreme Court, alleging N.Y.

state consumer protection claims against Hain on behalf of a class of New York residents based on the same aggrieved conduct set forth in Plaintiffs' action. *See Maestre, et al. v. The Hain Celestial Group, Inc.*, Index No. 605375/2021 (Sup. Ct. Nassau Cnty.), Doc. # 1. An extensive docket search indicates that this is the only state court action currently pending against Hain involving allegations that its baby food products contain toxic heavy metals. Because these cases are proceeding simultaneously, and neither has been (or should be) stayed, Carlson Lynch's involvement in the leadership of both cases is crucial to effectively and efficiently coordinate discovery efforts between the two matters.

The CLLB Team is also prepared to continue devoting substantial resources required for expert work regarding consumer expectations and damages in connection with class certification. These efforts demonstrate that the CLLB Team has and will continue to represent the proposed Class fairly and adequately.

**2.      The CLLB Team's Litigation and Class Action Leadership Experience is Unparalleled**

The CLLB Team has extensive, unparalleled experience litigating complex class actions, and has demonstrated particular success in litigating consumer class actions. Both Mr. Lynch and Mr. Brown bring with them diverse knowledge and experience, resulting in a formidable leadership structure. While Mr. Lynch has the full support of his firm, he is willing to be held individually accountable for managing this litigation and vigorously representing the interests of the proposed Classes.[4] As discussed below, his qualifications and experience satisfy the second

---

[4] The *Guidelines and Best Practices for Large and Mass-Tort MDLs* handbook ("*MDL Best Practices*"), published by Duke Law Center for Judicial Studies explains: "Although some courts appoint firms to serve in leadership positions, it is usually preferable to appoint individual lawyers who can be held accountable and ensure that the case receives consistent attention of a senior partner, rather than risking an excessive degree of delegation to less experienced attorneys." Bolch Judicial Institute, Duke Law School, *MDL Best Practices*, p. 32 (2d ed. Sept. 2018), https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf (last accessed May 20, 2021).

and third Rule 23(g)(1)(A) factors and demonstrate that he is eminently qualified to serve as interim co-lead class counsel.

> ### i.  Proposed Co-Lead Counsel Gary F. Lynch and Carlson Lynch

Gary F. Lynch is a founding partner of Carlson Lynch, a nationally recognized nineteen-attorney class action law firm with offices in Pittsburgh, San Diego, Chicago, Los Angeles, and Philadelphia, specializing in an array of complex class actions, including consumer fraud, data breach, privacy, financial fraud, labor and employment, antitrust, and wage and hour litigation. Since 2004, Carlson Lynch has generated seminal legal authority in trial and appellate courts, litigated every type of class action across the county, and recovered substantial monetary awards and injunctive relief on behalf of class members. *See, e.g.*, *First Choice Federal Credit Union v. The Wendy's Co., et al.*, No. 2:16-cv-00506 (W.D. Pa.) ($50 million class settlement); *In re: Home Depot, Inc., Customer Data Security Breach Litig.*, MDL No. 2583 (N.D. Ga.) ($27.25 million in total benefits); *In re: Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522 (D. Minn.) ($49 million total in two settlements); *In re Community Bank of N. Va.*, MDL No. 1674 (W.D. Pa.) ($24 million class recovery); *Dittman v. UPMC*, 196 A.3d 1036 (Pa. 2018) (landmark opinion from the Pennsylvania Supreme Court recognizing a common law duty to protect sensitive personal information, and clarifying Pennsylvania's economic loss rule); *In re: Ashley Madison Customer Data Sec. Breach Litig.*, No. 4:15-md-02669 (E.D. Mo.) ($11.2 million settlement in consumer data breach); *In re Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.*, No. 1:15-cv-01364 (N.D. Ill.) ($9.3 million settlement in products liability MDL); *In Re: TikTok, Inc., Consumer Privacy Litig.*, No. 1:20-cv-04699 (consumer privacy litigation resulting in preliminarily approved $92 million settlement).

Mr. Lynch's extensive experience in class actions, his roles in MDLs, and his proven ability to work collaboratively with co-counsel in significant MDLs, make him uniquely qualified

to co-lead this case. Throughout his career, Mr. Lynch has been appointed by courts to numerous MDL leadership structures, as a lead counsel or to serve on executive or steering committees, in various consumer protection class actions, data breach and privacy class actions, and wage and hour class actions.[5]  He is very familiar with MDL and other consolidated class litigation as well as what is needed to lead and coordinate the work of multiple firms in such a setting.

Courts, through the years, have confirmed Mr. Lynch's ability to fairly and adequately represent the interests of class members:

> The Court finds the plaintiffs' counsel, Bruce Carlson and Gary Lynch, are experienced class counsel and that they have met all of the requirements of Rule 23(g)(1)(B) and (C). Consistent with the underlying purpose of Fed. R. Civ. P. 23, plaintiffs' counsel have achieved, with utmost efficiency, a quality result for the entire class and are commended for the diligence and effective advocacy they have displayed on behalf of their clients.

Hon. Francis Caiazza, District Magistrate Judge, *Gualano v. Abercrombie & Fitch Stores, Inc.*, No. 2:03-cv-00356 (W.D. Pa. 2004).

> Class counsel have abundant experience as lead counsel in consumer class action litigation. Indeed, class counsel have frequently appeared before this Court. Other courts have routinely recognized class counsels' adequacy … This Court readily agrees with these other courts, and finds that Bruce Carlson and Gary Lynch are more than adequate counsel, and indeed are capable and diligent class action attorneys.

---

[5] For example, Mr. Lynch has served as lead or co-lead counsel in the following recent actions: *In re: FedLoan Student Loan Servicing Litig.*, MDL No. 2833 (E.D. Pa.) (co-lead counsel); *In re Wawa, Inc. Data Security Litig.*, No. 2:19-cv-6019 (E.D. Pa.) (co-lead counsel, financial institution track); *In re Equifax, Inc. Customer Data Security Breach Litig.*, MDL No. 2800 (N.D. Ga.) (co-lead counsel, financial institution track); *In re: Home Depot, Inc., Customer Data Security Breach Litig.*, MDL No. 2583 (N.D. Ga.) (co-lead counsel, financial institution track); *First Choice Federal Credit Union v. The Wendy's Co., et al.*, No. 2:16-cv-00506 (W.D. Pa.) (co-lead counsel).

He has also served, or is serving, on court appointed executive committees in: *In re: Marriott International, Inc.*, No. 8:19-md-02879 (D. Md.); *In re: Target Corp. Customer Data Sec. Breach Litig.*, MDL No. 2522 (D. Minn.); *In re Vizio, Inc. Consumer Privacy Litig.*, MDL No. 2693 (C.D. Cal.); *In re: Community Health Systems, Inc. Customer Data Security Breach Litig.*, MDL No. 2595 (N.D. Ala.); *Greater Chautauqua Fed. Credit Union v. Kmart Corp.*, No. 1:15-cv-02228 (N.D. Ill.); *In re: Ashley Madison Customer Data Security Breach Litig.*, No. 4:15-md-2669 (E.D. Mo.); *In re: Arby's Rest. Group, Inc. Data Sec. Litig.*, No. 1:17-mi-55555 (N.D. Ga.); and *Bellwether Community Credit Union v. Chipotle Mexican Grill, Inc.*, No. 1:17-cv-01102 (D. Colo.).

Hon. R. Stanton Wettick, Jr., *In re Wireless Phone Equipment Replacement Insurance Litig.,* (C.P. Allegheny County, Pa. 2005).

> The Court is well familiar with the Carlson Lynch firm given their appearances here in court. The Court is also familiar directly with the abilities of both Mr. Carlson and Mr. Lynch as in my days of private practice, I think I litigated against both of them. I know from their representation of individuals here in this court, as well as classes here in this court, the firm provides exemplary service, very solid work ready product throughout the life of this case as in all of their cases.

Hon. Nora Barry Fischer, District Judge, Transcript of Hearing on Class Action Settlement, *White v. 1 Person at a Time, LLC*, No. 2:17-cv-1047 (W.D. Pa. June 14, 2018).

Mr. Lynch's proven track record of successful class action litigation and MDL management, coupled with his experience litigating on behalf of consumers, evidences his ability to manage this litigation and effectively advocate on behalf of the plaintiffs and putative classes alongside Mr. Brown.

### ii. Proposed Co-Lead Counsel Jeffrey K. Brown and Leeds Brown

Leeds Brown has considerable experience litigating class action lawsuits, especially those in state and federal courts in New York. *See e.g. Griffin v. Aldi, Inc.*, No. 16-cv-00354-LEK-ATB (N.D.N.Y. Nov. 15, 2018) (working with the other firms to obtain final approval of $9.8 million settlement on behalf of store managers across the nation); *Weinstein v. Jenny Craig Operations, Inc.*, 138 A.D.3d 546 (N.Y. App. Div. 2016) (upholding certification of employees at Jenny Craig's branches and locations in New York); *Marcus v. AXA Advisors, LLC*, No. 11-CV-2339 (SJ)(SMG) (E.D.N.Y.) (granting nationwide conditional certification under the FLSA of over 2,000 financial service workers before approving class wide settlement on Oct. 21, 2015).

Leeds Brown has been recognized by courts for their work in the class action context. For example, Judge Alison J. Nathan of the Southern District of New York noted "[Co-counsel] and Leeds Brown Law, P.C. are experienced and well-qualified employment and class action lawyers

with expertise in prosecuting and settling labor law cases. The substantial work that Plaintiffs' counsel has performed in investigating, litigating and reaching a settlement in this case demonstrates their commitment to the class and representing the class' interests, as well as their general ability to conduct this litigation…As noted above, [co-counsel] and Leeds Brown Law, P.C. have extensive experience in labor law class actions and have devoted considerable time and effort to litigating and settling this action on behalf of the class." *Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 139266, at *7 (S.D.N.Y. Oct. 13, 2015).[6]

Leeds Brown also has substantial experience settling class actions in state and federal courts in New York. *See e.g., Gonzalez v. Sterling Caterers, Inc.*, Index No. 603074/2019 (Sup. Ct. Nassau Cty. Feb. 26, 2021) (J. Steinman); *Vega v. The Golf Club of Purchase, Inc*., Index No. 608665/2017 (Sup. Ct. Nassau Cty. Dec. 20, 2019) (J. Steinman); *Montero v. 333 Bayville Avenue Restaurant Corp.*, Index No. 603760/2017 (Sup. Ct. Nassau Cty. May 6, 2019); *Barnes v. PH New York LLC*, Index No. 157340/2018 (Sup. Ct. N.Y. Cty. Apr. 6, 2021); *In re Mt. Fuji Restaurant Class Action Lawsuit*, Index No. 614047/2020 (Sup. Ct. Nassau Cty. Mar. 19, 2021); *Islam v. Morgans Hotel Group Management LLC*, Index No. 612723/2020 (Sup. Ct. Nassau Cty.

---

[6] *See also Contreras v. Dania Marina, Inc.*, Index No. 54536/2018 (Sup. Ct., Westchester Cty. [Gretchen Walsh, J.], Oct. 3, 2019) (commending counsel when approving the class-wide settlement and approving Class Counsel's request for fees by noting "I think everybody was vigorously represented in this action. And I commend counsel for their work as well."); *Vizcaino v. The Ritz Carlton Hotel Company, LLC*, 2020 N.Y. Misc. LEXIS 2319 (N.Y. Sup. Ct., Suffolk Cty. [O'Brien, Special Master.], May 8, 2020) (approving Leeds Brown Law, P.C.'s request for fees as Class Counsel and noting that "The experience, ability, and reputation of class counsel is widely recognized."); *Cohan v. Columbia Sussex Management, LLC*, 2018 U.S. Dist. LEXIS 170192 (E.D.N.Y. Sept. 28, 2018) ("Class counsel [LBL and co-counsel] are well known class action employment lawyers who have extensive experience and special expertise in prosecuting and settling FLSA and NYLL wage and hour cases."); *Varela v. Building Services Industries, LLC*, Index No. 600037/2016 (N.Y. Sup. Ct. Nassau Cty. June 21, 2018) ("the Court finds that class counsel have established their significant experience prosecuting employment class actions and their work performed in the representing the interests of the class members in this action."); *Barry v. S.E.B. Serv. of N.Y.*, No. 11-cv-5089 (JMA)(MG) (E.D.N.Y. Nov. 12, 2015) (noting that Jeffrey K. Brown, Michael A. Tompkins, and Suzanne Leeds Klein (along with co-counsel) "did substantial work identifying, investigating, and analyzing and settlement Plaintiff's and the class members' claims. Class Counsel have significant experience prosecuting and settling employment class actions, including wage and hour class actions. The work that Class Counsel has performed both in litigating and settlement this case demonstrates their commitment to the class and to representing the class' interests.").

Mar. 18, 2021); *Sanchez v. Craft Beekman, LLC*, Index No. 154833/2019 (Sup. Ct. N.Y. Cty. Mar. 17, 2021); *Mauro v. Gurney's Inn Resort & Spa LLC*, Index No. 616077/2019 (Sup. Ct. Nassau Cty. Mar. 15, 2021); *Cedeno v. Hibernia Construction LLC*, Index No. 605947/2017 (Sup. Ct. Nassau Cty. Mar. 8, 2021); *Ramlochan v. Westchester Shores Event Holdings, Inc.*, Index No. 53509/2018 (Sup. Ct. Westchester Cty. Jan. 25, 2021); *Padder v. Levy Premium Foodservice Limited Partnership*, Index No. 518187/2018 (Sup. Ct. Kings Cty. Dec. 9, 2020); *Gonzalez v. Masgad Corp.*, Index No. 607031/2018 (Sup. Ct. Nassau Cty. Oct. 7, 2020); *Angulo v. Parm Battery Park LLC*, Index No. 508280/2020 (Sup. Ct. Kings Cty. Sept. 28, 2020); *Cortes v. Pacific Langham New York Corp.*, Index No. 154853/2018 (Sup. Ct. N.Y. Cty. June 17, 2020); *Pinzon v. Summit Development Corp.*, Index No. 604025/2016 (Sup. Ct. Nassau Cty. May 11, 2020); *Contreras v. Salem Golf Club Associates, LLC*, Index No. 63967/2018 (Sup. Ct. Westchester Cty. Mar. 16, 2020); *James-Howell v. Family Residences and Essential Enterprises, Inc.*, Index No. 605950/2017 (Sup. Ct. Mar. 11, 2020); *Santa Maria v. Aimbridge Hospitality, LLC*, Index No. 2018-51928 (Sup. Ct. Dutchess Cty. Feb. 24, 2020); *Padder v. Logans Sanctuary LLC*, Index No. 602455/2018 (Sup. Ct. Nassau Cty. Feb. 19, 2020); *Diaz v. Anvil NY LLC*, Index No. 525279/2018 (Sup. Ct. Kings Cty. Jan. 9, 2020); *Godfrey v. The Executive Club LLC*, Index No. 512924/2018 (Sup. Ct. Kings Cty. Dec. 18, 2019); *Grant v. Warner Music Group Corp.*, Case No. 13-CV-4449(PGG) (S.D.N.Y. Mar. 11, 2016); *Vitetta v. Sirius XM Radio Inc.*, No. 14-2926(VEC) (S.D.N.Y. Dec. 18, 2015) (same); *Arias v. Clear Channel Broadcasting, Inc.*, No. 14-CV-5088(SN) (S.D.N.Y. Feb. 2, 2016) (same); *Tart v. Lions Gate Entm't Corp.*, 2015 U.S. Dist. LEXIS 13926 (same); among others.

### iii.    Proposed Liaison Counsel Judge John G. Marks (Ret.)

In addition to representing clients in federal and state courts in New York since 1980, Judge Marks has served as a judge in Nassau County Supreme Court (Acting Justice 2006-2010), Nassau

County Family Count (2003-2010) and the Nassau County District Court (1998-2002), as well as the Executive Director of the Nassau County Traffic and Parking Violations Agency (2010-2017). Additionally, Judge Marks was the Mentor Coordinator for the recently established Nassau County Veterans Court. While remaining a Family Court Judge, in January 2007, he was appointed Supervising Judge of the Town and Village Courts, Tenth Judicial District, Nassau County. He was appointed an Acting Supreme Court Justice. He was also Acting Supervising Judge of the Nassau County Family Court. Previously he served in the United States Marine Corps. from 1961 to 1965 (Honorable Discharge), and the New York City Police Department from 1967 to 1975 (line-of-duty injury). He is a past President of the New York State Family Court Judges Association and both the Nassau County and the New York State District Court Judges Associations. He is active in legal, community, fraternal and religious organizations.  He is a member of the Nassau County Bar Association, where he is on the WE CARE Advisory Board, the Community Relations and Public Education Committees.  He is a past Chair of the Publications Committee and co-Editor-In-Chief of the Nassau Lawyer, the Journal of the Nassau County Bar Association. Currently Judge Marks operates as a solo practice while serving as a Judicial Hearing Office in Nassau and Suffolk County District Court (NCTPVA and SCTPVA).

### 3.    The CLLB Team Has Extensive Knowledge of Applicable Law

Mr. Lynch has extensive experience representing consumers in a wide variety of actions, including claims involving false advertising, misrepresentation, and other forms of deceptive acts and practices. Recent examples include, *e.g.*, *Morrow v. Ann Inc.*, No. 16-cv-3340 (S.D.N.Y.) (co-class counsel for consumers who alleged deceptive pricing practices by a major national retail chain. The action ended in 2018 with an approved class settlement recovering $6.1 million worth of benefits.); and *Luca v. Wyndham Hotel Group, LLC*, No. 2:16-cv-746 (W.D. Pa.) (co-class counsel in an action alleging that a hotel operator violated New Jersey consumer protection statutes

by charging mandatory "resort fees" at certain locations and failing to fully and accurately disclose those charges at the beginning of the booking process. The case resolved in 2019 with a class settlement providing up to $7.6 million in total benefits). Carlson Lynch attorneys also have significant experience in products liability actions. *E.g.*, *In re Rust-Oleum Restore Marketing, Sales Practices and Prods. Liab. Litig.*, No. 1:15-cv-1364 (N.D. Ill.) (defective deck resurfacing products, case resolved in $9.3 million settlement); *Mednick v. Precor, Inc.*, No. 14-cv-03624 (N.D. Ill.) (faulty heart rate monitors); *Kobylanski v. Motorola Mobility, Inc., et al.*, No. 2:13-cv-1181 (W.D. Pa.) (wearable fitness devices deceptively advertised as "sweat-proof"); *Quinn et al. v. Walgreen Co., Wal-Mart Stores, Inc., Supervalu, Inc., and Perrigo Company of South Carolina, Inc.*, No. 7:12-cv-8187 (S.D.N.Y.) (deceptive marketing of glucosamine/chondroitin products).

The strategies and insights Mr. Lynch has developed in consumer actions throughout his venerable career has informed, and will continue to inform, his strategy in prosecuting this case. Indeed, Mr. Lynch and Mr. Brown have decades of individual experience in the various issues that could arise during the course of this litigation—including creating discovery plans, litigating and winning discovery disputes, successfully certifying a class and defending against summary judgment motions, negotiating effective class-wide settlements, and leading successful jury trials. Combined, these talents provide a leadership structure that the Plaintiffs and Class Members can count on for fair and adequate representation.

Beyond the significant experience set forth above, additional qualifications of Gary F. Lynch and Carlson Lynch are set forth in the enclosed Carlson Lynch firm resume. *See* Declaration of Gary F. Lynch ("Lynch Decl."), Ex. A. Additional qualifications of Jeffrey K. Brown, Leeds

Brown and Judge John G. Marks (Ret.) are set forth in the Declaration of Jeffrey K. Brown ("Brown Decl.") filed concurrently herewith.

### 4. The CLLB Team Has Sufficient Resources to Manage this Litigation

Rule 23(g) requires the Court to consider "the resources that counsel will commit to representing the class[.]" Fed. R. Civ. P. 23(g)(1)(A)(iv). As repeatedly demonstrated by firms' success in class action litigation, the CLLB Team have more than sufficient resources to advance this litigation. After appointment, Co-Lead Counsel intend to establish a litigation fund to pay the joint expenses needed to finance the case to which they and other team members will contribute. Additional funds will be contributed as necessary.

In addition to financial resources, the CLLB Team have the personnel, expertise and infrastructure necessary to successfully pursue a case of this magnitude. Together, Carlson Lynch and Leeds Brown have over 30 attorneys across eight offices[7] as well as dedicated consumer departments with strong support staffs prepared to commit all the resources and time necessary to achieve the best possible result. This litigation will not suffer for lack of resources under the CLLB Team.

### C. Other Matters Pertinent To Counsel's Ability To Fairly And Adequately Represent The Class The Court May Consider Under Rule 23(g)(1)(B)

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" For example, in *In re Equifax, Inc., Customer Data Security Breach Litig.*, Chief Judge Thrash requested submissions addressing the leadership applicants' ability to work cooperatively with others. *See* No. 1:17-cv-05010, ECF No. 22 (N.D. Ga. Dec. 8, 2017). Additionally, the *MDL Best Practices* explains the

---

[7] *See* https://carlsonlynch.com/attorney-profiles/; https://www.lmblaw.com/legal-team/

importance of effective leadership skills[8] and further provides, "[t]he judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds."[9]

### 1. The CLLB Team has a Proven Track Record of Working Cooperatively with Co-counsel, Opposing Counsel, and the Court

Carlson Lynch and Leeds Brown have a proven track record of working cooperatively with as co-counsel, opposing counsel and the court. Both firms have worked together on numerous occasions and have demonstrated they can work cohesively and effectively with each other and other law firms in complex litigation matters such as this. *See, e.g., Okolo v. Maryville Univ. of St. Louis*, No. 20SL-CC02850 (Miss. Cir. Ct., 21st Dist, Feb. 9, 2021) (appointing Leeds Brown and Carlson Lynch as interim co-lead counsel on behalf of a proposed class of students asserting breach of contract claims); *Felix v. Roosevelt Univ.*, No. 20-cv-4793 (N.D. Ill. Nov. 12, 2020) (appointing Leeds Brown as interim co-lead class counsel with Edward Ciolko of Carlson Lynch as co-counsel and liaison). Indeed, Carlson Lynch's track record of successfully managing large class cases and its history of working collaboratively with co-counsel is illustrated by the large number of MDL and other class cases listed above and in the Carlson Lynch firm resume[10] in which Carlson Lynch worked successfully with larger groups of plaintiffs' counsel, either while leading or serving in support roles.

---

[8] *See* Bolch Judicial Institute, Duke Law School, *MDL Best Practices*, p. 42-43 (2d ed. Sept. 2018), https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf (last accessed May 25, 2021).

[9] *Id.* at 38(citing MANUAL ON COMPLEX LITIGATION § 10.22 (4th ed. 2004)).

[10] *See* Lynch Decl., Ex. A.

Many of the lawyers who practice national plaintiff-side consumer litigation have formed healthy and productive working relationships with one another. Carlson Lynch proudly submits it is part of that group, and is fully capable of working with, and/or coordinating the work of, any of the lawyers in this case and will continue to work cooperatively with defense counsel, Jenner & Block LLP, in order to secure the best possible outcome for the Class.

### 2.      The CLLB Team Consists of Highly Effective Leaders

Gary F. Lynch alone has over 30 years of legal experience, the majority of which has been spent managing complex class actions. He honed his managerial skills at Carlson Lynch where he acts as both a manager of the firm's attorneys as well as a consummate litigator. All of these skills transitioned seamlessly to managing large and complex class cases (and MDLs) as evidenced by his and Carlson Lynch's numerous leadership appointments by courts around the nation. *See* Lynch Decl., Ex. A.[11]

One of the specific areas that Mr. Lynch has learned to effectively manage is plaintiffs' counsel fees in large class cases like this one. He believes it is incumbent upon co-lead counsel, in the first instance, to oversee and control fees and expenses through active management of both the work that is performed, as well as how that work is billed. To maintain reasonable fees and expenses here, they have agreed to implement two strategies: First, Co-Lead Counsel must expressly approve all work *before* it is performed. This avoids duplication of effort. Second,

---

[11] Other Carlson Lynch attorneys under Mr. Lynch's management have been appointed to leadership positions in numerous other MDL and consumer class cases. *See, e.g., In re Generali Covid-19 Travel Insurance Litig.*, MDL No. 2968 (S.D.N.Y) (co-lead counsel in consumer insurance coverage dispute); *In re: Erie Cvoid-19 Business Interruption Protection Ins. Litig.*, MDL No. 2969 (W.D. Pa.) (co-lead counsel for business policyholders in coverage dispute); *In re Robinhood Outage Litig.*, No. 20-cv-1626 (N.D. Cal.) (executive committee in consolidated actions regarding Robinhood trading app outages in March 2020); *Mednick v. Precor, Inc.*, No. 1:14-cv-03624 (N.D. Ill.) (products liability/ false advertising; Co-Lead Counsel and won a contested certification of a multi-state consumer class); *Bishop et al. v. Behr Process Corp. et al.*, No. 1:17-cv-04464 (N.D. Ill.) (national products liability class action; Co-Lead Counsel and obtained favorable settlement); *In re Solara Medical Supplies Data Breach Litig.*, No. 3:19-cv-02284 (S.D. Cal.) (consumer data breach, steering committee).

attorneys performing work will be directed to submit their time to Co-Lead Counsel periodically for review, to ensure that it was commensurate with the needs of the case and the overall tasks being performed.

Finally, Carlson Lynch with co-counsel, Leeds Brown, has filed pleadings of high quality in this case, has vigorously prosecuted this case, and are extremely capable counsel. The CLLB Team is committed to a leadership approach that is inclusive of all perspectives and will apportion work equitably among the various plaintiffs' lawyers in the case with the twin goals of capitalizing on their respective expertise and eliminating unnecessary duplicative effort, while maintaining responsibility for the quality of all documents filed with the Court or served on Defendant. The principal objective of this approach is to benefit all of the plaintiffs in the various member cases, not to benefit the counsel appointed to leadership positions. *See MDL Best Practices*, p. 52 ("Lead counsel has a duty to perform functions affecting all plaintiffs in an MDL in a fair, honest, competent, reasonable, and responsible way.").

The CLLB Team remains mindful that a coalition should not minimize input from or assignments to other attorneys and should avoid "wield[ing] power in a way that is not most favorable to the plaintiffs as a whole or to other plaintiffs' lawyers." *MDL Best Practices*, p. 44 (commentary on Best Practice 4C(iii)). We recognize that other able attorneys are applying for leadership positions and that this litigation involves plaintiff groups that may have differing perspectives. For that reason, the CLLB Team endorses the recommendation and practice of "encourag[ing] the leadership team to provide work for the common benefit of the cases to other attorneys who are qualified and available to perform the work, unless doing so would create inefficiencies in the prosecution of the claims." *Id.* at 48 (Best Practice 4H). Accordingly, the CLLB Team takes seriously his obligation "to act fairly, efficiently, and economically in the

interests of all parties and parties' counsel" and will do so with the utmost of care and professionalism as a leader in this matter. MANUAL ON COMPLEX LITIGATION § 10.22.

## IV.   <u>CONCLUSION</u>

For all the reasons set forth above, the undersigned counsel respectfully requests that this Court appoint as Co-Lead Counsel Gary F. Lynch of Carlson Lynch and Jeffrey K. Brown of Leeds Brown and Judge John G. Marks (Ret.) as Liaison Counsel.

Dated: May 27, 2021

**CARLSON LYNCH, LLP**

By:   */s/ Gary F. Lynch*

Gary F. Lynch
1133 Penn Avenue, Floor 5
Pittsburgh, PA 15222
Tel.     412-322-9243
Fax:    412-231-0246
glynch@carlsonlynch.com

**CARLSON LYNCH, LLP**
Edwin J. Kilpela
1133 Penn Ave., 5th Floor
Pittsburgh, PA 15222
Tel.:    412-322-9243
Fax:    412-231-0246
ekilpela@carlsonlynch.com

**LEEDS BROWN LAW, P.C.**
Jeffrey K. Brown
Michael A. Tompkins
Brett R. Cohen
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel:      516-873-9550
jbrownl@leedsbrownlaw.com
mtompkins@leedsbrownlaw.com
bcohen@leedsbrownlaw.com

*Attorneys for Plaintiffs*
*Lisa Gray and Heather Age*