UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION | Case No. 2:21-cv-00678-JS-AYS<br><br>Judge: Hon. Joanna Seybert<br>Magistrate: Hon. Anne Y. Shields |

**THE BREDBERG PLAINTIFFS' MOTION FOR APPOINTMENT OF
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
TO THE PLAINTIFFS' STEERING COMMITTEE
AND MEMORANDUM IN SUPPORT**

**I.      INTRODUCTION**

In response to This Court's Order of May 13, 2021, Plaintiffs Sally Bredberg and Rebecca Bromberg file this motion, pursuant to Fed. R. Civ. P. 23(g), requesting that Wolf Haldenstein Adler Freeman & Herz, LLP be appointed to the Plaintiffs' Steering Committee, or, in the alternative, be appointed interim lead counsel for a separate track of purchasers within the larger consolidated case, specifically on behalf of purchasers of Earth's Best Rice Cereal. Additionally, the Bredberg Plaintiffs support the application of Kohn Swift & Graf, P.C. for appointment as lead counsel.

The Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Designating interim counsel "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." MANUAL FOR COMPLEX LITIG. § 21.11 (4th ed. 2004).

1

There are currently thirteen (13) actions consolidated as part of this consolidated action. Aside from the *Bredberg* Action, none of the actions focus specifically on the issue of inorganic arsenic in rice cereal, an issue which the FDA has specifically chosen to regulate. This is an issue separate and distinct from the broader issues of levels of heavy metals in baby food generally given that the FDA has chosen this one particular metal to regulate in this one particular type of food. Counsel in the *Bredberg* Action has undertaken extensive research into this issue and, therefore, is well qualified to litigate this issue in particular.

## II. ARGUMENT

### A. Legal Standard for Leadership Appointments

Rule 23(g)(3) provides that a court "may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). When appointing class counsel, a court must consider the following factors:

(i) the work counsel has done in identifying or investigating potential claims in the action;

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

(iii) counsel's knowledge of the applicable law; and

(iv) the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A). *See also Potzner v. Tommie Copper Inc.*, 2016 WL 304746, at *1 (S.D.N.Y. Jan. 4, 2016).

### B. Separating Inorganic Arsenic Claims in Earth's Best Rice Cereal Is Clearly Warranted

The *Bredberg* Action focuses on the narrow issue of unacceptably high levels of inorganic arsenic in rice cereal, the only complaint that is part of the consolidated action to do so. *See, e.g, Bredberg* Compl. ¶¶ 37-38 (class definition).

The Bredberg Plaintiffs allege that Hain Celestial violates FDA regulations, and thus state consumer protection and common law, by willfully omitting this violation from their advertising. *See, e.g., Bredberg* Compl. ¶¶48-49, 58-60.

Inorganic arsenic in rice cereal is the only issue in the consolidated action that is specifically regulated by the FDA.[1] In their Complaint, the Bredberg Plaintiffs focus specifically on the issue of why inorganic arsenic levels in particular are actionable and how those levels violate FDA regulations and thus state consumer protection law. *See Bredberg* Compl. ¶¶ 12-36. As a result, it is ripe for separate treatment within the consolidated action which may require separate briefing and separate discovery.

No other complaint that is part of this consolidated action specifically focuses on this key issue, preferring to look more broadly at the issue of heavy metals in all Hain Celestial baby foods. In fact, every other action gives minimal attention to this issue as part of their factual allegations. (Compare to *Stewart* Compl. ¶¶ 22, 31-22; *Mays* Compl. ¶¶ 25(a), 30-32; *Boyd* Compl. ¶¶ 43, 62, 64-67; *McKeon* Compl. ¶¶ 40-44; *Willoughby* Compl. ¶¶ 40-44; *Baumgarten* Compl. ¶ 14(a); *Zorrilla* Compl. ¶¶ 30-34; *Lopez-Sanchez* Compl. ¶¶ 15-23; *Baccari* Compl. ¶¶ 25-26; *Hanson* Compl. ¶¶ 29-31; *Henry* Compl. ¶¶ 41-45; *Galloway* Compl. ¶¶ 25(a), 30-34).

Simply put, levels of lead, cadmium, mercury, or other heavy metals (including levels of inorganic arsenic in baby foods other than rice cereal) are not subject to FDA minimum levels and thus may face separate claims and defenses from Defendant Hain Celestial Group, Inc. as well as different discovery requests and class certification requirements.

---

[1] *See* Staff Report, U.S. House of Representatives Subcommittee on Economic and Consumer Policy, "Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury," p. 50, available at https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf.  (last accessed May 27, 2021).

Having extensively researched and prepared for this particular issue, the Bredberg Plaintiffs submit that their counsel is best positioned to continue to litigate this issue, whether from within a Plaintiff's Steering Committee or as a separate track within the broader consolidated action.

C. **Wolf Haldenstein Has Extensive Experience in Consumer Protection and Similar Class Actions**

Wolf Haldenstein, founded in 1888, is one of the oldest continuous law firms in New York. For more than 40 years, Wolf Haldenstein's practice has included a strong class action focus, and every attorney at the firm spends time working within the class action space. A copy of Wolf Haldenstein's firm resume is attached as Exhibit A. Wolf Haldenstein's efforts in this litigation will be overseen by two attorneys who oversee many of the firm's sales practices and marketing cases: Matthew Guiney and Carl Malmstrom.

Matthew M. Guiney is a partner in Wolf Haldenstein's New York office. Mr. Guiney has litigated numerous consumer class actions, and has litigated at all levels of state and federal courts, including participation in two cases at the United States Supreme Court during the past three years.

Carl Malmstrom heads Wolf Haldenstein's Chicago office. Mr. Malmstrom joined Wolf Haldenstein in 2008 and has 13 years of experience litigating class actions such as consumer protection, antitrust, data privacy and security, derivative, and securities cases. Mr. Malmstrom has played a significant role in litigating numerous consumer protection actions, including actions involving federal preemption, such as *In re Edgewell Personal Care Co.* Litigation, Case No. 1:16-cv-4905 (E.D.N.Y.) (involving allegations of inaccurate sunscreen SPF); *Carroll et al. v. S. C. Johnson & Son, Inc. et al.*, Case No. 1:17-cv-5828 (N.D. Ill.)(also involving allegations of inaccurate sunscreen SPF); actions involving economic loss in children's products, such as *In re: Fisher-Price Rock 'n' Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*

4

Case No. 1:19-md-2903 (W.D.N.Y.); In re: Evenflo Marketing, Sales Practices, and Products Liability Litigation, Case No. 1:20-md-2938 (D. Mass.); *Carder et al. v. Graco Children's Products, Inc. et al., Case No. 2:20-cv-137* (N.D. Ga.) and numerous other class actions, including *In re: Keurig Green Mountain Single-Serve Coffee Antitrust Litigation*, Case No. 1:14-md-2542 (S.D.N.Y.) (settlement pending; consumer antitrust class action involving monopolization claims involving Keurig brewers and K-cups); *Kjessler et al. v. Zaappaaz, Inc. et al.*, Case No. 4:18-cv-430 (S.D. Tex.) (settled; consumer antitrust class action alleging price-fixing in the market for custom wristbands, lanyards and buttons); and *In re: Packaged Seafood Products Antitrust Litigation*, Case No. 3:15-md-2670 (ongoing; consumer antitrust class action alleging price-fixing in the canned tuna industry).

### 1. Wolf Haldenstein Has Demonstrated a Willingness and Availability to Commit to a Time-Consuming Project.

The work already conducted in this case and demonstrates Wolf Haldenstein's willingness and availability to commit to a time-consuming project. In the months since the initial cases were filed, they have done work that will allow them to move the case forward on behalf of the class once leadership appointments are made.

Wolf Haldenstein is committed to devoting substantial resources to vigorously litigate and self-fund this case, just as they have done in countless prior class actions that they have successfully litigated.

### 2. Wolf Haldenstein Has a History of Working Cooperatively with Other Counsel in These Proceedings.

Wolf Haldenstein has a long history of working cooperatively with others, including with other counsel in these proceedings. While Wolf Haldenstein supports Kohn, Swift & Graf, P.C. in their motion for appointment as lead counsel, Wolf Haldenstein has worked professionally and cooperatively with the following firms in large consolidated or MDL class actions: Calcaterra

5

Pollack; George Gesten McDonald; Levin Sedran & Berman; Mason Lietz & Klinger; Barrack Rodos & Bacine; Gustafson Gluek; The Sultzer Law Group; Reese LLP; Lite DePalma Greenberg; Lockridge Grindal Nauen; CaseyGerry; Kantrowitz Goldhamer & Graifman; and Sheehan & Associates. Wolf Haldenstein will welcome the opportunity to work with any of the above firms – or any firm that This Court so chooses to lead this litigation.

### 3. Wolf Haldenstein Has the Necessary Resources to Devote to the Litigation

As noted above, Wolf Haldenstein is willing and able to devote the necessary resources to this case. Wolf Haldenstein has three offices: New York, San Diego, and Chicago, comprising nineteen (19) attorneys plus support staff. Wolf Haldenstein has more than forty years of class action experience, and has litigated class actions all over the country. Wolf Haldenstein also has adequate financial resources to litigate this case to a successful completion, including through trial and appeal if necessary, and has developed unique insights into the staffing and funding needed to litigate large class actions like this one.

### III. CONCLUSION

While Counsel for the *Bredberg* Action does not seek overall leadership of the consolidated action, it supports Kohn, Swift & Graf, P.C. in their motion for interim lead counsel. Instead, Wolf Haldenstein respectfully requests to either be placed on the Plaintiffs' Steering Committee or put on a separate track within the consolidated action with authority to litigate the claims specifically subject to FDA regulation, namely those of the levels of inorganic arsenic in rice cereal. Wolf Haldenstein has the resources and willingness to litigate this action vigorously, and will do so in a spirit of efficiency and cooperation with other firms.

Dated: May 27, 2021                                          Respectfully submitted,

                                                          */s/ Matthew M. Guiney*
                                                         **WOLF HALDENSTEIN ADLER**

**FREEMAN & HERZ LLP**
Matthew M. Guiney
270 Madison Ave., 9th Floor
New York, NY 10016
Tel: (212) 545-4600
E-mail: guiney@whafh.com

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
Carl V. Malmstrom (*pro hac vice forthcoming*)
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
E-mail: malmstrom@whafh.com