**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION**<br><br>**This Document Relates To:**<br>**ALL ACTIONS** | **Case No.: 2:21-CV-0678-JS-AYS** |

**MEMORANDUM OF LAW IN SUPPORT OF THE MAYS PLAINTIFFS' MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL, INTERIM LIAISON COUNSEL, AND EXECUTIVE COMMITTEE PURSUANT TO FED. R. CIV. P. 23(g)(3)**

Melissa R. Emert
**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel.: (845) 356-2570
Fax: (845) 356-4335
memert@kgglaw.com

Michael R. Reese
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesllp.com

[Additional Counsel for Plaintiffs on Signature Page]

**TABLE OF CONTENTS**

INTRODUCTION……………………………………………………………………... 1

I.    BACKGROUND…………………………………………………………………… 3

II.   APPLICABLE LAW……………………………………………………………... 4

III.  ARGUMENT……………………………………………………………………...6

    A.  The Mays Group Have Performed Substantial Work
    Investigating and Litigating the Claims…………………………………………...6

    B.  The Mays Group Have Significant Experience Litigating Consumer
    Defect Class Actions and Extensive Knowledge of Applicable Law…………….8

        1.  Interim Co-Lead Counsel………………………………………………….8

            a.  Melissa R. Emert (Kantrowitz, Goldhamer & Graifman, P.C.)…...9

            b.  Michael R. Reese (Reese LLP)……………...……………...12

        2.  Interim Liaison Counsel……………………………………………….13

        3.  Interim Executive Committee…………………………………………… 15

            a.  Gayle M. Blatt (Casey Gerry Schenk Francavilla Blatt &
            Penfield LLP)……………………………………………………15

            b.  Gary E. Mason (Mason Lietz & Klinger LLP)…………………17

            c.  Charles Schaffer (Levin Sedran & Berman LLP)………...…...18

            d.  Jeffrey Goldenberg (Goldenberg Schneider, L.P.A.)…………… 20

            e.  Jonathan Shub (Shub Law Firm LLC)…………………………...22

    C.  The Mays Group Have Committed, And Will Continue to Commit, The
    Resources Necessary to Represent The Class…………………………………23

    D.  Other Factors Support Designating Proposed Interim Class Counsel…………... 23

i

IV.   CONCLUSION………………………………………………………………………...25

## **TABLE OF AUTHORITIES**

Cases

*Barton v. Pret A Manger (USA) Ltd.*,
    2021 U.S. Dist. LEXIS 81336 (S.D.N.Y. Apr. 27, 2021) ...................................................... 14

*Bernstein v. Cengage Learning, Inc.*,
    2019 WL 6324276 (S.D.N.Y. 2019) ......................................................................................... 5

*Coe v. General Mills, Inc.*,
    2016 WL 4208287 (N.D. Cal. Aug. 10, 2016) ......................................................................... 13

*Delre v. Perry*,
    288 F.R.D. 241 (E.D.N.Y. 2012) .............................................................................................. 5

*Hamlen v. Gateway Energy Servs. Corp.*,
    2017 WL 892399 [S.D.N.Y. Mar. 6, 2017] ....................................................................... 22, 24
.

*Hasemann v. Gerber Products Co.*,
    331 F.R.D. 239 (E.D.N.Y. 2019) ......................................................................................... 3, 13

*In re Amla Litig.*,
    320 F.R.D. 120 (S.D.N.Y. 2017) .............................................................................................. 5

*In re Parking Meters Antitrust Litig.*,
    310 F.R.D. 54 (E.D.N.Y. 2015) ............................................................................................... 5

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*,
    2016 WL 8138988 (E.D.N.Y. 2016) ........................................................................................ 4

*In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*,
    335 F.R.D. 1 (E.D.N.Y. 2020) ............................................................................................. 5, 8

*Johnson & Son, Inc.*,
    2018 U.S. Dist. LEXIS 106680 (S.D.N.Y. June 26, 2008) .................................................... 14

*Luib v. Henkel Consumer Goods, Inc.*,
    2018 WL 718376 (E.D.N.Y. Feb. 5, 2018) ........................................................................ 13, 14

*Mantikas v. Kellogg Co.*,
    910 F.3d 633 (2d Cir. 2018) ................................................................................................... 13

*Murphy v. Best Buy Stores L.P.*,
    690 Fed. Appx. 553 (9th Cir. 2017) .................................................................................. 13, 14

iii

*Rapoport-Hecht, Tziva et al. v. Seventh Generation, Inc.*,
    2017 U.S. Dist. LEXIS 218781 (S.D.N.Y Apr. 28, 2017) ...................................................... 14

*Shalikar v. Asahi Beer U.S.A., Inc.*,
    2017 WL 9362139 (C.D. Cal. Oct. 16, 2017) ......................................................... 13

*Silvis v. Ambit Energy L.P.*,
    674 F App'x 164 .......................................................................................... 22

*Szymczak v. Nissan N. Am., Inc.*,
    2012 WL 1877306 (S.D.N.Y. May 15, 2012) ......................................................... 1

*Tri-State Water Treatment, Inc. v. Baue*,
    845 F.3d 350 (7th Cir. 2017 ............................................................................... 13

*Young et al. v. Nationwide Mut. Ins. Co*,
    693 F.3d 532 (6th Cir. 2012) ......................................................................... 18, 21

Statutes

28 U.S.C. § 1407 ....................................................................................................... 8

Rules

Fed. R. Civ. P. 23(g) .................................................................................................. 4

Fed. R. Civ. P. 23(g)(1)(B) ......................................................................................... 5

Fed. R. Civ. P. 23(g)(1)(C) ....................................................................................... 23

FED. R. CIV. P. 23(g)(3) ....................................................................................... 1, 4, 7

Other Authorities

MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ........................................... 1

## INTRODUCTION

Federal Rule of Civil Procedure 23(g)(3) allows, and indeed, encourages the appointment of interim counsel "to act on behalf of a putative class prior to the certification of a case as a class action." *Szymczak v. Nissan N. Am., Inc.*, No. 10 CV 7493 VB, 2012 WL 1877306, at *1 (S.D.N.Y. May 15, 2012). "Designation of lead counsel now ensures the protection of the interests of the class in making and responding to motions, conducting discovery, and negotiating possible settlements." *Id.* (citing MANUAL FOR COMPLEX LITIGATION § 21.11 (4th ed. 2004) ("*MCL*"). "Few decisions by the court in complex litigation are as difficult and sensitive as the appointment of designated counsel."   *Id.* at § 10.224. Here, numerous capable counsel seek leadership positions.  The question for the Court is which attorneys or group of attorneys are best qualified, can work cooperatively with others, and can commit the necessary time and resources to prosecute the claims effectively and efficiently on behalf of all class members in the consolidated case pending against Defendant Hain Celestial Group, Inc. ("Defendant" or "Hain").

Plaintiffs Alyssa Mays, Shanely Zorrilla, Lynda Galloway and Leiba Baumgarten respectfully submit this memorandum of law in support of their motion requesting that the Court designate (i) Michael R. Reese (Reese LLP) and Melissa R. Emert (Kantrowitz, Goldhamer & Graifman, P.C.) as Interim Co-Lead Counsel;  (ii) Jason P. Sultzer (The Sultzer Law Group P.C.) as Interim Liaison Counsel; and (iii) Gayle M. Blatt (Casey Gerry Schenk Francavilla Blatt & Penfield LLP), Charles E. Schaffer (Levin Sedran & Berman LLP), Gary E. Mason (Mason Lietz & Klinger LLP), Jeffrey S. Goldenberg (Goldenberg Schneider, L.P.A.), and Jonathan Shub (Shub Law Firm LLC), as Interim Executive Committee members (collectively, "the Mays Group").

The Mays Group amply meet all of the requirements for appointment by the Court.  These

1

attorneys have successfully litigated some of the largest complex and class action cases in the nation involving defective products and false advertising claims on behalf of consumers and the public, including: *In re Apple Inc. Device Performance Litigation*, MDL No. 2827 (N.D. Cal. $310 million); *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.) ($1 billion); *In re: Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) ($6.75 billion); *In re: Vioxx Product Liability Litigation*, MDL No. 1657 (E.D. La.) ($4.85 billion); *State of Ohio, ex rel., Betty D. Montgomery v. Philip Morris, Inc. et al*., No. 97-CVH05-5114, (Ohio Ct. Com. Pl. Franklin) ($9.86 billion settlement).

In addition to their significant skills and experience, the Mays Group reflects the diversity of the bar and the plaintiff classes—from the standpoint of age, race, gender, experience and geographic location—following the guidance set forth in *Bolch Judicial Institute, Duke Law School, Guidelines and Best Practices for Large and Mass-Tort MDLs* (2d ed. 2018) ("*Duke Guideline*"), including *Duke Guideline* Best Practices 3C, which states that the "judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds."[1]

Plaintiffs propose that Interim Co-Lead Counsel, in consultation with Interim Liaison Counsel and the Executive Committee, shall have responsibility for strategic decisions associated with the prosecution of these consolidated cases (and any subsequently filed consolidated case). As described below, the Mays Group commits itself to prosecute this case efficiently and in the best interests of the putative class.  Appointing this group to lead this litigation is also supported by the following additional factors:

---

[1] *See also* David Rock and Heidi Grant, *Why Diverse Teams are Smarter*, Harv. Bus. Rev. (Nov. 4, 2016), available at https://hbr.org/2016/11/why-diverse-teams-are-smarter.

- Counsel in the Mays Group have performed substantial work investigating and litigating the claims at issue in this case as more fully described below;

- Counsel in the Mays Group have the experience, knowledge, and resources to continue to prosecute this action in the putative class' best interests, including substantial experience litigating consumer class actions;

- Counsel in the Mays Group have extensive experience litigating food related class actions in general, and baby food products, specifically, and previously have successfully certified a baby food related class action in this District. *See Hasemann v. Gerber Products Co.*, 331 F.R.D. 239 (E.D.N.Y. 2019) (certifying classes of purchasers of baby food products);

- Counsel in the Mays Group have excellent working relationships with each other as well as many of the firms that have submitted applications for leadership in this case. The attorneys comprising the Mays Group pride themselves on forming productive and collegial relationships with their co-counsel and believe that such cooperative working relationships are necessary for effective representation and a successful outcome for the consumers they represent.

## I.    <u>BACKGROUND</u>

Plaintiffs' claims against Defendant Hain Celestial Group, Inc. ("Defendant" or "Hain") arise from the sale of Hain's baby food products under the brand name Earth's Best Organic, that Plaintiffs allege contain toxic heavy metals, including inorganic arsenic, lead, cadmium and mercury, each of which are proven to be dangerous to human health, particularly to babies and children. Plaintiffs allege that Hain misleadingly represents that its baby food products contain "the best ingredients…. and ultimately the best food for your children" and that Hain "…ensures a high degree of attention to both ingredient and product quality and safety – from procuring,

3

handling, storing, blending, and packaging through distributing Earth's Best® products to our consumer." *See Mays v. Hain Celestial Group, Inc.,* No. 21-CV-0805 at p.2; *Zorrilla v. Hain Celestial Group, Inc.,* No. 21-CV-1062 at p. 2.  Hain's baby food labels fail to list heavy metals as an ingredient and fail to warn consumers of the potential presence of heavy metals in its baby food products. On May 13, 2021, this Court entered an Order consolidating sixteen proposed class actions pending in the United States District Court for the Eastern District of New York against Defendant ("Consolidation Order" at ECF Doc. 47) and ordered the filing of motions to appoint interim lead counsel pursuant to Federal Rule of Civil Procedure 23(g) within fourteen (14) days (*Id.*, ¶ 8).[2]  Plaintiffs submit this leadership structure pursuant to this Court's Consolidation Order.

## II.   **APPLICABLE LAW**

Rule 23(g)(3) provides that the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities[.]"MCL, Supra § 21.11;   *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation,* 2016 WL 8138988 at *2 (E.D.N.Y.

---

[2] The cases consolidated were:  *Stewart et al. v. Hain Celestial Group, Inc.,* No. 21-CV-0678 ("*Stewart*"); *Bredberg et al. v. Hain Celestial Group, Inc.,* No. 21-CV-0758 ("*Bredberg*"); *Boyd et al. v. Hain Celestial Group, Inc.,* No. 21-CV-0884 ("*Boyd*"); *Galloway v. Hain Celestial Group, Inc.,* No. 21-CV-1067 ("*Galloway*"); *Baccari et al. v. Hain Celestial Group, Inc.,* No. 21-CV-1076 ("*Baccari*"); *Zorrilla. v. Hain Celestial Group, Inc.,* No. 21-CV-1062 ("*Zorrilla*"); *Lopez-Sanchez v. Hain Celestial Group, Inc.,* No. 21-CV-1045 ("*Lopez-Sanchez*"); *Albano v. Hain Celestial Group, Inc.,* No. 21-CV-1118 ("*Albano*"); *Hanson v. Hain Celestial Group, Inc.,* No. 21-CV-1269 ("*Hanson*"); *Lawrence v. Hain Celestial Group, Inc.,* No. 21-CV-1287 ("*Lawrence*"); *Walls v. Beech Nut Nutrition Company, et al*., No. 21-CV-0870 ("*Walls*"); *Albano v. Hain Celestial Group, Inc.,* No. 21-CV-1118 ("*Albano*"); *Mays v. Hain Celestial Group, Inc.,* No. 21-CV-0805 ("*Mays*"); *McKeon et al. v. Hain Celestial Group, d/b/a Earth's Best Organics,* No. 21-CV-0938 ("*McKeon*"); *Baumgarten v. Hain Celestial Group, Inc.,* No. 21-CV-0944 ("*Baumgarten*"); and *Henry v. Hain Celestial Group, Inc.,* No. 21-CV-1293 ("*Henry*").  *See Consolidation Order* [Doc. 47].

2016) (similar);  *Delre v. Perry, et al.,*  288 F.R.D. 241, 51 (E.D.N.Y. 2012) (similar); *Bernstein v. Cengage Learning, Inc.*, 2019 WL 6324276, at *2 (S.D.N.Y. 2019) ("Establishing interim lead counsel in this action will minimize the risk of duplicative filings and allow the Court to consolidate related filings more efficiently."); *In re Parking Meters Antitrust Litig.*, 310 F.R.D. 54, 58 (E.D.N.Y. 2015) (appointing interim lead counsel).  Indeed, the Advisory Committee Notes to Rule 23 recognize "that in many cases the need to progress toward the certification determination may <u>require</u> designation of interim counsel."   Fed. R. Civ. P. 23, Advisory Committee Notes (2003) (emphasis added).

When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A) of the Federal Rules of Civil Procedure. *See In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litig.*, 335 F.R.D. 1,40 (E.D.N.Y. 2020); *Delre v. Perry, et al.,* 288 F.R.D. at 51 (similar); *In re Amla Litig.*, 320 F.R.D. 120, 121 (S.D.N.Y. 2017) (similar). Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider:

> (i)   the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii)   counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii)   counsel's knowledge of the applicable law; and
>
> (iv)   the resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A). The Court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B). One of the other factors Courts often consider is the ability of counsel to work professionally, civilly, and cooperatively with others. *MCL, supra* § 21.22.

## III.    <u>ARGUMENT</u>

The Mays Group satisfy all requirements for appointment by the Court.  The attorneys have successfully litigated scores of class actions involving defective products and false advertising claims on behalf of millions of consumers, including some of the largest and most complex nationwide cases.  Melissa R. Emert and Michael R. Reese, as well as proposed Interim Liaison Counsel and the members of the proposed Executive Committee, have the necessary resources to prosecute the litigation in a timely manner and are already working, and will continue to work, cooperatively to manage the litigation efficiently and effectively, as they have repeatedly done in the past.  Because the Mays Group have the case management and complex litigation skills, knowledge of the factual and legal issues, excellent legal capabilities, and extensive resources needed to efficiently prosecute this action, Plaintiffs respectfully request the Court grant this motion and appoint the Mays Group to lead this litigation.

### A.  The Mays Group Have Performed Substantial Work Investigating and Litigating the Claims

The Mays Group began investigating these claims approximately four (4) months ago and collectively have invested hundreds of hours on this litigation.  The substantial work performed to date includes:

- Investigation of the presence of heavy metals in the baby food including testing of the baby food products;
- Interviewing hundreds of consumers injured by Defendant's baby food products;
- Researching the legal claims;
- Drafting the initial pleadings;
- Identifying,  consulting with and retaining experts in the relevant fields including but not limited to epidemiology, pediatric toxicology, testing of foods for levels of heavy metals, regulations and standards for heavy metals and other toxic substances in foods; marketing and labeling of food products including consumer surveys and in the food industry regarding the areas of  regulatory compliance, health and wellness, food safety, quality systems management, supply chain, product development, and solutions for management of quality and ingredients in products;

6

- Coordinating the litigation schedule with defense counsel; and
- Analyzing topics for discovery and drafting discovery requests.

Melissa R. Emert and Michael R. Reese have efficiently and effectively organized the Mays Group's efforts during this period.  Work assignments have been, and continue to be, allocated fairly and in a manner to take advantage of the strengths of each firm and to avoid repetition.  As such, the Mays Group now operates as a cohesive, well-organized group. Accordingly, the substantial work, investment of time and funds, and investigation to date described above weigh in favor of appointing Interim Counsel proposed herein pursuant to Rule 23(g)(3).  While the Mays Group intend to litigate the case zealously, they are fully aware of the Court's expectation that they prosecute the case efficiently and without duplication.    Attached for the Court's consideration is a proposed order appointing leadership and outlining the roles of proposed Interim Co-Lead Counsel, Liaison Counsel, and the Executive Committee submitted concurrently herewith.  The proposed order is based on guidance and language from a variety of sources, including the Manual on Complex Litigation, the *Duke Guidelines*, and orders entered in other cases. Proposed Interim Class Counsel have structured the Executive Committee so that each attorney serving the Committee will focus their efforts on one or more of the following areas: (i) law and motion briefing, (ii) class certification; (iii) defendants and third party discovery; (iv) plaintiff discovery; and (iv) expert discovery. This structure will eliminate duplication of effort and ensure that each of these critical areas receives focused attention.

The Mays Group understands that many other able attorneys will apply for leadership positions.  Recognizing this, the Mays Group Executive Committee currently consists of five Members but could be expanded to include additional Members selected by the Court.

Respectfully, the Mays Group is best suited to provide the cooperative, capable leadership so important to effectively prosecute these claims on behalf of all plaintiffs and the putative class

7

and to ensure the efficiencies contemplated by 28 U.S.C. § 1407, Federal Rule of Civil Procedure 1, and the *Pillars of Professionalism* adopted by this Court.  We appreciate the opportunity to apprise the Court of our distinctions, commitment, and qualifications.

### B. The Mays Group Have Significant Experience Litigating Consumer Defect Class Actions and Extensive Knowledge of Applicable Law

The *MCL* describes a leadership structure that includes lead counsel, liaison counsel, and an executive committee.  *See MCL*, *supra*, § 10.221.  The Mays Group proposes two attorneys to act as Co-Lead Counsel for plaintiffs and the putative classes, with a Liaison to the Court.  The Mays Group also asks that the Court create a small Executive Committee, who will advise Co-Lead Counsel and perform work consistent with their expertise and talents as directed by Co-Lead Counsel.

Consistent with the guidance provided in the *Duke Guidelines*, the Mays Group assessed the unique needs of this litigation and have proposed a narrowly tailored structure to meet the specific needs of this MDL.  *Id.* at 29 Best Practice 2A ("The transferee judge should assess the needs of the litigation in establishing an appropriate leadership structure."). The Mays Group has purposely limited the size of the Executive Committee both to reflect the needs of this case as well as to leave room for the Court to select additional Executive Committee members as it deems appropriate.

#### 1. <u>Interim Co-Lead Counsel</u>

Lead counsel are charged with formulating (in consultation with other counsel) and presenting positions on substantive and procedural issues during the litigation. *MCL*, *supra*, § 21.221. "Typically they act for the group—either personally or by coordinating the efforts of others—in presenting written and oral arguments and suggestions to the court, working with opposing counsel in developing and implementing a litigation plan, initiating and organizing

discovery requests and responses, conducting the principal examination of deponents, employing experts, arranging for support services, and seeing that schedules are met." *Id.*

Plaintiffs propose that Melissa R. Emert and Michael R. Reese be designated Interim Co-Lead Counsel.

### a. *Melissa R. Emert (Kantrowitz, Goldhamer & Graifman, P.C.)*

Melissa R. Emert, of Kantrowitz Goldhamer & Graifman, P.C. ("KGG") is a partner and co-chair of KGG's consumer class action practice and has been representing aggrieved consumers and investors for more than 30 years. Ms. Emert is a skilled litigator who has effectively marshaled relationships and the resources of dozens of firms in managing projects in complex cases. Ms. Emert's practice specializes in consumer class actions with an emphasis on product defect and data breach cases. *See*, Declaration of Melissa R. Emert in Support of Appointment of Interim Co-Lead Counsel submitted concurrently herewith ("Emert Decl."), ¶2. Ms. Emert has litigated consumer cases throughout the United States and holds prominent positions in many large MDL and non-MDL consumer class actions. *Id.* As an endorsement of her expertise, substantial experience, and successful results, Ms. Emert was recently named as one of two women attorneys in the country who received the highest number of appointments to leadership structures in nationwide MDLs.[3] *Id.* Emert Decl. at ¶2.[4]

Some of Ms. Emert's appointments and involvement in consumer class actions cases include:

- Court-appointed Co-Lead Counsel in *Kellie Carder, et al., v. Graco Children's Products, Inc.,* 2:20-cv-00137 (N.D. Ga. 2020) (alleging violations of state and consumer protection

---

[3] *See*, "*There Are New Faces Leading MDLs. And They Aren't All Men*" Law.com, July 7, 2020. https://www.law.com/2020/07/06/there-are-new-faces-leading-mdls-and-they-arent-allmen/?printer-friendly#.

[4] Attached to Emert Decl. as Exhibit 1 is the firm resume of Kantrowitz, Goldhamer & Graifman, P.C. Additional information can be found at https://www.kgglaw.com/.

statutes and common law claims on behalf of consumers who purchased Graco booster seats based on false representations of their safety and weight limits);

- Court-appointed Co-Lead Counsel in *In re: Daily Fantasy Sports Litig.,* 1:16-md- 02677-GAO (D. Mass 2016) (alleging state consumer protection and common law claims on behalf of consumers participating in defendants' online fantasy sports websites);

- Court-appointed member of Plaintiffs' Executive Committee in *In re: Hill's Pet Nutrition, Inc. Dog Food Products Liab. Litig.*, No. 19-md-2887 (D. Kan. 2019) (alleging state consumer protection and common law claims on behalf of consumers who purchased defective dog food that contained toxic levels of Vitamin D);

- Discovery Committee in *In re: Rock 'N Play Sleeper Marketing, Sales Practices, & Prods. Liab. Litig.*, 1:19-md-2903 (W.D.N.Y. 2019) (alleging state consumer protection and common law claims on behalf of consumers who purchased the defective and inherently unsafe Fisher-Price Rock 'n Play Sleeper for infants);

- Court-appointed member of Plaintiffs' Steering Committee in *In re: Intel Corp. CPU Mktg. & Prods. Liab. Litig.,* 3:18-md-02828 (D. Or. 2018) (alleging state consumer protection and common law claims on behalf of purchasers of defective Intel processors);

- Court-appointed member of Plaintiffs' Executive Committee in *In re: Apple Inc. Device Performance Litig.,* 5:18-md-02827 (N.D. Cal. 2018) (alleging state consumer protection and common law claims on behalf of iPhone users subject to intentional slowdown);

- Court-appointed member of Plaintiffs' Steering Committee in *In re: German Auto. Mfrs. Antitrust Litig.*, 3:17-md-02796 (N.D. Cal. 2017) (alleging anticompetitive conduct in the market for German-made automobiles);

- Discovery Committee in court approved leadership structure in *In re: Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, 1:19-md-2903 (W.D.N.Y. 2019) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers who purchased the defective and inherently unsafe Fisher-Price Rock 'n Play Sleeper for their infant children);

- Court appointed to Plaintiffs' Steering Committee in *In Re: Blackbaud, Inc., Customer Data Breach Litigation,* 3:20-mn-02972 (D. S.C. February 16, 2021) (claims on behalf of persons affected by Blackbaud's data breach and had their personal and private information compromised);

- Court appointed to Plaintiffs' Executive Committee in *Tate, et al., v. Eyemed Vision Care, LLC,* 1:21-cv-36 (S.D. OH March 22, 2021) (claims on behalf of persons affected by Eyemed's data breach and had their personal information compromised);

- Court appointed to Plaintiffs' Executive Committee in *Tillman et al., v. Morgan Stanley Smith Barney, LLC,* 1:20-cv-05915 (S.D.N.Y. 2020) (claims on behalf of persons affected by Morgan Stanley's data breach and had their personal information compromised);

- Court appointed to Plaintiffs' Steering Committee in *Cercas et al., v. Ambry Genetics Corp.*, 8:20-cv-00791 (C.D. Cal. 2020) (claims on behalf of persons affected by Ambry's data breach and had their personal and private health information compromised);

- Court-appointed member of Plaintiffs' Steering Committee in *In Re: Sonic Corp. Customer Data Security Breach Litig.*, 1:17-md-02807 (N.D. Ohio 2017) (claims on behalf of persons affected by Sonic's data breach resulted in a class wide settlement);

- Court-appointed Interim Class Counsel in *In re: Google Location History Litig*, 5:18-cv-05062-EJD (N.D. Cal. 2019) (privacy breach action alleging Google tracked millions of mobile device users' location contrary to false representations); and

- Co-Chair of Plaintiffs' Vetting Committee in *In re Wawa, Inc. Data Breach Litig.*, No. 19-6019 (E.D. Pa. 2019) (claims on behalf of persons affected by Wawa's data breach and had their personal information compromised).[5]

Ms. Emert's firm KGG is a leading New York class action firm in the area of consumer class action litigation. The firm has successfully litigated numerous class action consumer cases in this Court and in other courts throughout the nation. Emert Decl. at ¶4. For example, the firm was co-lead class counsel in *In re Volkswagen Timing Chain Product Liability Litig.*, 16-cv-2765-JLL-JAD (D.N.J.), recently settled on a nationwide basis and granted final approval in the District of New Jersey, involving approximately 477,000 class vehicles. *Id.* KGG was also a member of the Plaintiffs' Steering Committee in *In re The Home Depot Consumer Data Security Breach Litigation*, 1:14-md-02583-TWT (N.D. Ga.), relating to the massive data breach consumer class action, which was settled on a nationwide basis in 2016. *Id.* In addition, the firm was co-lead counsel in the matter *Coffing, et al. v. Volkswagen Group of America, et al.*, Civil Action No. 17-cv-01825-JD (N.D. Ca.) which was granted Final Approval on May 14, 2020 and which involved

---

[5] Ms. Emert has also had major roles in many class actions which resulted in very large recoveries for a class. For example, she had significant roles in, among other cases: *Overby v. Tyco International, Ltd*. (N.D. N.H.) (class recovery of $70.5 million); *In re Westinghouse Securities Litigation* (W.D. Penn.) (cash recovery of $67.25 million); *In re Sunglass Hut International, Inc. Securities Litigation* (S.D. Fla.) (class recovery of $4.5 million in cash); *Szymczak v. Nissan N. Am. Inc.* (S.D.N.Y.) (recovery valued at over $14 million obtained on behalf of a multi-state nationwide class).

11

a nationwide class of approximately 850,000 Volkswagen and Audi vehicles, alleging a material primary water pump defect and valued at $24 million.

### b. *Michael R. Reese (Reese LLP)*

Michael R. Reese is a former prosecutor from the Manhattan District Attorney's Office who has been litigating consumer class actions for two decades. *See*, Declaration of Michael R. Reese in Support of Appointment of Interim Co-Lead Counsel submitted concurrently herewith ("Reese Decl."), ¶17.[6] Mr. Reese is also the founder of Reese LLP, a class action law firm that has litigated class actions on behalf of consumers since 2008. With offices in New York and California, Reese LLP is comprised of a diverse team of skilled attorneys that have achieved significant results on behalf of consumers for over a decade.

Mr. Reese has extensive experience in food related consumer class actions, having litigated numerous such food related cases throughout the United States. Reese Decl. ¶4. In addition to being a litigator, Mr. Reese is an adjunct professor of law at Brooklyn Law School where he teaches both "Food Law" and "The Law of Class Actions and Other Aggregate Litigation." Reese Decl. at ¶13.

Mr. Reese is a frequent lecturer and author on class actions and food law, with recent publications appearing in the American Bar Association's *General Practitioner* and the Union Internationale des Advocats' Juriste. Reese Decl. at ¶11. Mr. Reese also hosts several food law related conferences, including an annual two-day conference co-hosted by the Professor Michael Roberts of the University of California Los Angeles School of Law.

---

[6] Attached to Reese Decl. as Exhibit 1 is the firm resume of Reese LLP, which includes Mr. Reese's CV as Exhibit B. Additional information can be found at http://www.reesellp.com/.

12

Mr. Reese has achieved both significant monetary and injunctive relief on behalf of consumers, including, but not limited to, hundreds of millions of dollars in compensation, as well as significant changes in corporate practices and reformulation of food products to make them safe for consumption.  Mr. Reese has led a number of MDLs, including *In re Vitaminwater Sales and Marketing Practices* and *In re Frito-Lay N.A. Sales Practices and Marketing Litigation*.

Recent achievements by Mr. Reese in food related and similar cases include certification of a class of consumers who bought deceptively marketed baby formula *(Hasemann v. Gerber Products, Inc.*, 2019 WL 1434263 (E.D.N.Y. Mar. 31, 2019) (Brodie, J.)); successful opposition to a motion to dismiss in *Valdes v. American Sugar Refining, Inc.*, No. 17-cv-05213 (E.D.N.Y. Mar. 28, 2019); successful opposition to a motion for summary judgment in *Luib v. Henkel Consumer Goods, Inc.*, No. 17-cv-03021 (BMC), 2018 WL 718376 (E.D.N.Y. Feb. 5, 2018); successful opposition to a motion to dismiss in *Shalikar v. Asahi Beer U.S.A., Inc.*, No. 17-02713 JAK (JPRx), 2017 WL 9362139 (C.D. Cal. Oct. 16, 2017); and, successful opposition to a motion to dismiss in *Coe v. General Mills, Inc.*, No., 15-cv-05112-THE, 2016 WL 4208287 (N.D. Cal. Aug. 10, 2016).

Mr. Reese also is an accomplished appellate lawyer, having argued successfully before the Second, Seventh and Ninth Circuit Courts of Appeal.  Recent appellate victories by Mr. Reese include *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018); *Tri-State Water Treatment, Inc. v. Bauer*, 845 F.3d 350 (7th Cir. 2017); and, *Murphy v. Best Buy Stores L.P.*, 690 Fed. Appx. 553 (9th Cir. 2017).

### 2. <u>Interim Liaison Counsel</u>

Liaison counsel is primarily charged with administrative matters, such as communications between the court and other counsel, convening meetings of counsel, advising parties of

developments, and otherwise assisting in the coordination of activities and positions.  *MCL, supra,*

§ 21.221 (4th ed. 2004). Liaison counsel usually has offices in the same locality as the court.  *Id.*

Here, Plaintiffs propose that Jason P. Sultzer, serve as Interim Liaison Counsel.  As a local

attorney with 24 years of experience, Mr. Sultzer is intimately familiar with the local rules,

practices, and procedures of this District.  *See* Declaration of Jason P. Sultzer in Support of

Plaintiffs' Motion for Appointment as Interim Liaison Counsel submitted concurrently herewith

("Sultzer Decl."), ¶7.[7]  The Sultzer Law Group is a leading New York class action firm in the area

of consumer fraud class action litigation.  Sultzer Decl.at ¶¶ 2-6, 8.  Mr. Sultzer has created

extensive case law and has obtained significant class-wide settlements in this Circuit in false

advertising and mislabeling class actions involving all types of consumer products and food.[8]

Moreover, Judges in this circuit have recognized The Sultzer Law Group for their

exceptional work and trial experience with cases, such as this one, involving lead, heavy metals

and other toxic contaminates.  *See Patora v. Tarte, Inc.*, Case No. 18-cv-11760-KMK (S.D.N.Y.),

(Judge Kenneth M. Karas stated that "[t]he plaintiff here was ably represented by class counsel,

who is clearly well-versed in complex class action litigation.  I can speak from personal experience

dealing with The Sultzer Firm, which has many highly-qualified and capable and experienced

---

[7] Attached to Sultzer Decl. as Exhibit 1 is the firm resume for The Sultzer law Group which includes Mr. Sultzer's and Ms. Dolgoff's personal biographies. Additional information is available at https://www.thesultzerlawgroup.com.

[8] *Luib v. Henkel Consumer Goods, Inc.*, No. 1:17-cv-03021-BMC, 2018 U.S. Dist. LEXIS 18598 (S.D.N.Y. Feb. 5, 2018); *Barton v. Pret A Manger (USA) Ltd.*, No. 1:20-cv-04815 GHW, 2021 U.S. Dist. LEXIS 81336 (S.D.N.Y. Apr. 27, 2021); *Rapoport-Hecht, Tziva et al. v. Seventh Generation, Inc.*, No. 14-CV-9087 (KMK), 2017 U.S. Dist. LEXIS 218781 (S.D.N.Y Apr. 28, 2017); *Vincent, Wesley, et al. v. People Against Dirty, PBC. and Method Products, PBC.*, No. 16-cv-6936 (NSR), Dkt. 41 (S.D.N.Y. March 13, 2017); *Mayhew, Tanya, et al., v. KAS Direct, LLC and S.C. Johnson & Son, Inc.*, No. 16 CV 6981 (VB), 2018 U.S. Dist. LEXIS 106680 (S.D.N.Y. June 26, 2008).

lawyers representing plaintiffs in consumer class actions. . ."); *see also Shiv Patel v. St. John's University*, Case No. 1:20-cv-02114 (EDNY) (Judge Steven Gold observed that, "The firms' expertise and competency in the class action context are reflected by the favorable outcomes they have obtained in previous suits… particularly in light of their impressive record."). Sultzer Decl. at ¶ 8.

Mr. Sultzer will be working with his senior associate, Mindy Dolgoff. Ms. Dolgoff is an experienced litigator and class action attorney who was a member of the trial team that took one of the few securities class action cases to trial and achieved a favorable verdict for its investor clients. Sultzer Decl. at ¶ 11.

### 3.   Interim Executive Committee

#### a.   *Gayle M. Blatt (Casey Gerry Schenk Francavilla Blatt & Penfield LLP)*

Founded in 1947, Casey Gerry Schenk Francavilla Blatt & Penfield, LLP ("CaseyGerry") is one of the oldest plaintiffs' law firms in California and is nationally recognized. *See* Declaration of Gayle M. Blatt in Support of Plaintiffs' Motion for Appointment to the Executive Committee submitted concurrently herewith ("Blatt Decl.").[9] The firm focuses on complex civil litigation, with an emphasis on consumer protection, class actions, product defect, pharmaceutical and serious personal injury matters. CaseyGerry attorneys have held numerous leadership roles in coordinated cases at both the state and federal level.

Gayle M. Blatt concentrates her practice on consumer class actions, data breach, pharmaceutical and medical device cases. She has pursued a number of cases on behalf of aggrieved plaintiffs who experienced financial or personal harm as a result of food and dietary

---

[9] Attached to Blatt Decl. as Exhibit 1 is the firm resume of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP. Additional information can be found at https://caseygerry.com/.

supplement products containing ingredients antithetical to the promotion of human health, including the representation of children exposed to allegedly defective baby formula, which cases resolved following years of litigation.  Blatt Decl. at ¶ 11.

She also has a long history of experience handling dangerous drug cases, including  use of Baycol, Rezulin, Propulsid, PPA. Multaq, Fen-Phen, L-Tryptophan, Lipokinetix, Metabolife and Hydroxycut, among others. Blatt Decl. at ¶ 11.

Moreover, Ms. Blatt and Casey Gerry have been involved in litigation on behalf of children arising out of alleged product defects causing injury.  These include motor vehicle, safety gate, bean bag pillow, stroller and water dispenser design, among others. Blatt Decl. at ¶ 11.

In addition, Ms. Blatt has been appointed to the Plaintiffs' Executive Committees in *In re: ZF- TRW Airbag Control Units Product Liability Litigation; In re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation*, MDL 2828, *In re: Apple Inc. Device Performance Litigation* and to the five-member PEC which oversaw MDL arising out of the massive Yahoo data breaches, among other matters.  Blatt Decl. at ¶¶ 14,15.  She served on the law and briefing committee in the consolidated class action *Adkins v. Facebook, Inc.,* serves as Co-Liaison Counsel in *In re: Incretin Mimetics Product Liability Litigation*, and has previously served as liaison counsel in cases such as *In re: Sony Gaming Networks and Customer Data Security Breach Litigation* and *In re: Hydroxycut Marketing and Sales Practices Litigation*. Blatt Decl. at ¶ 15.

Ms. Blatt currently serves as Settlement Class Counsel in the *In re: Citrix Data Breach Litigation*, Case No. 19-cv-61350-RKA (final approval scheduled for June, 2021), as Interim Lead Counsel in *Pfeiffer v. RadNet, Inc,* Case No. 2:20-cv-09553 (C.D. Cal); as interim co-lead counsel in *In re Warner Music Group Data Breach Litigation*, Case No. 1:20-cv-07473 (S.D.N.Y.), as

interim co-lead counsel in *In re:  US Fertility Data Security Litigation*, Case No. 8:21-cv-299 (D. Md.), and on the Plaintiffs' Executive Committee in *Tate v. EyeMed Vision Care,* Case No. 1:21-cv-00036-DRC (S.D. Ohio) and in *Carder et al v. Graco Children's Products Inc, et al.*, Case No. 2:20-cv-00137 (N.D. Ga.)  Blatt Decl. at ¶ 16.

### b.  Gary E. Mason (Mason Lietz & Klinger LLP)[10]

Gary E. Mason is a nationally recognized leader of the plaintiffs' class action bar with nearly 30 years of experience representing plaintiffs, primarily consumers and homeowners, in a broad range of class actions. *See* Declaration of Gary E. Mason in Support of Plaintiffs' Motion for Appointment to the Executive Committee submitted concurrently herewith ("Mason Decl."), ¶6.[11]  Before founding Mason Lietz & Klinger in 2020, Mr. Mason was the Founding Partner and Chairman of Whitfield Bryson & Mason, LLP, a 12-attorney law firm specializing in class and complex litigation, with offices in Washington, D.C., Kentucky, Tennessee and North Carolina. Mason Decl. at ¶5. He is also a past Co-Chair of the Class Action Litigation group for the American Association for Justice and presently serves as the Chairman of its Rule 23 Task Group. Mason Decl. at ¶5.  During his career, Mr. Mason has led or substantially participated in cases leading to the recovery of more than $2 billion dollars. Mason Decl. at ¶5.

Over the course of his 30-year career, Mr. Mason has managed hundreds of other class actions, over a diverse range of subject matters, including defective products, environmental accidents, privacy, wage and hour, consumer fraud and antitrust. Mason Decl. at ¶6. He currently serves as court-appointed liaison counsel in: *In re: U.S. Office of Personnel Management (OPM)*

---

[10] Mr. Mason intends to work closely with his junior partner, Gary Klinger, on this matter to take advantage of this opportunity for Mr. Klinger to gain experience on complex litigation.

[11] Attached to Mason Decl. as Exhibit 1 is the firm resume for Mason Lietz & Klinger.  Additional information is available at www.masonllp.com.

*Data Security Breach Litigation*, MDL No. 2664, No. 1:15-cv-01394 (D.D.C.), a class action arising from a data breach affecting 27 million federal employees; co-lead counsel in *Bell et al. v. WestRock, CP*, LLC et al, No. 3:17-cv-829-JAG (E.D. Va.), an environmental nuisance case in which he successfully argued for certification of a class of owners and residents of 350 properties; and co-lead counsel in *Falk et al. v. Nissan North America, Inc.*, No. 4:17-cv-04871 (N.D. Cal.), a class action in which he recently moved for preliminary approval of a settlement benefiting the owners of over three million vehicles.  Mason Decl. at ¶6.

Mr. Mason's appointed leadership roles in previous class actions include *Hobbie v. RCR Holdings II, LLC et al*, No. 10-113, MDL No. 2047 (E.D. La.), where he served as co-lead counsel in a class action against manufacturers of Chinese Drywall and the builder of a 354-unit condominium built with Chinese Drywall resulting in a settlement for complete remediation at cost of over $30 million. Mason Decl. at ¶7.  In *In re Google Buzz Privacy Litigation*, No. 10-cv00672-JW (N.D. Cal.), he served as the Court-appointed lead counsel in a class action against Google alleging that the automatic enrollment of Gmail users in Google Buzz caused the public disclosure of Gmail users' information. Mason Decl. at ¶7.  This litigation resolved with a $10 million settlement fund for the class. Mason Decl. at ¶7.  He has successfully briefed, argued and defended on appeal three motions for class certification, one of which resulted in a frequently cited U.S. Court of Appeals opinion affirming class certification.  *See Young et al.  v. Nationwide Mut. Ins. Co*, 693 F.3d 532 (6th Cir. 2012).

### c.  Charles Schaffer (Levin Sedran & Berman LLP)

Charles E. Schaffer is a partner at Levin Sedran & Berman LLP. *See* Declaration of Charles Schaffer in Support of Plaintiffs' Motion for Appointment to the Executive Committee submitted concurrently herewith ("Schaffer Decl."), ¶1.[12]

With over 25 years of experience, Mr. Schaffer is a nationally-recognized leader in complex litigation, having been appointed as Lead, Co-Lead or PSC member on a regular basis by federal courts across the country. Schaffer Decl. at ¶5.   *See, e.g., In re Apple Inc. Device Performance Litig.*, MDL No. 2827 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig.*, MDL No. 2838 (D. Or.) (Plaintiffs' Executive Committee); *In Re Aqueous Film-Foaming Foams (AFFF) Prods. Liab. Litig.*, MDL No. 2873 (D.S.C.) (Plaintiff's Steering Committee); *In re Wells Fargo Insurance Mktg. Sales Practices Litig.*, MDL No. 2797 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: JP Morgan Modification Litig.*, MDL No. 2290 (D. Mass.) (Plaintiffs' Co-lead Counsel); *In re: IKO Roofing Prods. Liab. Litig.*, MDL No. 2104 (C.D. Ill.) (Plaintiffs' Co-lead Counsel); *In re: HardiePlank Fiber Cement Siding Litig.*, MDL No. 2359 (D. Minn.) (Plaintiffs' Executive Committee); *In re Navistar Diesel Engine Prods. Liab. Litig.,* MDL No. 2223 (N.D. Ill.) (Plaintiffs' Executive Committee); *In re: Azek Decking Sales Practice Litig.*, No. 12-6627 (D.N.J.) (Plaintiffs' Executive Committee). In addition, he has served as a member of litigation teams where Levin Sedran was appointed to leadership positions. For instance, Levin Sedran served as Lead Counsel in *In re Chinese Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.). Schaffer Decl. at ¶7.  Against tremendous odds and at great effort and expense, Levin Sedran, along with other leadership counsel including attorneys at Whitfield Bryson & Mason, dedicated ten years to prosecuting claims on behalf of thousands of homeowners who had defective Chinese

---

[12] Attached to Schaffer Decl. as Exhibit 1 is the firm resume for Levin Sedran & Berman LLP. Additional information is available at www.lfsblaw.com.

Drywall installed in their homes. Schaffer Decl. at ¶7.   Levin Sedran's leadership led to settlements valued at more than $1 billion.   Schaffer Decl. at ¶7.

Mr. Schaffer was similarly instrumental in bringing about settlements in *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No. 1817 (E.D. Pa.), which was approved by the court in 2010 and valued at $815,000,000; *In re CertainTeed Fiber Cement Siding Litigation*, MDL No. 2270 (E.D. Pa.), which was a common fund settlement of $103.9 million dollars; *In re: JP Morgan Modification Litigation*, MDL No. 2290 (D. Mass.), which was approved by the court and valued at $506 million dollars by a former treasury department official; *Pollard v. Remington Arms Co.*, No. 4:13-CV-00086-ODS (W.D. Mo.), which was approved by the court in 2016 and valued at $97,000,000; and *In re Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D. Cal.), which is a claims made settlement valued at more than $300 million dollars. Schaffer Decl. at ¶ 8.

### d.   Jeffrey Goldenberg (Goldenberg Schneider, L.P.A.)

Jeffrey Goldenberg, a co-founder of Goldenberg Schneider, L.P.A., has been litigating complex civil actions for over twenty-four years.   During the State Attorney General tobacco litigation battles, Mr. Goldenberg served as Special Counsel representing the State of Ohio against the tobacco industry and was part of the litigation team that achieved an unprecedented $9.86 billion settlement for Ohio taxpayers. This remains the largest settlement in Ohio history.   See *State of Ohio, ex rel., Betty D. Montgomery v. Philip Morris, Inc. et al.*, No. 97-CVH05-5114, (Ohio Ct. Com. Pl. Franklin). *See* Declaration of Jeffrey S. Goldenberg in Support of Plaintiffs' Motion for Appointment to the Executive Committee submitted concurrently herewith ("Goldenberg Decl."), ¶¶ 6-7.[13]

---

[13] Attached to Goldenberg Decl. as Exhibit 1 is the firm resume for Goldenberg Schneider, L.P.A. Additional information is available at www.gs-legal.com.

Currently, Mr. Goldenberg serves on the Executive Committee in the recently settled *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability, Litig*., 2:19-md-02887-JAR-TJJ (D. Kan.). Goldenberg Decl. at ¶10.  This case recently settled for $12.5 million, offering valuable compensation for pet owners nationwide who purchased recalled dog food that sickened and poisoned thousands of dogs due to the presence of toxic levels of Vitamin D.  *Id*. Mr. Goldenberg also serves as lead counsel in *Conti v. American Honda Motor Co., Inc*., No. 2:19-cv-2160 (C.D. Cal.), a nationwide class action alleging that Honda knowingly sold 2018-2019 Honda Odyssey and 2019 Honda Pilot and Passport vehicles with defective infotainment systems, and *Banh v. American Honda Motor Company, Inc*., No. 2:19-cv-05984-RSWL-AS (C.D. Cal.), a nationwide class action alleging that Acura knowingly sold certain 2019 and 2020 Acura vehicles with defective infotainment systems.  Goldenberg Decl. at ¶11.  Both cases recently settled on a nationwide class basis covering nearly 600,000 vehicles.  Goldenberg Decl. at ¶11

Mr. Goldenberg served as co-lead counsel and certified three nationwide classes in a consumer fraud class action on behalf of purchasers of herbal supplements for false and unproven claims and deceptive credit card charging practices. Goldenberg Decl. at ¶11.The case, *Parker v. Berkeley Premium Nutraceuticals*, No. 04 CV 1903 (Ohio C.P. Montgomery), was successfully resolved with a multimillion-dollar settlement that preserved class members' rights to recover additional funds from the nearly $30 million that the United States Attorney General seized from the defendant and its owner in a civil forfeiture action. Goldenberg Decl. at ¶11. Mr. Goldenberg doggedly pursued the forfeited funds and eventually recovered an additional $24 million for the victims by prosecuting one of the first successful class-wide Petitions for Remission through the federal forfeiture proceedings. Goldenberg Decl. at ¶11.

### e. *Jonathan Shub (Shub Law Firm LLC)*

Jonathan Shub, the founder of Shub Law Firm LLC, is recognized as one of the nation's leading class action consumer rights lawyers, based on his vast experience and successes representing classes of individuals and businesses in a vast array of matters involving unlawful conduct. *See* Declaration of Jonathan Shub in Support of Plaintiffs' Motion for Appointment to the Executive Committee submitted concurrently herewith ("Shub Decl."), ¶ 6.[14] Mr. Shub has served as lead, co-lead, or class counsel in numerous successful MDLs and class actions. Mr. Shub has also been appointed to numerous leadership positions in state and federal class action over the last three decades. *See, e.g., Silvis v. Ambit Energy L.P.*, 674 F App'x 164 Cir 2017 (appointed lead class counsel; negotiated settlement on behalf of New York energy customers); *Hamlen v. Gateway Energy Servs. Corp*., No. 16 CV 3526 (VB), 2017 WL 892399 [S.D.N.Y. Mar. 6, 2017] (appointed class counsel); *Aarons v. BMW of North America, LLC*, No. 11-cv-7667-PSG-CWx (C.D. Cal.) (co-lead counsel); *Bell v. Gateway*, No. 031168/2018 (Rockland Cnty. Ct. 2018) (co-lead counsel for consumer case against energy companies); *Dickerson v. York International Corporation*, No. 15-cv-1105 (M.D. Pa.) (co-lead counsel); *Glenz, et al. v. Sharp Electronics Corp.*, No. 2:08-cv-03652-FSHMAS (D.N.J.) (co-lead counsel; nationwide settlement class involving defective projector bulbs; final approval granted 2011); *In re: Allergan Biocell Textured Breast Implant Products Liability Litigation*, MDL No. 2921 (D.N.J.) (member of the Plaintiffs' Executive Committee; case pending); *In re: AZEK Building Products Inc. Marketing and Sales Practices Litigation*, MDL No. 2506 (D.N.J.) (co-lead counsel in MDL; nationwide settlement for purchases of defective decking); *Tennille v. Western Union Company*, No. 09-cv-

---

[14] Attached hereto as Exhibit 1 is the firm resume for Shub Law Firm LLC.  Additional information is available at www.shublawyers.com.

938-JLK (consolidated with No. 10-cv-765-JLK) (D. Col.) (Member of Executive Committee; nationwide $42,000,000 common fund settlement). Shub Decl. at ¶ 7.

### C. The Mays Group Have Committed, And Will Continue to Commit, The Resources Necessary to Represent the Class

A court appointing interim lead counsel should consider, in part, the resources that counsel will commit to representing the putative class. Fed. R. Civ. P. 23(g)(1)(C). Here, the Mays Group can, as needed, draw upon the skills and talents of experienced attorneys and staff members located across the country, from San Diego to Pennsylvania to Washington, D.C. and New York. Each attorney understands the time, energy, and skill necessary to lead this litigation and all have committed the resources required to ensure the effective and efficient representation of the Class members. In fact, the Mays Group have already demonstrated their commitment to this litigation by devoting substantial resources to this litigation. They have spent hundreds of hours litigating this action, including working intensively with potential consultants and experts. And, as their firm resumes and related declarations indicate, Kantrowitz, Goldhamer & Graifman, P.C., Reese Law, The Sultzer Law Group, Casey Gerry Schenk Francavilla Blatt & Penfield LLP, Mason Lietz & Klinger LLP, Levin Sedran & Berman LLP, Goldenberg Schneider, L.P.A., and Shub Law Firm LLC are well-suited to, and committed to, aggressively prosecute this matter.

### D. Other Factors Support Designating Proposed Interim Class Counsel

Proposed Co-Lead Counsel and the proposed structure reflect the diversity of the bar and the class members —from the standpoint of age, race, gender, experience and geographic location. *See Duke Guidelines* Best Practices 38 ("The judge's primary responsibility in the selection process is to ensure that the lawyers appointed to leadership positions are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

Another important consideration in selecting leadership is the ability to work well as a team, with opposing counsel, and with the Court. It is undeniably true that the role of leadership in complex litigation places a premium on professionalism, cooperation, courtesy, and acceptance of the obligations owed as officers of the court, all of which are "critical to successful management of the litigation." *MCL, supra* § 10.23. One of the demanding aspects of complex litigation is "the difficult[y] of having to communicate and establish effective working relationships with numerous attorneys (many of whom may be strangers to each other)." *Id*. § 10.21.  Unlike defense counsel, the plaintiffs' side of multi-district litigation must quickly and effectively merge to form an alliance against often well-financed and deeply-staffed opponents, as is the case here.  This process has the potential for disorganization, in-fighting, and inefficiencies.  It is useful to consider whether counsel applying for leadership "have worked together in other cases, their ability to collaborate in the past, divide work, avoid duplication, and manage costs." *Duke Guidelines*, *supra*, at 43.  Selecting lawyers who have previously worked together has a number of benefits. They have developed working relationships, know of complimentary talents, and have "developed certain systems for handling workflow and comparative advantages that will help expedite the case relative to a leadership committee working together for the first time." *Id*.

Here, all counsel that comprise the Mays Group have all worked together in class actions in some capacity.  In addition, the members of the Mays Group also have a good working relationship with opposing counsel.

Importantly, the Mays Group have not made any agreements with each other or with other counsel in this case with respect to funding, cost-sharing, pooling clients, fees or any other matter. The Mays Group understand that they will be required to make contributions to fund the litigation and they will not accept any third-party litigation funding.

Moreover, to ensure the litigation is pursued efficiently, without undue effort and duplication, based on their experience in other complex class actions, The Mays Group propose a time and expense protocol, which is attached as Exhibit 2 to the Emert Decl.  This protocol includes the following elements:

- All counsel will submit uniform, monthly billing reports to Co-Lead Counsel for auditing. If the Court wishes, Co-Lead Counsel will submit billing to the Court for review on a regular basis.

- Proposed Co-Lead Counsel has, and will continue to, maintain contemporaneous time records, and will instruct all Plaintiffs' counsel to do so.

- Plaintiffs' counsel shall bill in increments of one-tenth of an hour and shall maintain records in such a way that each billed activity is recorded separately.

- No post-appointment work will be considered billable unless specifically assigned by Co-Lead Counsel.

- Co-Lead Counsel will staff the case efficiently on an as-needed basis, with staff of appropriate seniority, skill set, and expertise.

- Unless otherwise authorized by Co-Lead Counsel, only Co-Lead Counsel and counsel responsible for the relevant discovery will be permitted to attend depositions.

- All Plaintiffs' Counsel shall only seek reimbursement for reasonable accommodations, airfare and meals.

- Proposed Co-Lead Counsel shall not seek reimbursement for expenses or costs incurred as part of normal firm overhead costs.

- To supplement this timekeeping order, Proposed Co-Lead Counsel will distribute to all counsel required procedures to comply with the proposed order.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court appoint Michael R. Reese (Reese LLP) and Melissa R. Emert (Kantrowitz, Goldhamer & Graifman, P.C.) as Interim Co-Lead Counsel;  Jason P. Sultzer (The Sultzer Law Group P.C.) as Interim Liaison Counsel; Gayle M. Blatt (Casey Gerry Schenk Francavilla Blatt & Penfield LLP), Charles Schaffer (Levin Sedran & Berman LLP), Gary E. Mason (Mason Lietz & Klinger LLP); Jeffrey Goldenberg (Goldenberg Schneider, L.P.A.), and Jonathan Shub  (Shub Law Firm LLC), as Interim Executive Committee members.

Dated: May 27, 2021

**Counsel for Plaintiffs**

*/s/ Melissa R. Emert*

Melissa R. Emert
**KANTROWITZ GOLDHAMER
& GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel.: (845) 356-2570
Fax: (845) 356-4335
memert@kgglaw.com

*Counsel for Plaintiff Shanely Zorrilla*

Michael R. Reese
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesllp.com

Jason P. Sultzer
Mindy Dolgoff
**THE SULTZER LAW GROUP P.C.**
270 Madison Ave., Suite 1800
New York, New York 10016
Telephone: (212) 969-7810

Facsimile: (888) 749-7747
sultzerj@thesultzerlawgroup.com
dolgofm@thesultzerlawgroup.com

*Counsel for Plaintiff Leiba Baumgarten*

Gayle M. Blatt
**CASEY GERRY FRANCAVILLA BLATT &
PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
Fax: (619) 544-9232

gmb@cglaw.com

*Counsel for Plaintiff Lynda Galloway*
Gary E. Mason
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Phone: (202) 429-2290
Fax: (202) 429-2294
gmason@masonllp.com

*Counsel for Plaintiff Alyssa Mays*

Charles E. Schaffer
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

*Counsel for Plaintiff Alyssa Mays*

Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Phone: (513) 345-8297
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

*Counsel for Plaintiff Alyssa Mays*

Jonathan Shub
27

**SHUB LAW FORM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Phone: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com

*Counsel for Plaintiff Alyssa Mays*