**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION** | **Case No.: 2:21-CV-0678-JS-AYS** |
| **This Document Relates To: ALL ACTIONS** | |

**DECLARATION OF MELISSA R. EMERT**
**IN SUPPORT OF MOTION TO APPOINT INTERIM LEAD COUNSEL,**
**INTERIM LIAISON COUNSEL, AND INTERIM EXECUTIVE COMMITTEE**

I, Melissa R. Emert, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1.     I am an attorney duly admitted before this Court.  I am a partner at Kantrowitz, Goldhamer & Graifman, P.C. ("KGG"). I submit this declaration in support of my appointment as Interim Co-Lead counsel pursuant to Federal Rule of Civil Procedure 23(g).  Each of the facts set forth below is true and correct as to my personal knowledge and if called and sworn as a witness, I would competently testify thereto.

2.     I am co-chair of KGG's consumer class action practice and have been representing aggrieved consumers and investors for more than 30 years with KGG and with my previous firm, Stull, Stull & Brody. See KGG Resume attached as Exhibit 1.  I specialize in consumer class action litigation with an emphasis on product defect cases and data breach cases. I have litigated consumer cases throughout the United States and have held prominent positions in many large MDLs and non-MDL consumer class actions. As an endorsement of my expertise, substantial experience, and successful results, I was recently named as one of two women

1

attorneys in the country who received the highest number of appointments to leadership

structures in nationwide MDLs by the Judges overseeing those MDLs.[1]

3.      I have been called upon by the plaintiffs' counsel to utilize my substantial

experience in the plaintiffs' vetting process and plaintiffs' discovery.  In many of the consumer

class actions that I am involved in, I take the lead role in developing and implementing the

plaintiffs' vetting and plaintiffs' discovery in order to determine which injured class members

are best positioned to represent the full spectrum of the putative class.   I have vetted hundreds

of plaintiffs in over a dozen cases and strive to ensure that counsel maintain continuing

relationships and communications with the plaintiffs throughout the litigation.  I spend many

hours speaking to plaintiffs about their experiences, damages and what to expect during the

litigation as well as keeping them apprised of the status of the litigation throughout.

4.      KGG is a leading New York class action firm in consumer class action litigation,

as well as shareholder litigation. The firm has successfully litigated numerous class action

consumer cases in this Court and in other courts throughout the nation. For example, the firm

was co-lead class counsel in *In re Volkswagen Timing Chain Product Liability Litig*., 16-cv-

2765-JLL-JAD (D.N.J.), which recently settled on a nationwide basis and was granted final

approval in the District of New Jersey, involving approximately 477,000 class vehicles. KGG

was a court appointed member of the Plaintiffs' Steering Committee in *In re The Home Depot*

*Consumer Data Security Breach Litigation*, 1:14-md-02583-TWT (N.D. Ga.), relating to the

massive data breach consumer class action, which was settled on a nationwide basis in 2016.

---

[1] *See, "There Are New Faces Leading MDLs, And They Aren't All Men"* Law.com, July 7, 2020.
https://www.law.com/2020/07/06/there-are-new-faces-leading-mdls-and-they-arent-allmen/?

4.     KGG has the resources necessary to finance a case of this magnitude. I understand what is required to undertake a litigation of this size and we will commit the resources necessary to achieve a favorable result for the class and any subclasses certified. As demonstrated by my firm resume, for decades, KGG's attorneys successfully managed complex, resource-intensive cases, with the firm routinely advancing the costs of litigation and dedicating substantial resources to vigorously prosecute the claims of proposed class members. As demonstrated by the cases described in our firm's resume, KGG has achieved great success for consumers throughout the nation.

5.     I have the following court-appointed leadership positions in consumer class actions: Co-Lead Counsel in *Kellie Carder, et al., v. Graco Children's Products, Inc.,* 2:20-cv-00137 (N.D. Ga. 2020) ( representing consumers who purchased Graco booster seats based on false representations of their safety and weight limits); Co-Lead Counsel in *In re: Daily Fantasy Sports Litig.,* 1:16-md-02677- GAO (D. Mass 2016) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers participating in defendants' online fantasy sports websites); Plaintiffs' Executive Committee in *In re: Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig.,* 19-md-2887 (D. Kan.2019) (representing consumers who purchased dog food that contained toxic levels of Vitamin D); Discovery Committee in a court approved leadership structure in *In re: Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation,* 1:19-md-2903 (W.D.N.Y. 2019) (representing consumers who purchased the defective and inherently unsafe Fisher-Price Rock 'n Play Sleeper for their infant children); Plaintiffs' Steering Committee in *In re: Intel Corp. CPU Marketing and Products Liability Litig.,* 3:18-md-02828 (D. Or. 2018) (claims on behalf of Intel processor users that have been affected by Intel's alleged defective processors); Plaintiffs' Steering Committee in *In Re:*

*Blackbaud, Inc., Customer Data Breach Litigation,* 3:20-mn-02972 (D. S.C. February 16, 2021) (representing persons affected by Blackbaud's data breach and had their personal and private information compromised); Plaintiffs' Executive Committee in *Tillman et al., v. Morgan Stanley Smith Barney, LLC*, 1:20-cv-05915 (S.D.N.Y. 2020) (representing on behalf of persons affected by Morgan Stanley's data breach and had their personal information compromised);

6.      I have also been directly involved in litigating the following matters, having been appointed to the leadership structure: Plaintiffs' Steering Committee in *Cercas et al., v. Ambry Genetics Corp.*, 8:20-cv-00791 (C.D. Cal. 2020) (claims on behalf of persons affected by Ambry's data breach and had their personal and private health information compromised); Plaintiffs' Executive Committee in *In re: Apple Inc. Device Performance Litig*., 5:18-md-02827 (N.D. Cal. 2018) (claims on behalf of iPhone and iPad users that have been affected by the alleged intentional slowdown of the processors); Plaintiffs' Executive Committee in *Tate, et al., v. Eyemed Vision Care, LLC,* 1:21-cv-36 (S.D. OH March 22, 2021) (representing persons affected by Eyemed's data breach and had their personal information compromised); Plaintiffs' Steering Committee in *In re: German Automotive Mfr. Antitrust Litig.*, 3:17-md-02796 (N.D. Cal. 2017) (alleging anticompetitive conduct in the market for German-made automobiles); Plaintiffs' Steering Committee in *In Re: Sonic Corp. Customer Data Sec. Breach Litig*., 1:17-md-02807 (N.D. Ohio 2017) (representing persons  affected by Sonic's data breach resulted in a class wide settlement); Co-Chair of Plaintiffs' Vetting Committee in a court approved leadership structure in *In re Wawa, Inc. Data Breach Litigation*, No. 19-cv-6019 (E.D. Pa. 2019) (representing persons affected by Wawa's data breach and had their personal information compromised);

7.      I have an excellent working relationship with each of the firms and counsel in the *Mays* Group and have worked or is currently working with most of them in other class actions (as

well as many of the firms that have submitted applications for leadership in this case). I have a long history of working cooperatively with other counsel, including opposing counsel as does my firm KGG. My history of leadership appointments establishes that I can work effectively as part of the leadership in this class-action.

8.      For a full list of my accomplishments and the accomplishments of KGG, see our firm resume attached as Exhibit 1.

9.      The Mays Group has also prepared a time and expense protocol that could be adopted in order to efficiently manage the time reporting and billing in this action.  This has been patterned on similar reports we have utilized in other complex class litigation.   A copy of the proposed time and expense protocol is annexed hereto as Exhibit 2.

10.     In addition, submitted concurrently herewith is a proposed order appointing leadership and outlining the roles of proposed Interim Co-Lead Counsel, Liaison Counsel, and the Executive Committee.

Dated: May 27, 2021                              /s/ *Melissa R. Emert*
                                                 MELISSA R. EMERT
                                                 *Counsel for Plaintiff Zorilla*

# EXHIBIT 1

New York Office:

747 Chestnut Ridge Road
Chestnut Ridge, New York 10977
Tel: 845-356-2570
Fax: 845-356-4335



New Jersey Office:

135 Chestnut Ridge Road
Montvale, New Jersey 07645
Tel: 201-391-7000
Fax: 201-307-1086

**KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C. ("KGG")** has a nationwide class action practice and has litigated numerous cases involving complex business litigation, consumer class actions and securities class actions. The firm has litigated a number of cases resulting in reported decisions, including cases of first impression.

The attorneys at KGG are talented litigators, authors, lecturers, TV & radio hosts, the originators of the private law seminars and producers of videos for attorneys and non-practitioners alike. We are proud to represent a diverse clientele throughout the country. Our firm consists of attorneys who each focus their practice on a particular area of law, which allows us to offer a wide variety of practice areas while maintaining a high level of skill in each one.

**MELISSA R. EMERT, ESQ.,** has been representing aggrieved stockholders and consumers for more than 30 years.  Ms. Emert recently joined KGG after spending most of her career at a national class action firm where she founded and was Co-Chair of its Consumer and Antitrust Class Action Litigation Groups.  Ms. Emert's practice focuses on consumer, antitrust and securities class actions.  She has litigated cases throughout the United States and held prominent leadership positions in many large multidistrict litigations ("MDLs"). Melissa is a member of the New York State Bar and is admitted to practice before the United States District Courts for the Southern and Eastern Districts of New York. Melissa graduated from Brooklyn Law School with a Juris Doctor in 1988 and received a Bachelor of Arts from the State University of New York at Stony Brook in 1985.

Examples of Ms. Emert's nationwide class action experience include:

- Court-appointed Co-Lead Counsel in *Carder v. Graco Children's Products, Inc.,* 2:20-cv-00137-LMM (N.D. Ga. 2021) (alleging state consumer protection and common law claims on behalf of consumers resulting from defendant's defective and allegedly unsafe children's car seat products).

- Court appointed Co-Lead Counsel in *In re: Daily Fantasy Sports Litig.,* 1:16-md-02677-GAO (D. Mass 2016) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers participating in defendants' online fantasy sports websites).

- Court appointed member of plaintiffs' executive committee in *In re: Hill's Pet Nutrition, Inc. Dog Food Products Liability Litig.*, 19-md-2887 (D. Kan.) (alleging violations of state consumer protection statutes and common law on behalf of consumers who purchased dog food that contained toxic levels of Vitamin D).

- Discovery Committee in a court approved leadership structure in *In re: Rock 'N Play Sleeper Marketing, Sales Practices, and Products Liability Litigation*, 1:19-md-2903

1

(W.D.N.Y. 2019) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers who purchased the defective and inherently unsafe Fisher-Price Rock 'n Play Sleeper for their infant children).

- Court appointed member of Plaintiffs' Steering Committee in *In re: Intel Corp. CPU Marketing and Products Liability Litig.,* 3:18-md-02828 (D. Or. 2018) (claims on behalf of Intel processor users that have been affected by Intel's alleged defective processors).

- Court appointed member of Plaintiffs' Executive Committee in *In re: Apple Inc. Device Performance Litig.,* 5:18-md-02827 (N.D. Cal. 2018) (claims on behalf of iPhone and iPad users that have been affected by the alleged intentional slowdown of the processors).

- Court appointed member of Plaintiffs' Steering Committee in *In re: German Automotive Mfr. Antitrust Litig.*, 3:17-md-02796 (N.D. Cal. 2017) (alleging anticompetitive conduct in the market for German-made automobiles).

- Court appointed to Plaintiffs' Steering Committee in *In Re: Blackbaud, Inc., Customer Data Breach Litigation,* 3:20-mn-02972 (D. S.C. February 16, 2021) (claims on behalf of persons affected by Blackbaud's data breach and had their personal and private information compromised).

- Court appointed to Plaintiffs' Executive Committee in *Tate, et al., v. Eyemed Vision Care, LLC,* 1:21-cv-36 (S.D. OH March 22, 2021) (claims on behalf of persons affected by Eyemed's data breach and had their personal information compromised).

- Court appointed to Plaintiffs' Executive Committee in *Tillman et al., v. Morgan Stanley Smith Barney, LLC,* 1:20-cv-05915 (S.D.N.Y. 2020) (claims on behalf of persons affected by Morgan Stanley's data breach and had their personal information compromised).

- Court appointed to Plaintiffs' Steering Committee in *Cercas et al., v. Ambry Genetics Corp.*, 8:20-cv-00791 (C.D. Cal. 2020) (claims on behalf of persons affected by Ambry's data breach and had their personal and private health information compromised).

- Court appointed member of Plaintiffs' Steering Committee in *In Re: Sonic Corp. Customer Data Sec. Breach Litig.,* 1:17-md-02807 (N.D. Ohio 2017) (claims on behalf of persons allegedly affected by Sonic's data breach resulted in a class wide settlement).

- Class Representative Communications and Client Vetting Committee in a court approved leadership structure in *Echavarria, et al. v. Facebook, Inc*., C 18- 05982 (N.D. Cal. 2018) (claims on behalf of persons that have been allegedly affected by Facebook's "View As" data breach).

- Co-Chair of Plaintiffs' Vetting Committee in a court approved leadership structure in *In re Wawa, Inc. Data Breach Litigation*, No. 19-6019 (E.D. Pa. 2019) (claims on behalf of persons affected by Wawa's data breach and had their personal information compromised).

- Court appointed Interim Class Counsel in *In re: Google Location History Litig,* 5:18-cv-05062-EJD (N.D. Cal. 2019) (a privacy breach action alleging Google tracked millions of

mobile device users' geolocation after falsely representing that activating certain settings will prevent the tracking).

- One of three lead co-counsel in *Hughley, et al. v. Univ. of Central Florida Bd. of Tr.*, 2016-CA-001654-O (9th Judicial Circuit, Florida) (February 2016 data breach; settled November 2017, with UCF spending an additional $1,000,000 annually to protect students' and employees' personal information).

Ms. Emert also has developed and oversees the following litigation, among others:

- *County of Osceola v. Purdue Pharma Inc.*, 6:18-cv-00164 (M.D. Fl.); *County of Alachua v. Purdue Pharma Inc.*, 1:18-cv-00086-MW-GRJ (N.D. Fl.); *County of Palm Beach v. Purdue Pharma Inc.***,** 50-2018-CA-004109 (N.D. Fl.) (each alleging opioid manufacturers and distributors defrauded the counties, among others, to generate improper revenue at the county's expense).

- *In Re: Uber Tech., Inc., Data Sec. Breach Litig.,* 2:18-ml-02826-PSG-GJS (C.D. Cal.) (alleging a failure to secure and safeguard riders' and drivers' personally identifiable information ("PII") caused 57 million driver and rider accounts to be compromised).

- *In Re: 21st Century Oncology Customer Data Sec. Breach Litig.*, 8:16-md-02737 (M.D. Fla.) (October 2015 data breach in which the PII of more than two million 21 Century patients was compromise).

- *Suvino v. Time Warner Cable*, Inc., 1:16-cv-07046 (S.D.N.Y.) (settled action which alleged violations of the Americans with Disabilities Act by Time Warner).

- *Guariglia et al v. The Procter & Gamble Company*, 2:15-cv-04307 (E.D.N.Y.) (settled action which alleged violations of law in connection with P&G's design, manufacture, marketing, advertising, and selling of Tide Pods).

**GARY S. GRAIFMAN** is a partner in the Firm and co-chair of the Consumer Class Action Litigation Group at KGG with Melissa R. Emert. Mr. Graifman specializes in the area of consumer and securities class action litigation. He is admitted to practice before the courts of the State of New York, the State of New Jersey, the United States Federal Courts for the Southern District of New York, the Eastern District of New York, the Northern District of New York, the District of New Jersey, the United States Court of Appeals for the First Circuit, Second Circuit, Third Circuit and the Eighth Circuit.  He is also a member of the Class Action Committee of the New Jersey State Bar Association. Mr. Graifman is rated "AV-Preeminent" by Martindale Hubbell and has been nominated by Super Lawyers Magazine as a New Jersey Super Lawyer for 2010-2021.  He has been a panelist and speaker on class action issues before various bar organizations including those sponsored by the Class Action Committee of the New Jersey State Bar Association and by the National Employment Lawyers Association, New York Chapter.

A sampling of some of the cases Mr. Graifman has recently been involved in include:

- *In re Volkswagen Timing Chain Products Liability Class Action*, 16-cv-2765 (JLL) (D.N.J.).  Mr. Graifman and the Firm served as Co-Lead Counsel in this products liability

class action which was settled on a nationwide basis on behalf of the owners and lessees of approximately 477,000 class vehicles. Final approval was granted to the Settlement on December 14, 2018. The Settlement provided one hundred percent reimbursement for timing chain repairs to class members and was valued at approximately $50 million (inclusive of warranty extension repairs).

- *Oliver, et al. v. Bayerische Motoren Werke Aktiengesellschaft, et al*., 2:17-cv-12979-CCC-MF (D.N.J.). Mr. Graifman and the Firm served as Co-Lead Counsel on this case which involved defective electric coolant pumps on various BMW model vehicles. The matter settled and Final Approval was granted on March 9, 2021. The class includes approximately 563,227 vehicles. The Settlement is valued at approximately $30 Million.

- *Coffeng, et al. v. Volkswagen Group of America, et al*., 3:17-cvb—01825-JD (N.D. Cal.). Mr. Graifman and the Firm serve as Co-Lead Counsel on this consumer class action involving defective water pumps in a multitude of Volkswagen and Audi model vehicles. Final Approval was granted to the settlement on May 14, 2020. The case encompassed a nationwide class of owners and lessees of approximately 873,779 class vehicles and was valued at approximately $22 million.

- *Chiarelli, et al. v. Nissan, N.A. and Duncan, et al. v. Nissan N.A.,* 14-CV-4327(NGG) (E.D.N.Y.) and 1:16-CV-12120-DJC (D. Mass.), these two companion cases involve multi-state claims concerning defective timing chains on various Nissan model vehicles and involve claims in the states of Massachusetts, New York, Texas, Florida, North Carolina, Maryland, Colorado and Oregon. Final Approval was granted to the settlement on August 25, 2020 before Judge Denise Casper in the U.S. District Court for the District of Massachusetts.

- *In re Home Depot Consumer Data Security Breach Litig*., 1:14-MD-02583-TWT (N.D.Ga.). Mr. Graifman and the Firm served on the five member Plaintiffs' Steering Committee in this massive data breach consumer class action affecting approximately 50 million consumers which was settled on a nationwide basis in 2016. The settlement was valued at approximately $27 million.

- *In re Premera Blue Cross Customer Data Security Breach Litig*. 3:15-md-2633 (D. Ore). Mr. Graifman and the Firm were one of the counsel in the *Premera Blue Cross Customer Data Breach* Matter, having done substantial and essential work in the case, which was given Final Approval in early March 2020. The firm's client was the sole named plaintiff and representative for the putative California state subclass. The California subclass asserted a claim under the California Confidential Medical Information Act, Cal. Civ. Code §§ 56, *et seq*. which was sustained by Court on a motion to dismiss. The matter settled and final approval was granted on March 2, 2020. Under the terms of the settlement approved, the California subclass was entitled to additional compensation as a result of the California CMIA claim.

- *Seifi, et al. v. Mercedes-Benz USA, LLC*, 3:12-cv-5495-TEH (N.D. Ca.). Mr. Graifman and the Firm served as co-lead counsel in this litigated consumer class action seeking reimbursement for repairs to various Mercedes model vehicles due to a balance shaft

4

defect.  The action settled on a nationwide basis in 2015, valued at approximately $25 million.

- *In re Rambus Securities Inc. Litigation*., 06-c-v4346-JF (U.S. District Ct., N.D. Cal.) Mr. Graifman and the Firm served as Co-Lead Counsel for the class in this securities class action involving allegations of backdating of options.  The matter was settled for $18.33 million and approved on May 14, 2008.

- *Sheris v. Nissan North America, Inc.*, 07-cv-2516 (WHW) (U.S. District Ct., D. New Jersey).  Mr. Graifman and the Firm served as Co-Lead Counsel for the class in this consumer class action against Nissan for alleged brake defect in the 2005 G35x model vehicle.  The Court certified a New Jersey settlement class which involved reimbursement of the cost of brake and rotor replacement up to $340 per brake replacement.

- *Jermyn v. Best Buy Stores, L.P.*, 1:08-cv-00214 (CM) (U.S. District Ct., S.D.N.Y.).  Mr. Graifman and the Firm served as Co-Lead Counsel in this litigated consumer class action certified as a New York consumer class by Hon. Colleen McMahon.  The class consisted of Best Buy purchasers who were denied price match guarantees by Best Buy.  The matter settled on a class-wide basis shortly before trial.

- *Lubitz, et al. v. DaimlerChrysler Corp.*, BER-L-4883-04 (New Jersey Superior Court, Bergen Co.)  Mr. Graifman and the Firm served as Co-Lead Counsel for the class in this consumer class action against DaimlerChrysler Corp.  The Court certified a nationwide settlement class and approved a settlement valued at $14.5 million to owners of Jeep Grand Cherokees, model years 1999 through 2004.

- *In re Trend Micro Class Action Litigation*, Case No. CV 11-02488 (RMW) (U.S. District Ct., N.D. Calif.).  Mr. Graifman and the Firm served as Co-Lead Counsel for the class in this consumer class action concerning the failure to provide the remaining time left on current trial subscriptions when the subscriber on the trial subscription converted to a paid subscription. The case was settled in 2013 and Final Approval of the settlement was entered November 15, 2013 by the Court granting subscribers cash refunds or credit towards their future subscriptions and changing the policy of the Company going forward.

- *In re Symantec Class Action Litig*., 1-05-cv-053711 (Superior Ct. Of State of California, Co. Of Santa Clara) (Komar, J.).  Mr. Graifman and the Firm served as Co-Lead counsel in this consumer class action involving the cut-off of subscription time when the subscriber to Norton=s anti-virus software renewed or upgraded earlier than the end of the then-current subscription.  After the class was certified upon a litigated motion, the matter was settled for a cash payment or a voucher for further use with the anti-virus subscription (at the consumer=s option), with the settlement valued in excess of $5 million.

- *Lowrance, et al. v. Equinox International Corp.,* 2:99-cv-0969 (D.Nev.). Mr. Graifman and the Firm participated in trying a nationwide consumer class action case in the District of Nevada against multi-level marketing company, Equinox, International Corp. through the entire trial, and settling the matter on or about the last day of trial before Judge Johnnie B. Rawlinson, just prior to her elevation to the U.S. Court of Appeals for the Ninth Circuit.

The matter was tried with other plaintiffs' counsel, who Mr. Graifman second-seated, and a multi-state Attorney General Task Force and resulted in the liquidation of Equinox and a settlement fund in excess of $30 million to repay Equinox distributors.

**JAY I BRODY, ESQ.** is a commercial litigator with an emphasis in class action litigation, including consumer fraud, automotive defect, and securities and shareholder actions, as well as commercial litigation.  Prior to joining the firm, Mr. Brody served as a law clerk for Justice Miriam Naor, President of the Supreme Court of Israel and the Superior Courts of the State of Connecticut. While in law school, Mr. Brody served as a Student Assistant District Attorney in the Office of the New York County District Attorney and interned at the New York State Department of Financial Services and United States Department of Justice. He is currently in charge of the Firm's SAM-E Supplement consumer class action litigation.

Mr. Brody received his B.S. in accounting from Yeshiva University, and his J.D. from The Benjamin N. Cardozo School of Law in 2013, where he served on the Public Law, Policy and Ethics Journal. He is admitted to practice before the State Courts of New York and New Jersey, and the United States Federal Court in the Southern District of New York, Eastern District of New York, and District of New Jersey.

**SARAH HAQUE, ESQ.** is currently of counsel to Kantrowitz, Goldhamer & Graifman, P.C. with an emphasis in class action litigation. Ms. Haque received a Bachelor of Commerce from McGill University in Montreal, Quebec, with a minor in Economics. Following her undergraduate experience, she attended State University of New York Buffalo Law School, and graduated in 2014. While in law school, Ms. Haque was an editor for the Buffalo Human Rights Law Review. She was also President of the Labor and Employment Relations Society and Treasurer of the Latin American Law Students Association.  Ms. Haque has worked on various class actions with the firm, including the *In re Anthem Data Breach* litigation and the *In re Premera Data Breach* litigation.

**WILLIAM T. SCHIFFMAN, ESQ.**, is a senior associate in the firm of Kantrowitz, Goldhamer & Graifman, P.C.  Mr. Schiffman received his J.D. degree from Brooklyn Law School in 1974 and is admitted to practice in New York (1975), Texas (1976), and New Jersey (1981).  Mr. Schiffman was Law Clerk to the Honorable Woodrow Seals, United States District Judge, Southern District of Texas from 1974-1977.  In that position Mr. Schiffman was responsible for preparing decisions and orders on motions as well as observing trials and assisting Judge Seals in preparing finds of fact and conclusions of law.

From 1977-1979, Mr. Schiffman was associated with the law firm of Urban & Coolidge in Houston Texas.  Mr. Schiffman's principal practice area was commercial litigation.  From 1979 to 1985, Mr. Schiffman was an attorney for AT&T, first in the Long Lines Department in Atlanta, Georgia, and then in company headquarters in New Jersey.  Mr. Schiffman's responsibilities were principally in the area of general litigation and the AT&T antitrust litigation prior to divestiture. From 1985 to 1993, Mr. Schiffman was with the law firm of Jacobi & Meyers, first as the managing attorney of several offices, then as New Jersey resident partner in charge of the northern New Jersey offices.  The practice was principally in the area of litigation.   From 1993 to date, Mr. Schiffman has been associated with Kantrowitz & Goldhamer, P.C., in New York, and its affiliate, Kantrowitz

& Goldhamer in New Jersey.  Mr. Schiffman's responsibilities are principally in the area of litigation including securities and employment class action, as well as complex contested matrimonial and general commercial litigation.

# EXHIBIT 2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION**<br><br>**This Document Relates To:**<br>**ALL ACTIONS** | **Case No.: 2:21-CV-0678-JS-AYS** |

**NOTICE OF PLAINTIFFS' PROTOCOLS FOR TIME AND EXPENSES**

On [_____], 2021, the Court entered an order appointing Co-Lead Counsel, the Executive Committee, and Liaison Counsel. ECF No. [__] (the "Leadership Order"). The Leadership Order defines the authority, duties and responsibilities of counsel appointed to leadership roles in this action and provides guidelines and rules for fees, expenses and billing records by attorneys acting for the benefit of the proposed class(es) in this litigation. The Leadership Order additionally directed Co-Lead Counsel ("Lead Counsel") to create procedures to manage and approve Plaintiffs' counsel's time and expenses.

**I.      SCOPE OF THIS PROTOCOL**

Plaintiffs' Lead Counsel hereby provide the following guidelines and procedures for the management of Plaintiffs' counsel's time and expenses in this action. Lead Counsel will distribute directly to Plaintiffs' counsel additional guidelines to ensure the efficient prosecution of this litigation.

As used throughout this Protocol, the term "Plaintiffs' Counsel" includes Lead Counsel, the Executive Committee, and Liaison Counsel. Plaintiffs' Counsel also includes each attorney who represents one or more plaintiffs in a case that at any time has been pending or in any case later filed in, transferred to, or removed to this Court.

1

## II.    ADOPTION OF CASE MANAGEMENT PROTOCOLS

If this litigation is certified as a class action under Rule 23 for purposes of resolution and/or trial, Lead Counsel shall file a single application seeking fees and expenses out of the overall class recovery funds provided by defendants, as approved by the Court, or as otherwise Ordered by the Court. Any award of fees and costs will be governed by the standards and procedures of Rule 23 and shall be subject to the Court's approval.

Plaintiffs' Counsel's time and expenses may be eligible to be included in this fee application only if the time expended, expenses incurred, and activity in question were: (a) for the benefit of the proposed class(es); (b) conducted by Lead Counsel and their respective firms or otherwise appropriately authorized by Lead Counsel in writing; (c) timely submitted; (d) reasonable; and (e) verified by a partner or shareholder in the submitting firm. Lead Counsel will collect and review  monthly time and expense submissions from Plaintiffs' Counsel, and will inform  Plaintiffs' Counsel when their submissions do not comply with the directives set forth in this Protocol and the additional written guidelines Lead Counsel will provide.  In the event that  Plaintiffs' Counsel are unsure if the action they are about to undertake may be compensable as defined herein, they shall ask Lead Counsel in advance as to whether such time may be compensable.

As further detailed below, all counsel who seek to recover Court-awarded fees and expenses shall keep a daily, contemporaneous record of their time and expenses, noting with specificity the amount of time, billing rate, activities, and Lead Counsel who authorized the activity in question.  There is no guarantee that the time submitted by any counsel or firm to Lead Counsel for consideration will be included in any fee petition to the Court and the submitted hourly rate for the work is not guaranteed.

A. **Eligible Time**

1. **Authorization for Eligible Time**

Any fee petition submitted in this litigation by Lead Counsel shall include only services performed for the benefit of the proposed class(es), which were specifically authorized by Lead Counsel ("eligible time"). Eligible time includes, but is not limited to, investigation, discovery (whether documents, interrogatories, depositions or otherwise), coding or other analytical work relating to documents or evidence, research, motions and responses to motions, bellwether and/or class trials, and all other work performed under the direction of Lead Counsel for the benefit of the proposed class(es). Authorization to perform work on behalf of the classes must be obtained from Lead Counsel.

Unless specifically and explicitly authorized in writing, no time spent on developing or processing individual issues in any case for an individual client, no time spent on the solicitation of potential clients and no time spent on any unauthorized work, will be considered or should be submitted. No client-related time, save certain time relating to cases which in the future may be selected as bellwether cases or time related to class representatives in a Master or Consolidated Class Complaint, shall be considered eligible time. Examples of authorized eligible time and unauthorized work include, but are not limited to:

a) **Depositions:** Time and expenses for counsel not designated as one of the authorized questioners or otherwise authorized to attend the deposition by Lead Counsel shall not be considered eligible time but, rather, as attending on behalf of such counsel's individual clients.

b) **Conference Calls and Meetings:** Conference calls and meetings held at the direction of Lead Counsel for discussion of case management, coordination, and

3

litigation activity are generally considered eligible time.  Calls and meetings solely to impart status information generally are not eligible time as to those listening. Attorneys designated by Lead Counsel to run or participate in those calls, on the other hand, are working for the benefit of the class(es) by keeping other attorneys educated about the litigation and their time is eligible time. During such telephone or conference calls and meetings, there is a presumption that only the authorized active participants' time will qualify as eligible time, although exception may be made for good cause as determined by Lead Counsel.

      **c) Status Conferences:** Status conferences will be held so that the litigation moves forward, and legal issues are resolved with the Court.  Counsel may attend any status conference held in open court, but mere attendance at or listening to a status conference will not be considered eligible time, and expenses incurred in relation thereto will not be considered eligible expenses. Attorneys designated by Lead Counsel to prepare agendas, confer with opposition counsel and otherwise address issues that will be raised at a given status conference or requested by Lead Counsel to be present at a status conference are considered to be performing eligible time. Similarly, any attorney whose attendance at a status conference is specifically requested by the Court to address a common issue may submit his or her time for evaluation as eligible time.

      **d) Identification and Work-Up of Experts:** Identification, interview, discussions, preparation of reports and all other matters involving experts on common issues, experts relating to cases selected as bellwether cases or experts related to a Master or Consolidated Class Complaint are considered eligible time.

      **e) Attendance at Seminars:** Attendance at seminars or Continuing Legal Education programs shall not qualify as eligible time or expenses.

      **f) Trial Consultants and Preparation:** Trial consultants and participation in trial preparation, mock trials or focus group activity for bellwether or class trials may qualify as

eligible time and expenses as authorized by Lead Counsel.

**g) Document Discovery:** All work performed and expenses incurred in connection with document discovery (including meet-and-confers with opposing counsel and any motions to compel) relating to common issues and authorized by Lead Counsel qualify as eligible time and expenses. If an attorney elects to review documents without prior authorizationby Lead Counsel, that review is not considered eligible time. Descriptions associated with "document review" must contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed.

**h) Motions:** All research, drafting, and presentation of motions and responses to motions on common issues and authorized by Lead Counsel are considered eligible time.

**i) Review of Filings and Orders:** Mere review of ECF filings and orders generally does not qualify as eligible time, but rather as work on behalf of such counsel's individual clients.  It is anticipated that there will be a large number of filings in this case and merereview of these filings will not be approved as eligible time. Those attorneys working on assignments by Lead Counsel requiring them to reasonably review, analyze, or summarize certainfilings and substantive orders of this Court in connection with their assignments are doing so for the benefit of all class(es). In addition, it is expected that Lead Counsel, as well as members of the Executive Committee, will review case management and substantive orders of the Court as part of their leadership responsibilities. Reasonable time spent reviewing these court rulings and orders by court-appointed leadership will be considered eligible time.

**j) Emails and Correspondence:** Except for Lead Counsel, their assigned attorneys and staff working on this action and those designated by Lead Counsel to work on assignments requiring them to review emails and correspondence, time recorded for reviewing emails and other correspondence is not compensable as eligible time. For example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they

5

are not specifically working would not be compensable as eligible time.

        **k) Written Discovery:** Only those attorneys designated by Lead Counsel to review discovery are working for the benefit of the class(es) and their time accordingly considered eligible time.  All other counsel are reviewing those discovery responses for the benefit of their own clients, and such review will not be considered eligible time.

        **l) Travel Time:** Reasonable travel time may be compensable as eligible time if approved by Lead Counsel in connection with assigned eligible time or to the extent work otherwise compensable is performed while in transit. In the event that Plaintiffs' Counsel are unsure if the action they are about to undertake is considered eligible time, they shall ask Lead Counsel in advance as to whether such time may be compensable.

        **2.**       **Verification**

The forms detailing potential eligible time that are submitted to Lead Counsel shall be certified by an attorney with authority in each firm attesting to the accuracy of the submissions.

        **A.**       **Eligible Expenses**

"Eligible expenses" means expenses authorized by Lead Counsel and incurred for the benefit of the proposed class(es). Expense submissions shall be made to Lead Counsel on a monthly basis, by deadlines to be set by Lead Counsel, in accordance with the guidelines set forth herein. Only reasonable expenses incurred while performing work specifically authorized in writing by Lead Counsel may be considered as eligible expenses; any expense over $500 must be specifically approved in advance in writing by Lead Counsel.

No client-related expenses, save certain expenses relating to cases which in the future may be selected as potential bellwether cases or those related to class representatives in a Master or Consolidated Class Complaint, shall be considered eligible expenses, unless exceptional circumstances exist.

**3.**     **Travel Limitations:** Only reasonable expenses will be reimbursed.  Except in extraordinary circumstances approved by Lead Counsel, all travel reimbursements are subject to the following limitations:

**a)  Airfare**: Ordinarily, only the price of the lowest available, convenient coach fare seat will be reimbursed.  Business/First Class Airfare will be reimbursed only to the extent of the cost of the coach fare for the flight which shall be the submitters obligation to document..  In the event that non-coach air travel is utilized, including economy plus or premium economy, the attorney shall be reimbursed only to the extent of the lowest available, convenient coach fare, which must be contemporaneously documented.  If non-coach, private or charter travel is elected, the applicant is required to document what the lowest available, convenient coach fare in effect at that time was, and that is all that can be reimbursed.

**b)  Hotel:** Hotel room charges for the average available room rate of a business hotel, such as the Hyatt, Hilton, Westin, and Marriott hotels, in the city in which the stay occurred, will be reimbursed. Luxury hotels will not be fully reimbursed but, rather, will be reimbursed at the average available rate of a business hotel.

**c)  Meals:** Meal expenses must be reasonable. Expenses that exceed the meal allowances for federal employees may not be approved for reimbursement.  There will be no reimbursement for alcoholic beverages, movies, sundry items, or any other expense of a personal nature.

**d)  Cash Expenses:** Miscellaneous cash expenses for which receipts generally are not available (*e.g.,* tips, luggage handling) will be reimbursed up to $50.00 per trip, as long as the expenses are properly itemized.

**e)  Automobile Rental:** Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles are available. Counsel must submit evidence of the unavailability of

non-luxury vehicles. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form and only the non-luxury rate may be claimed.

    **f)   Mileage:** Mileage claims must be documented by stating origination point, destination, total actual miles for each trip and rate per mile paid by the attorney's firm.  The rate will be the IRS Standard Business Mileage Rate for the period in which the mileage was driven.

**4.   Non-Travel Limitations**

    **a)   Long Distance, Conference Call, and Cellular Telephone Charges:** Conference calls must be documented to be compensable. Long distance calls and cellular telephone charges generally are not reimbursable.

    **b)   Shipping, Overnight, Courier, and Delivery Charges:** All claimed shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

    **c)   Postage Charges:** A contemporaneous postage log or other supporting documentation must be maintained and submitted for postage charges. Such charges are to be reported at actual cost.

    **d) Facsimile Charges:** Contemporaneous records should be maintained and submitted showing faxes sent and received. The per-fax charge shall not exceed $0.50 per fax.

    **e)   In-House Photocopy:** A contemporaneous photocopy log or other supporting documentation must be maintained and submitted.  The maximum copy charge is $0.10 per page for in-firm photocopies and any necessary vendor photocopies shall be at actual cost.

    **f)   Computerized Research: Lexis, Westlaw, or Bloomberg:** Claims for Lexis,

Westlaw, Bloomberg, or other computerized legal research expenses should be in the exact amount charged to the firm and appropriately allocated for these research services.

### 5.    Verification

The forms detailing expenses that are submitted to Lead Counsel shall be certified by an attorney with authority in each firm attesting to the accuracy of the submissions. Attorneys shall maintain all receipts for all expenses, which shall be available upon request.

### 6.    Shared Costs and Contributions to a Litigation Fund

Each Lead Counsel and other counsel as designated by Lead Counsel shall pay a monetary amount into a litigation fund, as directed below, which shall be used to pay reasonable and necessary eligible expenses on an ongoing basis (the "Shared Costs"). The timing and amount of each contribution will be determined by Lead Counsel and must be paid within 30 days of the date of written request by Lead Counsel.  Failure to timely pay capital contributions as may be requested by Lead Counsel throughout this litigation will be grounds for barring counsel from submitting eligible time or expenses.

All costs that fall under the following categories and/or other expenses incurred for the benefit of the proposed class(es) as determined by Lead Counsel shall be considered Shared Costs and shall qualify for submission and payment from the litigation fund:

  **a)** court, filing and service costs related to common issues;

  **b)** service costs, including translation fees, for service of the consolidated complaints on all domestic and foreign defendants named in those complaints;

  **c)** deposition and court reporter costs for depositions (excluding those that are client-specific);

  **d)** document depository creation, operation, staffing, equipment and administration;

**e)**     translation costs related to the above;

**f)**     Lead Counsel, Liaison Counsel, or Executive Committee administration matters;

**g)**     legal, financial institutional and accountant fees relating to expenses;

**h)**     expert witness and consultant fees and expenses for experts whose opinions, advice and testimony would be generic and for the benefit of the proposed class(es) covered by a consolidated or master complaint. There shall be no reimbursement for case specific experts, except for liability and causation experts in class or bellwether cases, at the discretion of the Lead Counsel;

**i)**     printing, copying, coding, and scanning related to the above (out-of-house or extraordinary firm costs);

**j)**     research by outside third-party vendors/consultants/attorneys, approved by Lead Counsel;

**k)**     investigative services, approved by Lead Counsel; and

**l)**     mediator costs.

No client-related costs, save certain costs relating to cases selected in the future as potential bellwether cases or those related to class representatives in a Master or Consolidated Class Complaint, shall be considered Shared Costs, unless exceptional circumstances exist. All Shared Costs must be approved by Lead Counsel prior to payment.

Lead Counsel shall prepare and be responsible for distributing additional reimbursement procedures. Requests for payment shall include sufficient information to permit Lead Counsel and a CPA, if engaged by Lead Counsel, to account properly for expenses and to provide adequate detail to the Court.

7.      **Held Costs**

"Held Costs" are eligible expenses carried by counsel in this action  and reimbursed as and when Lead Counsel determines to do so. Held Costs are those that do not fall into the above Shared Cost categories but are incurred for the benefit of the proposed class(es).  No client-specificcosts can be considered Held Costs, other than certain eligible expenses relating to class representative or potential bellwether plaintiffs at the discretion of Lead Counsel.

Held Costs shall be recorded in accordance with the guidelines set forth herein and in additional procedures as prepared by Lead Counsel.

A.      **Timekeeping and Submission of Time and Expense Records**

All time and expenses must be accurately and contemporaneously maintained and tracked.In order to qualify for consideration as eligible time or expenses, Plaintiffs' Counsel shall keep contemporaneous billing records of the time spent in connection with the eligible time on this action, indicating with specificity the hours, recorded in tenths of an hour, and billing rate, along with a brief note indicating the source of authorization for the activity in question and a brief description of the particular activity. Time and expense submissions shall be made to Lead Counsel on a monthly basis, by deadlines to be set by Lead Counsel, in accordance with the guidelines set forth herein and using monthly reports to be distributed by Lead. The first submission is due on [_____], 2021, and should include all time and expense through [_____], 2021. Thereafter, all time and expense reports shall be submitted on the last calendar day of each month and shall cover the time period through the end of the preceding month(*i.e.*, the October 31, 2021 submission should include all time and expenses incurred during the month of [_____], 2021).[1]

---

[1] Although counsel should submit all eligible expenses incurred in a certain month in the submission made on the last calendar day of the next month, some third-party billing and credit card statement schedules may make such expense submission difficult. In such circumstances and in compliance with guidelines distributed by Lead Counsel, counsel may submitexpenses incurred in the previous two months that – because of circumstances outside the submitting counsel's control – could not have been

Time and expense entries that are not sufficiently detailed will not be considered. Time descriptions shall sufficiently describe the activity, consistent with the additional guidelines provided by Lead Counsel. All eligible time by each firm shall be recorded and maintained in tenth-of-an-hour increments. The failure to secure authorization from Lead Counsel to incur eligible time and expenses, or to maintain and timely provide such records or to provide a sufficientdescription of the activity, will be grounds for denying the recovery of attorneys' fees or expensesin whole or in part.

Dated: May 27, 2021

Respectfully submitted,

**Counsel for Plaintiffs**

*/s/ Melissa R. Emert*

Melissa R. Emert
**KANTROWITZ GOLDHAMER
& GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel.: (845) 356-2570
Fax: (845) 356-4335
memert@kgglaw.com

*Counsel for Plaintiff Shanely Zorrilla*

Michael R. Reese
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesllp.com

Jason P. Sultzer
Mindy Dolgoff
**THE SULTZER LAW GROUP P.C.**
270 Madison Ave., Suite 1800
New York, New York 10016
Telephone: (212) 969-7810
Facsimile: (888) 749-7747

---

submitted by the deadline. Any eligible expenses submitted more than two months in arrears shall not be considered as eligible expenses absent good cause as determined by Lead Counsel.

sultzerj@thesultzerlawgroup.com
dolgofm@thesultzerlawgroup.com

*Counsel for Plaintiff Leiba Baumgarten*

Gayle M. Blatt
**CASEY GERRY FRANCAVILLA BLATT &**
**PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Tel: (619) 238-1811
Fax: (619) 544-9232
gmb@cglaw.com

*Counsel for Plaintiff Lynda Galloway*

Gary E. Mason
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, DC 20016
Phone: (202) 429-2290
Fax: (202) 429-2294
gmason@masonllp.com

*Counsel for Plaintiff Alyssa Mays*

Charles E. Schaffer
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

*Counsel for Plaintiff Alyssa Mays*

Jeffrey S. Goldenberg
**GOLDENBERG SCHNEIDER L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Phone: (513) 345-8297
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

*Counsel for Plaintiff Alyssa Mays*

Jonathan Shub
**SHUB LAW FORM LLC**

134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Phone: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com

*Counsel for Plaintiff Alyssa Mays*