UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Case No.: 2:21-CV-0678-JS-AYS |

**DECLARATION OF CHARLES E. SCHAFFER**
**IN SUPPORT OF MOTION TO APPOINT INTERIM LEAD COUNSEL,**
**INTERIM LIAISON COUNSEL, AND INTERIM EXECUTIVE COMMITTEE**

I, Charles E. Schaffer, hereby declare under penalty of perjury pursuant to 28 U.S.C. §

1746 that the following is true and correct:

1.　　I am a member of Levin Sedran & Berman ("Levin Sedran"), and I am one of the

attorneys representing Plaintiffs, in the above-captioned consolidated action.  I submit this

declaration in support of my appointment as Interim Co-Lead counsel a pursuant to Federal Rule

of Civil Procedure 23(g).  Each of the facts set forth below is true and correct with my personal

knowledge and if called and sworn as a witness, I would competently testify thereto.

**LEVIN SEDRAN AND CHARLES E. SCHAFFER HAVE EXTENSIVE EXPERIENCE**
**IN PROSECUTING CONSUMER CLASS ACTIONS**

Levin Sedran is one of the nation's preeminent and most experienced plaintiff class-action

firms with extensive experience and expertise in consumer protection, products liability, antitrust,

securities and other complex class-action litigation. Levin Sedran's stock-and -trade is the

litigation of technically complex litigation such as this one. Levin Sedran has been appointed lead

counsel or to other leadership positions in hundreds of cases, including more than forty MDLs,

and is presently serving or has served in such positions in several of the largest and technically

complex class actions nationwide. *See e.g.*, *In re Chinese-Manufactured Drywall Product Liab.*

*Litig.,* MDL No. 2047 (E.D. La.) (Lead Counsel); *In re Nat'l Football League Players' Concussion*

*Injury Litig.*, MDL No. 2323 (E.D. Pa.) (Plaintiffs Steering Committee and Subclass Counsel for Settlement); *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee); *In re Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D. N.Y.) (Co-Lead counsel); *In re Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D. Ca.) (Plaintiffs' Executive Committee); and *In re Apple Inc. Device Performance Litigation*, MDL 2827 (N.D. Ca.) (Plaintiffs' Executive Committee); *see also* Levin Sedran's firm resume attached as Exhibit "A". Our firm's philosophy from leading and prosecuting complex class actions for over three decades is to efficiently, vigorously and zealously prosecute the action on behalf of our clients and the class. We become experts in the facts of the case, law, and science and assemble a team committed to doing the same. We are prepared to do the same in this MDL.

2.       As a result of its success representing consumers in complex litigation throughout the country, LEVIN SEDRAN has been distinguished as a Tier I class-action firm in the Best Law Firms' rankings published in the U.S. News and World Report Best Law Firms. It also ranked LEVIN SEDRAN Tier I for personal injury and mass tort firms. LEVIN SEDRAN was also named to THE NATIONAL LAW JOURNAL's insurance list of *America's Elite Trial Lawyers* in 2014. Members of LEVIN SEDRAN are listed in the LEGAL 500, LAW DRAGON 500, Martindale Hubbell's *Directory of Preeminent Attorneys*, as was in "Best Lawyers In America." *See* generally, LEVIN SEDRAN firm resume, attached as Exhibit "A". LEVIN SEDRAN pioneered the use of class actions and mass actions in the United States and its work has resulted in numerous record-breaking recoveries over the past four decades. Just for example:

- *In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (LEVIN SEDRAN as member of Executive Committee and Lead Trial

Counsel obtained a certification of a nationwide class and settlement on behalf of school districts);

- *In re: Diet Drug Product Liability Litigation*, MDL No.: 1203 (E.D. PA) (LEVIN SEDRAN as Co-Lead Counsel obtained a $6.75 billion dollar settlement on behalf of consumers who ingested Fen Phen);

- *In re: The Exxon Valdez,* No. 89-00095 (D. Alaska) (LEVIN SEDRAN as a member of the Trial and Discovery Committee represented fishermen, native corporations, native villages, native claims and business claims in this mass tort. After a jury trial, Plaintiffs obtained a judgment of $5 billion in punitive damages - at the time the largest punitive damage verdict in U.S. history. Later reduced to $507.5 million by the U.S. Supreme Court);

- *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No.: 2047 (E.D. La.) (LEVIN SEDRAN as Lead Counsel along with Liaison Counsel and the PSC obtained inter-related settlements involving various suppliers, builders, installers, insurers and manufacturers of Chinese drywall valued in excess of $1 billion dollars);

- *In re: The Vioxx Product Liability Litigation*, MDL No.: 1657 (E.D. La.) (As a member of the PSC and Plaintiffs' Negotiating Committee, LEVIN SEDRAN was instrumental in achieving a $4.85 million dollar settlement on behalf of consumers who ingested Vioxx).

- *In re: National Football League Players' Concussion Injury Litigation*, MDL No.: 2323 (E.D. Pa.) (As Subclass Counsel along with Lead Counsel obtained an uncapped settlement valued in excess of $1 billion dollars on behalf of NFL football players).

3.　As demonstrated by the cases summarized in LEVIN SEDRAN firm resume, attached as Exhibit "A",  Levin Sedran's work product and reputation were stellar and our firm works cooperatively with others.  *See* Exhibit "A".

4.　Levin Sedran  is repeatedly recognized by courts across the country for its success in handling complex class-action cases.  *See* generally, LEVIN SEDRAN firm resume, attached as Exhibit "A".  A few examples for the court's consideration:

A. In the *Lazy Oil Co. v. Witco Corp., et al.*, C.A. No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel) the district court made the following comments concerning the work of Co-Lead Counsel: "[t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation.  As such, Class Counsel brought considerable resources to the Plaintiffs' cause.  The Court has had the opportunity to observe Class Counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class.  The Court specifically notes that, at every phase of the litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause."

B. In *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL No. (1014) (E.D. Pa.) (Plaintiffs' Lead Counsel), the Court stated: "the Court also finds that the standing and expertise of counsel for [plaintiffs] is noteworthy.  First class counsel is of high caliber and most PLC members have extensive national experience and similar class-action litigation."

C. In *In re: Consumer Bags Antitrust Litigation*, Civil Action No. 77-1516 (E.D. Pa.) (Plaintiffs' Lead Counsel), Judge Louis Bechtel stated that "Each of the firms and the individual lawyers in this case have extensive experience in large, complex antitrust and securities litigation."  Furthermore, the Court notes that the quality of the legal services rendered was of the highest caliber.

D. In *In re: Diet Drugs Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) (Plaintiffs' Co-Lead Counsel), the court stated: "The Court recognized the 'remarkable contribution' from Levin Sedran & Berman in the creation of the largest nationwide personal injury settlement to date."

E.   In *In re: Summers v. Abraham Lincoln Savings and Loan Association*, 66 F.R.D. 581, 589 (E.D. Pa. 1975), the court stated: "There is no question that Plaintiff's counsel is experienced it the conduct of the class action . . .".

5.   I will be leading the Levin Sedran team in this litigation. I am a partner with the firm and have achieved an AV peer-review rating in Martindale Hubbell. With over 25 years of experience, I am a nationally recognized leader in complex litigation, having been appointed as Lead or Co-Lead counsel or as a PSC member on a regular basis by federal courts across the country, including in consumer class actions involving unfair and deceptive practices such as this one.[1] My firm and I regularly prosecute multi-state consumer class actions and has one of the best track records in the country when it comes to successfully litigating consumer classes and complex cases, developing practical damages methodologies, obtaining prompt relief for consumers victimized by unfair or deceptive practices, and working cooperatively with others. *See* cases discussed supra and Levin Sedran's firm resume attached as Exhibit "A". Through smart, efficient,

---

1 My appointments in MDL litigation include inter alia:. In re Apple Inc. Device Performance Litig., MDL No. 2827 (N.D. Cal.) (Plaintiffs' Executive Committee); In re Intel Corp. CPU Mktg., Sales Practices & Prods. Liab. Litig., MDL No. 2838 (D. Or.) (Plaintiffs' Executive Committee); In Re Aqueous Film-Foaming Foams (AFFF) Prods. Liab. Litig., MDL No. 2873 (D.S.C.) (Plaintiff's Steering Committee); In re Wells Fargo Insurance Mktg. Sales Practices Litig., MDL No. 2797 (C.D. Cal.) (Plaintiffs' Executive Committee); In re: JP Morgan Modification Litig., MDL No. 2290 (D. Mass.) (Plaintiffs' Co-lead Counsel); In re: IKO Roofing Prods. Liab. Litig., MDL No. 2104 (C.D. Ill.) (Plaintiffs' Co-lead Counsel); In re: HardiePlank Fiber Cement Siding Litig., MDL No. 2359 (D. Minn.) (Plaintiffs' Executive Committee); In re Navistar Diesel Engine Prods. Liab. Litig., MDL No. 2223 (N.D. Ill.) (Plaintiffs' Executive Committee); In re: Azek Decking Sales Practice Litig., No. 12-6627 (D.N.J.) (Plaintiffs' Executive Committee); In re: Pella Corporation Architect & Designer Series Windows Mktg. Sales Practices & Prod. Liab. Litig., MDL No. 2514 (D.S.C.) (Plaintiffs' Executive Committee); In re: Navistar Diesel Engine Prods. Liab. Litig., MDL No. 2223 (N.D. Ill.) (Plaintiffs' Steering Committee); In re: CitiMortgage, Inc. Home Affordable Modification Program ("HAMP"), MDL No. 2274 (C.D. Cal.) (Plaintiffs' Executive Committee); In re: Carrier IQ Consumer Privacy Litig., MDL No. 2330 (N.D. Cal.) (Plaintiffs' Executive Committee); In re: Dial Complete Marketing & Sales Practices Litig., MDL No. 2263 (D.N.H.) (Plaintiffs' Executive Committee); In re: Emerson Electric Co. Wet/Dry Vac Mktg. & Sales Litig., MDL No. 2382 (E.D. Miss.) (Plaintiffs' Executive Committee); In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Mktg. & Sales Practice Litig., No. 12-md-2320 (D.N.H.) (Plaintiffs' Executive Committee); and Gold v. Lumber Liquidators, Inc., No. 3:14-cv-05373-TEH (N.D. Cal.) (Plaintiffs' Executive Committee). In addition, I have served as member of litigation teams where LEVIN SEDRAN was appointed to leadership positions, in, inter alia., *In re Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.); *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); and *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

strategy and tailored creative problem-solving Mr. Schaffer and Levin Sedran have recovered billions of dollars for victims of defective products and unfair or deceptive practices. Ibid.  They have accomplished these outstanding global and class settlements while zealously prosecuting the action while minimizing costs and maximizing value. [2]

6.      Mr. Schaffer has concentrated his practice in representing consumers who have been victimized by unfair or deceptive practices. Of relevance to this litigation, Levin Sedran and Mr. Schaffer have served as Lead Counsel and as a member of a PSC or Executive Committee in class actions involving technically and technologically complex issues representing victims of defective products, unfair trade practices, data breaches, privacy security breaches and other complex cases involving computers, phones, devices and source code. *See e.g., In re: Diet Drug Product Liability Litigation*, MDL No.: 1203 (E.D. Pa.); *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No.: 2047 (E.D. La.); *In re: The Vioxx Product Liability Litigation*, MDL No.: 1657 (E.D. La.); *In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.), *In re CertainTeed Fiber Cement Siding Litigation,* MDL No: 2270 (E.D. Pa.), *Pollard v. Remington Arms Company,* Case No. 4:13-CV-00086-ODS (W.D. Mo.), *In re Carrier IQ, Inc., Consumer Privacy Litigation, C.A.,* No. 12-md-1330-EMC (N.D. Ca.); *Bryd v. Arron's Inc., C.A. No. 11-101* (W.D. Pa.); *In re Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Ca.)  and *Jones v. Samsung Electronics America, Inc.,* Case No. 2:17-cv-00571 (W.D. Pa.). Levin Sedran and Mr. Schaffer have prosecuted these cases from their

---

2 For example, Mr. Schaffer was instrumental in bringing about settlements in inter alia : In re Wells Fargo Insurance Marketing Sales practices Litigation, MDL no. 2797 (C.D. Cal.) which was approved by the Court in 2019 and was claims made settlement valued at $300 million dollars, In Re CertainTeed Corporation Roofing Shingles Product Liability Litigation, MDL No.: 1817 (E.D. Pa.) which was approved by the court in 2010 and valued at $815,000,000, In re CertainTeed Fiber Cement Siding Litigation, MDL No: 2270 (E.D. Pa.) which was a common fund settlement of $103.9 million dollars and Pollard v. Remington Arms Company, Case No. 4:13-CV-00086-ODS (W.D. Mo.) which was approved by the court in 2016 and valued at $97,000, 000. See also Levin Sedran's Firm Resume attached hereto as Exhibit "A".

inception, through discovery, to certification of class(es), to settlements and in some instances to trial. As stated *supra* Levin Sedran is one of the class action firms that tries cases which sets it apart from other firms.

7.      Levin Sedran as Lead Counsel in *In Re Chinese-Manufactured Drywall Product Liability Litigation,* MDL No. 2047 (E.D. La.). Against tremendous odds and at great effort and expense, Levin Sedran along with Liaison Counsel and members of the Plaintiffs' Steering Committee, dedicated themselves for over ten years to prosecuting claims on behalf of class(es) of thousands of homeowners who had defective Chinese Drywall installed in their homes. Levin Sedran's leadership in developing innovative pleadings involving "Omni Complaints", strategic discovery, and rapid bellwether trials led to a series of inter-related settlements involving various suppliers, builders, installers, insurers, and manufacturers of Chinese Drywall valued at more than $1 Billion. Mr. Schaffer worked in conjunction with the Plaintiffs' Expert Committee to develop experts to provide the requisite foundation for their defect, causation and damages opinions. This evidence was instrumental in bringing about plaintiff verdicts in the "bellwether" trial (*Hernandez v. Knauf*, 2010 WL 1710434 (E.D. La. April 27, 2010)) which contributed to the foundation for the inter-related settlements described above.  In addition, Mr. Schaffer oversaw the inspection of plaintiffs' homes in Virginia by the defendants' experts and worked with plaintiffs' experts to challenge defendants' experts' opinion that Chinese Drywall could be detected with the use of an XRF handheld measuring device. As a result, plaintiffs filed a Daubert motion and were able to preclude defendant's experts from offering such an opinion. Though the inter-related settlements described above culminated with Knauf, a German company with Chinese manufacturing subsidiaries, the remaining Chinese manufacturing defendants continue to dispute personal jurisdiction and raise other defenses to liability and damages. However, Levin Sedran, continues

to spearhead the prosecution of plaintiffs' claims by overseeing the litigation as plaintiffs begin to prepare to try the individual cases which were remanded back to their home districts. These tireless efforts reflect the dedication Levin Sedran attorneys, like Mr. Schaffer apply to every case.

8.     I have also represented victims of financial and or insurance fraud against financial institutions, insurance companies, lenders, finance companies and others as Lead Counsel and or as a member of the leadership team. *In re: JP Morgan Modification Litigation* MDL No.: 2290 (D.C. Mass.) (Plaintiffs' Co-lead Counsel); *In re: Citimortgage, Inc. Home Affordable Modification Program ("HAMP")* MDL No.: 2274 (C.D. Ca.) (Plaintiffs' Executive Committee); *Vought, et al., v. Bank of America, et al.,* Civil Action No. 10-CV-2052 (C.D. Ill. 2013) (Plaintiffs' Discovery and Settlement Committees*); Kowa, et. el. v. The Auto Club Group AKA AAA Chicago*, Case No. 1:11-cv-07476 (N.D. Ill.) (Co-lead Counsel); *In re Peregrine Financial Group Customer Litigation*, MDL No.12-5546 (N.D. Ill.); *In Re MF Global Holdings LTD. Investment Litigation*, case no 12-MD -2338 (S.D.N.Y.) and other cases. As lead counsel in *In re: JP Morgan Modification Litigation*, MDL No.: 2290 (D.C. Mass.), [3] Mr. Schaffer was instrumental in every phase of the litigation including settlement which culminated in a nationwide settlement under a consolidated litigation which provided a broad range of benefits to tens of thousands of homeowners.  The overall value of the settlement to class members which was determined to be $506 million dollars by a former treasury department official who worked on the initial management of the Government's program.

---

3 This MDL involved a class action filed across the United States all of which arose out of JP Morgan Chase's implementation of the Home Affordable Modification Program, one of the main programs designed to assist struggling homeowners in the economic downturn.  In exchange for receiving billions of dollars in funds, JP Morgan Chase and many other big banks agreed to offer homeowners loan modifications pursuant to the Federal Guidelines. Numerous individuals sued JP Morgan Chase and certain other related companies claiming that Chase failed to offer them a timely and proper permanent mortgage modification after they completed trial period plans under HAMP or Chase's home own equivalent programs.

9.      These cases are just a few examples of the complex class-action cases that my firm and I led to a successful outcome.  Levin Sedran's resume is attached as Exhibit "A", and the firm has been recognized by its peers and courts nationwide for a successful class-action leadership.

10.      Along with his class action and mass tort experience, Mr. Schaffer has a LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence and drug and medical device actions. He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts. Undoubtedly, the Lead Counsel will benefit from his insight and experience from prosecuting those actions.

11.      Based on my law firm's experience litigating complex class actions, including consumer class actions involving unfair and deceptive trade practices, I believe that my firm and I are well-qualified to represent the interests of the proposed class members in this case.  If appointed as Interim Co-lead counsel, my firm and I will continue to vigorously represent the interest of all class members, as we have done to date.

### LEVIN SEDRAN IS WILLING AND ABLE TO COMMIT TO A TIME-CONSUMING PROJECT

12.      As illustrated by its track record, Levin Sedran has repeatedly demonstrated its ability to commit to prosecuting cases through trial, and even post-trial appeals when necessary. *See*, e.g., *Exxon Valdez Oil Spill Litig*., No.: 889 0095 (D. Alaska); *Chinese-Manufactured Drywall Product Liability Litig.*, MDL No.: 2047 (E.D. La.); *Diet Drug Product Liability Litig.*, MDL No.: 1203 (E.D. Pa.); *Vioxx Product Liability Litig.*, MDL No.: 1657 (E.D. La.); and *Asbestos School Litig.*, No.: 83-0268 (E.D. Pa.)

13.     Levin Sedran has committed on partner, Charles E. Schaffer, plus a dedicated team of associates and staff, to assure that Plaintiffs efficiently prosecute this litigation to a successful conclusion.  If additional resources are necessary, LEVIN SEDRAN will supply them.

## LEVIN SEDRAN WORKS COOPERATIVELY WITH OTHERS

14.     My firm and I have excellent working relationships with each of the firms nominated here for Co-Lead Counsel and PSC positions. Levin Sedran attorneys pride themselves on forming productive and collegial relationships with their co-counsel and believe that such cooperative working relationships are necessary for effective representation.

## LEVIN SEDRAN IS WILLING TO COMMIT TO THE NECESSARY RESOURCES TO THIS MATTER

15.     Levin Sedran possesses both the financial and human resources necessary to successfully prosecute large-complex cases to trial.  Levin Sedran attorneys are well versed in all stages of litigation against large, heavily funded defense firms. Having practiced exclusively in complex and class-action litigation since it's conception over four decades ago, Levin Sedran recognizes the commitment of financial resources this litigation will entail.  We routinely advance substantial sums on behalf of our clients in complex cases, recovery of which is contingent upon the successful prosecution of the case and are prepared to do so here.


Dated: May 26, 2021                          /s/ Charles E. Schaffer_____
                                             CHARLES SCHAFFER
                                             COUNSEL FOR PLAINTIFF

# EXHIBIT 1

# LEVIN SEDRAN & BERMAN

## ———— ATTORNEYS AT LAW ————

Levin Sedran & Berman LLP is a Philadelphia law firm with a national reputation for superior client service and results representing clients in cases pending both in the Philadelphia area and across the nation. Through almost 40 years of serving our clients, our attorneys have gained national recognition for their experience and skill and are frequently called upon to lead some of the largest class actions, mass torts, complex litigation and antitrust cases in the nation. Our stock-and-trade is the litigation of technically complex cases, usually pending before an assigned MDL court. We have been appointed lead counsel or to other leadership positions in hundreds of cases, including more than forty MDLs, and are presently serving or have served in such positions in several of the largest and technically complex class actions nationwide. We regularly appear in federal courts throughout the country. *See e.g.*, *In re: Chinese-Manufactured Drywall Product Liab. Litig.*, MDL No. 2047 (E.D. La.) (Lead Counsel); *In re: Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (Plaintiffs Steering Committee and Subclass Counsel for Settlement); *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.) (Special Counsel to the Plaintiffs' Fee and Cost Committee as well as having been on a discovery team); *In re: Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D. N.Y.) (Co-Lead Counsel); *In re: Wells Fargo Insurance Marketing Sales Practices Litigation,* MDL No. 2797 (C.D. Ca.) (Plaintiffs' Executive Committee); *In re: Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Ca.) (Plaintiffs' Executive Committee); and *In re: Intel Corp. CPU Marketing Sales Practices and Products Liability* Litigation, MDL 2828 (C.D. Or.) (Plaintiffs' Executive Committee to represent the interests of governmental entities). Our firm's philosophy from leading and prosecuting complex class actions for over three decades is to efficiently, vigorously and zealously prosecute the action on behalf of our clients and the class. We become experts in the facts of the case, law, and science and assemble a team committed to doing the same.

Our firm has earned rankings published in the U. S. News and World Report for Best Law Firms, as a Tier I law firm for class-actions, personal injury and mass tort cases. The firm was also named to THE NATIONAL LAW JOURNAL's insurance list of *America's Elite Trial Lawyers* in 2014. Members of the firm are listed in the LEGAL 500, LAW DRAGON 500, Martindale Hubbell's *Directory of Preeminent Attorneys*, "Best Lawyers in America", and the National Trial Lawyers Top 100 Trial Lawyers.

We have pioneered the use of class actions and mass actions in the United States with our work resulting   not only in numerous record-breaking recoveries but also pioneering novel results over the nearly four decades we have been specializing in this practice area of the law. A few examples include:

- *In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (Levin Sedran & Berman as member of Executive Committee and Lead Trial Counsel obtained a certification of a nationwide class and

settlement on behalf of school districts that included pioneering the 50-state analysis of the law to meet class certification requirements);

- *In re: Three Mile Island Litigation,* Civil Action No. 79-0432 (M.D. Pa.) (Levin Sedran & Berman as a member of Executive Committee that obtained a settlement that included the establishment of a medical monitoring fund);

- *In re: Diet Drug Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) (Levin Sedran & Berman as Liaison and Co-Lead Counsel obtained a $6.75 billion-dollar settlement on behalf of consumers who ingested Fen-Phen);[1]

- *In re: The Exxon Valdez,* No. 89-00095 (D. Alaska) (Levin Sedran & Berman as a member of the Trial and Discovery Committee and represented fishermen, native corporations, native villages, native claims and business claims in this mass tort involving the massive oil spill in Alaska. The firm's assistance in the litigation helped the Plaintiffs obtain a judgment of $5 billion in punitive damages - at the time the largest punitive damage verdict in U.S. history. (Later reduced to $507.5 million by the U.S. Supreme Court);

- *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.) (Levin Sedran & Berman as Lead Counsel obtained inter-related settlements involving various suppliers, builders, installers, insurers and manufacturers of Chinese drywall with a value that exceeds $1 billion dollars);

- *In re: The Vioxx Product Liability Litigation*, MDL No. 1657 (E.D. La.) (As a member of the PSC and Plaintiffs' Negotiating Committee, Levin Sedran & Berman was instrumental in achieving a $4.85 billion-dollar settlement on behalf of consumers who ingested Vioxx);

- *In re: Air Cargo Shipping Servs. Antitrust Litig.*, MDL No. 1775 (E.D. N.Y.) (As Co-Lead Counsel in the decade long air cargo antitrust litigation Levin Sedran & Berman obtained 28 inter-related settlements against air cargo service providers totaling $1.2 billion dollars);

- *Galanti, et al. v. The Goodyear Tire and Rubber Co. ("Entran II")*, Civil Action No.: 03-209 (D.C. N.J.) (As a member of the Executive Committee Levin Sedran & Berman was instrumental in negotiating

---

1 That prolix settlement has received favorable comments by academia. *See* Nagareda, R., "Autonomy, Peace, and 'Put' Options in the Mass Tort Class Action, "115 Harv.L.Rev. 747, 756 (2002).

and achieving the creation of a common fund in the amount of $344 million); and

- *In re: National Football League Players' Concussion Injury Litigation*, MDL No. 2323 (E.D. Pa.) (Levin Sedran & Berman as Subclass Counsel working along with Lead Counsel obtained an uncapped settlement having a value that exceeds $1 billion dollars on behalf of NFL football players).

Frequently, the firm was specifically recognized by a court that is presiding over a matter for its work product and success in handling technical complex class-action cases. Examples of courts favorably commenting on the quality of the firm's work include:

- In *In re: Three Mile Island Litigation,* 557 F. Supp. 96 (M.D. Pa. 1982) Judge Rambo favorably acknowledged the quality of the work of Levin Sedran & Berman in her opinion.

- In the *Lazy Oil Co. v. Witco Corp., et al.*, C.A. No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel) ("[t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation. As such, Class Counsel brought considerable resources to the Plaintiffs' cause. The Court has had the opportunity to observe Class Counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class. The Court specifically notes that, at every phase of the litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause.")

- In *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL No. (1014) (E.D. Pa.) (Plaintiffs' Lead Counsel) ("the Court also finds that the standing and expertise of counsel for [plaintiffs] is noteworthy. First class counsel is of high caliber and most PLC members have extensive national experience and similar class-action litigation.")

- In *In re: Consumer Bags Antitrust Litigation*, Civil Action No. 77-1516 (E.D. Pa.) (Plaintiffs' Lead Counsel) ("Each of the firms and the individual lawyers in this case have extensive experience in large, complex antitrust and securities litigation." Furthermore, the Court notes that the quality of the legal services rendered was of the highest caliber.)

- In *In re: Diet Drugs Product Liability Litigation*, MDL No. 1203 (E.D. Pa.) (Plaintiffs' Co-Lead Counsel) (Court recognized "the

3

'remarkable contribution' from Levin Sedran & Berman in the creation of the largest nationwide personal injury settlement to date")

- In *In re: Summers v. Abraham Lincoln Savings and Loan Association*, 66 F.R.D. 581, 589 (E.D. Pa.) ("There is no question that Plaintiff's counsel is experienced in the conduct of the class action . . .".)

We regularly prosecute multi-state consumer class actions involving technically complex issues in representing victims of defective products, unfair trade practices, data breaches, privacy security breaches and other complex cases involving computers, phones, devices and source code. Aside from the cases cited above, reference is made to: *In re: CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.), *In re: CertainTeed Fiber Cement Siding Litigation,* MDL No: 2270 (E.D. Pa.), *Pollard v. Remington Arms Company,* Case No. 4:13-CV-00086-ODS (W.D. Mo.), *In re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation,* MDL 2828 (D. Or.). and *In re: Wells Fargo Insurance Marketing Sales Practices Litigation*, MDL No. 2797 (C.D.Ca.).

Relating to data breach and privacy cases, the firm has served as a member of the Executive Committee *in In re: Target Corporation Customer Data Security Breach Litigation*, MDL 2522 (D. Minn.) ($39 million settlement value for plaintiff financial institutions), where they were instrumental in working with experts and discovery including establishing the proper standard of care and calculation of damages to all victims (consumer and financial institutions) and serve as Co-Lead Counsel in *Green v. Accolade, Inc.*, 2:18-cv-00274 (E.D. Pa.) (where an employer breached its employees' PII information). The firm's data breach litigation experience also includes its leadership roles in: *Kuss v. American Home Patient, Inc. et. el.*, 8:18 -cv-0248 (M.D. Fl.) (where laptops were stolen and patient's medical information breached); *Abdelmessih v. Five Below, Inc.,* 2:19-cv-01487 (E.D. Pa.) (where retailer breached customers' PII information stored electronically); *Bryd v. Aaron's Inc.,* No. 11-101 (W.D. Pa.) (where defendant placed spyware on rental computers); *Peterson v. Aaron's Inc.*, No. 1-14-cv-1919 (N.D. Ga.) (where defendant placed spyware on rental computers) and on the Executive Committee in *Harris, et. el*. v. *Lord and Taylor, LLC*, 18-cv-00521 (D.Del.) (where retailer breached customers' PII information stored electronically); *Kyler, et al. v Saks Incorporated,* 18-cv-00360 (M.D. Tn.) (where retailer breached customers' PII information stored electronically) and *In re: Carrier IQ, Inc., Consumer Privacy Litigation*, No. 12-md-1330 (N.D. Cal.) (where defendant placed software on mobile devices).

More recently the firm obtained certification of cases *inter alia* in *Helmer, et al. v. The Goodyear Tire and Rubber Co. ("Entran III")*, Civil Action No.: 12-00685 (D.C. Col.) (certification of a liability only class on behalf of purchasers of radiant floor heating and then tried the issue of liability to a jury); *In re: Dial Complete Marketing and Sales Practices Litigation*, MDL No.: 2263 (D. NH.) (certification of multi state class action on behalf of purchasers of Dial Complete Anti-Bacterial Soap); *In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation*, MDL NO.: 2382 (E.D. MS.) (certification of a national class action on behalf of purchasers of wet/dry vacs) and *Gold v. Lumber Liquidators, Inc.,* No.3:14-cv-05373-TEH (N.D.

4

Ca.) (certification of a multi-state class action including California on behalf of purchasers of bamboo flooring)

The firm willingly takes cases through years of discovery and motion practice and settles only if the case is positioned for consumers to obtain real and meaningful benefits and relief. And, unlike many class action firms, Levin Sedran & Berman also takes cases to trial. In lead roles and as members of litigation teams, Levin Sedran & Berman did so in *In re: Chinese-Manufactured Drywall Product Liability Litigation, In re: The Exxon Valdez, Entran III and MDL - 2592 Xarelto Products Liability Litigation* (part of trial team of coordinated cases in the Philadelphia Mass Tort Program).

More specifics about many of the accomplishments of the attorneys of Levin Sedran & Berman are set forth below in the biographies of the individual attorneys of the firm.

# THE FIRM'S PRINCIPAL LAWYERS

**ARNOLD LEVIN**
*Founding Member*



ARNOLD LEVIN graduated from Temple University, B.S., in 1961, with Honors and Temple Law School, LLB, in 1964. He was Articles Editor of the Temple Law Quarterly. He served as a Captain in the United States Army (MPC). He is a member of the Philadelphia, Pennsylvania, American and International Bar Associations. He is a member of the Philadelphia Trial Lawyers Association, Pennsylvania Trial Lawyers Association and the Association of Trial Lawyers of America. He is admitted to the Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, United States District Court for the Middle District of Pennsylvania, the Third, Fourth, Fifth, Sixth, Seventh, Tenth and Eleventh Circuit Courts of Appeals and the United States Supreme Court. He has appeared pro hac vice in various federal and state courts throughout the United States. He has lectured on class actions, environmental, antitrust and tort litigation for the Pennsylvania Bar Institute, the Philadelphia Trial Lawyers Association, the Pennsylvania Trial Lawyers Association, The Association of Trial Lawyers of America, The Belli Seminars, the Philadelphia Bar Association, American Bar Association, the New York Law Journal Press, and the ABA-ALI London Presentations.

Mr. Levin is a past Chairman of the Commercial Litigation Section of the Association of Trial Lawyers of America and is co-chairman of the Antitrust Section of the Pennsylvania Trial Lawyers Association. He is a member of the Pennsylvania Trial Lawyers Consultation Committee, Class Action Section, a fellow of the Roscoe Pound Foundation and past Vice-Chairman of the Maritime Insurance Law Committee of the American Bar Association. He is also a fellow of the International Society of Barristers and chosen by his peers to be listed in Best Lawyers of America. He has been recognized as one of 500 leading lawyers in America by Law Dragon and The Legal 500 USA. U.S. News and World Report has designated Levin, Fishbein, Sedran & Berman as one of the top 22 national plaintiffs' firms in mass torts and complex litigation. In addition, he has been further recognized as one of the top 100 trial lawyers by The National Trial Lawyers Association. He was also named to the National Law Journal's Inaugural List of America's Elite Trial Lawyers. He also has an "av" rating in Martindale-Hubbell and is listed in Martindale-Hubbell's Register of Preeminent Lawyers.

Mr. Levin was on the Executive Committee as well as various other committees and Lead Trial Counsel in the case of *In re: Asbestos School Litigation*, Master File No. 83-0268 (E.D. Pa.), which was certified as a nationwide class action on behalf of all school districts. Mr. Levin was also on the Plaintiffs' Steering Committee in *In re: Copley Pharmaceutical, Inc., "Albuterol" Products Liability Litigation*, MDL 1013 (D. Wyoming); *In re: Norplant Contraceptive Products Liability Litigation*, MDL 1038 (E.D. Tex.); and *In re: Telectronics Pacing Systems, Inc., Accufix Atrial "J" Lead Products Liability Litigation*, MDL 1057 (S.D. Ohio).

6

Mr. Levin was appointed by the Honorable Sam J. Pointer as a member of the Plaintiffs' Steering Committee in the *Silicone Gel Breast Implants Products Liability Litigation*, Master File No. CV-92-P-10000-S, MDL 926 (N.D. Ala.).   The Honorable Louis L. Bechtle appointed Mr. Levin as Co-Lead Counsel of the Plaintiffs' Legal Committee and Liaison Counsel in *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.).   Mr. Levin also served as Co-Chair of the Plaintiffs' Management Committee, Liaison Counsel, and Class Counsel in *In re: Diet Drugs Litigation*, MDL 1203 (E.D. Pa.).   He was also a member of a four lawyer Executive Committee in *In re: Rezulin Products Liability Litigation,* MDL No. 1348 (S.D.N.Y.) and is a member of a seven-person Steering Committee in *In re: Propulsid Products Liability Litigation,* MDL No. 1355 (E.D. La.).   He was Chair of the State Liaison Committee in *In re: Phenylpropanolamine (PPA) Products Liability Litigation*, MDL 1407 (W.D. Wash.); and is a member of the Plaintiffs' Steering Committee and Plaintiffs' Negotiating Committee in *In re: Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.) and the Court approved Medical Monitoring Committee in *In re: Human Tissue Products Liability Litigation*, MDL No. 1763 (D.N.J.).   He is currently Plaintiffs' Lead Counsel, Class Counsel and Co-Chair of the Fee Committee in *In re: Chinese-Manufactured Drywall Product Liability Litigation,* MDL No. 2047 (E.D. La.). He was Plaintiffs' Liaison Counsel in *In re: CertainTeed Corp. Roofing Shingles Products Liability Litigation*, MDL No. 1817 (E.D. Pa.).   He is a member of the Plaintiffs' Steering Committee in *In re: National Football League Players' Concussion Litigation*, MDL No. 2323 (E.D. Pa.) and was appointed as Subclass Counsel for Subclass 1 in the NFL Concussion Class Action Settlement.   Mr. Levin is a member of the Plaintiffs' Steering Committee in *In re: Pool Products Distribution Market Antitrust Litigation*, MDL 2328 (E.D. La.); *In re: Testosterone Replacement Therapy Products Liability Litigation*, MDL 2545 (N.D. Ill.); *In re: Zoloft (Sertraline Hydrochloride) Products Liability Litigation*, MDL 2342 (E.D. Pa.); and *In re: Yasmin and Yaz Marketing, Sales Practices and Relevant Products Liability Litigation*, MDL 2100 (S.D. Ill.).   He is a member of Plaintiffs' Executive Committee in *In re: Fresenius Granuflo/ Naturalyte Dialysate Products Liability Litigation*, MDL 2428 (D. Mass).   Mr. Levin was appointed by the Honorable Carl J. Barbier to serve as Special Counsel to the Plaintiffs' Fee and Cost Committee in the BP Oil Spill Litigation, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL 2179 (E.D. La.).

Mr. Levin was also a member of the Trial and Discovery Committees in the *Exxon Valdez Oil Spill Litigation*, No. 89-095 (D. Alaska)   In addition, Mr. Levin was Lead Counsel in the prosecution of individual fishing permit holders, native corporations, native villages, native claims and business claims.

7

**HOWARD J. SEDRAN**
*Founding Member (1982 through 2017)*



HOWARD J. SEDRAN was a founding member of the firm from 1982 through December, 2017. Effective January, 2018, Mr. Sedran became Of-Counsel to the firm.  Mr. Sedran graduated cum laude from the University of Miami School of Law in 1976.  He was a law clerk to United States District Court Judge, C. Clyde Atkins, of the Southern District of Florida from 1976-1977.  He is a member of the Florida, District of Columbia and Pennsylvania bars and is admitted to practice in various federal district and appellate courts.  From 1977 to 1981, he was an associate at the Washington, D.C. firm of Howrey & Simon which specializes in antitrust and complex litigation. During that period he worked on the following antitrust class actions:   *In re: Uranium Antitrust Litigation*; *In re: Fine Paper Antitrust Litigation*; *Bogosian v. Gulf Oil Corporation*; *FTC v. Exxon, et al.*; and *In re: Petroleum Products Antitrust Litigation*.

In 1982, Mr. Sedran joined the firm and has continued to practice in the areas of environmental, securities, antitrust and other complex litigation.  Mr. Sedran also has extensive trial experience.  In the area of environmental law, Mr. Sedran was responsible for the first certified "Superfund" class action.

As a result of his work in an environmental case in Missouri, Mr. Sedran was nominated to receive the Missouri Bar Foundation's outstanding young trial lawyer's award, the Lon Hocker Award.

Mr. Sedran has also actively participated in the following actions:   *In re: Dun & Bradstreet Credit Services Customer Litigation*, Civil Action Nos. C-1-89-026, C-1-89-051, 89-2245, 89-3994, 89-408 (S.D. Ohio); *Raymond F. Wehner, et al. v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.); *Harold A. Andre, et al. v. Syntex Agribusiness, Inc., et al.*, Cause No. 832-05432 (Cir. Ct. of St. Louis, Mo.); *In re: Petro-Lewis Securities Litigation*, No. 84-C-326 (D. Colo.); *In re: North Atlantic Air Travel Antitrust Litigation*, No. 84-1013 (D.D.C.); *Jaroslawicz v. Engelhard Corp.*, No. 84-3641 (D. N.J.); *Gentry v. C & D Oil Co.*, 102 F.R.D. 490 (W.D. Ark. 1984); *In re: EPIC Limited Partnership Securities Litigation*, Nos. 85-5036, 85-5059 (E.D. Pa.); *Rowther v. Merrill Lynch, et al.*, No. 85-Civ-3146 (S.D.N.Y.); *In re: Hops Antitrust Litigation*, No. 84-4112 (E.D. Pa.); *In re: Rope Antitrust Litigation*, No. 85-0218 (M.D. Pa.); *In re: Asbestos School Litigation*, No. 83-0268 (E.D. Pa.); *In re: Catfish Antitrust Litigation*, MDL 928 (Plaintiffs' Executive Committee); *In re: Carbon Dioxide Antitrust Litigation*, MDL 940 (N.D. Miss.) (Plaintiffs' Executive Committee); *In re: Alcolac, Inc. Litigation*, No. CV490-261 (Marshall, Mo.); *In re: Clozapine Antitrust Litigation*, MDL 874 (N.D. Ill.) (Co-Lead Counsel); *In re: Infant Formula Antitrust Litigation*, MDL 878 (N.D. Fla.); *Cumberland Farms, Inc. v. Browning-Ferris Industries, Inc.*, Civil Action No. 87-3713 (E.D. Pa.); *In re: Airlines Antitrust Litigation*, MDL 861 (N.D. Ga.); *Lazy Oil, Inc. et al. v. Witco Corporation, et al.*, C.A. No. 94-110E (W.D. Pa.) (Plaintiffs' Co-Lead Counsel); *In re: Nasdaq Market-Makers*

*Antitrust Litigation*, MDL 1023 (S.D.N.Y.) (Co-Chair Discovery); and *In re: Travel Agency Commission Antitrust Litigation*, Master File No. 4-95-107 (D. Minn.) (Co-Chair Discovery); *Erie Forge and Steel, Inc. v. Cyprus Minerals Co.*, C.A. No. 94-0404 (W.D. Pa.) (Plaintiffs' Executive Committee); *In re: Commercial Explosives Antitrust Litigation*, MDL 1093 (Plaintiffs' Co-Lead Counsel); *In re: Brand Name Prescription Drug Antitrust Litigation*, MDL 997; *In re: High Fructose Corn Syrup Antitrust Litigation*, MDL 1087; *In re: Carpet Antitrust Litigation*, MDL 1075; *In re: Graphite Electrodes Antitrust Litigation*, C.A. No 97-CV-4182 (E.D. Pa.) (Plaintiffs' Co-Lead Counsel); *In re: Flat Glass Antitrust Litigation*, MDL 1200 (Discovery Co-Chair); *In re: Commercial Tissue Products Antitrust Litigation*, MDL 1189; *In re: Thermal Fax Antitrust Litigation*, C.A. No. 96-C-0959 (E.D. Wisc.); *In re: Lysine Indirect Purchaser Antitrust Litigation*, (D. Minn.); *In re: Citric Acid Indirect Purchaser Antitrust Litigation*, C.A. No. 96-CV-009729 (Cir. Ct. Wisc.).   Most recently, Mr. Sedran serves as one of the court-appointed Co-Lead Counsel in *In re: Air Cargo Shipping Services Antitrust Litigation*, MDL No. 1775 (E.D. N.Y.).

In *Lazy Oil Co. v. Witco Corp., et. al.*, *supra*, the District Court made the following comments concerning the work of Co-Lead Counsel:

> [t]he Court notes that the class was represented by very competent attorneys of national repute as specialists in the area of complex litigation.   As such Class Counsel brought considerable resources to the Plaintiffs' cause.   The Court has had the opportunity to observe Class counsel first-hand during the course of this litigation and finds that these attorneys provided excellent representation to the Class. The Court specifically notes that, at every phase of this litigation, Class Counsel demonstrated professionalism, preparedness and diligence in pursuing their cause.

**LAURENCE S. BERMAN**
*Founding Member*

 LAURENCE S. BERMAN, a founding member of the firm, was born in Philadelphia, Pennsylvania on January 17, 1953.   He was admitted to the bar in 1977.   He is admitted to practice before the U.S. Courts of Appeals for the Third, Fourth and Seventh Circuits; the U.S. District Court, Eastern District of Pennsylvania; and the Bar of Pennsylvania. He is a graduate of Temple University (B.B.A., magna cum laude, 1974, J.D. 1977).   He is a member of the Beta Gamma Sigma Honor Society. Mr. Berman was the law clerk to the Honorable Charles R. Weiner, U.S. District Court for the Eastern District of Pennsylvania 1978-1980. Member: Philadelphia, Pennsylvania and American Bar Associations. In 1982, Mr. Berman joined the law firm of Levin & Fishbein as an associate and became a partner in 1985 when the firm name was changed to Levin, Fishbein, Sedran & Berman.

Mr. Berman has had extensive experience in litigating and managing complex litigation. In the early 1980's he became a member of the discovery, law and trial committees of *In re: Asbestos School Litigation,* Master File No. 83-0268 (E.D. Pa.). As a member of those committees, he drafted discovery and legal briefs that lead to the successful resolution of the case on behalf of a nationwide class of schools seeking recovery of damages for the costs and expenses they were required to expend to assess the presence of asbestos in school buildings and to remediate under newly enacted rules and regulations of the Environmental Protection Agency, promulgated in the 1970's.   In connection with that litigation, he was one of the architects of approaching class certification issues for a nationwide class by the use of a "50" state analysis of the law, in order to demonstrate the similarity of laws and therefore the manageability of a nationwide class action. The "50" state approach has been followed in other cases.

During the early stages of his career, he litigated numerous environmental class/mass tort cases to successful conclusions.   He successfully litigated  a lead contamination case for the residents of a community in the Port Richmond area of Philadelphia, where he drafted the legal briefs and presented the oral argument to obtain class certification of a property damage and medical monitoring class against NL Industries and Anzon. That litigation produced a multi-million-dollar recovery for the residents in the class area. *Ursula Stiglich Wagner, et al. v. Anzon, Inc., et al.*, No. 4420, June Term, 1987 (C.C.P. Phila. Cty.)

Similarly, he represented   homeowners located near Ashland, Kentucky for environmental pollution damage. This case involved representing approximately 700 individual clients for personal injury and medical monitoring relief that also resulted in a multi-million-dollar recovery for his clients.

Beginning in the 1990's Mr. Berman began his representation of victims of the Three Mile Island accident. The firm represented approximately 2,000 plaintiffs in that matter, and Mr. Berman was responsible for the legal briefing and experts in the case, along with addressing

*Daubert* issues. The presiding Court (Middle District of Pennsylvania) determined to conduct extensive *Daubert* hearings in Three Mile Island, resulting in approximately ten full weeks of in court live hearings, and thousands of pages of legal briefing. Ultimately the trial court determined that several of the expert witnesses offered by the plaintiffs did not meet the *Daubert* requirements, and an appeal was taken to the Third Circuit Court of Appeals, where Mr. Berman both briefed and argued the issues. The Third Circuit affirmed parts of the decision and remanded for further proceedings by the trial court. His representation of clients in the Three Mile Island litigation spanned well over a decade.

In 1989, Mr. Berman represented approximately 1,000 plaintiffs who suffered damages as a result of the Exxon Valdez oil spill. In that role, he managed the claims of each of his firm's clients and worked in the development of their expert evidence and claim materials. As a subset of that litigation, he handled the claims of the Native Opt-Out Settlement Class. This representation also spanned well over a decade.

Mr. Berman began his role in litigating *In re: Diet Drugs*, MDL 1203 (E.D. Pa.) in 1997 at the outset of that litigation. The *Diet Drugs* case is still active to this date. Mr. Berman's firm was appointed as Co-Lead Counsel, Co-Class Counsel and Liaison Counsel. The massive size of the *Diet Drugs* case required the commitment of three of the named partners to the case, Arnold Levin, Michael Fishbein and Mr. Berman, as well as a substantial commitment by partner Fred Longer. While Messrs. Levin and Fishbein were formally named as Co-Class counsel to the case, Mr. Berman had a *de facto* role as Co-Class Counsel and Co-Lead counsel for the case. Mr. Berman briefed many legal issues, argued issues in court, participated in discovery, appeared frequently before the Special Discovery Master, helped negotiate the settlement(s) and helped in the management of the oversight of both the AHP Settlement Trust that was created to oversee the Settlement and the Seventh Amendment Fund Administrator that was created to oversee the Seventh Amendment aspect of the Settlement. He also managed the claims of the firm's individual clients.

Although the *Diet Drugs* case remains active today, and still occupies some of Mr. Berman's time, over the recent years he became active in various other pharmaceutical cases. In particular, beginning in about 2010, he became active in *In re: Yaz/Yasmin/Ocella*, MDL 2100 (S. D. Ill.) where he was appointed as a member of the discovery and legal briefing committees. Mr. Berman worked with his partner Michael Weinkowitz as Co-Liaison Counsel in the parallel state court litigation pending in the Court of Common Pleas of Philadelphia.

As the *Yaz* case began to wind down, Mr. Berman became active in litigation Tylenol cases where he was appointed and remains currently Plaintiffs' Co-Lead and Liaison Counsel.   *In re: Tylenol*, MDL 2436, (E.D. Pa.).   As Plaintiffs' Co-Lead and Liaison Counsel, Mr. Berman has appeared in Court for the Plaintiffs at virtually all of the monthly status conferences, drafted numerous briefs, engaged in discovery, drafted numerous case management orders that were entered by the Court, argued motions and otherwise managed the case on behalf of the Plaintiffs.

Mr. Berman is also a *de facto* member of the executive committee of *In re: Granuflo*, MDL MDL2428 (D. Mass.).   Mr. Berman's partner Arnold Levin was formally appointed to that case's Executive Committee for the Plaintiffs and Mr. Berman was appointed as a Co-Chair of the law and briefing committee.   He has acted as a *de facto* member of the Executive Committee for the firm.   In his role on the Law and Briefing Committee, he drafted numerous briefs for the case, including *Daubert* briefs, drafted various case management orders that were entered by the Court, and assisted in the negotiation of the global settlement including the drafting of the settlement documents and the allocation plan.

In *In re: Fosamax*, MDL 2243 (D.N.J.), Mr. Berman spearheaded the plaintiffs' position relating to privilege log issues as well as preemption and *in limine* issues raised in the bellwether case. Most recently, Mr. Berman was appointed to the Plaintiffs' Steering Committee by the Honorable Freda L. Wolfson in *In re: Johnson & Johnson Talcum Powder Products*, MDL 2738 (D. N.J.).

Mr. Berman has lectured about mass tort matters.   He lectured about the Tylenol case at several seminars and is a member of the American Association of Justice (AAJ) litigation group for the case.   He is also a member of various other AAJ litigation groups involving pharmaceutical products.   Mr. Berman has been a frequent speaker for the Pennsylvania Bar Institute, Mealy's Publications and Harris Martin. His lectures have been accredited for providing CLE credit to the attendees.   Mr. Berman has an A.V. Peer Review rating by Martindale-Hubbell and is an AAJ National College of Advocacy Advocate.   He is also a member of The National Trial Lawyers, as well as a member of the American, Pennsylvania and Philadelphia Bar Associations and has been recognized as a Super Lawyer.   His published works include "Class Actions in State and Federal Courts," Pennsylvania Bar Institute (Continuing Legal Education), November, 1997; "New Pennsylvania Rule of Civil Procedure 207.1," Pennsylvania Bar Institute (Continuing Legal Education), November, 2001, and membership on the Board of Editors, "Fen-Phen Litigation Strategist," Leader Publications, (1998).

**FREDERICK S. LONGER**
*Member*



FREDERICK S. LONGER, a member of the firm, specializes in representing individuals who have been harmed by dangerous drugs, medical devices, other defective products and antitrust violations.   Mr. Longer has extensive experience in prosecuting individual, complex and class action litigations in both state and federal courts across the country.   Mr. Longer has been involved in the resolution of several of the largest settlements involving personal injuries including the $6.75 billion settlement involving Diet Drugs and the $4.85 billion settlement involving Vioxx.   Mr. Longer was a member of the negotiating counsel responsible for the settlements in the *Chinese Drywall* litigation involving various suppliers and manufacturers of Chinese Drywall valued in excess of $1 billion.   Mr. Longer has a wealth of experience in mass torts and has frequently been the chairman or member of the Law and Briefing Committee in numerous multi-district litigations:

- *In re Zantac Products Liability Litigation*, MDL No. 2924 (S.D. Fla.);
- *In re Aqueous Film-Forming Foams Prod. Liab. Litigation,* MDL No. 2873 (D. S.C.);
- *In re Xarelto Products Liability Litigation,* MDL No. 2592 (E.D. La.);
- *In re: Propulsid Products Liability Litigation*, MDL No. 1355 (E.D. La.); *In re: Rezulin Products Liability Litigation*, MDL No. 1348 (S.D.N.Y.);
- *In re: Vioxx Products Liability Litigation*, MDL 1657 (E.D. La.);
- *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL 1014 (E.D. Pa.); and *In re: Diet Drug Litigation*, MDL 1203 (E.D. Pa.).

He is a court-appointed member of the Plaintiffs' Steering Committee in *In re: Mirena Products Liability Litigation*, MDL 2434 (S.D.N.Y.); *In re: Xarelto Products Liability Litigation*, MDL No. 2592 (E.D. La.); and *In re Zantac Products Liability Litigation*, MDL No. 2924 (S.D. Fla.).   Mr. Longer also assisted Co-Lead Counsel and Subclass Counsel with negotiating the class settlement in *In re: National Football League Players' Concussion Litigation*, MDL No. 2323 (E.D. Pa.).

Mr. Longer has substantial trial experience and is one of the few lawyers in the country to have tried to verdict a client's claim involving Baycol in Philadelphia County Court of Common Pleas.

Mr. Longer, originally from Philadelphia, Pennsylvania, completed his undergraduate work at Carnegie Mellon University. He then attended the University Pittsburgh School of Law and was a Notes and Comments Editor for the University of Pittsburgh Law Review.   Mr. Longer practiced for 3 years in Allegheny County with the law firm of Berger, Kapetan, Malakoff & Myers on complex litigation and civil rights matters, including *Kelly v. County of Allegheny*, No. 6D 84-

13

17962 (C.P. Allegheny County, PA).    Thereafter, Mr. Longer joined the firm and is now a member in the firm.

Mr. Longer is a frequent lecturer and has presented numerous seminars on various legal topics for professional groups.   Some of Mr. Longer's speaking engagements include: *COVID-19 Business Interruption Litigation - MDL and Outside Influences, Harris Martin (May 14, 2020); Impact of Ascertainability Consideration son Rule 23(b)(3), American Association for Justice (December 6, 2018); Plaintiff Only Consumer Warranty Class Action Litigation Seminar*, American Association for Justice Education and the National Association of Consumer Advocate (June 3-4, 2014)*; "No Injury" and "Overbroad" Class Actions After Comcast, Glazer and Butler: Implications for Certification-Navigating Complex Issues of Overbreadth and Damages in Consumer Product Cases*, Strafford Webinar (April 1, 2014); *Service of Process in China*, ABA Annual Conference (April 18-20, 2012); Chinese Drywall Litigation Conference, Harris Martin (October 20-21, 2011); *Current Issues in Multi-district Litigation Practice*, Harris Martin (September 26, 2011); *FDA Preemption: Is this the end?*, Mass Torts Made Perfect (May 2008). He has authored several articles including, *The Federal Judiciary's Super Magnet,* TRIAL (July 2009).   He also contributed to Herbert J. Stern & Stephen A. Saltzburg, TRYING CASES TO WIN: ANATOMY OF A TRIAL (Aspen 1999).

Mr. Longer is a member of the American Bar Association, American Association for Justice, Pennsylvania and Philadelphia Association for Justice, the Pennsylvania Bar Association and the Philadelphia Bar Association.   He is an active member of the Historical Society for the Eastern District of Pennsylvania.   He is admitted to practice before the Supreme Court of Pennsylvania and the Supreme Court of New Jersey, the United States Supreme Court; the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Seventh and Ninth Circuits, and the United States District Courts for the Western and Eastern Districts of Pennsylvania, United States District Court Northern District of New York; United States District Court for the Western District of New York; United States District Court of New Jersey; United States District Court for District of Arizona; and the United States District Court District of Nebraska.

Mr. Longer has received Martindale-Hubbell's highest rating (AV) as a pre-eminent lawyer for his legal ability and ethical standards.   He has also been recognized by his peers as a Super Lawyer since 2008.

**CHARLES E. SCHAFFER**
*Member*

 CHARLES E. SCHAFFER, a member of the firm, born in Philadelphia, Pennsylvania, is a graduate of Villanova University, (B.S., *Magna Cum Laude*, 1989) and Widener University School of Law (J.D. 1995) and Temple University School of Law (LL.M. in Trial Advocacy, 1998). Mr. Schaffer served as a Corporal in the United States Marine Corps (USMC). He is admitted to practice before the Supreme Court of Pennsylvania, the Supreme Court of New Jersey, the United States District Court for the Eastern District of Pennsylvania; Western District of Pennsylvania; Middle District of Pennsylvania; Northern District of Illinois; Central District of Illinois; Northern District of New York; District of Colorado; Third Circuit Court of Appeals; and the Sixth Circuit Court of Appeals.   He is also a member of the American Bar Association, Association of Trial Attorneys of America, Pennsylvania Association for Justice, Philadelphia Trial Lawyers Association, and the National Trial Lawyers Association.

With over 20 years of experience Mr. Schaffer is a nationally-recognized leader in complex litigation, having been appointed as Lead or Co-Lead counsel or as a PSC member on a regular basis by federal courts across the country. He is widely recognized for his ability to lead very complex litigation and his expertise in dealing with discovery, experts, damage models, and national and multi-state classes.

Mr. Schaffer's appointments in MDL litigation include *inter alia*: *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL 2873 (D.S.C) (Plaintiffs' Steering Committee ); *In re Hill's Pet Nutrition, Inc. Dog Food Products Liability Litigation*, MDL 2887 (D. Kan.) (Plaintiffs' Executive Committee); *In re: Intel Corp. CPU Marketing Sales Practices and Products Liability Litigation*, MDL 2828 (D. Or.) (Appointed to Plaintiffs' Executive Committee to represent the interests of governmental entities); *In re: Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Cal.) (Plaintiffs' Executive Committee)*; In re: Wells Fargo Insurance Marketing Sales Practices Litigation,* MDL No. 2797 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: JP Morgan Modification Litigation* MDL No.: 2290 (D. Mass.) (Plaintiffs' Co-Lead Counsel); *In re: IKO Roofing Products Liability Litigation*, MDL No.: 2104 (C.D. Ill.) (Plaintiffs' Co-lead Counsel); *In re: HardiePlank Fiber Cement Siding Litigation*, MDL No.: 2359 (D. Minn.) (Plaintiffs' Executive Committee); *In re: Navistar Diesel Engine Products Liability Litigation*, MDL No. 2223 (N.D. Ill.) (Plaintiffs' Executive Committee); *In re: Azek Decking Sales Practice Litigation*, Civil Action No.: 12-6627 (D.N.J.) (Plaintiffs' Executive Committee*); In re: Pella Corporation Architect and Designer Series Windows Marketing Sales Practices and Product Liability Litigation*, MDL No.: 2514 (D.S.C.) (Plaintiffs' Executive Committee); *In re: Navistar Diesel Engine Products Liability Litigation*, MDL No.: 2223 (N.D. Ill.) (Plaintiffs' Steering Committee); *In re: CitiMortgage, Inc. Home Affordable Modification Program ("HAMP"),* MDL No.: 2274 (C.D. Cal.) (Plaintiffs' Executive Committee); *In re: Carrier IQ Consumer Privacy Litigation*, MDL No.: 2330 (N.D. Cal.) (Plaintiffs' Executive Committee); *In re: Dial Complete*

*Marketing and Sales Practices Litigation*, MDL No.: 2263 (D.N.H.) (Plaintiffs' Executive Committee); *In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation*, MDL No.: 2382 (E.D. Mo.) (Plaintiffs' Executive Committee); and *In re: Colgate-Palmolive Soft Soap Antibacterial Hand Soap Marketing and Sales Practice Litigation*, (D.N.H.) (Plaintiffs' Executive Committee).

Mr. Schaffer has also served in leadership positions in class actions which were not consolidated in an MDL. *E.g. In re Deva Concepts Products Liability Litigation,* Civil Action No. 1:20-CV-01234 (S.D.N.Y.) (Plaintiffs' Co-Lead Counsel); *Pollard v. Remington Arms Company,* Case No. 4:13-cv-00086-ODS (W.D. Mo.) (Co-Lead Counsel); *Davis v. SOH Distribution Company, Inc.*, Case No. 09-CV-237 (M.D. Pa.) (Plaintiffs' Co-Lead Counsel); *Gwaizdowski v. County of Chester*, Civil Action No. 08-CV-4463 (E.D. Pa.); *Meneghin, v. The Exxon Mobile Corporation, et al.,* Civil Action No. OCN-002697-07 (N.J. Super. Ct., Ocean County) (Plaintiffs' Co-Lead Counsel); *Johnson, et al. v. Walsh, et al*, PCCP April Term, 2008, No. 2012 (Phila. Com. Pl. 2008) (Plaintiffs' Co-Lead Counsel); *Gulbankian et. al. v. MW Manufacturers, Inc.,* Case No. 1:10-cv-10392-RWZ (D. Mass.) (Plaintiffs' Discovery and Settlement Committees); *Eliason, et al. v. Gentek Building Products, Inc., et al.*, Case No. 1:10-cv-2093 (N.D. Ohio) (Plaintiffs' Executive Committee); *Smith, et al. v. Volkswagon Group of America, Inc.*, Case No. 3:13-cv-00370-SMY-PMF (S.D. Ill.) (Plaintiffs' Discovery and Settlement Committees); *Melillo, et al. v. Building Products of Canada Corp.*, Civil Action No. 1:12-CV-00016-JGM (D. Vt.); *Vought, et al., v. Bank of America, et al*., Case No. 10-CV-2052 (C.D. Ill.) (Plaintiffs' Discovery and Settlement Committees); *United Desert Charities, et al. v. Sloan Valve, et al.*, Case No. 12-cv-06878 (C.D. Cal.) (Plaintiffs' Executive Committee); *Kowa, et. al. v. The Auto Club Group AKA AAA* Chicago, Case No. 1:11-cv-07476 (N.D. Ill.); *Weller v. HSBC Mortgage Services, Inc.,* No. 13-cv-00185 (D. Colo.); *Gilmour v. HSBC Bank, N.A.,* No. 13-cv-05896 (S.D.N.Y); *Smith v. SunTrust Mortgage, Inc.,* No. SACH3-739-AG (C.D. Cal.); *George v. Uponor, Inc.*, Civil No. 12-249 ADM/JJK (D. Minn.); *Yarbrough v. Martin's Famous Pastry Shoppe, Inc.*, Civil No. 11-cv-02144-JEJ (M.D. Pa.) (Plaintiffs' Co-Lead Counsel): *Minor v. Congoleum Corporation*, Civil Action No.: 3:13-cv-07727-JAP-LHG (D.N.J.) (Plaintiffs' Co-Lead Counsel); and *In re: MF Global Holdings, Ltd. Investment Litigation*, Case No. 12-MD-2338 (S.D.NY).

In addition, Mr. Schaffer has served as member of litigation teams where Levin Sedran & Berman was appointed to leadership positions in, *inter alia*. *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No. 2047 (E.D. La.); *In re: Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La.); *In re: Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); and *In re: Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.).

Currently, Mr. Schaffer is serving as co-lead counsel in *In re Deva Concepts Products Liability Litigation*, Civil Action No. 1:20-CV-01234 (S.D.N.Y.) ; a member of Plaintiffs' Steering Committee in *In re Aqueous Film-Forming Foams Products Liability Litigation*, MDL 2873 (D. S.C.), a member of Plaintiffs" Steering Committee in *In re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation,* MDL 2838 (D. Or.), a member of Plaintiffs' Executive Committee in: *In re: Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Cal.);; a member of Plaintiffs' Steering Committee in *Herrera, et. el. v. Wells Fargo,* Civil   No. 8:18-cv-

00332 (C.D. Cal.); a member of Plaintiffs' Executive Committee in *In re: Emerson Electric Co. Wet/Dry Vac Marketing and Sales Litigation,* MDL 2382 (E.D. Mo.);   a member of the Plaintiffs' Executive Committee in *Gold v. Lumber Liquidators, Inc.*, No. 3:14-cv-05373-TEH (N.D. Cal.) and is actively participating in a number of other class actions and mass tort actions across the United States in leadership positions.

Mr. Schaffer regularly prosecutes multi-state consumer class actions involving technically complex issues and has one of the best track records in the country when it comes to developing practical damages methodologies, obtaining prompt relief for consumers victimized by defective products and unfair or deceptive practices, as well as working cooperatively with others. Through smart, efficient, strategy and tailored creative problem-solving Mr. Schaffer and Levin Sedran & Berman have recovered billions of dollars for victims of defective products, environmental disasters and unfair or deceptive practices.

In this regard, Mr. Schaffer and his firm served as liaison counsel in *In re: CertainTeed Corporation Roofing Shingle Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.).   That case involved claims on behalf of $1.8 million homeowners who unknowingly purchased roofing shingles that were defectively designed and manufactured thereby causing premature and unreasonable deterioration, cracking, blistering, crumbling and leaking.   Mr. Schaffer was instrumental in bringing about a settlement which was approved by the court and valued at between $687 to $815 million dollars.   In addition, Mr. Schaffer served as Plaintiffs' Discovery and Settlement Committees in *In re: CertainTeed Siding Litigation*, MDL No.: 2270 (E.D. Pa.).   That case involved claims on behalf of tens of thousands of homeowners who unknowingly purchased fiber cement siding that was defectively designed, manufactured thereby causing premature and unreasonable deterioration, cracking and water protrusion.   Mr. Schaffer was instrumental in bringing about a common fund settlement in the amount of $103.9 million dollars which was approved by the court.

Mr. Schaffer also served as lead counsel in *In re: JP Morgan Modification Litigation*, MDL No.: 2290 (D. Mass.).   This MDL involved a class action filed across the United States all of which arose out of JP Morgan Chase's implementation of the Home Affordable Modification Program, one of the main programs designed to assist struggling homeowners in the economic downturn.   In exchange for receiving billions of dollars in funds, JP Morgan Chase and many other big banks agreed to offer homeowners loan modifications pursuant to the Federal Guidelines. Numerous individuals sued JP Morgan Chase and certain other related companies claiming that Chase failed to offer them a timely and proper permanent mortgage modification after they completed trial period plans under HAMP or Chase's home own equivalent programs.   Mr. Schaffer was instrumental in every phase of the litigation including settlement which culminated in a nationwide settlement under a consolidated litigation which provided a broad range of benefits to tens of thousands of homeowners.   The overall value of the settlement to class members which was determined to be $506 million dollars by a former treasury department official who worked on the initial management of the Government's program.

More recently, Mr. Schaffer served as a member of the Plaintiffs' Executive Committee in *In re Wells Fargo Insurance Marketing Sales Practice Litigation,* MDL No. 2797 (C.D. Cal.) which culminated in a national settlement in the amount of $423,500,000. This lawsuit alleged that Defendants unlawfully placed duplicative, unnecessary, and overpriced collateral protection insurance  policies on Wells Fargo customer's automobile loan accounts. Plaintiffs alleged that as a result of Defendants' CPI placements, borrowers suffered financial harm, including wrongful charges, fees, costs, and credit damage. The settlement allowed borrowers to recoup these overpayments. Mr. Schaffer also served as lead counsel in *Pollard v, Remington Pollard v. Remington Arms Company,* Case No. 4:13-cv-00086-ODS (W.D. Mo.). That case involved claims on behalf of over one million consumers who purchased firearms equipped with a defective fire control mechanism which would allow the firearm to discharge without pulling the trigger and placing the user of the firearm as well as bystanders at a grave risk of injury and even death.   Mr. Schaffer was instrumental in negotiating a nation-wide class action settlement which was approved by the district court and affirmed by the Eight Circuit Court of Appeals. The settlement   allowed owners of the firearms with the defective triggers to have their trigger mechanisms retrofitted with a non-defective trigger. The district court valued the settlement to be at least $97,000,000. This settlement not only allowed the firearm owners to get the benefit of their bargain by having their guns repaired, but, it also resulted in dangerous firearms being fixed and thereby preventing accidental discharges which could injure or kill the user and/or innocent bystander.

Mr. Schaffer and Levin Sedran & Berman has also handled technically and technologically complex issues representing victims harmed by drugs, defective products, unfair trade practices, data breaches, privacy security breaches and other complex cases involving computers, phones, devices and source code. *See e.g., In re: Diet Drug Product Liability Litigation*, MDL No.: 1203 (E.D. Pa.); *In re: Chinese-Manufactured Drywall Product Liability Litigation*, MDL No.: 2047 (E.D. La.); *In re: The Vioxx Product Liability Litigation*, MDL No.: 1657 (E.D. La.); *In re: CertainTeed Corporation Roofing Shingles Product Liability Litigation*, MDL No.: 1817 (E.D. Pa.), *In re: CertainTeed Fiber Cement Siding Litigation,* MDL No: 2270 (E.D. Pa.), *Pollard v. Remington Arms Company,* Case No. 4:13-CV-00086-ODS (W.D. Mo.), *In re: Carrier IQ, Inc., Consumer Privacy Litigation, C.A.,* No. 12-md-1330-EMC (N.D. Cal.); *Bryd v. Arron's Inc., C.A. No. 11-101* (W.D. Pa.); *In re: Apple Inc. Device Performance Litigation,* MDL 2827 (N.D. Cal.) and *In re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation,* MDL 2828 (D. Or.).

Levin Sedran& Berman is Lead Counsel in *In re: Chinese-Manufactured Drywall Product Liability Litigation,* MDL No. 2047 (E.D. La.). Against tremendous odds and at great effort and expense, Levin Sedran along with Liaison Counsel and members of the Plaintiffs' Steering Committee, dedicated themselves for over ten years to prosecuting claims on behalf of class(es) of thousands of homeowners who had defective Chinese Drywall installed in their homes. Levin Sedran's leadership in developing innovative pleadings involving "Omni Complaints", strategic discovery, and rapid bellwether trials led to a series of inter-related settlements involving various suppliers, builders, installers, insurers, and manufacturers of Chinese Drywall valued at more than $1 Billion. Mr. Schaffer worked in conjunction with the Plaintiffs' Expert Committee to develop experts to provide the requisite foundation for their defect, causation and damages opinions. This

evidence was instrumental in bringing about plaintiff verdicts in the "bellwether" trial (*Hernandez v. Knauf*, 2010 WL 1710434 (E.D. La. April 27, 2010)) which contributed to the foundation for the inter-related settlements described above.   In addition, Mr. Schaffer oversaw the inspection of plaintiffs' homes in Virginia by the defendants' experts and worked with plaintiffs' experts to challenge defendants' experts' opinion that Chinese Drywall could be detected with the use of an XRF handheld measuring device. As a result, plaintiffs filed a Daubert motion and were able to preclude defendant's experts from offering such an opinion. Though the inter-related settlements described above culminated with Knauf, a German company with Chinese manufacturing subsidiaries, the remaining Chinese manufacturing defendants continue to dispute personal jurisdiction and raise other defenses to liability and damages. However, Levin Sedran, continues to spearhead the prosecution of plaintiffs' claims by overseeing the litigation as plaintiffs begin to prepare to try the individual cases which were remanded back to their home districts. These tireless efforts reflect the dedication Levin Sedran & Berman attorneys, like Mr. Schaffer apply to every case.

In addition to representing consumers, Mr. Schaffer has also represented victims of pollution, contamination and other toxic exposures. *Meneghin, v. The Exxon Mobile Corporation, et al.,* Civil Action No. OCN-002697-07 (N.J. Super. Ct., Ocean County ) (Plaintiffs' Co-lead Counsel); *Johnson, et al. v. Walsh, et al*, PCCP April Term, 2008, No. 2012 (Phila. Com. Pl.) (Plaintiffs' Co-Lead Counsel). As lead counsel in *Meneghin v. Exxon Mobil Corporation, et. al.,* Mr. Schaffer successfully opposed Exxon Mobil's *Daubert* challenges to Plaintiffs' liability and damage experts and obtained certification of a class of property owners whose properties were contaminated with constituents from gasoline (benzene). The contamination was a result of a discharge of gasoline from underground storage tanks which   led to ground water contamination and contamination of the properties. Thereafter, Mr. Schaffer negotiated a multi-million-dollar class action settlement on behalf of all property owners in the vicinity of the Exxon Mobil gas station. This was the first class-action settlement for property contamination entered into by Exxon Mobil.

These cases are just a few examples of the complex class-action cases that Mr. Schaffer along with Levin Sedran & Berman led to a successful outcome.

Along with his class action and mass tort experience, Mr. Schaffer has a LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence and drug and medical device actions. He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts.

In recognition of his accomplishments, Mr. Schaffer has achieved and maintained an AV Martindale-Hubbell rating and is recognized by his peers as a Super Lawyer. Mr. Schaffer speaks nationally on a multitude of topics relating to class actions and complex litigation.

## MICHAEL M. WEINKOWITZ
*Member*



MICHAEL M. WEINKOWITZ has substantial professional experience in complex product liability cases involving pharmaceuticals, medical devices and other consumer products. He has served as Court-appointed Executive, Steering or major committee member in mass tort litigations, including, by way of example:

- *In Re: Juul Labs, Inc., Marketing, Sales Practices, and Prod. Liab.,* MDL (N.D. CA): appointed to Plaintiffs Steering Committee and Law and Briefing Chair;

- *In re Xarelto Prod. Liab Litig.,* **MDL 2592 (E.D. La.)**; appointed to serve on Discovery Committee, Federal/State Committee, Bellwether trial teams and Settlement Committee and Fee Committee. Served as Plaintiffs' Liaison counsel in the consolidated mass tort litigation in Pennsylvania, *In re Xarelto Prod. Liab. Litig.,* Jan. Term 2015, No. 2349 (First Judicial District of Pennsylvania).

- *In re Tylenol Marketing, Sales Practices and Prod. Liab. Litig.,* **MDL 2436 (E.D. Pa.):** served as Liaison Counsel and Chair of the both the Discovery and Law and Briefing Committees and a member of the settlement team that negotiated the global settlement that was reached).

- *In re YAZ Prod. Liab Litig,* **MDL 2100 (S.D. Ill.)**: served as a member of the Discovery Committee. Court appointed Plaintiffs' Liaison Counsel in the consolidated mass tort action in Pennsylvania, *In re Yaz/Yasmin/Ocella Prod. Liab. Litig,* Sept. Term 2009, No. 1307 (First Judicial District of Pennsylvania); member of the Settlement Committee that negotiated and implemented global settlements.

- *In re Pradaxa Prod. Liab. Litig,* **MDL 2384 (S.D. Ill.):** appointed to Plaintiffs' Steering Committee.

- *In re Johnson and Johnson Talcum Powder Products Marketing, Sales Practices and Prod. Liab. Litig.* **MDL 2738 (D.N.J.):** member of the Law and Briefing Committee.

- *In re Fresenius Granuflo/Naturalyte Dialysate Prod. Liab. Litig.* **MDL 2428 (D. Mass):** co-chair of the Discovery Committee.

- *In re Vioxx Prod. Liab. Litig,* **MDL No. 1657 (E.D. La.):**- member of the Science Committee and the Joint Defense and Plaintiff Review Settlement Subcommittee.

- *In re Phenylpropanolamine (PPA) Prod. Liab. Litig,* **MDL 1407 (W.D. Wash.):** member of the Discovery Committee.

In addition to being a member of the various court committees noted above, he has represented those injured by the various drugs and medical devices in those cases, including JUUL, Talcum Powder, Xarelto, Pradaxa, Tylenol, Yaz/Yasmin, Hip Implants, Diethylstilbestrol (DES),

Ortho Evra Birth Control Patch, Vioxx/Bextra/Celebrex, Fosamax, Digitek, Actos, and Cough Cold and Diet Medications containing Phenylpropanolamine (PPA).

He is a frequent seminar instructor and lecturer in the area of mass torts. He was selected Pennsylvania Rising Star – Super Lawyers, in 2005 and in 2009-2020 as a Pennsylvania Super-Lawyer. He is Advisory Board member, LexisNexis Practice Guide(s): Pennsylvania Civil Pre-Trial Practice, and Pennsylvania Civil Trial Practice, 2017 Editions.

Michael was born in Wilmington, Delaware. He graduated from West Virginia University (B.A., *magna cum laude,* 1991) and Temple University, School of Law (J.D., *cum laude*, 1995).

Michael is licensed to practice in Pennsylvania, New Jersey and New York. He is admitted to the United States District Courts, Eastern District of Pennsylvania, the District of New Jersey, the Eastern and Southern Districts of New York and United States Court of Appeals for the Third Circuit.

**DANIEL C. LEVIN**
*Member*



DANIEL C. LEVIN is a Philadelphia native who practices in the areas of Medical Malpractice, Personal Injury, Class Actions, Products Liability, Environmental Liability and Mass Torts.

.

Daniel Levin is a member of the firm of Levin Sedran & Berman. He is a graduate of University of Pittsburgh (B.A. 1994) and Oklahoma City University School of Law (J.D. 1997). He is admitted to practice before the Supreme Court of Pennsylvania, United States District Court for the Eastern District of Pennsylvania, United States District Court for the Western District of Pennsylvania and the United States Court of Appeals for the Third Circuit. He is a member of the American, Pennsylvania and Philadelphia County Bar Associations, as well as the American and Pennsylvania Association for Justice. He is President Elect of the Philadelphia Trial Lawyers Association. Mr. Levin holds an AV rating from Martindale Hubbell and his peers recognize him as a Super Lawyer.

Daniel Levin is appointed to the Steering Committee in *Troyan v. Samsung Electronics America, Inc. et al*; No. 5:17-cv-01096 (W.D. Ok); *Delaware County, Pennsylvania et al v. Purdue Pharma L.P. et al*, No. CV-2017-008095 (CCP Del. Cty); and *In Re: Valsartan Losartan And Irbesartan Products Liability Litigation;* 1:19-md-02875-RBK-JS (D.NJ).

Daniel Levin has been part of the litigation team in *In re Orthopedic Bone Screw Products Liability Litigation*, MDL No. 1014 (E.D. Pa.); *In re Diet Drug Litigation*, MDL No. 1203 (E.D. Pa.); *Galanti v. The Goodyear Tire and Rubber Co.*, Civil Action No: 03-209 (D.N.J.); *In re Vioxx Products Liability Litigation*, MDL No. 1657 (E.D. La. 2011); *Cobb v. BSH Home Appliance Corporation, et al*, C.D.Ca. Case No. SACV10-711 DOC (C.D.Cal.); *In Re Human Tissue Products Liability Litigation*, MDL No. 1763 (D.N.J.); *In Re: Chinese Drywall Products Liability Litigation*, MDL 2047 (E.D.La.); *National Football League Players' Concussion Injury Litigation;* No. 2:12-md-02323-AB (E.D.Pa.)*; In Re: Rezulin Products Liability Litigation*, 00 Civ. 2843 (S.D.N.Y.); *In Re: Apple Inc. Device Performance Litigation*; No. 5:18-md-02827 (N.D.Cal.); *In Re: Intel Corp. CPU Marketing, Sales Practices And Products Liability Litigation*; No. 3:18-md-2828 (D.Or); and *In Re: Aqueous Film-Forming Foams (AFFF) Products Liability Litigation*; MDL No. 2:18-mn-2873-RMG.

Daniel Levin has served as Class Counsel in the following automobile defect cases: *Henderson, et al v. Volvo Cars of North America, LLC, et al,* No. 09-cv-4146 (D.N.J)(class action brought on behalf of individuals who purchased Volvo vehicles with defective transmissions) and *Grant, et al v. Bridgestone/Firestone, Inc. and Ford Motor Company*, September Term, 2000, No. 003668 (C.C.P. Phila.)(involving the Ford Explorer debate). Mr.

Levin has also served as class counsel in the following cases: *Kowa v. The Auto Club Group*, No. 11-7476 (N.D.Ill.); *Kurian v. County of Lancaster*, 2:07-cv-03482 (E.D.Pa.); *Gwaizdowski v. County of Chester,* Civil Action No. 08-CV-4463 (E.D. Pa. 2012); *Meneghin, The Exxon Mobile Corporation, et al.*, Civil Action No. OCN-002697-07 (Superior Court, Ocean County, NJ 2012); *Johnson, et al v. Walsh, et al*, April Term 2008, No. 2012 (C.P.Phila); *Muscara v. Nationwide,* October Term 2000, Civil Action No.: 001557 (C.P.Phila); and *Wong v. First Union*, May Term 2003, Civil Action No. 001173 (C.P.Phila); *Harry Delandro, et al v. County of Allegheny, et al*, Civil Action No. 2:06-CV-927 (W.D.Pa.); *Nakisha Boone, et al v. City of Philadelphia, et al*, Civil Action No. 05-CV-1851 (E.D.Pa.); *Helmer, et al v. the Goodyear Tire & Rubber Co.,* D.Co. Civil Action No. 1:12-00685-RBJ (D.Colo.); *Schappell v. State Farm Mutual Automobile Insurance Company,* No. 1331 S2001 (C.P. Dauphin); *Ortiz v. Complete Healthcare Resources, Inc., et al,* Montgomery   CCP No. 12-12609; *Butterline, et al v. the Bank of New York Mellon Trust Company, National Association, et al*, No. 15-01429 (E.D.Pa.); *Martinez v. Capstone Restaurant Group, LLC et al*, No. 1:20-cv-01017 (D.Col.); *Mullins v. Kroger, et al*, No. 1:19-cv-00964 (S.D. Ohio); *Gallagher v. Charter Foods, Inc.*, No. 2:20-cv-00049 (W.D.Pa.); and *McGhee et al v. Toms King, LLC*, No. 2:19-cv-01470 (W.D.Pa.).

Along with Daniel Levin's class action and mass tort experience, Mr. Levin also has extensive experience in individual litigation where he handles and prosecutes claims on behalf of railroad workers involved in workplace accidents ("FELA").   Daniel Levin has also successfully prosecuted complex individual actions on behalf of individuals involved in products liability, medical malpractice, automobile accidents, drug and medical device actions.

**AUSTIN B. COHEN**
*Member*



AUSTIN B. COHEN, a native of West Islip, New York, received a BA in Economics and History from the University of Pennsylvania in 1990. He received a JD, cum laude, from the University of Pittsburgh School of Law in 1996. During law school, he interned for the Honorable Lowell Reed (E.D. Pa.) June – August, 1995. He also served as an Executive Editor and Associate Editor for the University of Pittsburgh Journal of Law and Commerce and was a finalist in the Murray S. Love Trial Moot Court Competition.

On April 12, 2019, Mr. Cohen was appointed Co-Lead Counsel in Sutton v. Hoffman La Roche, Inc., ES-L-008724-14 (N.J. Super.), representing a class of home owners adjacent to Roche's former New Jersey manufacturing facilities in an environmental claim seeking to recover diminished property values as a result of pollution emanating from Roche's property.

Mr. Cohen's work has focused on all aspects of class litigation. Cases he has worked on include:

- *In re: Air Cargo Shipping Services Antitrust Litigation*, MDL 1775 (E.D.N.Y.) (representing class of shippers alleging international air cargo carriers conspired to fix prices and surcharges. Levin Sedran & Berman served as Co-Lead Counsel. Settlements exceeded $1.25 billion);

- *In re: Electrical Carbon Products Antitrust Litigation*, MDL (D.N.J.) (representing class of purchasers alleging electrical carbon products manufacturers agreed to horizontal price fixing and customer allocation. Levin Sedran & Berman served as Co-Lead Counsel);

- *In re: Graphite Electrodes Litigation*, MDL No. 1244 (E.D. Pa.) (representing class of purchasers alleging manufacturers of graphite components used for steel manufacturing agreed to horizontal price fixing. Levin Sedran & Berman served as Co-Lead Counsel. Settlements totaled $133.5 million, representing 100% of actual damages);

- *In re: Potash Antitrust Litigation*, MDL 1996 (N.D. Ill. And 7th Cir.) (representing class of potash customers alleging horizontal conspiracy among mining companies to fix prices and restrict output. Levin Sedran & Berman worked with lead counsel and focused on obtaining jurisdiction over foreign entities and interpretation of the Foreign Trade Antitrust Improvement Act);

24

- *In re: Target Corporation Customer Data Security Breach Litigation*, MDL 2522 (D. Minn.) (representing class of financial institutions seeking to recover costs due to Target Corporation's failure to implement proper data security protocols. Levin Sedran & Berman worked with lead counsel and focused on establishing proper standard of care and calculation of appropriate damages).

Mr. Cohen has written published articles regarding the admissibility of subsequent remedial modifications in products liability litigation (68 Pa. B.A.Q. 93), the enforceability of litigation confidentiality agreements (71 Pa. B.A.Q. 93), and federal tax issues related to the tax-exempt financing of University sponsored research facilities (23 The Exempt Organization Tax Review 445).

Mr. Cohen has been rated as a Pennsylvania antitrust "SuperLawyer" and is AV Peer Review rated by Martindale Hubble.

Mr. Cohen is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey, as well as the U.S. District Courts for the Eastern and Western Districts of Pennsylvania.

**SANDRA L. DUGGAN**
*Of Counsel*



SANDRA L. DUGGAN is a native of St. Louis and she graduated from Washington University with Phi Beta Kappa. Having earned a J.D. degree from Columbia University School of Law, Ms. Duggan was admitted to the bar in 1986. Since moving to Philadelphia in 1989, Ms. Duggan has focused her practice on class action litigation.

She has served as a member of the Plaintiffs' Executive Committee in the national asbestos property damage class action, *Prince George Center, Inc. v. U.S. Gypsum, et al.* (C.C.P. Phila.), and she is counsel for class plaintiffs in the Title IX discrimination suit, *Cohen v. Brown University, et al.*, (D.R.I.). Ms. Duggan has worked on *In re: School Asbestos Litig.*, (E.D. Pa.); Asbestos Claimants Committees in Celotex and National Gypsum Chapter 11 bankruptcies; *In re: Orthopedic Bone Screw Prods. Liab. Litig.*, MDL 1014 (E.D. Pa.); *Diet Drugs Litigation*, MDL 1203 (E.D. Pa.); *In re: EXXON VALDEZ*; *In re: Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL 2047 (E.D. La.); *In re: VIOXX Prods. Liab. Litig.*, MDL 1657 (E.D. La.), and other securities fraud, shareholder and property damage class actions in federal and state courts.

Ms. Duggan served as a class action expert in In re "Non-Filing" Insurance Fee Litig., MDL 1130 (M.D. Ala.). She was a contributing author and editor of the Third Edition of Herbert Newberg, *Newberg On Class Actions*, (3d ed. 1992) and she earned a Public Justice Achievement Award in July, 1999 from Public Justice for her work on the Brown University Title IX Litigation.

Ms. Duggan is admitted to practice in the Commonwealth of Pennsylvania, the U.S. District Courts for the Eastern District of Pennsylvania and the Southern and Eastern Districts of New York, the U.S. Court of Appeals for the Third Circuit, and the United States Supreme Court.

Ms. Duggan is fluent in Spanish.

**Keith J. Verrier**
*Partner*



KEITH J. VERRIER concentrates his practice on complex class action litigation with a focus on antitrust, consumer fraud, environmental contamination and data security breach cases. His clients include large and small businesses as well as individuals seeking compensation for price-fixing, monopolization, and other wrongdoing. He has experience in all aspects of litigation and has assisted in obtaining significant recoveries in courts throughout the United States. For his work, Mr. Verrier was named a "Rising Star" in 2008 and 2010 and recognized by Super Lawyers as a top attorney in antitrust in 2015, 2016 and 2017.

Mr. Verrier graduated *magna cum laude* from Temple University School of Law where he was a member of the Law Review. Following law school, he served as a judicial clerk for the Honorable Herbert J. Hutton on the United States District Court for the Eastern District of Pennsylvania. Earlier in his career, Mr. Verrier practiced at a large national law firm where he represented clients in a variety of complex commercial litigation matters and at a nationally-recognized boutique law firm specializing in antitrust class actions.

Throughout his career, Mr. Verrier has been involved in a wide range of diverse and complex litigation. The following are representative of the types of matters in which he has been involved:

- *In re: Air Cargo Shipping Services Antitrust Litigation* – Represented a class of shippers alleging international air cargo carriers conspired to fix prices and surcharges. Levin Sedran & Berman served as Co-Lead Counsel. (Over $1.25 billion in settlements).
- *In re: Target Corporation Customer Data Security Breach Litigation* – Represented a class of financial institutions seeking to recover costs due to Target Corporation's failure to implement proper data security protocols. Levin Sedran & Berman worked with lead counsel and focused on establishing proper standard of care and calculation of appropriate damages. ($39 million settlement).
- *In re: Automotive Parts Antitrust Litigation* – Representing a class of car purchasers seeking damages arising from alleged price-fixing conspiracies as to various automotive parts that are components of new motor vehicles. Levin Sedran & Berman is working with co-lead counsel on briefing and discovery matters. (Over $200 million in settlements to date).
- *In re: Mushroom Direct Purchaser Antitrust Litigation* – Defended a cooperative of mushroom growers against allegations of, inter alia, price fixing, supply control and monopolization brought under Sections 1 and 2 of the Sherman Act.

- *Johnson Matthey, Inc. v. Research Corp.* – Represented one of the world's largest fabricators and distributors of platinum group metals involving complex pharmaceutical development and licensing issues.
- *Chester County Hospital v. Independence Blue Cross, et al.* – Represented a community hospital in an antitrust matter involving the largest health maintenance organization (HMO) in the country.

Mr. Verrier is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey, as well as in the U.S. District Courts for the Eastern District of Pennsylvania and the District of New Jersey, and in the United States Court of Appeals for the Third Circuit.

**NICOLA F. SERIANNI**
*Associate*



NICOLA F. SERIANNI is a graduate of The Johns Hopkins University (B.A. International Relations, 2000) and Widener University School of Law (J.D., 2006). While in law school, Ms. Serianni served as an intern for Pennsylvania Superior Court Judge Susan Peikes Gantman, and upon graduation continued to work in the Superior Court of Pennsylvania for Judges Richard B. Klein (Ret.) and Anne E. Lazarus.

Ms. Serianni is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey as well as in the United States District Court for the Eastern District of Pennsylvania. Ms. Serianni works extensively on products liability and class action litigation cases.

**DAVID C. MAGAGNA, JR.**
*Associate*



DAVID C. MAGAGNA JR. graduated from Villanova School of Law in 2016. During law school, Mr. Magagna interned at the United States Attorney's Office and with two national law firms in the Philadelphia area. After graduation from law school, he clerked for Pennsylvania Supreme Court Justice Sallie Updyke Mundy. After his clerkship, he again worked with a national law firm before joining Levin Sedran & Berman as an associate.

Mr. Magagna is admitted to practice in the Commonwealth of Pennsylvania and the State of New Jersey.

Honors:

- President of Delta Kappa Epsilon
- Vice-President of the Inter-Fraternal Council
- President of the Corporate Law Society

Published article:

- David C. Magagna, *Congress, Give Renewable Energy A Fair Fight: Passage of the Master Limited Partnerships Parity Act Would Give Renewable Energy the Financial Footing Needed to Independently Succeed*, 27 Vill. Envtl. L.J. 149 (2016).

**NICHOLAS J. ELIA**
*Associate*



NICHOLAS J. ELIA graduated from The Pennsylvania State University (B.S. Finance and Economics, 2014) and Temple University James E. Beasley School of Law (J.D., 2018). In law school, Nicholas was a member of the Temple International and Comparative Law Journal, he focused his coursework on complex civil litigation and antitrust law, and he interned with the Securities and Exchange Commission and the American Antitrust Institute.

Mr. Elia is admitted to practice in the Commonwealth of Pennsylvania.

**RAYMOND P. FORCENO**
*Of Counsel*



RAYMOND P. FORCENO has had a long and distinguished career practicing railroad law, representing railroad workers in litigation against their employing railroads for on the job injuries and diseases pursuant to the Federal Employers Liability Act (FELA). Mr. Forceno has extensive experience trying cases before juries and has recovered a substantial amount of money for his clients during his career.

Mr. Forceno is admitted to practice in the Commonwealth of Pennsylvania, as well as the U.S. District Courts for the Eastern, Middle, and Western Districts of Pennsylvania.

## SUCCESSFULLY LITIGATED CLASS CASES

Examples of the firm successfully litigated class action cases include the following: *James J. and Linda J. Holmes, et al. v. Penn Security Bank and Trust Co., et al.*, U.S.D.C., Middle District of Pennsylvania Civil Action No. 80-0747; *In re: Glassine & Greaseproof Antitrust Litigation*, MDL 475, U.S.D.C., Eastern District of Pennsylvania; *In re: First Pennsylvania Securities Litigation*, Master File No. 80-1643, U.S.D.C., Eastern District of Pennsylvania; *In re: Caesars World Shareholder Litigation*, Master File No. MDL 496 (J.P. MDL); *In re: Standard Screws Antitrust Litigation*, Master File No. MDL 443, U.S.D.C., Eastern District of Pennsylvania; *In re: Electric Weld Steel Tubing Antitrust Litigation - II*, Master File No. 83-0163, U.S.D.C., Eastern District of Pennsylvania; *Leroy G. Meshel, et al. v. Nutri-Systems, Inc., et al.*, U.S.D.C., Eastern District of Pennsylvania, Civil Action No. 83-1440; *In re: Corrugated Container Antitrust Litigation*, U.S.D.C., Southern District of Texas, Houston Division, MDL 310; *In re: Three Mile Island Litigation*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 79-0432; *Township of Susquehanna, et al. v. GPU, et al.*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 81-0437 (a Three Mile Island case); *Donald A. Stibitz, et al. v. General Public Utilities Corporation, et al.*, No. 654 S 1985 (C.P. Dauphin County, Pa.) (a Three Mile Island case); *Raymond F. Wehner, et al. v. Syntex Corporation and Syntex (U.S.A.) Inc.*, No. C-85-20383(SW) (N.D. Cal.) (first Superfund Class Action ever certified); *In re: Dun & Bradstreet Credit Services Customer Litigation*, U.S.D.C., Southern District of Ohio, Civil Action Nos. C-1-89-026, 89-051, 89-2245, 89-3994, 89-408; *Malcolm Weiss v. York Hospital, et al.*, U.S.D.C., Middle District of Pennsylvania, Civil Action No. 80-0134; *In re: Ramada Inns Securities Litigation*, U.S.D.C., District of Delaware, Master File No. 81-456; *In re: Playboy Securities Litigation*, Court of Chancery, State of Delaware, New Castle County, Civil Action No. 6806 and 6872; *In re: Oak Industries Securities Litigation*, U.S.D.C., Southern District of California, Master File No. 83-0537-G(M); *Dixie Brewing Co., Inc., et al. v. John Barth, et al.*, U.S.D.C., Eastern District of Pennsylvania, Civil Action No. 84-4112; *In re: Warner Communications Securities Litigation*, U.S.D.C., Southern District of New York, Civil Action No. 82-CV-8288; *In re: Baldwin United Corporation Litigation*, U.S.D.C., Southern District of New York, MDL No. 581; *Zucker Associates, Inc., et al. v. William C. Tallman, et al. and Public Service Company of New Hampshire*, U.S.D.C., District of New Hampshire, Civil Action No. C86-52-D; *In re: Shopping Carts Antitrust Litigation*, MDL 451, Southern District of New York; *Charal v. Andes, et al.*, C.A. No. 77-1725; *Hubner v. Andes, et al.*, C.A. No. 78-1610 U.S.D.C., Eastern District of Pennsylvania; *In re: PetroLewis Securities Litigation*, 84-C-326, U.S.D.C., District of Colorado; *Gentry v. C & D Oil Co.*, 102 F.R.D. 490 (W.D. Ark. 1984); *In re: Hops Antitrust Litigation*, C.A. No. 84-4112, U.S.D.C., Eastern District of Pennsylvania; *In re: North Atlantic Air Travel Antitrust Litigation*, No. 84-1013, U.S.D.C., District of Columbia; *Continental/Midlantic Securities Litigation*, No. 86-6872, U.S.D.C., Eastern District of Pennsylvania; *In re: Fiddler's Woods Bondholders Litigation*, Civil Action No. 83-2340 (E.D. Pa.) (Newcomer, J.); *Fisher Brothers v. Cambridge-Lee Industries, Inc , et al.*, Civil Action No. 82-4941, U.S.D.C., Eastern District of Pennsylvania; *Silver Diversified Ventures Limited Money Purchase Pension Plan v. Barrow, et al.*, C.A. No. B-86-1520-CA (E.D. Tex.) (*Gulf States Utilities Securities Litigation*); *In re: First Jersey Securities Litigation*, C.A. No. 85-6059 (E.D. Pa.); *In re: Crocker Shareholder Litigation*,

Cons. C.A. No. 7405, Court of Chancery, State of Delaware, New Castle County; *Mario Zacharjasz, et al. v. The Lomas and Nettleton Co.*, Civil Action No. 87-4303, U.S.D.C., Eastern District of Pennsylvania; *In re: People Express Securities Litigation*, Civil Action No. 86-2497, U.S.D.C., District of New Jersey; *In re: Duquesne Light Shareholder Litigation*, Master File No. 86-1046 U.S.D.C., Western District of Pennsylvania (Ziegler, J.); *In re: Western Union Securities Litigation*, Master File No. 84-5092 (JFG), U.S.D.C., District of New Jersey; *In re: TSO Financial Litigation*, Civil Action No. 87-7903, U.S.D.C., Eastern District of Pennsylvania; *Kallus v. General Host*, Civil Action No. B-87-160, U.S.D.C., District of Connecticut; *Staub, et al. v. Outdoor World Corp.*, C.P. Lancaster County, No. 2872-1984; *Jaroslawicz, et al. v. Englehard Corp.*, U.S.D.C., District of New Jersey, Civil Action No. 84-3641F; *In re: Boardwalk Marketplace Securities Litigation*, U.S.D.C., District of Connecticut, MDL 712 (WWE); *In re: Goldome Securities Litigation*, U.S.D.C., Southern District of New York, Civil Action No. 88-Civ-4765; *In re: Ashland Oil Spill Litigation*, U.S.D.C., Western District of Pennsylvania, Master File No. M-14670; *Rosenfeld, et al. v. Collins & Aikman Corp.*, U.S.D.C., Eastern District of Pennsylvania, Civil Action No. 87-2529; *Gross, et al. v. The Hertz Corporation*, U.S.D.C., Eastern District of Pennsylvania, Master File, No. 88-661; *In re: Collision Near Chase, Maryland on January 4, 1987 Litigation*, U.S.D.C., District of Maryland, MDL 728; *In re: Texas International Securities Litigation*, U.S.D.C., Western District of Oklahoma, MDL No. 604, 84 Civ. 366-R; *In re: Chain Link Fence Antitrust Litigation*, U.S.D.C., District of Maryland, Master File No. CLF-1; *In re: Winchell's Donut House, L.P. Securities Litigation*, Court of Chancery of the State of Delaware, New Castle County, Consolidated Civil Action No. 9478; *Bruce D. Desfor, et al. v. National Housing Ministries, et al.*, U.S.D.C., Eastern District of Pennsylvania, Civil Action No. 84-1562; *Cumberland Farms, Inc., et al. v. Browning-Ferris Industries, Inc., et al.*, U.S.D.C., Eastern District of Pennsylvania, Master File No. 87-3717; *In re: SmithKline Beckman Corp. Securities Litigation*, U.S.D.C., Eastern District of Pennsylvania, Master File No. 88-7474; *In re: SmithKline Beecham Shareholders Litigation*, Court of Common Pleas, Phila. County, Master File No. 2303; *In re: First Fidelity Bancorporation Securities Litigation*, U.S.D.C., District of New Jersey, Civil Action No. 88-5297 (HLS); *In re: Qintex Securities Litigation*, U.S.D.C., Central District of California, Master File No. CV-89-6182; *In re: Sunrise Securities Litigation*, U.S.D.C., Eastern District of Pennsylvania, MDL 655; *David Stein, et al. v. James C. Marshall, et al.*, U.S.D.C., District of Arizona, No. Civ. 89-66 (PHX-CAM); *Residential Resources Securities Litigation*, Case No. 89-0066 (D. Ariz.); *In re: Home Shopping Network Securities Litigation -- Action I (Consolidated Actions)*, Case No. 87-428-CIV-T-13A (M.D. Fla.); *In re: Kay Jewelers Securities Litigation*, Civ. Action Nos. 90-1663-A through 90-1667A (E.D. Va.); *In re: Rohm & Haas Litigation*, Master File Civil Action No. 89-2724 (Coordinated) (E.D. Pa.); *In re: O'Brien Energy Securities Litigation*, Master File No. 89-8089 (E.D. Pa.); *In re: Richard J. Dennis & Co. Litigation*, Master File No. 88-Civ-8928 (MP) (S.D. N.Y.); *In re: Mack Trucks Securities Litigation*, Consolidated Master File No. 90-4467 (E.D. Pa.); *In re: Digital Sound Corp., Securities Litigation*, Master File No. 90-3533-MRP (BX) (C.D. Cal.); *In re: Philips N.V. Securities Litigation*, Master File No. 90-Civ.-3044 (RPP) (S.D.N.Y.); *In re: Frank B. Hall & Co., Inc. Securities Litigation*, Master File No. 86-Civ.-2698 (CLB) (S.D.N.Y.); *In re: Genentech, Inc. Securities Litigation*, Master File No. C-88-4038-DLJ (N.D. Cal.); *Richard Friedman, et al. v. Northville Industries Corp.*, Supreme Court of New York, Suffolk County, No. 88-2085; *Benjamin Fishbein, et al. v. Resorts International, Inc., et al.*, No. 89 Civ.6043(MGC) (S.D.N.Y.); *In re:*

*Avon Products, Inc. Securities Litigation*, No. 89 Civ. 6216 (MEL) (S.D.N.Y.); *In re: Chase Manhattan Securities Litigation*, Master File No. 90 Civ. 6092 (LJF) (S.D.N.Y.); *In re: FPL Group Consolidated Litigation*; Case No. 90-8461 Civ. Nesbitt (S.D. Fla.); *Daniel Hwang, et al v. Smith Corona Corp., et al*, Consolidated No. B89-450 (TFGD) (D. Ct.); *In re: Lomas Financial Corp. Securities Litigation*, C.A. No. CA-3-89-1962-G (N.D. Tex.); *In re: Tonka Corp. Securities Litigation*, Consolidated Civil Action No. 4-90-2 (D. Minnesota); *In re: Unisys Securities Litigation*, Master File No. 89-1179 (E.D. Pa.); *In re: Alcolac Inc. Litigation*, Master File No. CV490-261 (Cir. Ct. Saline Cty. Marshall, Missouri); *In re: Clozapine Antitrust Litigation*, Case No. MDL874 (N.D. Ill.); *In re: Jiffy Lube Securities Litigation*, C.A. No. JHY-89-1939 (D. Md.); *In re: Beverly Enterprises Securities Litigation*, Master File No. CV-88-01189 RSWL (Tex.) [Central District CA]; *In re: Kenbee Limited Partnerships Litigation*, CV-91-2174 (GEB) (D.N.J.); *Greentree v. Procter & Gamble Co.*, C.A. No. 6309, April Term 1991 (C.C.P. Phila. Cty.); *Moise Katz, et al v. Donald A. Pels, et al and Lin Broadcasting Corp.*, No. 90 Civ. 7787 (KTD) (S.D.N.Y.); *In re: Airlines Antitrust Litigation*, MDL No. 861 (N.D. GA.); *Fulton, Mehring & Hauser Co., Inc., et al. v. The Stanley Works, et al.*, No. 90-0987-C(5) (E.D. Mo.); *In re: Mortgage Realty Trust Securities Litigation*, Master File No. 90-1848 (E.D. Pa.); *Benjamin and Colby, et al. v. Bankeast Corp., et al.*, C.A. No. C-90-38-D (D.N.H.); *In re: Royce Laboratories, Inc. Securities Litigation*, Master File Case No. 920923-Civ-Moore (S.D. Fla.); *In re: United Telecommunications, Inc. Securities Litigation*, Case No. 90-2251-0 (D. Kan.); *In re: U.S. Bioscience Securities Litigation*, C.A. No. 92-678 (E.D. Pa.); *In re: Bolar Pharmaceutical Co., Inc. Securities Litigation*, C.A. No. 89 Civ. 17 (E.D. N.Y.); *In re: PNC Securities Litigation*, C.A. No. 90-592 (W.D. Pa.); *Raymond Snyder, et al. v. Oneok, Inc., et al.*, C.A. No. 88-C-1500-E (N.D. Okla.); *In re: Public Service Company of New Mexico*, Case No. 91-0536M (S.D. Cal.); *In re: First Republic Bank Securities Litigation*, C.A. No. CA3-88-0641-H (N.D. Tex, Dallas Division); and *In re: First Executive Corp. Securities Litigation*, Master File No. CV-89-7135 DT (C.D. Calif.).