UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re HAIN CELESTIAL HEAVY
METALS BABY FOOD LITIGATION

This Document Relates To
ALL ACTIONS

Case No.: 2:21-CVcv-0687-JS-AYS

### [PROPOSED] ORDER APPOINTING LEADERSHIP COUNSEL

WHEREAS, on May 13, 2021, this Court entered its Consolidation Order requesting submissions from counsel interested in a leadership role and having considered the applications of counsel and all of the factors identified in the Manual for Complex Litigation (Fourth), Federal Rule of Civil Procedure 23(g), and other accepted guidance respecting appointment of leadership counsel in cases of this kind, the Court issues the following Order (1) establishing plaintiffs' leadership structure; (2) appointing counsel to designated leadership roles in this litigation; and (3) assigning plaintiffs' leadership duties:

A.   PLAINTIFFS' CO-LEAD COUNSEL

The following are appointed as Co-lead Counsel for plaintiffs:

    Melissa R. Emert (Kantrowitz, Goldhamer & Graifman, P.C.)

    Michael R. Reese (Reese LLP)

The duties and responsibilities of Co-Lead Counsel are as follows:

1. Determine (after such consultation with members of Plaintiffs' Executive Committee and other counsel as may be appropriate) and present (in pleadings, motions, briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial (and if appropriate, trial) proceedings.

2. Initiate, coordinate, and conduct all pretrial discovery on behalf of plaintiffs in this consolidated litigation.

3. Examine witnesses and introduce evidence at hearings on behalf of plaintiffs.

4. Seek the assistance of other plaintiffs' counsel, including but not limited to those on the Executive Committee, in performance of all work necessary for the prosecution of the case, including investigation, research, briefing, and discovery, with particular attention to the efficient use of the resources of the other plaintiffs' counsel in a manner commensurate with those lawyers' resources and experience, and in a manner to ensure efficiency and effectiveness.

5. Make all work assignments on behalf of plaintiffs in a manner to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense.

6. Direct and execute on behalf of plaintiffs the filing of pleadings and other documents with the Court.

7. Accept service of pleadings and other papers on behalf of plaintiffs.

8. Appear at all hearings and conferences regarding the case as most appropriate for effective and efficient presentation.

9. Negotiate and enter into stipulations and agreements with opposing counsel as necessary throughout the litigation.

10. Consult with and employ experts.

11. Call meetings of counsel for plaintiffs for any appropriate purpose, including coordinating responses to questions of other parties or of the Court. Initiate proposals, suggestions, schedules, and any other appropriate matters pertaining to pretrial proceedings.

12. Prepare and distribute periodic status reports to the Court as requested and to the parties.

13. Act as spokespersons for all plaintiffs with defendants and the Court, subject to the right of other plaintiffs' counsel to present non-repetitive individual or different positions.

14. Conduct settlement negotiations on behalf of all plaintiffs.

15. Assess members of the Executive Committee, Liaison Counsel, and other counsel performing work, payments to be made into a "Shared Cost" Fund in amounts and at times determined to be necessary and appropriate in consultation with Members of the Executive Committee.

16. Develop and recommend for the Court's approval practices and reporting procedures pertaining to attorneys' fees and expenses and, on an ongoing basis, monitor and administer such procedures.

17. Otherwise direct, coordinate, and supervise the prosecution of plaintiffs' claims in the consolidated action and perform such other duties as may be needed to proper coordination of plaintiffs' pretrial activities and prosecution of the claims or as may be further directed by the Court.

B. **PLAINTIFFS' EXECUTIVE COMMITTEE**

The following are appointed to the Plaintiffs' Executive Committee:

1. Gayle M. Blatt (Casey Gerry Schenk Francavilla Blatt & Penfield LLP)
2. Jeffrey S. Goldenberg (Goldenberg Schneider, LPA)
3. Gary E. Mason (Mason Lietz & Klinger LLP)
4. Charles E. Schaffer (Levin Sedran & Berman LLP)
5. Jon Shub (Shub Law Firm LLC)

The Executive Committee shall operate under the direction of Lead Counsel and shall consult with and assist Lead Counsel in all aspects of the case.

C. **PLAINTIFFS' LIAISON COUNSEL**

The following is appointed as Liaison Counsel:

Jason P. Sultzer (The Sultzer Law Group P.C.)

The duties and responsibilities of liaison counsel are:

1. Liaison counsel shall be authorized to receive orders and notices from the JMPL pursuant to Rule 5.2 of the Panel's Rules of Procedure, and from this Court, on behalf of all parties.

2. To the extent such orders and notices are not available electronically to all parties, prepare and transmit copies of such orders and notices to such parties.

3. Maintain complete files with copies of all documents served upon liaison counsel and make such files available to parties upon request.

4. Other responsibilities as may be deemed appropriate by Co-Lead Counsel including but not limited to the establishment of a document depository (real or virtual)

available to participating plaintiffs' counsel, scheduling leadership meetings and keeping minutes thereof, preparing agendas for status conferences and/or reporting on the status of the case as requested by the Court, and performing other necessary administrative or logistic functions for the effective and efficient functioning of the action.

**D.     ADDITIONAL MATTERS**

1. *Personal Appointments*. The appointment to Leadership positions are of a personal nature. Accordingly, the appointee may not substitute others to perform the functions indicated. This is not intended to prevent the appointee from delegating tasks or making assignments of particular work. The task, however, must remain under the appointee's supervision and responsibility and the appointee may not transfer responsibility to another without prior Court approval.

2. *Procedure for Fees and Expenses.* After consultation with Executive Committee Members and others as appropriate, Co-Lead Counsel shall submit a recommendation for monitoring and documenting costs and the computing of potential class action time including timekeeping, submission of records, and other procedures applicable to attorneys' fees and expenses.

3. *Proposed Agendas.* In advance of each status conference, Plaintiffs' Lead Counsel and counsel for defendant will meet and confer regarding the agenda for the conference. No later than five (5) calendar days prior to each status conference, counsel will file a joint notice setting out the proposed agenda and the parties' joint and/or respective positions.

**IT IS SO ORDERED.**

Dated this ___ day of ____ , 2021 at Central Islip, New York.

_____
JOANNA SEYBERT
United States District Judge