UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION,

This Document Relates To:
ALL ACTIONS

Case No. 2:21-CV-0678-JS-AYS

**MOTION FOR APPOINTMENT OF ERIN GREEN COMITE
AS INTERIM CLASS COUNSEL AND FOR APPOINTMENT OF AN EXECUTIVE
<u>COMMITTEE PURSUANT TO FED. R. CIV. P. 23(g)</u>**

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................................ 1 | |
| II. | ARGUMENT........................................................................................................................ 2 | |
| A. | The Court Should Appoint Erin Green Comite of Scott+Scott as Interim Class Counsel and Steven L. Bloch of SGT and Timothy J. Peter of Faruqi as EC Members .................. 2 | |
| | 1. | The Work Done in Identifying or Investigating Potential Claims........................... 2 |
| | 2. | Counsel's Experience in Handling Complex Actions & Knowledge of the Applicable Law ....................................................................................................... 4 |
| | | a. Erin Green Comite and Scott+Scott................................................................4 |
| | | b. Steven L. Bloch and SGT ................................................................................7 |
| | | c. Timothy J. Peter and Faruqi............................................................................9 |
| | 3. | Scott+Scott, SGT, and Faruqi Will Commit Substantial Resources to the Litigation................................................................................................................ 10 |
| | 4. | Discretionary Factors Favoring Appointment of Ms. Comite as Interim Class Counsel and Messrs. Bloch and Peter as EC Members ......................................... 11 |
| III. | CONCLUSION................................................................................................................... 12 | |

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Buonasera v. Honest Co., Inc.*,
   318 F.R.D. 17 (S.D.N.Y. 2016) ............................................................................................3

*Chavez v. Nestle USA, Inc.*,
   511 F. App'x 606 (9th Cir. 2013) .........................................................................................4

*City of Providence, Rhode Island v. AbbVie Inc.*,
   No. 20-CV-5538 (LJL), 2020 WL 6049139 (S.D.N.Y. Oct. 13, 2020) ................................12

*In re Mun. Derivatives Antitrust Litig.*,
   252 F.R.D. 184 (S.D.N.Y. 2008) ..........................................................................................3

*In re Nutella Mktg. & Sales Practices Litig.*,
   589 F. App'x 53 (3d Cir. 2014) ............................................................................................4

*Pearlman v. Cablevision Sys. Corp.*,
   No. 10-CV-4992, 2011 WL 477815 (E.D.N.Y. Feb. 1, 2011) ..............................................2

**Statutes, Rules, and Regulations**

Federal Rules of Civil Procedure
   Rule 23 ..................................................................................................................................3
   Rule 23(g) .........................................................................................................................1, 2
   Rule 23(g)(1)(A) ...................................................................................................................2
   Rule 23(g)(1)(B) ..............................................................................................................2, 11
   Rule 23(g)(3) ........................................................................................................................2

**Other Authorities**

MANUAL FOR COMPLEX LITIGATION
   §10.22 (4th ed. 2004) ..........................................................................................................11
   §21.11 (4th ed. 2004) ............................................................................................................2

Plaintiffs[1] respectfully request that this Court: (1) appoint Erin Green Comite of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Interim Class Counsel; and (2) appoint Steven L. Bloch of Silver Golub & Teitell LLP ("SGT") and Timothy J. Peter of Faruqi & Faruqi LLP ("Faruqi") as members of an Executive Committee ("EC").

## I.   INTRODUCTION

Appointment of Erin Green Comite of Scott+Scott as Interim Class Counsel, and Steven L. Bloch of SGT and Timothy J. Peter of Faruqi as EC members will provide the greatest benefit to the class, and they and their respective firms easily satisfy the requirements of Fed. R. Civ. P. 23(g). Scott+Scott, SGT, and Faruqi are expending significant efforts and resources in conducting their own testing of the contaminated baby food products at issue in this litigation. Moreover, Ms. Comite, Mr. Bloch, and Mr. Peter and their respective firms are on the forefront of class action litigation and have repeatedly demonstrated their ability to litigate against vigorous opposition from defendants to recover billions of dollars on behalf of consumers, investors, and others injured by corporate wrongdoing.

This case will be no different. Defendant Hain Celestial Group, Inc. ("Hain") is one of the largest baby food manufacturers in the world and sophisticated counsel with experience in all aspects of complex litigation will be required to adequately represent Plaintiffs and the class. Moreover, this litigation likely will involve complex technical analysis and voluminous discovery. Ms. Comite and Scott+Scott have the experience and technical wherewithal to handle these challenges, and extensive relationships with technical experts necessary to prosecute this litigation.

---

[1] "Plaintiffs" are Emily Baccari, Dominick Grossi, Heather Hyden, Haley Sams, and Vito Scarola, the named Plaintiffs in *Baccari v. Hain Celestial Group, Inc.*, No. 2:21-cv-01076-JS-AYS (E.D.N.Y.), which is consolidated in the above-captioned action. *See* ECF No. 15.

For these reasons, Plaintiffs respectfully request that the Court appoint Ms. Comite of Scott+Scott as Interim Class Counsel and appoint Steven L. Bloch of SGT and Timothy J. Peter of Faruqi as EC members.

## II.     ARGUMENT

### A.     The Court Should Appoint Erin Green Comite of Scott+Scott as Interim Class Counsel and Steven L. Bloch of SGT and Timothy J. Peter of Faruqi as EC Members

Federal Rule of Civil Procedure 23(g)(3) provides "[t]he court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g). Designation of Interim Class Counsel protects class members because it "clarifies responsibility for the protection of the interests of the putative class during pre-certification motions, discovery, and settlement activity." *Pearlman v. Cablevision Sys. Corp.*, No. 10-CV-4992, 2011 WL 477815, at *2 (E.D.N.Y. Feb. 1, 2011) (citing MANUAL FOR COMPLEX LITIGATION §21.11 (4th ed. 2004)). Fed. R. Civ. P. 23(g)(1)(A) provides the criteria a court considers in deciding whether to appoint Interim Class Counsel: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1)(A); *Pearlman*, 2011 WL 477815, at *2. None of these factors are individually determinative; rather, they provide a framework under which the Court may determine whether counsel can fairly and adequately represent the class. Further, the Court may consider any other criteria it deems relevant. Fed. R. Civ. P. 23(g)(1)(B).

#### 1.     The Work Done in Identifying or Investigating Potential Claims

Ms. Comite and Messrs. Bloch and Peter already have demonstrated their commitment to this action by laying the groundwork for discovery and trial, and by working with all counsel and

2

their clients with an inclusive, collaborative approach to achieve the best possible result for all plaintiffs and class members.  Significantly, Ms. Comite and Messrs. Bloch and Peter with their respective firms continue their ongoing legal and factual work to enhance and further develop the claims for an anticipated consolidated amended complaint.  For example, Ms. Comite and Messrs. Bloch and Peter are working with an independent laboratory to test the various products at issue in this litigation.  Ms. Comite and Messrs. Bloch and Peter believe this type of preliminary investigative work is crucial and necessary to support plaintiffs' claims, inform discovery requests, and provide vital evidence of wrongdoing.  This preemptive work done on behalf of all plaintiffs stands in contrast with the other actions where counsel rushed to file their respective actions based solely on the allegations in public reports and governmental investigations.  *See* Fed. R. Civ. P. 23, Commentary on Subdivision (g), Paragraph (2)(B) ("The fact that a given attorney filed the instant action, for example, might not weigh heavily in the decision if that lawyer had not done significant work identifying or investigating claims."); *see also In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008) (finding that the work done by counsel to "identify and investigate" potential claims and that counsel had "invested significant resources in investigating the claims in this action" weighed in favor of appointment as class counsel); *Buonasera v. Honest Co., Inc.*, 318 F.R.D. 17, 18 (S.D.N.Y. 2016) (noting that the work done by counsel to "analyze[ ] the ingredients at issue, researched relevant case law, and reviewed publicly available information" regarding the defendant's products weighed in favor of class counsel appointment).  Ms. Comite's and Messrs. Bloch and Peter's ongoing efforts will ensure that this action is ready to proceed expeditiously on behalf of all class members.  Upon the appointment, Ms. Comite and Messrs. Bloch and Peter will continue to work cooperatively with all counsel to expeditiously amend the pleadings and serve discovery reflecting co-counsel's collective wisdom.

### 2. Counsel's Experience in Handling Complex Actions & Knowledge of the Applicable Law

#### a. Erin Green Comite and Scott+Scott

As illustrated below, Ms. Comite has the requisite complex litigation experience and knowledge of the substantive and procedural law applicable to the claims asserted in this case. Ms. Comite, a partner with Scott+Scott, has been litigating high profile consumer, civil rights, and securities class actions since she joined the firm in 2002. *See* Exhibit A to Declaration of Joseph P. Guglielmo ("Guglielmo Decl.") (Scott+Scott firm profile). Ms. Comite has experience in prosecuting similar consumer claims that are alleged herein, which would be particularly beneficial to the class members here. For example, Ms. Comite served on the plaintiff's steering committee for *In re Herbal Supplements Marketing and Sales Practices Litigation*, MDL No. 2519 (N.D. Ill.), which successfully brought claims on behalf of a class of consumers alleging major retail-chain defendants misrepresented the ingredients in store-branded herbal supplements. In addition, Ms. Comite has prosecuted numerous consumer class actions related to food products: *Howerton v. Cargill, Inc.*, No. 13-cv-00336 (D. Haw.) ($6.1 million settlement obtained on behalf of a class of consumers who purchased Truvia, purported to be deceptively marketed as "all-natural"); *Aguiar v. Merisant Company*, No. 14-CV-00670 ($1.65 million settlement obtained on behalf of a class of consumers who purchased Purevia, purported to be deceptively marketed as "all-natural"); and *In re Nutella Mktg. & Sales Practices Litig.*, No. 11-cv-01086 (D.N.J.) ($2.5 million settlement obtained on behalf of a class of consumers who purchased Nutella, purported to be deceptively marketed as healthy). *See also Chavez v. Nestle USA, Inc.*, 511 F. App'x 606 (9th Cir. 2013) (second chair at oral argument and on brief, achieving a reversal of dismissal); and *In re Nutella Mktg. & Sales Practices Litig.*, 589 F. App'x 53 (3d Cir. 2014) (on brief, defending settlement from professional objectors).

Ms. Comite's vast experience with complex, data-intensive cases would also be advantageous for the class. For example, Ms. Comite was the court-appointed co-lead counsel along with Carlson Lynch in *First Choice Federal Credit Union v. The Wendy's Co.*, No. 16-cv-00506 (W.D. Pa.), where a settlement common fund of $50 million received final approval in 2019. At the final approval hearing, Magistrate Judge Maureen Kelly complimented Ms. Comite and her co-counsel for their professionalism and competence: "it's apparent to the Court that there was substantial and significant high-level work performed by counsel for the plaintiffs" and "as involved as this case was, if every case I had was as well-organized and professionally presented as this case has been, my life would be much easier." *Wendy's*, Nov. 6, 2019 Tr. at 27-28, 32 (on file with counsel). Ms. Comite also has played an integral role in prosecuting numerous other data breach class actions on behalf of financial institutions, such as: *In re The Home Depot, Inc., Customer Data Security Breach Litig.*, MDL No. 2583 (N.D. Ga.) (briefing and discovery committees; $27.25 million settlement); *In re Target Corporation Customer Data Security Breach Litig.*, MDL No. 2522 (D. Minn.) (deposed apex witness; $59 million settlement); *In re Equifax, Inc. Customer Data Security Breach Litig.*, MDL No. 2800 (N.D. Ga.) (chair of law and briefing committee; $5 million settlement; largest dollar-per-card recovery on behalf of financial institutions involving data breach of credit and debit card information); and *Veridian Credit Union v. Eddie Bauer LLC*, No. 2:17-cv-00356 (W.D. Wa.) (briefing, discovery, and settlement committees; settlement valued at $9.8 million). Given the complexity involved in parsing through the information and data from all of the various baby food products at issue here, Ms. Comite's background is particularly well-suited for the task of litigating this case.

Through years of handling complex class action cases, Ms. Comite has developed a variety of complementary talents needed to handle this type of litigation, such as experience briefing and

5

arguing discovery and substantive motions; taking and defending depositions; working with liability and damages experts to develop the unique damages theories; negotiating and managing large electronic document and data productions; managing the legal research and briefing related to novel legal issues; detailed knowledge of consumer protection case law stemming from her direct participation in many precedent-setting consumer class actions; and a well-honed acumen for meaningful settlements. Based on the experience gained in the successful prosecutions and landmark results in the above cases, Ms. Comite is uniquely positioned and well-qualified to represent the interests of the class and to assist in leading the successful prosecution of this case.

Scott+Scott is an international plaintiffs' law firm with over 68 attorneys in offices spanning from Amsterdam to London to San Diego, with its largest office in New York City. The firm specializes in complex litigation, including an emphasis on antitrust and consumer class actions. *See* Guglielmo Decl., Ex. A. The firm's victories include successful litigation of an antitrust action that alleged price fixing conspiracy against the world's largest banks, where Scott+Scott achieved a settlement, totaling over $2.3 billion. *In re Foreign Exchange Benchmark Rates Antitrust Litig.*, No 13-cv-7789 (LGS) (S.D.N.Y) ("*FX*"). Renowned mediator, Kenneth R. Feinberg, concluded that the *FX* settlements "represent[] some of the finest lawyering toward a negotiated resolution that I have witnessed in my career" and that Scott+Scott were "superlative, sophisticated, and determined plaintiff's lawyers." *See FX*, ECF No. 925 at 2; *FX*, ECF No. 926, ¶29.

Scott+Scott also has diverse and extensive experience in class action consumer protection cases, including:

- ***In re Equifax, Inc. Customer Data Security Breach Litigation***, No. 1:17-md-02800 (N.D. Ga.). Scott+Scott serves as court-appointed co-lead counsel on behalf of financial institutions injured as a result of the 2017 Equifax data breach that

exposed the personal and financial information of approximately 150 million U.S. consumers;

- *Forth v. Walgreen Co, Inc.*, No. 1:17-cv-02246 (N.D. Ill.). Scott+Scott is co-lead counsel and represents both third-party payers and consumers alleging Walgreens overcharges them for medically necessary, generic prescription drugs;

- *In re Kava Kava Litigation*, Lead Case No. BC 269717 (Cal. Super. Ct., Los Angeles County) (obtaining settlements requiring specific warnings on kava kava products sold in California plus confidential restitutionary and other equitable remedies with certain settling defendants);

- *In re Providian Financial Corp. Credit Card Terms Litigation*, No. 2:10-md-01301 (E.D. Pa.) ($105 million settlement achieved on behalf of a class of credit card holders who were charged excessive interest and late charges on their credit cards);

- *In re Prudential Insurance Company of America SGLI/VGLI Contract Litigation*, No. 3:11-md-02208 (D. Mass.) ($40 million settlement achieved on behalf of a class of military service members and their families who purchased insurance contracts);

- *In re Pre-Filled Propane Tank Marketing and Sales Practices Litigation*, No. 4:09-md-02086 (W.D. Mo.) ($37 million settlement obtained on behalf of class of propane purchasers who alleged defendants overcharged the class for under-filled propane tanks); and

- *Gunther v. Capital One, N.A.*, No. 2:09-cv-02966 (E.D.N.Y.) (obtained net settlement resulting in class members receiving 100% of their damages).

  b. **Steven L. Bloch and SGT**

Mr. Bloch has more than 20 years of experience in the litigation of complex class, group and direct actions involving insurance and financial products and services, consumer fraud, employee and health benefits, antitrust and securities. *See* Guglielmo Decl., Ex. B (SGT firm resume). In addition, he has a wide range of complex commercial litigation experience, including corporate disputes, civil RICO, business torts, real estate, banking and credit card transactions, and labor and employment. A sampling of current and past cases Mr. Bloch and SGT have litigated in a leadership or co-counsel role:

7

- *Zaluda et al. v. Apple Inc.*, No. 2019-CH-11771 (Circuit Court of Cook County, Illinois County Department, Chancery Div.) (representing a proposed class of users of Apple Siri-enabled devices in Illinois alleging Apple illegally created, collected, or otherwise obtained and stored their biometric voiceprints without consent in violation of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS/14 *et seq*.);

- *Hubbard v. Google LLC*, No. 19-7016 (N.D. Cal.) (leading prosecution of purported class action against Google and YouTube as well as children's entertainment companies that operated YouTube channels alleging illegal tracking of children's online activity);

- *In re EpiPen Direct Purchaser Litigation*, No. 20-cv-00827 (D. Minn.) (part of a committee with court-appointed interim co-lead counsel representing direct purchasers alleging that brand-name and generic EpiPen manufacturers and a group of pharmacy benefit managers ("PBMs") conspired to maintain supracompetitive prices for brand-name and generic EpiPens);

- *Dodona I, LLC v. Goldman, Sachs & Co.*, No. 10-cv-07497 (S.D.N.Y.) (represented a certified class of collateralized debt obligation ("CDO") investors in an action against Goldman, Sachs & Co., resulting in a $27.5 million settlement);

- *Spencer v. The Hartford Financial Services Group, Inc.*, No. 05-cv-1681 (D. Conn.) (represented a certified class of 22,000 owners of structured settlement annuities asserting RICO and fraud claims against The Hartford Financial Services Group, Inc. and its affiliates resulting in a $72.5 million settlement); and

- *Nationwide Mutual Insurance Company v. O'Dell*, No. 00-C-37 (West Virginia Circuit Court, Roane County) (represented a certified class of policyholders against Nationwide Mutual Insurance Company arising out of Nationwide's failure to offer policyholders the ability to purchase statutorily-required optional levels of underinsured ("UIM") and uninsured ("UM") motorist coverage under automobile insurance policies, resulting in a $75 million settlement.).

SGT is a plaintiffs' law firm headquartered in in Stamford, Connecticut with five decades of litigation and trial experience. SGT's class action and complex litigation practice has recovered billions of dollars in settlements and judgments on behalf of private individuals, corporate whistleblowers, state and local governments, unions, and pensions funds, among others. For example, SGT achieved what was then time the largest False Claims Act ("FCA") whistleblower award ever recovered in an FCA action against United Technologies Corporation which settled for $150 million. SGT additionally served as lead private counsel for the State of Connecticut in its

8

action against the tobacco industry, recovering almost $4 billion for the State. More recently, SGT achieved a settlement of over $100 million while serving as court-appointed lead counsel for a class of more than 40,000 unionized employees alleging that the firing of over 3,000 union members violated the unions' and its members' First Amendment rights of free speech and free association. *See State Employees Bargaining Coalition, et al v. Rowland,* No. 03-CV-221 (D. Conn.).

        **c.**     **Timothy J. Peter and Faruqi**

Timothy J. Peter is a Partner at Faruqi & Faruqi is the Chair of the firm's Consumer Class Action Department. Timothy Peter has been appointed lead or co-lead counsel in at least the following nationally recognized consumer class actions: *In Re Hudson's Bay Company Data Security Incident Consumer Litigation*, Case No. 1:18-cv-08472 (PKC) (S.D.N.Y.) (appointed co-lead counsel in a consumer class action, with proposed relief valued at over $20,000,000); *In re: Arby's Restaurant Group, Inc. Data Security Litigation*, No. 1:17-cv-1035 (N.D.G.A.) (achieving monetary and injunctive relief for a nationwide class of Arby's consumers). Timothy Peter has been closely investigating the factual issues underlying this litigation since October 2019. Throughout this investigation, Timothy Peter has maintained continuous, informal communications with one of the Defendants in this matter. Through these communications, Timothy Peter has reviewed critical discovery which will provide significant value to the proposed leadership structure. Thus, Timothy Peter has the experience, both generally and specific to this matter, necessary to serve as a member of the Plaintiffs' Steering Committee here.

Faruqi & Faruqi is a national law firm that focuses on complex litigation in the areas of Consumer Class Action (particularly deceptive food and beverage labeling), Wage & Hour, Securities, Merger & Transactional, Shareholder Derivative, and Antitrust litigation. The firm has

9

advocated for consumers' rights for over 25 years, successfully challenging deceptive business practices from some of the nation's largest corporations. With over 30 lawyers across five offices nationwide, Faruqi & Faruqi has recovered billions of dollars and other significant remedial benefits for its clients and class members. *See, e.g., Theodore Broomfield v. Craft Brew All., Inc.*, No. 17-CV-01027-BLF, 2020 WL 1972505, at *17 (N.D. Cal. Feb. 5, 2020) (as co-lead counsel, the Faruqi Firm negotiated nationwide class settlement worth over $13,000,000 for consumers); *In re: Scotts EZ Seed Litigation*, No. 7:12-CV-04727-VB (S.D.N.Y. June 15, 2012), ECF No. 360 (as co-lead counsel, the Faruqi Firm negotiated class settlement with monetary relief worth approximately $48,000,000). Faruqi & Faruqi's extensive qualifications are further supported by the Faruqi Firm Resume, attached as Exhibit C to the Gugliemo Decl.

\* \* \*

Based on the experience gained in the successful prosecutions and landmark results in the above cases, Scott+Scott, SGT, and Faruqi are uniquely positioned to represent the interests of the proposed class and to lead the successful prosecution of this case.

### 3. Scott+Scott, SGT, and Faruqi Will Commit Substantial Resources to the Litigation

Combined Scott+Scott, SGT, and Faruqi have more than 100 attorneys that specialize in class action litigation and have advanced millions of dollars on behalf of the classes they have represented. Each firm is prepared to advance similar substantial sums in the prosecution of this case. Counsel anticipate that the amount of data Plaintiffs' counsel will be required to process in discovery is enormous. Accordingly, the class will thus benefit from Scott+Scott's unique ability to conduct end-to-end e-discovery in-house, a capability it developed and applied in numerous complex cases that involved millions of documents. These resources will result in a savings for the class over the course of this litigation.

### 4. Discretionary Factors Favoring Appointment of Ms. Comite as Interim Class Counsel and Messrs. Bloch and Peter as EC Members

Rule 23(g)(1)(B) states that courts "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Several additional factors support appointment of Ms. Comite as Interim Class Counsel and Messrs. Bloch and Peter as EC members: *First*, this motion would give members of the proposed class the benefit of sophisticated and experienced counsel who have, as discussed above, successfully achieved landmark results for class members. *Second*, the decision among sophisticated counsel to submit a joint application for appointment strongly supports granting this motion. The Manual for Complex Litigation advises that efforts by "attorneys [to] coordinate their activities without the court's assistance . . . should be encouraged." Manual for Complex Litigation §10.22 (4th ed. 2004). *Third*, through their extensive, multi-decade experience prosecuting complex class actions, Scott+Scott, SGT, and Faruqi have developed significant relationships with industry experts, regulatory personnel, and settlement administration experts. These relationships have already been put to work as Scott+Scott, SGT, and Faruqi continue testing numerous samples of the contaminated baby food at issue in this litigation.

*Fourth*, this proposed leadership structure has the support of additional firms, such as Haeggquist & Eck LLP. Class members in this litigation will benefit from the small, nimble leadership structure Ms. Comite and Messrs. Bloch and Peter have proposed. Competing proposed leadership comprised of more than ten law firms may prove too unwieldy to effectively and efficiently litigate this action. Ms. Comite and Messrs. Bloch and Peter have longstanding relationships with many of the lawyers and most of the plaintiffs' firms involved in this litigation. Should the Court find it appropriate, Ms. Comite and Messrs. Bloch and Peter are more than willing to work cooperatively with the other plaintiffs' counsel in this action, and in particular,

11

Ms. Comite and Messrs. Bloch and Peter would support Carlson Lynch LLP as interim co-lead counsel. Given the prior history of working together, and the already streamlined nature of the proposed leadership structure, adding an additional attorney or law firm as co-lead counsel would not prove difficult, and Carlson Lynch LLP is more than well-qualified to serve as interim co-lead counsel.

***Finally***, the bench and bar have recognized the importance of considering diversity as a relevant factor in selecting interim class counsel. *See, e.g.*, *City of Providence, Rhode Island v. AbbVie Inc.*, No. 20-CV-5538 (LJL), 2020 WL 6049139, at *6 (S.D.N.Y. Oct. 13, 2020). Ms. Comite's firm, Scott+Scott, was recently recognized by Law360 as a "Ceiling Smasher" for its representation of women in their equity partnership. Female attorneys make up more than a third of Scott+Scott's equity partnership and Scott+Scott's Executive Committee, and the firm believes that its commitment to diversity is one of the reasons it was recognized by U.S. News & World Report for 2021 as a "Best Law Firm." Ms. Comite and her firm are committed to employing a diverse group of attorneys at her firm to work on this action. If appointed, Ms. Comite is poised to represent the diverse interests of all Class members.

### III.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court should appoint Ms. Comite of Scott+Scott as Interim Class Counsel and appoint Steven L. Bloch of SGT and Timothy J. Peter as EC members.

Dated: May 27, 2021

Respectfully submitted,

 *s/ Joseph P. Guglielmo*
Erin G. Comite (*pro hac vice* motion forthcoming)
Joseph P. Guglielmo
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169

Tel.: (212) 223-4478
Fax: (212) 233-6334
ecomite@scott-scott.com
jguglielmo@scott-scott.com

Steven L. Bloch
Ian W. Sloss
Zachary Rynar
**SILVER GOLUB & TEITELL LLP**
184 Atlantic Street
Stamford, Connecticut 06901
Tel.: (203) 325-4491
Fax: (203) 325-3769
sbloch@sgtlaw.com
isloss@sgtlaw.com
zrynar@sgtlaw.com

Timothy J. Peter
**FARUQI & FARUQI, LLP**
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Tel.: (267) 536-2145
Fax: (215) 277-5771

*Attorneys for Plaintiffs Emily Baccari, Dominick Grossi, Heather Hyden, Haley Sams, and Vito Scarola*

## CERTIFICATE OF SERVICE

I, Joseph P. Guglielmo, hereby certify that the foregoing document was filed electronically through the Court's Electronic Case Filing System. Service of this document is being made upon all counsel of record in this case by the Notice of Electronic Filing issued through the Court's Electronic Case Filing System on this date.

                                             s/ *Joseph P. Guglielmo*
                                               Joseph P. Guglielmo