

102 Half Moon Bay Drive<br>
Croton-on-Hudson, New York 10520<br>
Tel.: (917) 983-9321   Fax: (888) 421-4173

June 2, 2021

**VIA ECF**
United States District Court
Eastern District of New York
Long Island Courthouse
c/o Clerk of the Court
100 Federal Plaza
Central Islip, New York 11722

   Re: *In re: Hain Celestial Heavy Metals Baby Food Litig.*
      **No. 2:21-cv-00678-JS-AYS (Consolidated Action)**

Dear Clerk of the Court:

 I am writing on behalf of Nicole Stewart, Elizabeth Agramonte, and Summer Apicella, Plaintiffs ("the Stewart Plaintiffs") in the above-referenced Consolidated Action against Hain Celestial Group, Inc. ("Hain").

 The Stewart Plaintiffs object to the Letter Motion to Compel that Ms. Walls and Her Son be Added as an Interested Party to the Consolidated Action (the "PI Letter Motion"). [Consolidated Action; Dkt. 71].

 While Ms. Walls states that she and her son have alleged many of the same claims against Hain in their separate <u>Walls</u> action, Ms. Walls fails to disclose that her personal injury claims were separated from the Consolidated Action. In the Court's May 13 and May 18 Consolidation Orders, Judge Seybert ruled that "[a]ny and all personal injury and product liability claims for non-economic damages (collectively the 'PI Claims') asserted against Hain…including the <u>Walls</u> Action, No. 21-CV-0938, **shall not** be asserted in the Consolidated Action."  [Consolidated Action, Dkts. 47 &50] (emphasis in original). Instead, any such PI Claims "shall be asserted in a separate action." *Id.*

 In the <u>Walls</u> action, Ms. Walls and her son, N.W., assert the PI Claims that the Court already refused to allow in the Consolidated Action.  Moreover, under the Federal Rules or otherwise, Ms. Wall's son, N.W., is not an "interested party" here.  He (a minor) did not purchase any baby food and as such did not rely on any alleged misrepresentation or suffer economic damages or otherwise have an interest in the Consolidated Action that involves consumer protection laws and statutes.  The only harm alleged to N.W. is related to the PI Claims that the Court has held are not part of the Consolidated Action. [Consolidated Action; Dkt. 47] As to Ms. Walls, she is an absent class member for the claims based on violation of consumer protection

| TOLL FREE: (833) FIND JUSTICE<br>OFFICE: (561) 232-6002<br>WWW.4-JUSTICE.COM | 9897 LAKE WORTH ROAD<br>SUITE 302<br>LAKE WORTH, FL 33467 | 200 PARK AVENUE<br>SUITE 1700<br>NEW YORK, NEW YORK 10166 | 5516 FALMOUTH STREET<br>SUITE 108<br>RICHMOND, VA 23230 |

AFFILIATED OFFICES IN CHINA

laws in the Consolidated Action. These is no need for her to be an "interested party" at this time, nor does she state any such reason. To the extent that Ms. Walls also asserted consumer protection claims in her separate action, they are now subsumed within the Consolidated Action.

The PI Letter Motion critically fails to disclose that the Walls action is a multi-defendant case, naming not only Hain as a defendant but also Beech-Nut Nutrition Company, Nurture, Inc. (d/b/a Happy Family Organics); Gerber Products Company; and Plum PBC. This Court already refused to consolidate *any* action that asserted consumer protection claims against any defendants besides Hain. [Consolidated Action; Dkt. 47]. This further undercuts Ms. Walls' request for "interested party" status in the Consolidated Action.

The Stewart Plaintiffs further note that the PI Letter Motion, dated May 27, 2021, appears to have been sent by Federal Express priority overnight mail on May 27, 2021 and docketed by the Clerk of Court on May 28, 2021 (the eve of Memorial Day weekend.) Neither the Judge presiding over the Consolidated Action nor any counsel of record were copied on the PI Letter Motion and it was not filed by ECF until today, June 2, 2021. While it is not readily apparent from the PI Letter Motion why Ms. Walls and her son currently seek "interested party" status, it is also unclear why they did not do so promptly after the Court issued its Consolidation Orders. In any event, for the reasons stated above, there is no basis for granting such status and the Stewart Plaintiffs respectfully submit that it should be denied.

                                          Respectfully submitted,

                                          *Lori G. Feldman*
                                          Lori G. Feldman

cc:      Honorable Joanna Seybert

          Counsel for all parties via ECF

| TOLL FREE: (833) FIND JUSTICE | 9897 LAKE WORTH ROAD | 200 PARK AVENUE | 5516 FALMOUTH STREET |
| OFFICE: (561) 232-6002 | SUITE 302 | SUITE 1700 | SUITE 108 |
| WWW.4-JUSTICE.COM | LAKE WORTH, FL 33467 | NEW YORK, NEW YORK 10166 | RICHMOND, VA 23230 |

AFFILIATED OFFICES IN CHINA