# Susman Godfrey l.l.p.

a registered limited liability partnership
SUITE 1400
1900 AVENUE OF THE STARS
LOS ANGELES, CALIFORNIA 90067-6029
(310) 789-3100
FAX (310) 789-3150
www.susmangodfrey.com

_____

| | | |
|---|---|---|
| Suite 5100<br>1000 Louisiana Street<br>Houston, Texas 77002-5096<br>(713) 651-9366 | Suite 3800<br>1201 Third Avenue<br>Seattle, Washington 98101-3000<br>(206) 516-3880 | 32nd Floor<br>1301 Avenue of the Americas<br>New York, New York 10019-6023<br>(212) 336-8330 |

Davida Brook
Direct Dial (310) 789-3105

E-Mail dbrook@susmangodfrey.com

June 7, 2021

Hon. Joanna Seybert
U.S. District Court for the Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, NY 11722

**VIA ECF**

    RE:    Application for "Interested Party" Status in *In re Hain Celestial Heavy Metals Baby Food Litigation*, 21-CV-0678

Dear Judge Seybert:

    We represent plaintiffs Michelle Walls and her son N.W. against The Hain Celestial Group, Inc., and against other baby food manufacturers who sold products tainted with dangerous amounts of toxic heavy metals: Beech-Nut Nutrition Company, Nurture, Inc., d/b/a Happy Family Organics, Gerber Products Company, and Plum PBC (collectively with Hain, "Defendants"). That case is *Walls v. Beech Nut Nutrition Company, et al.*, No. 21-CV-0870 (E.D.N.Y.). I am joined in this letter by my co-counsel Christopher Leung, of the law firm Pollock Cohen LLP.

    We write in further support of our request that our client Ms. Walls be added as an "interested party" in the Consolidated Action, *In re Hain Celestial Heavy Metals Baby Food Litigation*, 21-cv-0678, Dkt. No. 71, and in reply to the letter opposing that request, filed by the *Stewart* Plaintiffs. Dkt. No. 73.

    We are mindful that the Court did not include Ms. Walls's action in the Consolidated Action, *see* Dkt. No. 41, ¶ 8, and that we do not (yet) have standing

Hon. Joanna Seybert
U.S. District Court for the Eastern District of New York
June 7, 2021
Page 2

to submit a motion to apply to serve as interim lead counsel. We are also aware that dozens of cases have been filed across the nation alleging similar conduct against the Defendants, and that the Judicial Panel on Multidistrict Litigation is presently deciding whether those cases, including those before this Court, should be consolidated in a single forum.

If Ms. Walls's action is consolidated before this Court, whether by this Court's action or by the Panel, then we would request permission to submit a motion to serve as interim lead counsel for the plaintiffs damaged by the Defendants' unlawful conduct.[1] Our firms have decades of experience representing plaintiffs as lead counsel in the Nation's largest class action cases; we have a deep bench of talent with attorneys across the country; and we have the resources necessary for a case of this magnitude. *See, e.g., Fleisher v. Phoenix Life Ins. Co.*, No. 11-cv-8405, Dkt. No. 318, at 3 (S.D.N.Y. Sept. 9, 2015) (McMahon, J.) (approving settlement valued at more than $130 million, which was an "exceptional result[] for the Class"); *id.* Dkt. No. 320, at 3:9–11 (Hr'g Tr. Sept. 9, 2015) ("[T]his may be the best settlement pound for pound for the class that I've ever seen."). Our firms also have a strong commitment to diversity, and it is a priority for us that we ensure that the attorneys who take a front-line role in representing the class reflect the many backgrounds of our community. Ms. Walls would welcome the opportunity to serve as lead plaintiff in this action.

We thank the Court for its continued attention to this matter.

Sincerely,

Davida Brook

Christopher Leung

---

[1] As to the *Stewart* Plaintiffs' objection directed against Ms. Walls' son N.W., we would limit our request for interested party status to only Ms. Walls. Her claims clearly overlap those in the consolidated action, and she has a vested interest in how that action progresses.

The *Stewart* Plaintiffs' remaining objection to including cases involving other Defendant baby food manufacturers, is similarly misplaced. Through our firms' continuing investigation, we have determined that Hain—in addition to the other named Defendants in the *Walls* case—coordinated their efforts to address the problem of heavy metals in baby foods. That coordination took form of the Baby Food Council, a group that Defendants created in January 2019, in partnership with Cornell University. *See, e.g.*, Envt'l Def. Fund (Oct. 17, 2019), https://www.edf.org/media/baby-food-council-taking-challenge-reducing-heavy-metals-young-kids-food. Defendants held monthly meetings to address the shared problem of heavy metals in baby food, and apparently ignored the Baby Food Council's advice. Accordingly, the *Stewart* Plaintiffs' objection and narrow focus on a single defendant, in our view, misses the forest for the trees.