**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION | Case No. 2:21-cv-0678-JS-AYS |
| This document relates to: All Actions | **THE STEWART MOVANTS' OMNIBUS MEMORANDUM OF LAW IN RESPONSE TO MOTIONS FOR APPOINTMENT FOR INTERIM LEAD COUNSEL** |
| | **ORAL ARGUMENT REQUESTED** |

**TABLE OF CONTENTS**

I.      INTRODUCTION ...................................................................................................... 2

II.     THE STEWART MOVANTS ARE BEST ABLE TO LEAD THIS LITIGATION ......... 4

        A.      Albano Movants ......................................................................................... 5

        B.      CLLB TEAM .............................................................................................. 8

        C.      Kohn Swift ................................................................................................ 10

        D.      Labaton ..................................................................................................... 11

        E.      The Mays Group ....................................................................................... 13

        F.      Scott+Scott Movants ................................................................................ 14

        G.      Wolf Haldenstein ..................................................................................... 15

        H.      WPS Slate ................................................................................................. 17

III.    CONCLUSION ...................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**RULES**

Federal Rule of Civil Procedure 23(g) ............................................................................10

**STATUTES**

Freedom of Information Act ........................................................................................2, 3

Plaintiffs Nicole Stewart, Elizabeth Agramonte, and Summer Apicella ("the Stewart Plaintiffs"), and plaintiffs Charlotte Willoughby, Lee Boyd, Kelly McKeon, Renee Bryan, Marilyn Cason, Najah Henry, Chanel Jackson, Alexis Dias, and Holly Buffinton (collectively, the "Stewart Movants"), by and through their undersigned counsel, respectfully submit this omnibus memorandum of law in response to the following motions for appointment of interim lead counsel of this consolidated class action (the "Consolidated Action") against Hain Celestial Group, Inc. ("Defendant" or "Hain"):

- Motion to Appoint Melissa S. Weiner, Annick M. Persinger, and Rachel Soffin (the "WPS Slate") as Interim Class Counsel on behalf of Matthew Hanson and Susan Lawson (Dkt. 60);

- Motion to Appoint Labaton Sucharow ("Labaton") as Interim Lead Counsel on behalf of Asyia Andrews (Dkt. 61);

- Motion to Appoint Cohen Milstein Sellers & Toll PLLC and Gibbs Law Group LLP (the "Albano Movants") as Interim Counsel on behalf of Lori-Anne Albano, Myjorie Philippe, Rebecca Telaro, Alyssa Rose (Dkt. 62);

- Motion to Appoint Kohn, Swift & Graf, P.C. ("Kohn Swift") as Interim Lead Counsel on behalf of Erik Lawrence (Dkt. 63);

- Motion to Appoint Gary F. Lynch and Jeffrey K. Brown (the "CLLB Team") as Interim Co-Lead Class Counsel on behalf of Lisa Gray and Heather Age (Dkt. 64);

- Motion to Appoint Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Interim Counsel on behalf Sally Bredberg and Rebecca Bromberg (Dkt. 65);

- Motion to Appoint the Mays Group (the "Mays Group") as Interim Counsel on behalf of Leiba Baumgarten, Lynda Galloway, Shanely Zorrilla, Alyssa Mays (Dkt. 66); and

- Motion to Appoint Erin Green Comite (the "Scott+Scott Movants") as Interim Class Counsel on behalf of Emily Baccari, Dominick Grossi, Heather Hyden, Haley Sams, Vito Scarola (Dkt. 67).

## I.      INTRODUCTION

All motions that have been filed for appointment of leadership demonstrate that the Stewart Movants is the group best suited to lead the Consolidated Action None tips the scale against the Stewart Movants to show why the first-filed Stewart Movants should not be appointed to lead the case when they have taken the most steps to move this case forward efficiently and also have the most on point heavy metal litigation experience.[1]

The Stewart Movants were first to file any case against Hain in this Court and have since been seeking to push the case forward in an efficient manner. They have sought consolidation of the actions, argued against a multi-defendant MDL before the JPML, served a Freedom of Information Act (FOIA) request on the U.S. Food and Drug Administration ("FDA") and appealed the FDA's response, contacted potential experts, and sent pre-suit notices to Defendant. (Dkt. 59-1 at 12-13.) Critically, the Proposed Interim Class Counsel have the most relevant experience litigating consumer class actions based on a company's failure to disclose the inclusion of heavy metals and other contaminants in food. (Dkt. 59-1 at 15-16, 20, 23-24.)  The Proposed Interim Class Counsel have prevailed recently in other matters concerning the inclusion of heavy metals in food products on class certification, summary judgment, and Daubert motions. (Dkt. 59-1 at 23-24.)  As a result of this extensive experience, Proposed Interim Class Counsel have already researched, briefed, and argued many issues that are relevant here, including the manufacturing processes that can be implemented to screen and control heavy metal levels (including appropriate

---

[1] The Stewart Movants seek appointment of Lori G. Feldman (George Gesten McDonald, PLLC) and Rebecca A. Peterson (Lockridge Grindal Nauen P.L.L.P.) as "Interim Co-Lead Counsel," and the designation of Catherine Sun-Yung Smith (Gustafson Gluek PLLC), Stephen R. Basser (Barrack, Rodos & Bacine), and Susana Cruz Hodge (Lite DePalma Greenberg & Afanador, LLC) as "Executive Committee" members to work with the Interim Co-Lead Counsel (collectively, "Proposed Interim Class Counsel").  (Dkt. 59-1.)

testing protocols), the bioaccumulation theories driving heavy metal consumption concerns, and the materiality of heavy metals to reasonable consumers' purchasing decisions. (*Id.*) No other movant has claimed this level of expertise in heavy metal litigation. Finally, the Stewart Movants have first-chair class action trial experience, and are diverse in race, gender, and age.

While all other movants are qualified attorneys, they all suffer from one or more of the following shortcomings:

- none were the first to file in this District or have experience in litigation heavy metals in food;

- several violated the Court's Consolidation Order (Dkt. 47) by moving for appointment of lead counsel despite continuing to pursue multi-defendant cases that have not been consolidated here (Labaton, the Albano Movants, and Kohn Swift (Dkts. 61-63));

- some include additional  plaintiffs that have no standing as they did not purchase a Hain product (the Albano Movants (Dkt. 62));

- almost all do not disclose their true proposed structure so that the Court and other movants cannot actually analyze their proposal (Labaton, the Albano Movants, and Kohn Swift, the CLLB Team, Wolf Haldenstein, and the Scott+Scott  Movants (Dkts. 61-65, 67));

- some are not diverse at all or only minimally when combined with the other attorneys they seem to suggest they support or who support them for leadership positions (Labaton, the Albano Movants, the CLLB Team, the Mays Group, and the Scott+Scott  Movants (Dkts. 61-62, 64, 66-67));

- some have not sought to advance this case as they filed their respective complaints on the eve of the deadline to move for appointment of lead counsel (WPS, Labaton and the Scott+Scott Movants (Dkts. 60, 61, and 67)); and

- one seeks a separate litigation track for a single Hain product, the rice cereal, that would be inefficient and not in the best interests of the class (Wolf Haldenstein (Dkt. 65)).

In addition to being diverse the first to file and the only attorneys with experience in litigating class actions involving heavy metals in food, the Stewart Movants do not suffer from any of these deficiencies and therefore their Proposed Interim Class Counsel should be appointed to lead the Consolidated Action.

## II.    THE STEWART MOVANTS ARE BEST ABLE TO LEAD THIS LITIGATION

It is clear that all the firms seeking lead here are qualified and experienced attorneys and most (if not all) have taken steps to research the case, draft pleadings, and consider potential experts. However, the Stewart Movants, aside from having filed the first complaint, are the only group that advanced this case in an efficient and collegial manner by seeking (and obtaining) consolidation, and serving FOIA requests and appealing the response to them.[2]   The Stewart Movants are also the only group that includes attorneys who have extensive experience in litigating class actions involving heavy metals and other contaminants in food.  For these reasons and those discussed below, the Stewart Movants are better suited to serve as Interim Co-Lead Counsel to the proposed Class in the Consolidated Action.

---

[2] If appointed, the Stewart Movants will continue to work to efficiently litigate the Consolidated Action, including coordinating with any personal injury cases or RICO cases against Hain.

A.   **ALBANO MOVANTS**

The Albano Movants seek multiple leadership appointments for their counsel, Cohen Milstein and Gibbs Law. Albano moves for her counsel to be appointed as Plaintiffs' Interim Counsel for the Class in the Consolidated Action, for the Class in the multi-defendant *Albano* action, *and* "for all other related cases that may come before this Court," which presumably could include personal injury cases. (Dkt. 62 at 4.)  Each of these requests should be denied.

First, the Albano Movants' motion is improper because they filed their case against several defendants and the Court denied the request to consolidate their claims against Hain with the Consolidated Action. (Dkt. 47, ¶3.) The Albano Movants acknowledged this, stating their motion is made pursuant to the order reassigning the Albano Action and promising they "will seek to consolidate" at some unspecified time. (Dkt. 62 n.1.) But the Court's Consolidation Order clearly consolidates actions against Hain only. (Dkt. 47, ¶¶ 2-3, 5.)[3] The Albano Plaintiffs should have renewed their motion for consolidation prior to seeking lead here. (*Id.* at ¶3).  It was not until June 10, 2021, the due date for the filing of the oppositions to the pending lead motions, at 4pm Eastern that the Albano Movants filed a letter motion seeking consolidation. The Albano Movants have not severed defendant Hain, the Court has not ruled on their just-filed letter motion, and have yet to file a single defendant complaint against Hain, instead they devoted their efforts to filing a motion for appointment of lead counsel.[4]

---

[3] In denying the MDL petition, the JPML agreed with this Court's decision that the cases should proceed as single defendant cases.

[4] The Court's June 9, 2021 Electronic Order granting the request of the plaintiffs in *Walls v. Beech Nut Nutrition Co.*, No. 2:21-cv-0870 (the "Walls Plaintiffs") to be designated as "Interested Parties" in the Consolidated Action and denying the balance of their requests (including leave to file a motion for appointment of interim lead counsel) demonstrates that the Albano Movants' motion is improper. There is no reason why the Albano Movants would be entitled to anything other than equal status (as interested parties only) until they are properly consolidated.

Second, the Court already decided that the Consolidated Action will address consumer protection claims against a single defendant (Hain) and not involve any claims against other defendants or personal injury claims. (Dkt. 47.) Based on this Order, the Stewart Movants properly seek appointment to lead a class action on behalf of classes who purchased baby food manufactured by Hain only. On the other hand, the Albano Movants have improperly sought to lead the Consolidated Action on behalf of plaintiffs who do not have standing to participate in this Consolidated Action because they did not purchase any baby food products manufactured by Hain.. (*Albano v. Hain Celestial Grp.,* No. 2:21-cv-01118 (E.D.N.Y.) ("Albano Compl."), Dkt. 1, ¶¶22-25.) Indeed, Plaintiffs Albano, Philippe, and Telaro do not allege to have purchased *any* baby food manufactured by Hain. (Albano Compl., ¶¶19-21.) Accordingly, they are not members of the proposed Class in the Consolidated Action, cannot participate in the Consolidated Action against Hain, cannot propose their counsel to serve as Plaintiffs' Interim Counsel here.  (*See* Court's June 9, 2021 Electronic Order.)

The one plaintiff in *Albano* who did purchase Hain baby food is Plaintiff Rose. Plaintiff Rose, however, seeks in the Albano Complaint to pursue claims against not only Hain and Beech-Nut but also against Gerber and Nurture. (Albano Compl. ¶22.) These multi-defendant claims bar her ability to participate in the Consolidated Action and, as such, her counsel are not eligible to seek an Interim Class Counsel appointment in the Consolidated Action. (*See* Court's June 9, 2021 Electronic Order.) Further, Plaintiff Rose's single class claim against Hain is on behalf of a subclass of Pennsylvania citizens under that state's consumer protection act, a claim that is already asserted by the Stewart Movants.

Even if the Albano Movants did have standing to move for lead here, the Stewart Movants are better suited to lead this action. The Stewart Movants propose a slate of attorneys who have

specific heavy metal class action experience, first-chair class action trial experience, and are diverse in race, gender, and age. The *Albano* attorneys do not claim to have experience litigating heavy metal class actions or first-chair class action trial experience and filed a multi-defendant complaint weeks after the Stewart Movants. They also have not done anything to advance or organize the Consolidated Action and in fact, opposed the Stewart Movants' efforts to do so, asking the Court to stay and delay, rather than organize the Consolidated Action. (Albano Compl. Dkt. 20.) The Albano Movants also failed to advance their own case, staying the *Albano* Action when defendants notified them that they intended to make motions to sever mis-joined claims against multiple defendants and transfer those claims to defendants' respective home courts. (*Id.* at Dkt. 28.)

While the Albano Movants are experienced and well-resourced class action litigators, their claimed contributions to this litigation do not make them "best able to represent the interests of the consumers" in this Consolidated Action. (Dkt. 62 at 2-4.) The Complaint filed by the Albano Movants contains solely publicly available information and facts and claims previously asserted by other plaintiffs, including the first-filed Stewart Plaintiffs. In fact, the *Albano* Complaint was filed over three weeks after the *Stewart* Complaint (and eleven others) were filed in the EDNY and yet contains no additional facts. The Albano Movants generally refer to "third-party" testing in their complaint, but they do not plead the results of their lab testing or explain why it was necessary to conduct such testing given that reams of testing data were already made publicly available by the government. They also did not allege their communications with "nearly 1,000 witnesses" in the Albano Complaint. . (Dkt. 62 at 3; 62-3 at ¶32.)

Finally, the Albano Movants argue that additional lead counsel or a "formal Steering Committee" may not be necessary but nonetheless state that they have experience working with

four additional law firms. (Dkt. 62 at 20.) There is no reason to raise this experience other than to indicate that they plan to work with these firms as "informal" additional lead counsel or as a "de-facto" Steering or Executive Committee members. Indeed, two of the law firms (Kohn Swift and Susman Godfrey LLP) have separately moved for sole lead counsel. (Dkts. 61, 63.) The Albano Movants also do not disclose that one of these four law firms, the Zimmerman Law Offices, represents plaintiffs in a multi-defendant action entitled *Garces v. Gerber Prods. Co., et al., C.A.* No. 1:21-00719 (N.D. Ill.) that is not before this Court, and the Susman Godfrey firm is counsel of record in a personal injury case (*Walls*) that was excluded from the Consolidated Action (Dkt. 47, ¶4.) and have been denied the right to seek a lead position at this time. (June 9, 2021 Electronic Text Order.) This failure to clearly identify who will be leading the litigation makes it difficult for the other movants and the Court to analyze the proposal of the Albano Movants. The majority of the firms vying for leadership have at one time or another worked together, and any qualified attorney will be able and willing to work seamlessly with anyone the Court appoints given that is what is in the best interests of the proposed Class.

### B.    CLLB TEAM

Plaintiffs Gray and Age request appointment of their counsel Gary F. Lynch and Jeffrey K. Brown for Interim Lead Counsel and Judge John G. Marks (ret.) as Liaison Counsel. (Dkt. 64-1 at 9.) They argue that this "lean" leadership structure would best serve the needs of the case. (*Id.*) Notably, however, the CLLB Team also state that they support the motion of the Scott+Scott Movants for lead counsel (*id.* at n.1), which would add several additional firms to their purportedly "lean" leadership slate. [5]  In any event, although the CLLB Team is no doubt qualified, the Stewart Movants are the group best suited to lead the Consolidated Action.

---

[5] As mentioned below, given that Mr. Brown is a New York-based attorney, there is no need for a separate Liaison counsel.

First, on March 24, 2021, the CLLB Team filed a federal action in the EDNY on behalf of two plaintiffs who purchased at most seven different varieties of Hain baby food and are residents of Kentucky and Florida.[6] (*Gray v. The Hain Celestial Grp., Inc.*, No. 2:21-cv-01569 (E.D.N.Y.), Dkt. 1, ¶¶6-7.) The Stewart Plaintiffs, on the other hand, filed the first case against Hain in this District six weeks earlier, and the Stewart Movants represent a total of twelve (12) plaintiffs who reside in eight (8) states (California, Texas, Florida, New York, Pennsylvania, Illinois, Minnesota, and Rhode Island) and purchased at least twenty (20) different varieties of Hain's baby food. (*See e.g. Willoughby v. Hain Celestial Grp., d/b/a Earth's Best Organics*, No. 2:21-cv-00970 (E.D.N.Y), Dkt. 1, ¶18; *Boyd v. Hain Celestial Grp., d/b/a Earth's Best Organics*, No. 2:21-cv-00884 (E.D.N.Y), Dkt. 1, ¶18; *McKeon v. Hain Celestial Grp., d/b/a Earth's Best Organics*, No. 2:21-cv-00938 (E.D.N.Y), Dkt. 1, ¶¶18-20.) The Gray Complaint mirrored the allegations of all the Complaints that had already been filed by the Stewart Movants.

Second, the Stewart Movants have taken the most steps to advance this litigation and have specific and extensive litigation experience in heavy metals and other contaminants in food products that will undoubtedly benefit the class. (Dkt. 59-1 at 12-13, 15-16, 20, 23-24.) No one on the CLLB Team claims experience litigating heavy metal class actions.

Finally, the Stewart Movants fully disclose their proposed leadership structure. In contrast, it is unclear whether the CLLB Team supports the structure proposed by the Scott+Scott Movants, and seeks their proposed leadership structure only as alternative, making it difficult to evaluate. If the two groups are combined (as it appears both may be asking),, the broad leadership slate would consist of every firm (but one) who represents the plaintiffs represented by the CLLB Team and

---

[6] It is unclear from the complaint if there are seven individual products as the complete name of the product is not listed.

the Scott+Scott Movants. (Dkt. 64-1 at 1, fn1; Dkt. 67-1 at 14-15.) In contrast, the Stewart Movants propose a clear leadership structure with five proposed members and have the support of the other eight firms who represent the Stewart Movants but do not seek a leadership position. Finally, the CLLB Team does not provide an opportunity for this Court to appoint a group diverse in race and gender.[7]

### C.    KOHN SWIFT

Similar to the Albano Movants, Kohn Swift has no standing to seek a leadership position in the Consolidated Action because the *Lawrence v. Hain Celestial Grp., Inc.,* No. 1:21-cv-01287 (E.D.N.Y) action is a multi-defendant case and was not consolidated here. (Dkt 47.) Further, the *Lawrence* action was filed over a month after the Stewart Plaintiffs filed their Complaint and despite its late filing, the *Lawrence* Complaint contains the very same allegations asserted by the Stewart Movants. The *Lawrence* action also includes only a single plaintiff who purchased a single Hain product. (*Lawrence v. Hain Celestial Grp., Inc.,* No. 1:21-cv-01287 (E.D.N.Y), Dkt. 1, ¶8 n. 3.)[8] By contrast, the Stewart Movants purchased numerous of Hain's products. (Dkt 1, ¶¶6-8; *see also Willoughby v. Hain Celestial Grp., d/b/a Earth's Best Organics*, No. 2:21-cv-00970 (E.D.N.Y), Dkt. 1, ¶18; *Boyd v. Hain Celestial Grp., d/b/a Earth's Best Organics*, No. 2:21-cv-00884 (E.D.N.Y), Dkt. 1, ¶18; *McKeon v. Hain Celestial Grp., d/b/a Earth's Best Organics*, No. 2:21-cv-00938 (E.D.N.Y), Dkt. 1, ¶¶18-20.)

---

[7] The CLLB Team also argues—without legal support—that their later filing of *Maestre v. The Hain Celestial Grp., Inc.*, Index No. 605375/2021 (Sup. Ct. Nassau Cnty.), a state court case in Nassau County, NY makes them best able to represent this federal court class. The CLLB Team does not disclose if Hain has indicated it will seek to remove or stay this state court action in favor of the Consolidated Action. Regardless, the CLLB Team fails to show why having a case pending in state court makes them better suited under the Rule 23(g) factors to lead the Consolidated Action.

[8] Hain does not manufacture an "Earth's Best plum" baby food product, so it is unclear whether there are *any* Hain products at issue in the *Lawrence* action.

Not only did Kohn Swift file a multi-defendant case, it does not identify any measures taken to advance or contribute to this consolidated single-defendant litigation. And while Kohn Swift is undoubtedly made up of very experienced attorneys, it does not identify any class action experience involving heavy metals.

Finally, the Stewart Movants present a leadership structure that is clearly delineated, efficient, and diverse. The Kohn Swift application, while it appears to advance a sole lead counsel and no supporting committee, is not clear as to its true proposed structure. Kohn Swift presents the Roberts Law Firm, P.A. of Little Rock, Arkansas, and Fink Bressack of Bloomfield Hills, Michigan, as "attorneys available to assist in the litigation of the case." (Dkt. 63-1 at 13.) It also mentions in passing that Kohn Swift "has worked in the past well and efficiently with the Cohen Milstein firm in other matters and will be able to do so in this matter" (*id.* at 2) and that "Kohn Swift has worked well with Wolf Haldenstein in the past and will also in this case," (*id.* at 3 n.2.). However, Kohn Swift does not delineate the role it expects any of these firms to play, nor does it state whether it supports a separate litigation or track for the single Hain rice cereal product proposed by Wolf Haldenstein, as discussed more fully below.  Without such transparency, neither the Court nor the Stewart Movants can properly analyze whether Kohn Swift's proposal serves the best interests of the proposed Class.

## D.    LABATON

While Labaton and the lawyers it seeks to have appointed are qualified attorneys possessing a track record of success, they have not adequately demonstrated that they are more deserving of being appointed to lead this case than the Stewart Movants.

As a threshold matter, the motion for interim lead counsel is improper since *Andrews v. Beech-Nut Nutrition Co.*, No. 2:21-cv-01704 (E.D.N.Y) is a multi-defendant case that has not been

consolidated with this action.[9]  Like the Walls Plaintiffs, the Albano Movants, and Kohn Swift, the *Andrews* plaintiffs are not entitled to any status other than interested parties at this time who are not entitled to pursue a leadership position. (*See* June 9, 2021 Electronic Text Order.) Labaton's arguments that it is a large, financially well-healed law firm that has "worked to develop this case" (Dkt. 61-1 at 4), do not provide a compelling basis to elevate it above others and particularly the Stewart Movants. Labaton's size is not dispositive.  Attorneys in boutique and smaller, as well as newer, law firms are just as capable of spearheading cases such as the instant matter as Labaton's two designated attorneys.   Labaton's financial strength and track record of success are commendable. But they also do not distinguish it to a degree that merits its appointment in lieu of the Stewart Movants, especially in a case where it does not have standing to move for a leadership position. Indeed, the Stewart Movants' credentials submitted herewith demonstrate that they are just as qualified attorneys as Labaton. Armed with applicable heavy metal litigation experience, as well as numerous leadership roles in consumer cases and trial experience, the Stewart Movants are best able to lead this case.

Finally, Labaton's representation that it has "worked to develop this case," is overstated. (Dkt. 61-1 at 4.) The Andrews Complaint demonstrates that the Subcommittee Report issued by Congress, along with investigative reporting by Healthy Babies Bright Futures, and Consumer Reports -- not an independent investigation unique to Labaton -- produced valuable information and evidence supporting class members' claims.[10]  Notably, the complaint filed by Labaton was

---

[9] Further, except for Hain, none of the other named defendants is headquartered in EDNY, nor does plaintiff Andrews, a New Jersey domiciliary who purchased her baby foods in New Jersey, reside in the District.

[10] While interviewing "witnesses"—confidential or otherwise—may be commendable, nowhere does the Andrews Complaint demonstrate that any of them were actually utilized to furnish factual detail or information supporting the claims. Indeed, it appears the complaint relied on the

filed well after the Stewart Plaintiffs had already filed their motion to consolidate the Hain cases before this Court.

### E.    THE MAYS GROUP

Plaintiffs Alyssa Mays, Shanely Zorrilla, Lynda Galloway and Leiba Baumgarten seek appointment of a leadership structure consisting of eight attorneys. (Dkt. 66-1 at 6.) The specific structure seeks: (1) Melissa R. Emert (counsel for Plaintiff Zorrilla) and Michael R. Reese (counsel for Plaintiff Baumgarten) as Interim Co-Lead Counsel; (2) Jason P. Sultzer (also counsel for Plaintiff Baumgarten) as Interim Liaison Counsel; and (3) Gayle M. Blatt (counsel for Plaintiff Galloway), Charles E. Schaffer (counsel for Plaintiff Mays), Gary E. Mason, (also counsel for Plaintiff Mays), Jeffrey S. Goldenberg (also counsel for Plaintiff Mays) and Jonathan Shub (also counsel for Plaintiff Mays) as the Interim Executive Committee. (*Id.*) Although the Mays Group attorneys are undoubtedly qualified, they are not better suited than the Stewart Movants to lead the Consolidated Action.

First, the Stewart Movants' proposed structure is more streamlined and efficient than the Mays Group. While both sets of movants propose two interim co-lead counsel, the Mays Group proposes an additional five Executive Committee members and a Liaison Counsel. This structure ultimately seeks eight (8) attorneys on behalf of four (4) plaintiffs. Moreover, there is no need for a Liaison Counsel when the proposed Co-Lead counsel, Mr. Reese, is a New York-based attorney. Since Ms. Feldman is a New York-based attorney, the Stewart Movants' proposed structure does not include a Liaison Counsel. In short, the Stewart Movants' proposed structure is more streamlined, consisting of only two co-leads and three Executive Committee members (while

---

aforementioned publicly issued reports, especially the Subcommittee Report issued by Congress. (*Andrews v. Beech-Nut Nutrition Co.*, No. 2:21-cv-01704 (E.D.N.Y), Dkt. 1.)

representing twelve (12) plaintiffs), and is designed to avoid duplication of effort and produce efficient litigation. [11]

Second, there is no doubt the Mays Group has experience in class actions but, as noted above, only the Stewart Movants have extensive experience litigating consumer protection class actions concerning heavy metals and other contaminants in food products.

Finally, the Mays Group highlighted steps it has taken to advance this litigation does not set it apart from the Stewart Movants. Instead, it is clear the Stewart Movants are the only group that have taken direct action with this Court to move this case forward.

### F.   SCOTT+SCOTT MOVANTS

The primary qualification cited by the Scott+Scott Movants I n its leadership application is its expending of "significant efforts" and "resources" in conducting its own testing of the contaminated baby food products at issue in the litigation. (Dkt. 67-1 at 4.) However, it is not clear why the Scott+Scott Movants expended these resources at the outset of the case given the expansive amount of publicly available testing data provided by the government. It is also unclear why the Scott+Scott Movants failed to include this purported testing in the complaint it filed on May 26, 2021, the day before the deadline to file leadership motions. (*Ojeda v. Hain Celestial Group, Inc.* No. 2:21-cv-02983 (E.D. N.Y.). Dkt. 1.)

While the Scott+Scott Movants seek to be appointed as sole interim lead counsel, they expressly support the Carlson Lynch firm as interim co-lead counsel. (Dkt. 67-1 at 15.) It is not clear how the Scott+Scott Movants would structure its leadership with Carlson Lynch, who is also part of the CLLB Team. As stated above, this failure to delineate a leadership structure makes it difficult for the Court and the other movants to analyze the efficiency of the proposal. Moreover,

if combined with the Carlson Lynch firm and the CLLB Team, this large group would still form a largely non-diverse slate.

### G.    WOLF HALDENSTEIN

Plaintiffs in the *Bredberg v. The Hain Celestial Grp., Inc.*, No. 2:21-cv-00758 (E.D.N.Y.) action (the "Bredberg Plaintiffs") seek two leadership appointments for their counsel, Wolf Haldenstein, to handle only purchasers of Earth's Best Rice Cereal. Specifically, they request that two attorneys from Wolf Haldenstein be appointed as part of any Plaintiffs' Steering Committee (should the Court create one) to represent only purchasers of Earth's Best Rice Cereal or, in the alternative, as interim lead counsel only on behalf of a class of purchasers of Earth's Best Rice Cereal on a separate track within the Consolidated Action. (Dkt. 65 at 1, 6.) Thus, the Bredberg Plaintiffs' Motion is premised entirely on their belief that there should be a separate parallel litigation or track relating solely to the rice cereal. However, there is no need for such a separate litigation or track as Earth's Best Rice Cereal is subsumed within the broader comprehensive class already proposed by the Stewart Movants. As a result, creating a separate litigation or track for this single Hain product would be highly inefficient, lead to duplication of resources and efforts, and would not be in the best interests of the Class as a whole.

Wolf Haldenstein filed a complaint that related solely to the rice cereal on behalf of two plaintiffs, Sally Bredberg and Rebecca Bromberg, both of Illinois, who purchased only Earth's Best Rice Cereal. (*Bredberg v. The Hain Celestial Grp., Inc.*, No. 2:21-cv-00758 (E.D.N.Y.) Dkt. 1, ¶¶9-10.) The defined classes (nationwide and Illinois) were limited to just that single product. (*Id.* at ¶37.) As such, the *Bredberg* Complaint did not analyze or consider any of the other numerous Hain products at issue in the Congressional Report regarding excessive levels of heavy metals. In contrast, in order to include within the class as many Hain products as possible at issue in the Congressional Report, the Stewart Movants analyzed and considered all such offending

15

products, including the rice cereal which numerous plaintiffs amongst the Stewart Movants have purchased.[12] While the Bredberg Plaintiffs present their inclusion of only a single Hain product as a positive factor supporting their leadership appointment, the decision to so limit their proposed class demonstrates that the Stewart Movants' counsel are better suited for leadership, having sought to protect the interests of as many injured Hain purchasers as possible.

The Bredberg Plaintiffs rest their singling out of the rice cereal for separate treatment on the fact that rice cereal is the only product potentially at issue that is regulated by the FDA, and is therefore allegedly subject to different defenses, briefing, discovery, and class certification requirements. (Dkt. 65 at 3.) However, even if this were true, it would not require a separate parallel litigation or track nor separate counsel to lead it as the appointed Interim Lead Counsel could readily handle any such issues. First, to the extent the FDA regulation were to lead to different defenses and briefing regarding rice cereal, it would be most efficient for the appointed Interim Class Counsel to handle that within the context of the broader set of products included in the Consolidated Action as they would already be familiar with all the related issues. No separate counsel would be needed and the Bredberg Plaintiffs do not demonstrate any such need. Second, there is no reason why the discovery would be different for this product from the other ones and the Bredberg Plaintiffs do not point to any such differences. Third, they do not point to any differences relevant to class certification as there are none. The rice cereal, along with all the other Hain products at issue, contained excessive levels of heavy metals and will be treated the same as other products for class certification and other litigation purposes.

---

[12] The Hain testing list referenced in the Congressional Report contains 108 different ingredients. Those ingredients can be found in numerous Hain products going far beyond just the rice cereal. *See* https://oversight.house.gov/sites/democrats.oversight.house.gov/files/2021-02-04%20ECP%20Baby%20Food%20Staff%20Report.pdf (last accessed June 10, 2021) at 16-17.

Leaving aside that there is no need for separate tracks or counsel for the rice cereal, while Wolf Haldenstein claims to have superior knowledge about the rice cereal (Dkt. 65 at 4), it has not presented any evidence to substantiate that claim nor did the Bredberg Complaint contain anything besides public information. Moreover, while Wolf Haldenstein undoubtedly has qualified class action attorneys, its proposed slate is not diverse. In contrast, the Stewart Movants have gender, race, and age  diversity as well as extensive heavy metal experience that no other group has claimed to possess.  In addition, the Stewart Movants have worked to move this litigation forward with as broad a class as could possibly be alleged under controlling authority while the Bredberg Plaintiffs seek to limit it and splinter off the rice cereal to the possible detriment of the remainder of the proposed Class and purchasers of other affected Hain products.

Finally, while they claim to "support" Kohn Swift for lead counsel (Dkt. 65-1 at 1, 6), the Bredberg Plaintiffs do not explain what role Kohn Swift would play in the proposed leadership structure and in any event Kohn Swift's motion is improper since its case is not consolidated here. It is also unclear whether Wolf Haldenstein would still advocate for a separate track or litigation for the rice cereal if Kohn Swift were to be appointed as Interim Lead Counsel. This lack of clarity makes it impossible for other movants and the Court to properly analyze Wolf Haldenstein's leadership proposal.

### H.    WPS SLATE

The WPS Slate proposes Melissa Weiner of Pearson Simon & Warshaw, Annick Persinger of Tycko & Zavareei, and Rachel Soffin of Milberg Coleman Bryson Phillips Grossman as three lead counsel. While both the WPS Slate and the Stewart Movants provide diversity, the Stewart Movants respectfully submit that their litigation efforts to date as well as their specific heavy metal litigation experience set them apart and make them the best choice to lead this case.

17

First, the complaint in *Lawson v. Hain Celestial Grp., Inc.*, No. 2:21-cv-02986 (E.D.N.Y.) was filed the day before the deadline for leadership motions. The complaint in *Hanson v. Hain Celestial Grp., Inc.*, No. 2:21-cv-01269 (E.D.N.Y.) was filed on March 9, 2021, a month after the Stewart Plaintiffs filed their complaint and during this time the Stewart Movants were working diligently to organize the cases through consolidation. Further, while these complaints encompass Oregon and California plaintiffs, the Stewart Movants represent a total of twelve (12) plaintiffs who reside in eight states (California, Texas, Florida, New York, Pennsylvania, Illinois, Minnesota, and Rhode Island).

While the WPS Slate claims it "began investigating the claims in this action several months ago and have performed substantial work to date," the *Lawson* and *Hanson* complaints fail to include any facts or issues above and beyond other complaints filed months before theirs. The WPS Slate did not include any information besides publicly available information already alleged by the Stewart Movants.

Second, the WPS Slate fails to identify any steps taken to advance this litigation. The only relevant work on this docket identified by the WPS Slate appears to be that "Ms. Persinger and Hain's counsel conferred on deadlines for responsive pleadings" for the *Hanson* complaint. (Dkt. 60 at 4.) The WPS Slate also points to its members' JPML filings as an example of work done on behalf of their plaintiffs. The fact that a response was filed does not distinguish the WPS Slate as many of the firms seeking lead here filed a response. Also, although Ms. Weiner and Ms. Soffin filed an interested party response (MDL No. 2997 (J.P.M.L. Apr. 16, 2021), Dkt. 136), it was focused on the case against Nurture and made no mention of this Hain litigation. (*Id.*) This is not surprising since at the time the response was filed, the Lawson Complaint against Hain was not

yet on file. This is why there has not been and could not have been any significant work done by the WPS Slate in this action.

Finally, the complex legal and factual aspects of this case demand a competent Executive Committee to assist co-lead counsel in effectively and efficiently managing the case. The WPS Slate proposes to adopt an informal committee structure instead of proposing an Executive Committee and selecting competent counsel based on their superior pre-trial and trial management skills and work completed to advance the case and benefit the class (as the Stewart Movants have). That informal proposal is not the most effective, organized, and cost-efficient way to manage this case.

## III.    CONCLUSION

For the foregoing reasons, the Stewart Movants respectfully submit that the Court appoint Lori G. Feldman (George Gesten McDonald, PLLC) and Rebecca A. Peterson (Lockridge Grindal Nauen P.L.L.P.) as Interim Co-Lead Counsel, and Catherine Sun-Yung Smith (Gustafson Gluek PLLC), Stephen R. Basser (Barrack, Rodos & Bacine), and Susana Cruz Hodge (Lite DePalma Greenberg & Afanador, LLC) as Executive Committee members.

Dated:  June 10, 2021                    Respectfully submitted,

                                         LOCKRIDGE GRINDAL NAUEN P.L.L.P.

                                         By:  s/  Rebecca A. Peterson
                                         Rebecca A. Peterson (*Pro Hac Vice*)
                                         Robert K. Shelquist (*Pro Hac Vice*)
                                         Krista K. Freier (*Pro Hac Vice*)
                                         100 Washington Avenue South, Suite 2200
                                         Minneapolis, MN 55401
                                         Telephone: (612) 339-6900
                                         Facsimile: (612) 339-0981
                                         E-mail: rapeterson@locklaw.com
                                                 rkshelquist@locklaw.com
                                                 kkfreier@locklaw.com

GEORGE GESTEN MCDONALD, PLLC

By:  s/  Lori G. Feldman
Lori G. Feldman
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
Facsimile: (888) 421-4173
E-mail: LFeldman@4-justice.com
E-service: eService@4-justice.com

**Plaintiffs' Proposed Co-Lead Interim Counsel**

Catherine Sung-Yun K. Smith  (*Pro Hac Vice*)
Daniel E. Gustafson  (*Pro Hac Vice*)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
E-Mail: csmith@gustafsongluek.com
         dgustafson@gustafsongluek.com

Stephen R. Basser (*Pro Hac Vice*)
BARRACK RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile:  (619) 230-1874
E-mail: sbasser@barrack.com

Susana Cruz Hodge (*Pro Hac Vice*)
Joseph DePalma (*Pro Hac Vice*)
LITE DEPALMA GREENBERG & AFANADOR
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: scruzhodge@litedepalma.com
         jdepalma@litedepalma.com

**Plaintiffs' Proposed Executive Committee**

CUNEO GILBERT & LADUCA, LLP
CHARLES J. LADUCA
KATHERINE VAN DYCK
4725 Wisconsin Ave NW, Suite 200
Washington, DC 20016
Telephone: 202-789-3960
Facsimile: 202-789-1813
E-mail: kvandyck@cuneolaw.com
        charles@cuneolaw.com

David J. George
GEORGE GESTEN MCDONALD, PLLC
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33463
Telephone:  (561) 232-6002
Facsimile:   (888) 421-4173
E-mail:  dgeorge@4-Justice.com

Janine L. Pollack
CALCATERRA POLLACK LLP
1140 Avenue of the Americas, 9th Floor
New York, NY  10036
Telephone: (917) 899-1765
Facsimile:  (332) 206-2073
E-Mail:  jpollack@calcaterrapollack.com

Kevin Landau
Miles Greaves
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
E-Mail: klandau@tcllaw.com
        mgreaves@tcllaw.com

Kenneth A. Wexler
Kara A. Elgersma
WEXLER WALLACE, LLP
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
E-Mail:  kaw@wexlerwallace.com
        kae@wexlerwallace.com

Simon B. Paris
Patrick Howard
SALTZ, MONGELUZZI & BENDESKY, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-3895
E-Mail:  sparis@smbb.com
             phoward@smbb.com

Matthew D. Schelkopf
Lori G. Kier
Davina C. Okonkwo
SAUDER SCHELKOPF
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
E-Mail:  mds@sstriallawyers.com
             lgk@sstriallawyers.com
             dco@sstriallawyers.com

Marc H. Edelson
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
E-Mail:  Medelson@edelson-law.com

Joshua H. Grabar
GRABAR LAW OFFICE
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (267) 507-6085
Facsimile:  (267) 507-6048
E-Mail:  Jgrabar@grabarlaw.com

**Attorneys for Plaintiffs**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 10, 2021, the foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*/s/ Rebecca A. Peterson*
Rebecca A. Peterson