

55 Broadway, 10th Floor
New York, NY 10006
T: 212-363-7500
F: 212-363-7171
www.zlk.com

**Courtney E. Maccarone**
cmaccarone@zlk.com

June 16, 2021

**VIA ECF**
The Honorable Joanna Seybert
United States District Court
Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, NY 11722

      Re:    *In re Hain Celestial Heavy Metals Baby Food Litigation*, 2:21-cv-00678-JS-AYS
               Request for Consolidation and Support for Leadership Structure

Dear Judge Seybert:

      We represent Plaintiffs in *Tipton et al. v. Hain Celestial Group, Inc. et al.*, Case No. 2:21-cv-2887-JS-AYS, filed on May 21, 2021 (the "Tipton Action"). Pursuant to Paragraph 5 of Your Honor's May 13, 2021 Consolidation Order (Docket No. 47) in *In re Hain Celestial Heavy Metals Baby Food Litigation* ("Hain Consolidated Action"), we write to request that the Tipton Action be consolidated with the Hain Consolidated Action. We also write to provide our position on the proposed leadership structures that have been presented to the Court.

      First, the complaint filed in the Tipton Action asserts claims against Hain Celestial Group, Inc., Gerber Products Company, Beech-Nut Nutrition Company, and Plum, PBC. The case was originally assigned to Judge Gary R. Brown but was reassigned to Your Honor on May 26, 2021. The Tipton Action asserts similar consumer protection claims as those alleged in the Hain Consolidated Action.

      In light of the JPML's June 7, 2021 decision not to centralize the heavy metal baby food cases, we have been communicating with defense counsel for the non-Hain defendants about the most efficient procedural means for joining our clients' claims against the non-Hain defendants in the parallel cases. We are working through the details with each defendant now, but the Court should expect a submission in the Tipton Action regarding severance and transfer of those claims in the coming days. Once that is accomplished, all that will remain before your Honor is Plaintiff Tipton's claims against Hain. Plaintiff Tipton intends to file an amended complaint against only Hain at that time. Accordingly, Plaintiff Tipton respectfully requests that the Tipton Action be consolidated with the Hain Consolidated Action.

      Next, while we recognize that this Court has already scheduled briefing to set interim counsel – which was scheduled before our case was filed – and while we are not moving this Court to re-open that process which would cause unnecessary delay to the plaintiffs and absent class members, we respectfully ask that the Court consider our position on the proposed leadership structures that have been presented to the Court. We have reviewed all of the proposed structures and support the application by Labaton Sucharow, LLP ("Labaton") in this particular action based on its work in this case and its attorneys' ties

and experience with this courthouse.  I respectfully submit that I would readily serve in support of any structure this Court determines to be appropriate for this case, including with Labaton.  My colleague, Mark Reich, and I both live in close proximity to the E.D.N.Y. Central Islip courthouse.  I live in Suffolk County and Mr. Reich lives in Nassau County.  We both have experience litigating cases in Central Islip.  Most recently, for example, Mr. Reich was lead counsel in *Kail et al. v. Wolf Appliance, Inc.*, 2:15-cv-3513, before your Honor and then Magistrate Judge Gary R. Brown; a case where he fully briefed class certification and summary judgement before the case was resolved.  We believe our experience would serve to support whichever counsel structure Your Honor selects.

     We thank Your Honor for her time and attention to this letter and can be available at the Court's convenience to discuss the procedure framed in this correspondence.

                                         Sincerely,

                                         Courtney E. Maccarone
                                         Levi & Korsinsky, LLP