UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION**<br><br>**This Document Relates to: All Actions** | Case No. 2:21-cv-0678-JS-AYS |

**REPLY IN SUPPORT OF MOTION FOR APPOINTMENT OF COHEN MILSTEIN SELLERS & TOLL PLLC AND GIBBS LAW GROUP LLP AS INTERIM COUNSEL**

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Based on the papers submitted and the criteria set forth in Fed. R. Civ. P. 23(g), Cohen Milstein Sellers & Toll PLLC ("Cohen Milstein") and Gibbs Law Group LLP ("Gibbs Law") are the "best able to represent the interests of the class" in this consolidated action against Defendant The Hain Celestial Group, Inc. ("Hain"). Cohen Milstein and Gibbs Law have done the most important work in identifying and investigating the potential claims in this action than the other movants. Among other things, they have commissioned testing of Hain's baby food products for heavy metals by a premier laboratory accredited by the U.S. Department of Defense and have also consulted extensively with several experts, including regarding the effects of heavy metals on babies and how babies process heavy metals. Such work is important and relevant here, especially to Hain's defense in this matter that its foods were safe for babies.

Cohen Milstein and Gibbs Law also have significant experience and knowledge, and have had the most success, in litigating consumer class actions, including in cases involving false advertising and omission claims, such as this one. *See, e.g., In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litig.,* MDL No. 2672 (N.D. Cal.) (plaintiffs' executive committee in case settling for over $14.7 billion dollars); *In re Chase Bank U.S.A., N.A. "Check Loan" Contract Litig.,* Case No. 3:09-md-2032 (N.D. Cal.) (co-lead counsel in case settling for $100 million eight weeks before trial); *Khoday v. Symantec Corp.*, No. 11-cv-00180-JRT-TNL (D. Minn.) (sole lead in case resulting in a $60 million settlement); *In Re: Lumber Liquidators Chinese-Manufactured Flooring Prods. Mktg., Sales Practices and Prods. Liab. Litig.*, No. 15-md-2627-AJT-MSN (E.D. Va.) (co-lead counsel in a case resulting in $36 million settlement involving toxic flooring); and *In re Anthem Data Breach Litigation,* No. 5:15-md-02617-LHK (N.D. Cal.) (co-lead counsel in case settling $115 million). They

also have significant food labeling experience as set forth in their opening brief.

Cohen Milstein and Gibbs Law also have the most resources collectively, in terms of attorneys and staff, than any of the other groups. Given the large number of lawyers and staff members they have across the country in offices in the largest U.S. cities, Cohen Milstein and Gibbs Law do not require an executive committee team to support them in this litigation and as a result will litigate this case in an efficient and effective manner.

Unfortunately, two competing groups have made criticisms against Cohen Milstein and Gibbs Law that lack merit and that Cohen Milstein and Gibbs Law must now respond to. For example, one of the groups falsely claims that Cohen Milstein and Gibbs Law do not have first chair trial experience. In the first half of 2021 alone, Gibbs Law has tried four cases, including one case on behalf of patients whose harvested eggs or embryos were damaged due to a defective cryopreservation tank implosion in the case titled, *In re: Pacific Fertility Center Litig.*, Case No. 3:18-cv-001586 (N.D. Cal.). In *In re: Pacific Fertility Center*, a California federal jury issued a verdict in the plaintiffs' favor awarding nearly $15 million to five patients; additional trials are upcoming. Moreover, Gibbs Law was also part of the trial team obtaining a $7.1 million federal jury verdict in a bellwether trial on behalf of military members alleging hearing damage from combat earplugs that failed in the case titled, *3M Combat Arms Earplug Products Liability Litig.*, Case No. 3:19-md-02885 (N.D. Fla.). Given the depth of their resources and experience, Cohen Milstein and Gibbs Law are prepared to take this case to trial, if necessary.

Another incorrect claim against Cohen Milstein and Gibbs Law is that they lack diversity. Both Cohen Milstein and Gibbs Law have a track record of championing diversity and equality. Cohen Milstein was ranked No. 3 in the nation by Law360 in its "Glass Ceiling Report," for exceeding industry averages of female attorneys and female equity partners and Cohen Milstein

has been repeatedly recognized as a "Ceiling Smasher," in the legal industry. And to advance equality and diversity both inside and outside the firm, Gibbs Law created the Equity, Diversity and Inclusion Task Force, whose purpose is to increase diversity among the firm's employees, clients, the cases the firm selects and the causes it supports.

Moreover, Gibbs Law consistently supports the appointment of its women lawyers to lead important cases such as this one. Here, Ms. Rosemary Rivas, the partner who will have primary responsibility for this case on behalf of Gibbs Law, is a first-generation American who speaks fluent Spanish and thus will be able to effectively represent all class members, including those who are Spanish speakers and make up a large part of Hain's customer base. Thus, the appointment of Cohen Milstein and Gibbs Law meets the guidelines set forth in the paper, *Inclusivity and Excellence: Guidelines and Best Practices for Appointing Lawyers to Leadership Positions in MDL and Class Action Litigation* (March 2021), issued by the James F. Humphrey's Complex Litigation Center with input from federal judges and practitioners alike. Specifically, Guideline 1 says in part:

> An MDL transferee judge or a presiding class action judge must exercise the power of appointment fairly and on the basis of merit. The judge should recognize that diversity enhances the decision-making process and results, and should make appointments consistent with the diversity of our society and justice system.[1]

As explained in more detail below, Cohen Milstein and Gibbs Law are the best able to represent the proposed class and accordingly they respectfully request that the Court appoint them as Co-Lead Interim Counsel pursuant to Fed. R. Civ. P. 23(g).

---

[1] Available at https://www.law.gwu.edu/james-f-humphreys-complex-litigation-center-projects (last visited June 17, 2021).

**II. COHEN MILSTEIN AND GIBBS LAW'S WORK ON BEHALF OF CLASS MEMBERS, THEIR KNOWLEDGE AND EXPERIENCE SETS THEM APART FROM THE OTHER APPLICANTS**

Integral to this case is heavy metal testing, including testing on ingredients as well as on finished baby foods. Stewart Plaintiffs say the testing Cohen Milstein and Gibbs Law have commissioned was unnecessary (ECF 86 No. at p. 7) because the Congressional Report identifies "reams of testing," but Stewart Plaintiffs are wrong, and their assertion undermines their request to represent the class. First, Hain typically tested only ingredients, not finished products. Moreover, the testing identified in the Congressional Report is generally limited to the period of 2017-2019. Here, Cohen Milstein and Gibbs Law commissioned testing of finished products, which is more representative of the actual amount of heavy metals in a finished product. Second, testing showing that Hain is continuing to sell baby foods with high levels of heavy metals is relevant to the question of whether injunctive relief is appropriate, i.e., an order prohibiting Hain from selling baby food products without disclosing material information about heavy metals on its baby food products. *See, e.g., Melnitzky v. HSBC,* 2007 WL 195239, at *2 (S.D.N.Y. Jan. 24, 2007).

Cohen Milstein and Gibbs Law have also communicated with nearly 1,000 witnesses and class members from several states, which has enabled them to gather evidence against Hain. The Stewart Plaintiffs fault Cohen Milstein and Gibbs Law for not alleging these communications in their complaint, but they were not required to reveal these protected, confidential communications or work product via allegations in the complaint under Fed. R. Civ. P. 8(a).

Additionally, Cohen Milstein and Gibbs Law have already consulted with several experts, including regarding the effects of heavy metals on babies and how babies process heavy metals. The complaint they filed in this matter is extremely detailed, describes the properties of the various

5

heavy metals at issue, and cites to numerous studies regarding the negative effects of heavy metals on children. Cohen Milstein and Gibbs Law have also monitored the activities of the FDA, including its "Close to Zero" action plan to address heavy metals in baby foods. The important investigative work conducted by Cohen Milstein and Gibbs Law Group, which is ongoing, supports their appointment as Interim Counsel. *See, e.g., Michelle v. Artic Zero, Inc.,* 2013 WL 791145, at *3 (S.D. Cal. Mar. 1, 2013) (selecting as lead counsel firm that expended the most resources, including commissioning laboratory testing and interviewing class members from several states).

Cohen Milstein and Gibbs Law should also be appointed Interim Counsel because of their decades of experience in leading and litigating some of the largest class action cases to successful conclusion, as described in their opening brief. Recently, Judge Roy Altman commended Ms. Rivas and her co-counsel at the final approval hearing of another class action matter "on a job done very, very well done" and stated that the settlement was a "successful resolution of a difficult case and . . . a very, very fair result" for the class.[2]

Stewart Plaintiffs claim they are the team with the most experience litigating claims involving heavy metals in foods, however, they neglected to identify the case names. (ECF No. 86 at p. 1). Based on the undersigned's research, the Stewart Plaintiffs' experience in heavy metals is related to dog foods, not baby foods. How babies process heavy metals is different than how pets process such toxic chemicals.[3] In any event, as discussed in their opening brief, Cohen

---

[2] *In re: Citrix Data Breach Litigation,* Case No. 19-61350-CIV-RKA (S.D. Fla. June 10, 2021 final approval hearing).

[3] Moreover, it appears that the Stewart Plaintiffs have not had much success in the heavy metal cases they have spearheaded. *See, e.g., Song v. Champion Petfoods USA, Inc.,* 2020 WL 7624861, at *10-12 (D. Minn. Dec. 12, 2020) (granting motion to dismiss with prejudice); *Loeb v. Champion Petfoods USA, Inc., et. al.,* 359 F. Supp. 3d 597, 606 (E.D. Wis. 2019) (granting summary judgment

6

Milstein and Gibbs Law have significant experience in successfully prosecuting class action cases, including those involving toxic chemicals and food labeling. Moreover, Cohen Milstein and Gibbs Law have already consulted extensively with experts who have decades of experience studying the effects of heavy metals on children and how babies process such toxic chemicals.[4]

### III. OTHER CRITICSIMS SHOULD BE REJECTED

Other criticisms against Cohen Milstein and Gibbs Law as Interim Counsel lack merit. First, Cohen Milstein and Gibbs Law have not violated any court order. The Court's Consolidation Order set a deadline of May 27, 2021 for the filing of lead counsel motions, which Cohen Milstein and Gibbs Law complied with. While the original complaint Cohen Milstein and Gibbs Law filed named multiple defendants, the complaint always named Hain and since then, the case has been consolidated with this matter and an amended complaint filed naming only Hain. (Case No. 21:cv-01118-JS-AYS, ECF No. 36). The argument on standing equally lacks merit, as Cohen Milstein's clients have purchased Hain products. (ECF No. 86 at p. 6).

Further, although it is clear in their papers, Cohen Milstein and Gibbs Law have sought appointment as Co-Lead Interim Counsel and have identified the lawyers who will be primarily responsible for the case. They will add more attorneys and paralegals from their respective staffs as needed. They have not sought the appointment of any other firms for an executive committee,

---

against plaintiffs); *Reitman v. Champion Petfoods USA, Inc.,* 2019 WL 7169792, at *1 (C.D. Cal. Oct. 30, 2019) (denying motion for class certification); *Zeiger v. Wellpet, LLC,* 2021 WL 756109, at *30 (N.D. Cal. Feb. 26, 2021) (granting certification under Rule 23(b)(2) but denying certification under Rule 23(b)(3) and stating "Ziegler has not put forward a damages model that can reliably show the price premium for the alleged misrepresentations").

[4] Counsel for Baccari Plaintiffs say they have investigated the claims since 2019 but have failed to explain why they delayed in filing their case for almost two years. (ECF No. 67-1 at p. 9). In any event, there is no justifiable excuse for such a long delay which has not benefitted the class they seek to represent.

nor do they intend to have a secret, informal executive committee, despite the musings of the Stewart and Baccari Plaintiffs. (ECF No. 84 at p. 2 and No. 86 at p. 8). Further, Cohen Milstein and Gibbs Law have not made any agreements with any other firms promising work in exchange for support. What Cohen Milstein and Gibbs Law have said is that if the Court wishes to appoint additional lawyers/firms to the leadership structure, that they have worked well in the past with firms such as Labaton Sucharow and Kohn, Swift, & Graf P.C. Cohen Milstein and Gibbs Law, however, will work well with any other lawyers/law firms the Court wishes to appoint.

Moreover, no delay has resulted from the motion Cohen Milstein and Gibbs Law filed with the Judicial Panel on Multidistrict Litigation seeking centralization of this consolidated action with the cases against other baby food manufacturers. Cohen Milstein and Gibbs Law acted in good faith in filing the motion because that they believed centralization would eliminate duplicative discovery and avoid inconsistent rulings, among other things.

Finally, Cohen Milstein and Gibbs Law respectfully request that in its order appointing Interim Counsel, that the Court also set forth the duties of Interim Counsel, including an order that Interim Counsel shall have the sole authority to enter into any settlement negotiations with Hain. Based on the Baccari Plaintiffs' motion for appointment, it appears that one of the baby food manufacturers has been having unspecified discussions with certain counsel for some time. (ECF No. 67-1 at p. 9). It would harm the interests of the class in any case, including here, for the defendant to conduct settlement negotiations with lawyers other than interim counsel and pit them against one another in an attempt to settle the case for lower than its full value. A proposed order for the Court's consideration is submitted herewith.

## IV. CONCLUSION

If appointed by the Court, Cohen Milstein and Gibbs Law will be privileged to represent Plaintiffs and the proposed Class. They will draw on their extensive experience litigating consumer

class actions of this kind; will commit the necessary time and resources to pursue the matter to its conclusion; will coordinate and cooperate with counsel in the Consolidated Cases to prosecute the case efficiently; will at all times serve the best interests of the Plaintiffs and all members of the proposed Class; and will meet their obligations to their clients and this Court. For the foregoing reasons, Plaintiffs Alyssa Rose and Myjorie Philippe respectfully request that the Court appoint Cohen Milstein and Gibbs Law as Interim Counsel under Federal Rule of Civil Procedure 23(g)(3) and enter the accompanying proposed order submitted herewith.

June 17, 2021

Respectfully submitted,

*/s/ Douglas J. McNamara*

Douglas J. McNamara (DM6069)
Geoffrey A. Graber (*pro hac vice* pending)
Brian E. Johnson (*pro hac vice* forthcoming)
Paul Stephan (*pro hac vice* forthcoming)
**COHEN MILSTEIN SELLERS & TOLL, PLLC**
1100 New York Ave, 5th Floor
Washington, DC 20005
T: 202-408-4600
F: 202-408-4699
dmcnamara@cohenmilstein.com
ggraber@cohenmilstein.com
bejohnson@cohenmilstein.com
pstephan@cohenmilstein.com

Eric A. Kafka (EK8746)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
88 Pine Street
14th Floor
New York, NY 10005
Telephone: (212) 838-7797
Facsimile: (212) 838-7745
ekafka@cohenmilstein.com

Rosemary M. Rivas (*pro hac vice* pending)
Mark Troutman (*pro hac vice* pending)
**GIBBS LAW GROUP LLP**

505 14th Street, Suite 110
Oakland, California 94612
T: 510-350-9700
F: 510-350-9701
rmr@classlawgroup.com
mht@classlawgroup.com

*Attorneys for Plaintiffs Alyssa Rose, Myjorie Philippe, and the Proposed Class Members*