UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION<br><br>This document relates to: All Actions | Case No. 2:21-cv-0678-JS-AYS<br><br>**THE STEWART MOVANTS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION FOR APPOINTMENT OF LORI G. FELDMAN AND REBECCA A. PETERSON AS INTERIM CO-LEAD COUNSEL**<br><br>**ORAL ARGUMENT REQUESTED** |

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................... 1

II. THE STEWART MOVANTS' COUNSEL ARE THE BEST
SUITED TO LEAD THE CONSOLIDATED ACTION .................................... 3

    A. SCOTT+SCOTT SHOULD NOT BE APPOINTED SOLE
       LEAD COUNSEL. ..................................................................................... 3

    B. LABATON SHOULD NOT BE APPOINTED SOLE LEAD COUNSEL. ........... 4

III. CONCLUSION ....................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Haynie v. Cornell University*,
    No. 3:20-CV-467, 2020 WL 6043947 (N.D.N.Y. Oct. 13, 2020) ............................................. 4

**RULES**

Federal Rule of Civil Procedure 23(g) ........................................................................................ 4

Plaintiffs Nicole Stewart, Elizabeth Agramonte, Summer Apicella, Charlotte Willoughby, Lee Boyd, Kelly McKeon, Renee Bryan, Marilyn Cason, Najah Henry, Chanel Jackson, Alexis Dias, and Holly Buffinton (collectively, the "Stewart Movants"), by and through their undersigned counsel, respectfully submit this reply memorandum of law in response to the following oppositions to the motions for appointment of interim lead counsel, titled as follows: (1) Plaintiffs Emily Baccari, Dominick Grossi, Heather Hyden, Haley Sams, and Vito Scarola's Opposition To Motions For Leadership Appointment ("Scott+Scott") (Dkt. 84); and (2) Response In Further Support Of The Motion To Appoint Labaton Sucharow As Interim Lead Counsel ("Labaton") (Dkt. 89.)[1] No other parties filed oppositions to the Stewart Movants' motion.

## I. INTRODUCTION

Both Scott+Scott and Labaton oppose appointment of all other leadership slates for the following common reasons: (1) the Court should appoint only a single lead counsel; and (2) the size and depth of their respective firms demonstrates that they should be appointed as sole lead counsel. Scott+Scott and Labaton are each capable and experienced counsel. This case and its complexities, however, invite and support the appointment of the Interim Co-Lead Counsel and a three-person Executive Committee proposed by the Stewart Movants because of their heavy metal class action litigation experience.

As discussed in the Stewart Movants' opening brief (Dkt. 59-1), the leadership slate they propose is the most qualified because of the recent (and on-going) class action litigation concerning heavy metals and other contaminants in food (among other reasons). These cases will involve complex issues with which the Stewart Movants' counsel are highly familiar. For example,

---

[1] On June 14, 2021, the Court consolidated into the Consolidated Action the *Lawrence*, *Albano* and *Andrews* multi-defendant actions, ordering a single defendant amended complaint be filed within fourteen (14) days. (Dkt. 90.) An amended complaint was filed on June 17, 2021 on behalf of Plaintiffs Philippe and Rose in the *Albano* action.

Plaintiffs may need to proffer expert opinions on the issues of quality control (including manufacturing processes, supplier approval and monitoring, and formulation), testing, damages, and bioaccumulation. The scope of discovery is expansive, covering significant supplier documents from approval communications and audits to Certificates of Analysis, Guaranteed Analysis, Ingredient Specifications and Bills of Ladings for all ingredients used during the Class Period in the products. There will also be discovery relating to Hain's internal quality control procedures, standard operating procedures, testing and formulation, including all changes made during the Class Period. And of course, the typical discovery in consumer protection cases that relate to marketing, packaging, sales, and consumer communications, and discovery related to the Congressional inquiry are required.[2]

Although the issue of heavy metals in baby food has not yet been litigated under consumer protection laws, it is being litigated in the pet food cases being handled by the Stewart Movants' counsel. Having experienced the complexities and the significant amount of work in these pet food cases, the leadership slate the Stewart Movants propose is therefore justified. Any assumed "efficiencies" Scott+Scott and Labaton claim arises from a single lead structure are unfounded. Here, discovery alone will require assistance from numerous attorneys. Proposing a single lead structure simply due to the size of their firms is not and should not be dispositive here.[3]

---

[2] One issue that has been raised in the briefing is whether the newly finalized FDA guidance as of August 2020 creates its own issues, but as that guidance was just finalized the majority of the Class Period is not subject to this regulation.

[3] Additionally, having different firms participate would bring a more collaborative approach to litigating this case, as a one-firm leadership would not benefit from knowledge and experiences of other firms.

## II. THE STEWART MOVANTS' COUNSEL ARE THE BEST SUITED TO LEAD THE CONSOLIDATED ACTION.

### A. SCOTT+SCOTT SHOULD NOT BE APPOINTED SOLE LEAD COUNSEL.

Scott+Scott requests that the Court appoint at least three (3) different law firms to leadership roles: one firm as sole Interim Class Counsel and two (2) firms with members on an Executive Committee. (Dkt. 84.) Yet, it asks the Court to reject the Stewart Movants' leadership structure as inefficient because it proposes one additional Lead and one additional Executive Committee member from five (5) firms.[4] In other words, the proposed leadership structures are similar in size (but as discussed below, not experience).

As discussed *supra*, this case will involve complex issues beyond the typical defenses or issues of the straight-forward and commonly litigated mislabeled food class actions, contrary to what Scott+Scott suggests. The Stewart Movants' counsel is well-versed in the issues that will likely arise due to their experience in the other heavy metal litigations and are already knowledgeable regarding the specialized subject matters involved. Additionally, the Consolidated Action currently involves nineteen (19) separate actions filed by more than forty (40) plaintiffs who purchased varying Hain baby food products and could become even larger. Thus, the leadership structure the Stewart Movants propose is warranted here. Further, the Stewart Movants

---

[4] While Scott+Scott now argues for appointment of a sole lead counsel, Scott+Scott regularly advocates for and serves on multi-firm lead counsel slates in cases of similar complexity. *See Bellwether Community Credit Union, et al v. Chipotle Mexican Grill, Inc.*, No. 17-cv-1102 (D. Colo.) (Dkt. 37 at 4) (appointing Scott+Scott co-lead counsel and a five (5) law firm executive committee); *In re Cigna Corp. PBM Litig.*, Case No. 16-CV-1702 (D. Conn.) (Dkt. 20 at 3) (appointment of a co-lead counsel and a seven (7) law firm executive committee with Scott+Scott as Chair); and *In re Robinhood Outage Litigation*, No. 20-cv-01626-JD (N.D. Cal.) (July 22, 2020) (appointing co-lead counsel, a liaison counsel, and an eight (8) firm executive committee on which Scott+Scott serves).

have already shown their leadership structure will not cause unnecessary delays, as they have worked efficiently to streamline issues, apportion work accordingly, and advance the case.[5]

Scott+Scott contends that the first-filed action factor should be ignored. However, the Stewart Movants submit that this is but one of many factors supporting their appointment because they not only filed the first case but have been advancing this litigation ever since—factors to be considered when (as here) all counsel is qualified and experienced. Given the demonstrated leadership and relevant experience in heavy metal litigation, numerous factors support the appointment of the Stewart Movants.

### B. LABATON SHOULD NOT BE APPOINTED SOLE LEAD COUNSEL.

Appointment of two (2) Co-Lead counsel and three (3) Executive Committee members (five (5) lawyers and firms in total) is entirely appropriate and proper here. Labaton concedes as much because despite its contention that "appointing a committee of firms is unnecessary when one firm amply satisfies the Rule 23(g) requirements," (Dkt. 89 at 5), it also supports a leadership structure consisting of three firms (Labaton, Cohen Milstein and Gibbs).

The Stewart Movants' proposed structure is clearly delineated and takes into account the complexities of this case as described in detail above. Labaton's effort to convince the Court that its firm's two designated attorneys are sufficient is belied by its own proposal to work with two other firms. But even if it worked alone, as discussed *supra*, this is a complex class action that will require considerable experience, time, and effort. While Labaton no doubt can internally staff this

---

[5] *Haynie v. Cornell University,* No. 3:20-CV-467, 2020 WL 6043947, at *1 (N.D.N.Y. Oct. 13, 2020), is not instructive. In *Haynie*, there were only three cases consolidated and the proposed leadership structure was to appoint three law firms as co-lead counsel and another firm as local counsel. In rejecting the proposed structure, the court found a seven-week delay in filing a consolidation motion demonstrated inefficiency. *Id.* at *3. The opposite is true here due to the Stewart Movants' efforts to promptly reach out to all counsel involved and file the consolidation motion, which the Court granted. None of the competing movants took that initiative.

4

case with a cadre of its own associates, this would deprive the class of the critical heavy metal litigation experience brought by the Stewart Movants, a result that is not in the best interests of class members. Moreover, given the large number of firms involved and the benefits to the class of diverse viewpoints and experience, there is no reason to appoint a single firm to run the entire litigation by itself.

Labaton also argues that it should be appointed sole lead counsel because it allegedly "spoke with former employees of Defendant and those responsible for drafting the Congressional Report." (Dkt. 89 at 1.) To the extent that such information becomes relevant and has not been already obtained, Labaton can share it with whomever the Court appoints given that its clients will likely be included in the Consolidated Amended Complaint. But at this point it is unknown what information Labaton has developed from such interviews or what value it has to the class.

## III. CONCLUSION

For the foregoing reasons, the Stewart Movants respectfully submit that the Court appoint Lori G. Feldman (George Gesten McDonald, PLLC) and Rebecca A. Peterson (Lockridge Grindal Nauen P.L.L.P.) as Interim Co-Lead Counsel, and Catherine Sun-Yung Smith (Gustafson Gluek PLLC), Stephen R. Basser (Barrack, Rodos & Bacine), and Susana Cruz Hodge (Lite DePalma Greenberg & Afanador, LLC) as Executive Committee members.

Dated: June 17, 2021  Respectfully submitted,

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: s/ Rebecca A. Peterson
Rebecca A. Peterson (*Pro Hac Vice*)
Robert K. Shelquist (*Pro Hac Vice*)
Krista K. Freier (*Pro Hac Vice*)
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: (612) 339-6900
Facsimile: (612) 339-0981
E-mail: rapeterson@locklaw.com
 rkshelquist@locklaw.com
 kkfreier@locklaw.com

GEORGE GESTEN MCDONALD, PLLC

By: s/ Lori G. Feldman
Lori G. Feldman
102 Half Moon Bay Drive
Croton-on-Hudson, NY 10520
Telephone: (917) 983-9321
Facsimile: (888) 421-4173
E-mail: LFeldman@4-justice.com
E-service: eService@4-justice.com

**Plaintiffs' Proposed Co-Lead Interim Counsel**

Catherine Sung-Yun K. Smith (*Pro Hac Vice*)
Daniel E. Gustafson (*Pro Hac Vice*)
GUSTAFSON GLUEK PLLC
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: (612) 333-8844
E-Mail: csmith@gustafsongluek.com
 dgustafson@gustafsongluek.com

Stephen R. Basser (*Pro Hac Vice*)
BARRACK RODOS & BACINE
One America Plaza
600 West Broadway, Suite 900
San Diego, CA 92101
Telephone: (619) 230-0800
Facsimile: (619) 230-1874
E-mail: sbasser@barrack.com

Susana Cruz Hodge (*Pro Hac Vice*)
Joseph DePalma (*Pro Hac Vice*)
LITE DEPALMA GREENBERG & AFANADOR
570 Broad Street, Suite 1201
Newark, NJ 07102
Telephone: (973) 623-3000
E-mail: scruzhodge@litedepalma.com
    jdepalma@litedepalma.com

**Plaintiffs' Proposed Executive Committee**

CUNEO GILBERT & LADUCA, LLP
CHARLES J. LADUCA
KATHERINE VAN DYCK
4725 Wisconsin Ave NW, Suite 200
Washington, DC 20016
Telephone: 202-789-3960
Facsimile: 202-789-1813
E-mail: kvandyck@cuneolaw.com
    charles@cuneolaw.com

David J. George
GEORGE GESTEN MCDONALD, PLLC
9897 Lake Worth Road, Suite 302
Lake Worth, FL 33463
Telephone: (561) 232-6002
Facsimile: (888) 421-4173
E-mail: dgeorge@4-Justice.com

Janine L. Pollack
CALCATERRA POLLACK LLP
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
Telephone: (917) 899-1765
Facsimile: (332) 206-2073
E-Mail: jpollack@calcaterrapollack.com

Kevin Landau
Miles Greaves
TAUS, CEBULASH & LANDAU, LLP
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704
E-Mail: klandau@tcllaw.com
           mgreaves@tcllaw.com

Kenneth A. Wexler
Kara A. Elgersma
WEXLER WALLACE, LLP
55 West Monroe, Suite 3300
Chicago, IL 60603
Telephone: (312) 346-2222
E-Mail:  kaw@wexlerwallace.com
            kae@wexlerwallace.com

Simon B. Paris
Patrick Howard
SALTZ, MONGELUZZI & BENDESKY, P.C.
1650 Market Street, 52nd Floor
Philadelphia, PA 19103
Telephone: (215) 575-3895
E-Mail:  sparis@smbb.com
            phoward@smbb.com

Matthew D. Schelkopf
Lori G. Kier
Davina C. Okonkwo
SAUDER SCHELKOPF
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0581
E-Mail:  mds@sstriallawyers.com
            lgk@sstriallawyers.com
            dco@sstriallawyers.com

Marc H. Edelson
EDELSON LECHTZIN LLP
3 Terry Drive, Suite 205
Newtown, PA 18940
Telephone: (215) 867-2399
E-Mail:  Medelson@edelson-law.com

>Joshua H. Grabar
>GRABAR LAW OFFICE
>One Liberty Place
>1650 Market Street, Suite 3600
>Philadelphia, PA 19103
>Telephone: (267) 507-6085
>Facsimile: (267) 507-6048
>E-Mail: Jgrabar@grabarlaw.com
>
>**Attorneys for Plaintiffs**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 17, 2021, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                            */s/ Rebecca A. Peterson*
                                              Rebecca A. Peterson