UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION<br><br>This Document Relates To: All Actions | Case No.: 2:21-CV-0678-JS-AYS |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION TO APPOINT MELISSA S. WEINER, ANNICK M. PERSINGER, AND RACHEL SOFFIN AS INTERIM CLASS COUNSEL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(g)**

# TABLE OF AUTHORITIES

**Cases**

*In re Baby Food Mktg., Sales Practices, and Prods. Liab. Litig.*,
  MDL No. 2997, 2021 WL 2369296 (J.P.M.L. June 7, 2021) ...................................................... 6

*In re Crude Oil Commodity Futures Litig.*,
  No. 11 Civ. 3600(WHP), 2012 WL 569195 (S.D.N.Y. Feb. 14, 2012) ..................................... 5

*In re: Deva Concepts Prods. Liab. Litig.*,
  No. 1:20-cv-01234-GHW, 2020 WL 4368362 (S.D.N.Y. July 30, 2020) ................................. 5

**Rules**

Fed. R. Civ. P. 23(g)(1)(A)(i) ................................................................................................. 5

**Other Authorities**

Bloch Judicial Institute, *Guidelines and Best Practices for Large and Mass-Tort MDLs*
  (2d Ed.) available at https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf .......................................................................................................... 3

*Manual for Complex Litigation, Fourth* § 10.221 (2004) ................................................................ 4

## I. INTRODUCTION

Melissa S. Weiner of Pearson, Simon & Warshaw, LLP, Annick M. Persinger of Tycko & Zavareei LLP, and Rachel Soffin of Milberg Coleman Bryson Phillips Grossman, PLLC (collectively, the "WPS Slate") respectfully submit this brief reply memorandum in support of their motion for appointment as interim class counsel. The WPS Slate notes that the order consolidating these actions and setting the briefing schedule for motions to appoint interim lead counsel did not call for the submission of response, or opposition memoranda. *See* ECF No. 47 at 9. While the WPS did not submit any opposition because it believes that its submission stands on its own (ECF No. 60-1), the WPS Slate submits this memorandum for the purposes of addressing the opposition and response memoranda filed by other Plaintiffs' counsel only to the extent they discussed the appointment of the WPS Slate. *See* ECF Nos. 84, 86, 87, 89.

## II. ARGUMENT

### A. The WPS Slate is best suited to lead this litigation.

None of the oppositions to the WPS Slate's motion for appointment of interim class counsel could identify any reason why the WPS Slate is not best suited to lead this litigation. As detailed in their memorandum in support of its motion for appointment as interim class counsel, ECF No. 60-1 ("Motion"), the WPS Slate's three attorneys have the right combination of significant subject matter experience in consumer class action law with a niche expertise on food products and testing. *See* ECF No. 60-2 at 16-17, 33, 52-53.

Importantly, the WPS Slate also reflects the geographic and gender diversity of the bar and the proposed class. *Id.* at 17. This diversity is a critical distinguishing asset that will help protect the interests of the class. Bloch Judicial Institute, *Guidelines and Best Practices for Large and Mass-Tort MDLs* (2d Ed.), available at https://judicialstudies.duke.edu/wp-

content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf. The WPS Slate includes an attorney who is a mother of three from the Midwest, an attorney who is a mother of two from the Southeast, and an LGBTQ-identified attorney from California. Moreover, the WPS Slate's geographic diversity includes firms with offices throughout the country, including in California, the District of Columbia, Florida, Georgia, Kentucky, Louisiana, Mississippi, Minnesota, New York, North Carolina, Puerto Rico, South Carolina, and Tennessee. *See* ECF No. 60-2. Moreover, the WPS Slate's geographic diversity includes Ms. Weiner, a barred New York attorney and the strong local New York presence of Ms. Soffin's firm, Milberg.

**B. None of the arguments in opposition to the WPS Slate's motion weigh against the conclusion that the WPS Slate is best suited to lead this litigation.**

The oppositions to the WPS Slate's motion do not weigh against the conclusion that the WPS Slate is best suited to lead this litigation. The responses submitted by the Andrews, Baccari, Ojeda, and Stewart Plaintiffs fail to identify any issues that should prevent this Court from appointing the WPS Slate as interim co-lead class counsel in this action. The Ojeda Plaintiffs' response offered no argument with respect to the WPS Slate. For the reasons below, none of the arguments made by the Stewart, Baccari, and Andrews Plaintiffs have any merit.

*1. The Stewart Plaintiffs*

The Stewart Plaintiffs argue that the WPS Slate's proposal to adopt an informal committee structure, if a committee structure becomes necessary, is insufficient, asserting that this consolidated case is so legally and factually complex as to necessitate the appointment of a formal Executive Committee. ECF No. 86 at 21. However, "[c]ommittees are most commonly needed when group members' interests and positions are sufficiently dissimilar to justify giving them representation in decision making." *Manual for Complex Litigation, Fourth* § 10.221 (2004). Critically, the Stewart Plaintiffs have failed to identify any underlying, divergent interests of class

4

members that necessitates a formal Executive Committee, which risks duplicity and inefficiency in a case where a streamlined slate of counsel is well-suited to manage the litigation.

The WPS Slate respectfully submits that its leaner leadership structure is better suited to efficiently litigate this case. *See, e.g.*, *In re: Deva Concepts Prods. Liab. Litig.*, No. 1:20-cv-01234-GHW, 2020 WL 4368362, at *3 (S.D.N.Y. July 30, 2020), ECF No. 66 (granting modified leadership proposal, which "slash[ed] the leadership structure from a three-tiered structure comprising of twelve attorneys to just four co-lead interim counsel," following court's concern that an "expansive leadership structure might generate unnecessary expenses and could ultimately detract from the class members' recovery"); *In re Crude Oil Commodity Futures Litig.*, No. 11 Civ. 3600(WHP), 2012 WL 569195, at * (S.D.N.Y. Feb. 14, 2012) (noting that "committees of counsel can lead to substantially increased costs and unnecessary duplication of efforts" and concluding that the appointment of co-lead counsel "will be sufficient to address the various complexities that may arise, while keeping unnecessary costs to a minimum").

The Stewart Plaintiffs further contend that the timing of the *Lawson* and *Hanson* complaints, as well as the allegations included therein, militate against appointment of the WPS Slate. ECF No. 86 at 21. But this is not a proprietary case that should result in a first-filed leadership appointment. Instead, each of the consolidated cases was filed following the publication of the House Subcommittee report, *Baby Foods Are Tainted with Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury*, on February 4, 2021. The fact that the WPS Slate responsibly (and still timely) worked through client retention and filing of a lawsuit when others filed a complaint based on the same facts available from the same Congressional report slightly faster than other firms is not an appropriate measure of the "work counsel has done . . . investigating potential claims." Fed. R. Civ. P. 23(g)(1)(A)(i); *see also* ECF No. 89 at 4.

Moreover, the Stewart Plaintiffs' contention that the WPS Slate has not and could not have conducted significant work in this action because the *Lawson* and *Hanson* complaints were not the first filed ignores the fact that the WPS Slate diligently researched the bases of their clients' claims, a process that involved examining the pertinent consumer protection laws, analyzing Defendant's specific advertising materials and representations, ensuring that the products at issue were previously tested by a third party, and interviewing multiple aggrieved consumers.

### 2. *The Baccari Plaintiffs*

The Baccari Plaintiffs argue that appointing multiple attorneys on the WPS Slate, which includes three firms adept at working together to litigate cases, as co-lead counsel will lead to inefficiencies and delays in the prosecution of this litigation. The Baccari Plaintiffs, however, propose a structure that also includes three firms—one firm as lead counsel and two others on an "Executive Committee." ECF No. 84 at 14. Thus, the Baccari Plaintiffs' argument makes little sense and fails to identify any infirmity in the WPS Slate's proposed structure.

### 3. *The Andrews Plaintiff*

The Andrews Plaintiff contends that its work interviewing former employees of Defendant and those responsible for drafting the Congressional report set it apart from the other Plaintiffs' counsel seeking appointment. However, as the Judicial Panel on Multidistrict Litigation recently noted in its order denying centralization and transfer of the actions filed against the baby food manufacturers, "although the actions were prompted by a common Congressional investigation, that investigation relied primarily on internal testing conducted by defendants and subpoenaed by the House Committee.

Thus, it seems unlikely that the common Congressional investigation will yield significant common discovery." *In re Baby Food Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2997, 2021 WL 2369296, at *2 (J.P.M.L. June 7, 2021).

## III. CONCLUSION

For the reasons set forth above and in their Motion, ECF No. 60-1, the WPS Slate respectfully requests that the Court grant their application to serve as interim co-lead class counsel.

Dated: June 17, 2021

Respectfully submitted,

*/s/ Melissa S. Weiner*
Melissa S. Weiner
**PEARSON, SIMON & WARSHAW, LLP**
800 LaSalle Avenue, Suite 2150
Minneapolis, Minnesota 55402
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pswlaw.com

Annick M. Persinger (admitted *pro hac vice*)
**TYCKO & ZAVAREEI LLP**
10880 Wilshire Blvd., Suite 1101
Los Angeles, CA 90024
Telephone: (510) 250-3316
Facsimile: (202) 973-0950
apersinger@tzlegal.com

Jonathan K. Tycko
Hassan A. Zavareei (admitted *pro hac vice*)
Allison Parr (admitted *pro hac vice*)
**TYCKO & ZAVAREEI LLP**
1828 L Street NW, Suite 1000
Washington, D.C. 20036
Telephone: (202) 973-0900
Facsimile: (202) 973-0950
jtycko@tzlegal.com
hzavareei@tzlegal.com
aparr@tzlegal.com

Rachel Soffin (*pro hac vice* forthcoming)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
T: 865-247-0080
F: 865-522-0049
rsoffin@milberg.com