IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION | Case No.: 2:21-CV-0678-JS-AYS |
| This Document Relates to: All Actions | |

**KOHN, SWIFT & GRAF, P.C.'S REPLY IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS INTERIM LEAD COUNSEL IN THE HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION**

Kohn, Swift & Graf, P.C. respectfully submits its reply in further support of its motion for appointment as interim lead counsel in the *Hain Celestial Heavy Metal Baby Foods Litigation*[1] because its submission was discussed in responses to the lead counsel applications. Kohn Swift proposes a lean, talented, experienced, knowledgeable, and diverse team to represent the plaintiffs and the class in this matter. Were the Court to appoint Kohn Swift to a leadership position, we are ready to immediately "assume [the] responsibility to the court and an obligation to act fairly, effectively, and economically in the interests of all parties and parties' counsel." *Manual for Complex Litig. (Fourth)* §10.22 (2004).[2]

### I. Kohn Swift Seeks Appointment as Sole Interim Lead Counsel, But Would Utilize the Talents of Other Firms if it Believes Doing so Would be in the Best Interests of the Plaintiffs.

While all the applicants suggest that a small leadership structure is appropriate, apparently "small" is in the eye of the beholder. For example, the Stewart Plaintiffs propose two

---

[1] Doc. 63 in 2:21-cv-00678-JS-AYS, filed May 27, 2021.
[2] The Court has consolidated the *Lawrence* action with the other cases against Hain. Consolidation Order, Doc. No. 90 in 2:21-cv-00678-JS-AYS (E.D.N.Y. June 14, 2021), and ordered the filing of an amended complaint against Hain. Lawrence has filed an amended complaint naming only Hain as a defendant.

1

firms as co-lead counsel, a separate three-firm executive committee, and have eight other law firms listed on their papers. The Mays Group proposes two co-lead firms, a liaison counsel, and a five-person executive committee.

In contrast Kohn Swift proposes a lean management structure with Kohn Swift as interim lead counsel.[3] No co-lead counsel, no committees. Kohn Swift would be devoted to the Hain case and responsible for all the ultimate decision making. However, if the Court concludes that more than one lead counsel is appropriate, we are ready to work cooperatively with the additional firm or firms selected by the Court. As mentioned in our motion, Kohn Swift has worked in the past harmoniously with the Cohen Milstein and Wolf Haldenstein firms, as well as others that have filed lawsuits against Hain.

It is unclear whether other slates of counsel vying for co-lead positions would exclude firms not currently aligned with them from any involvement in the case. As for Kohn Swift, we partnered with two capable firms to bring the case. If selected by the Court to be lead counsel, Kohn Swift would work with Fink Bressack, the Roberts Law Firm, and other firms according to its judgment about how best to prosecute the claims against Hain in a non-duplicative and efficient manner.

Some of the applicants are supported by other law firms to be lead counsel. We submit such support is immaterial, and may actually lead to inefficiency and unnecessary expenses. As is clear from the number of lead counsel motions filed, private ordering was not accomplished in this case. This is not a case where the overwhelming majority of cases agree upon a leadership

---

[3] In fairness, the submission by the Labaton firm only seeks appointment of Labaton as interim lead counsel. The Albano plaintiffs propose two co-leads, another submission asks the Court to appoint two co-leads and a liaison counsel, one requests appointment of one lead counsel and a two firm executive committee, while another has a three lead structure.

structure, and a few outliers object. The so-called support may only mean that, if the firms being supported are selected, they will have obligations to these other firms, raising the chance for duplicative, unnecessary and wasteful expenditure of attorney time and money to the detriment of the proposed class. The Kohn Swift application presents no such entanglements, leaving Kohn Swift unconstrained in the exercise of its best judgment about how to staff the case.

## II. This is a Public Case, so Work That Has Been Done Before Appointment as Lead Counsel Should Not be a Factor in the Selection of Lead Counsel.

Rule 23(g)(1)(A)(i) provides that in selecting class counsel, the Court must consider "the work counsel has done in identifying or investigating potential claims in the action." In a situation where counsel have developed the facts and theory of a case, this subpart of the rule requires that deference be given to the firm or firms that did so, and discourages others from "poaching" the work product of the firms that developed the case. This particular provision has no application to this type of case, which follows a public announcement of a governmental investigation, and the rule should not be used to elevate counsel who perform unnecessary or premature tasks.

These cases were filed after the Congressional investigation became public. Every attorney in the case knew both that multiple class action cases would be filed, and that a court would be called upon to select interim lead counsel. But some law firms, instead of waiting for the Court to appoint lead counsel, state that they have interviewed and hired experts, searched for former employees of defendants, sent out a FOIA request, contacted a person or persons with some connection to the Congressional Report, and commissioned testing. This was done not to discover the facts surrounding the presence of heavy metals in Hain's baby food, as no case was filed before the Congressional Report became a matter of public record. Rather, we submit, it

3

was primarily undertaken to build a record in order to sell counsel for a lead counsel position. As such, any such work should be accorded no weight in the selection process.

This type of activity is not leadership, and should not be encouraged in cases like this one, which spring from public governmental action. There are numerous law firms involved in this case. What if each one separately took the same actions described above before the Court appointed lead counsel? The result would be duplication, and wasted time, effort and expense, which the plaintiff class will ultimately be asked to bear, not to mention the possibility of alienating potentially cooperative individuals, all things that the consolidation and appointment of lead counsel process is designed to eliminate. Kohn Swift made a conscious decision to wait for the appointment of lead counsel before undertaking the functions of lead counsel.

The consumer protection case before the Court is against only one defendant, which militates in favor of the condensed leadership structure Kohn Swift has proposed. We recognize, however, that even in a single defendant case there will be many tasks to be accomplished. So, even if Kohn Swift were selected as lead or co-lead counsel, that would not mean other firms would be excluded from working on the case. Kohn Swift is committed to efficiently managing the Hain action for the benefit of the class by putting the best team on the field from among the accomplished attorneys who have filed cases. Kohn Swift is ready to work together with the Court, other plaintiffs' counsel, and defense counsel to fairly, efficiently, and speedily move the Hain litigation towards resolution, whether by trial, motion practice, or settlement—whether as lead counsel, a co-lead counsel, or in another capacity. Therefore, for the reasons set forth in our motion and herein, we respectfully request that the Court appoint Kohn Swift as interim lead counsel in *In re Hain Celestial Heavy Metals Baby Food Litigation*.

Dated: June 17, 2021

Respectfully submitted,

/s/ *Zahra R. Dean*
Zahra R. Dean (5554191)
Joseph C. Kohn
William E. Hoese
Douglas A. Abrahams
Aarthi Manohar
**KOHN, SWIFT & GRAF, P.C.**
1600 Market Street, Suite 2500
Philadelphia, PA 19103
Telephone: (215) 238-1700
zdean@kohnswift.com
jkohn@kohnswift.com
whoese@kohnswift.com
dabrahams@kohnswift.com
amanohar@kohnswift.com

Michael L. Roberts
Karen Halbert
**ROBERTS LAW FIRM, P.A.**
20 Rahling Circle
Little Rock, Arkansas 72223
Telephone: (501) 821-5575
mikeroberts@robertslawfirm.us
karenhalbert@robertslawfirm.us

David H. Fink
Nathan J. Fink
**FINK BRESSACK**
38500 Woodward Avenue, Suite 350
Bloomfield Hills, MI 48304
Telephone: (248) 971-2500
dfink@finkbressack.com
nfink@finkbressack.com

*Attorneys for Plaintiff Erik Lawrence*