# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION<br>Defendant. | CASE NO.: 21-cv-00678-JS-AYS<br>*(Consolidated)* |

**MAYS PLAINTIFFS' OMNIBUS REPLY IN SUPPORT OF
PETITION FOR APPOINTMENT OF
<u>LEAD COUNSEL, INTERIM LIAISON COUNSEL, AND EXECUTIVE COMMITTEE</u>**

## I.     INTRODUCTION

Plaintiffs Alyssa Mays, Shanely Zorrilla, Lynda Galloway, and Leiba Baumgarten (the "Mays Plaintiffs") hereby respond in omnibus to the various filings of other proposed slates.

The Mays Group of attorneys have (1) specific and deep experience prosecuting actions involving heavy metals, toxins, food misrepresentations, and consumer safety; (2) extensive trial experience; (3) diverse firms and backgrounds; and (4) advanced this case through detailed investigation and product testing, hundreds of consumer interviews, and the identification and retention of leading experts. Each member of the proposed Mays Group self-funds its litigation and has the staffing and financial ability to pursue this matter successfully to conclusion. In addition, each Mays Group member recognizes the importance of expeditiously and efficiently bringing this matter through the litigation process on behalf of the class, and the Mays Group has plans to do that. Moreover, they have a demonstrated history of working effectively together to drive cases to resolution. Thus, they respectfully request this Court designate:

(i)     Michael Reese (Reese LLP) and Melissa Emert (Kantrowitz, Goldhamer & Graifman, P.C.) as Interim Co-Lead Counsel;

1

(ii) Jason P. Sultzer (The Sultzer Law Group P.C.) as Interim Liaison Counsel; and

(iii) Gayle M. Blatt (Casey Gerry Schenk Francavilla Blatt & Penfield LLP), Charles E. Schaffer (Levin Sedran & Berman LLP), Gary E. Mason (Mason Lietz & Klinger LLP), Jeffrey S. Goldenberg (Goldenberg Schneider, L.P.A.), and Jonathan Shub (Shub Law Firm LLC) as Interim Executive Committee members (collectively, "the Mays Group").

## II. ARGUMENT

### A. The Mays Group Structure is Diverse, Appropriately Sized, and Will Promote Inclusiveness and Accountability, While Promoting Efficiencies and Reducing Costs.

The Mays Group is diverse in talent and background. The supporting attorneys at each firm will further add to the diversity of the group.

The Mays Group's proposed structure will also result in cost savings. The Group is not "bloated" but, rather, specifically chosen to draw upon counsel's collective experience in prosecuting similar cases over the last 25 years. Leadership structures of this size in cases against one defendant are not that uncommon and members of other leadership contestants have advocated for these structures.[1] In fact, this structure is very similar to other food product cases in which members of the Mays Group (as well as other leadership contestants including members of the Stewart Group) are involved.[2] Moreover, the Mays Group proposes establishing committees based upon substantive areas of the litigation such as: 1) Plaintiff Vetting & Discovery; 2) Offensive Discovery geared to Defendant; 3) Pleadings; 4) ESI and Document Discovery; 5) Deposition and

---

[1] *E.g. In Re: Intel Corp. CPU Marketing, Sales Practices and Products Liability Litigation,* No. 3:18-md-02828 (D. Or.) (Dkt. No. 104) (Ten attorneys/firms appointed by court - two co-lead counsel, one liaison counsel and seven executive committee members); *In Re: apple Inc. Device Performance Litigation,* No. 5:18-md-02827 (N.D.Ca.)(Dkt. No. 99) (Twenty five attorneys/firms appointed by court - two co-lead counsel and 23 executive committee members).

[2] *E.g. In Re: 100% Grated Parmesan Cheese Marketing And Sales Practice Litigation,* MDL 2705 (N.D.IL.) (Dkt. Nos. 110 and 89*)* (Twelve attorneys/firms appointed by court – three co-lead counsel and nine executive committee members); *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability, Litig.*, No. 2:19-md-02887-JAR-TJJ (D. Kan.) (Eight attorneys/firms appointed by court - four co-lead counsel and four executive committee members); *In re: Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation*, No. 3:21-cv-00007 (S.D. Ind.) (Dkt. Nos. 24 and 25) (Nine attorneys/firms proposed – three co-lead counsel, two co-liaison and four executive committee members).

Third Party Discovery; 6) Experts; 7) Law and Briefing; and 8) Trial. One Mays Group attorney will oversee each committee and coordinate with the other committees when the work will benefit from it. Importantly, the appointment of Mr. Sultzer—who has created more case law and obtained more class-wide settlements in this Circuit in consumer fraud class action cases involving identical legal claims as the instant matter over the last seven years than any of the other proposed lead counsel—will minimize the expense of litigation as he is familiar with the local practices and procedures of this district and will be able to readily address the specific nuances of local practice without the necessity of excessive research costs, deliberation, or delay.

The Mays Group is dedicated to efficiency and accountability. Proposed Counsel have prepared a protocol to ensure that the litigation is pursued efficiently, without unnecessary effort and duplication, and in a manner that can be best supervised by the Court. This protocol will govern timekeeping, monthly submission of time records, and other administrative tasks. It entails:

- A requirement that any work done receive written approval in advance by Class Counsel;
- Monthly submittal of time and expenses on an agreed-upon report, certified by counsel;
- Detailed descriptions of work done, kept in increments of 1/10th of an hour; and
- Excluding as common benefit time, any time devoted to seeking leadership positions and general review of filings, orders, transcripts, or emails not directly related to assignments.[3]

### B. The Mays Group has Substantial Experience Litigating Toxic Ingredient, Safety, and Marketing Disputes Similar to the Claims at Issue Here.

The Mays Group has substantial experience prosecuting cases arising out of the purchase and ingestion of toxins, pollutants, heavy metals, and other contaminants in water, soil, and food.

---

[3] See Memorandum of Law in Support of the Mays Plaintiffs' Motion for Appointment of Interim Lead Counsel, Interim Liaison Counsel, and Executive Committee Pursuant to Fed. R. Civ. P. 23(g)(3), Ex. 2.

By any objective standard, the Mays Group attorneys have a deep well of experience in prosecuting cases involving personal and economic toxic and heavy metal injuries, and deceptive practices by manufacturers of consumer food, pet food, dietary and nutritional supplements products. This experience bears directly on the core issues of the case at hand, including the presence of heavy metals in food products, whether the products conform to the manufacturer's representations regarding the product's ingredients or attributes, and the damages to consumers as a result.

Numerous members of the Mays Group, including Ms. Emert, Messrs. Reese, Mason, Schaffer, Goldenberg, Shub, and Sultzer, and Ms. Blatt have substantial and ongoing experience as court appointed and lead counsel in litigation involving heavy metal and other toxins. Relevant cases include *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability, Litig.*, No. 2:19-md-02887-JAR-TJJ (D. *Kan*.) ("*Hills*") (a nationwide class action involving recalled dog food that sickened and poisoned thousands of dogs due to the presence of toxic levels of Vitamin D; pending final approval); *Smid v. Nutranext, LLC*, No. 20L0190 (Ill.) (a nationwide class action involving the presence of heavy metals in pre-natal and post-natal vitamins marketed as "free of heavy metals"; final approval granted); *In re: Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation*, No: 3:21-cv-00007 (S.D. Ind.) ("*Midwestern"*) (a class action against Midwestern on behalf of consumers who purchased dog food believing the products were safe when they contained a toxin (Aflatoxin) which sickened or killed their dogs); *In re: Asbestos School Litigation*, No. 83-0263 (E.D. Pa.) (a nationwide class was certified and settled on behalf of school districts); *In re Three Mile Island Litigation*, Civil Action No. 79-0432 (M.D. Pa.) (establisheda medical monitoring fund); *Schultz-Lum v. Discount Sport Nutrition LLC,* 2-20 CV-167 (E.D. Tex.) (alleging liver failure as a result of use of nutritional supplement); *Duggins et al v. Iovate Health Sciences Group, Inc., et al,* Superior Court of CA. County of Orange, Case No.

30-2011-00439142 -CU-PL-CXC (death due to liver failure from use of weight loss supplement); *Ott, et al., v. Syntex Laboratories, Inc.*, Superior Court of CA, County of San Diego, Case No. 712849; (cognitive injuries due to ingestion of baby formula); *Nunez v. J.L. Sims Company, Inc.*, No. A.-0007974 (Hamilton Cnty. Ohio C.P) (settled a personal injury action regarding a young boy poisoned by the ingestion of lead-based paint); *Zachrich v. Daido Metal America Corp.*, No. 2:07-cv-00515 (S.D. Ohio) (litigated a personal injury lawsuit involving a child suffering from elevated blood lead levels after the child's mother was exposed to lead, lead dust, and lead shavings while working at the defendant's manufacturing plant). [4]

Members of the Mays Group including Ms. Emert and Messrs. Reese, Mason, Schaffer, Goldenburg, Shub, and Sultzer also have extensive experience litigating cases against some of the largest companies in the country pertaining to the improper labelling of food and pet food products. These cases involved investigating and retaining experts to test the product and product's ingredients, while developing detailed methodologies to calculate the damages sustained by the class. This deep knowledge and understanding of the type and source of evidence necessary to build a case pertaining to food products containing impermissible—though not necessarily toxic—ingredients is central to the case at hand. Such cases include: *In re Frito-Lay North American "All Natural" Sales and Marketing Litig.*, No. 1:12-md-02413-RRM-RLM (E.D.N.Y.); *In re Vitaminwater Sales and Marketing Practices Litig.*, No. 1:11-md-02215-DLI-RML (E.D.N.Y.); *Hasemann v. Gerber Products Co.*, 331 F.R.D. 239 (E.D.N.Y. 2019) (pursuing claims involving deceptively advertised infant formula); *Mantikas v. Kellogg Co.*, 910 F.3d 633 (2d Cir. 2018) (winning Second Circuit's reversal of the district court's dismissal); *Miller v. Big Heart Pet*

---

[4] *See also In re: The Exxon Valdez*, No. 89-00095 (D. Alaska); *In re Oil Spill by the Oil Rig "Deepwater Horizon"* in the Gulf of Mexico, on April 20, 2010, MDL 2179 (E.D. La.); *Ursula Stiglich Wagner. v. Anzon, Inc*., No, 4420 , June Term, 1987 (C.C.P. Phila. Cty.); *Johnson. v. Walsh.*, No. 2012 April Term, 2008 (C.C.P. Phila. Cty.); *Meneghin v. Exxon Mobil Corporation*, No. OCN-002697-07 (Sup. Ct. NJ ) .

*Brands, Inc.*, No. 3:19-cv-03613 (N.D. Cal.) (pursuing claims regarding the presence of grain in dog food products labelled "Grain-free"); *Fishon v. Mars, Petcare US, Inc.*, No. 3:19-cv-00816 (M.D. Tenn.) (same); *Swetz v. GSK Consumer Health, Inc.*, No. 7:20-cv-04731-NSR, 2021 U.S. Dist. LEXIS 107422 (S.D.N.Y. June 8, 2021) (pursuing claims regarding deceptively labeled and marketed fiber supplements).

Mays Group members Ms. Emert, Ms. Blatt, and Mr. Mason have even further experience in cases involving improper marketing and consumer and child safety. Such cases include: *Kellie Carder, v. Graco Children's Products, Inc.,* No. 2:20-cv-00137 (N.D. Ga. 2020) (alleging violations of state consumer protection statutes and common law claims on behalf of consumers who purchased Graco booster seats based on false representations of their safety and weight limits); *In re: Evenflo Co., Inc. Marketing, Sales Practices and Products Liability Litigation*, No. 1:20-md-02938 (D. Mass. 2020) (same); *Whittington v. KidsEbrace, LLC*, No. 2:21-cv-1830 (C.D. Cal. 2021) (same); and *Oceguera v. Baby Trend, Inc.*, No. 5:21-cv-00398 (C. D. Cal. 2021) (same); *Ott, et al., v. Syntex Laboratories, Inc.*, Superior Court of CA, County of San Diego, Case No. 712849 (pertaining to cognitive injuries due to ingestion of baby formula); *Vincent, Wesley v. People Against Dirty, PBC.*, No. 7:16-cv-06936 (S.D.N.Y.) (served as co-lead counsel and obtained a settlement behalf of a national class of consumers who purchased cleaning products alleged to have been deceptively labeled); *Rapoport-Hecht, Tziva v. Seventh Generation, Inc.*, No. 14-cv-9087 (S.D.N.Y.) (served as co-lead counsel and obtained a settlement on behalf of a national class of consumers who purchased cleaning products alleged to have been deceptively labeled).

As a result of their collective experience litigating these heavy metals, toxins, food misrepresentation and consumer safety cases, the Mays Group is well versed in what will be needed to satisfy Plaintiffs' burdens of proof in this litigation, including the necessary expert

opinions as well as damage modeling experts. These experiences and knowledge will certainly benefit the class in this Toxic Baby Food litigation.

**C.     The Mays Group's Trial Experience Meets (or Exceeds) That of Any Leadership Contestant.**

The Mays Group also has significant trial experience to back up its request for appointment.

Ms. Emert's firm, for example, has tried numerous complex commercial cases to verdict, including an eight-week RICO jury trial before Judge Spatt in the Eastern District of New York. In addition, KGG partners were co-counsel in the multi-week trial of a consumer fraud class action involving a multi-level marketing company, in the U.S. District Court for the District of Nevada before Judge Rawlinson (currently of the Ninth Circuit), which settled on the last day of trial.

By way of another example, Mr. Shaffer's firm, Levin Sedran has repeatedly demonstrated its commitment to prosecuting cases through trial and post-trial appeals when necessary. *See, e.g., Exxon Valdez Oil Spill Litig.*, No. 889 0095 (D. Alaska); *Helmer, et al. v. The Goodyear Tire and Rubber Co.* ("Entran III"), No. 12-00685 (D. Col.); *Chinese-Manufactured Drywall Product Liability Litig.*, MDL No. 2047 (E.D. La.); *Diet Drug Product Liability Litig.,* MDL No. 1203 (E.D. Pa.); *Vioxx Product Liability Litig.*, MDL No. 1657 (E.D. La.); and *Asbestos School Litig.*, No. 83-0268 (E.D. Pa.). Furthermore, Mr. Schaffer has a LLM in Trial Advocacy and has extensive experience prosecuting complex individual actions on behalf of injured individuals in products liability, medical negligence, and drug and medical device actions. He has served as Lead Counsel in these matters and successfully tried cases to jury verdicts.

Ms. Blatt has been awarded three Outstanding Trial Lawyer Awards by the Consumer Attorneys of San Diego for her trial results, and five of her firm partners are members of ABOTA.,

Mr. Sultzer's extensive experience trying many cases in New York state court involving exposures to lead highlights the deep bench and unique experience our group has to offer, which

will ultimately help streamline the case and allow this matter to be handled efficiently should the Court appoint our group.

And finally, Goldenberg Schneider recently took a medical defect case to trial in March 2021 which resulted in a landmark verdict of more than $10.3 million against Cincinnati-based Ethicon Endo-Surgery, Inc. Goldenberg Schneider represented the plaintiff, who lost most of her colon after an Ethicon stapler malfunctioned during surgery to remove a non-cancerous polyp. After hearing the evidence and arguments of counsel, the Ohio state court jury returned a stunning verdict in favor of the plaintiff for more than $10.3 million – over $300,000 more than what she had requested.

**D.   The Mays Group Has Advanced the Litigation as Far or Farther Than Any Other Leadership Group.**

Despite the early stage of litigation, the Mays Group has made significant progress in pursuing the Plaintiffs' claims. The Mays Group investigated the presence of heavy metals in the subject products through scientific testing; interviewed hundreds of consumers injured by Defendant's baby food products; researched the legal claims; drafted the initial pleadings; identified, consulted with, and retained experts in the relevant fields including but not limited to epidemiology, pediatric toxicology, heavy metal testing, regulatory standards for heavy metals and other toxic substances in foods, food marketing and labeling, regulatory compliance, health and wellness, food safety, quality systems management, supply chain, product development, and solutions for management of quality and ingredients in products; and analyzed topics for discovery and drafting discovery requests.

## III. CONCLUSION

The members of the Mays Group are ideal candidates for leadership in this matter, and they are willing to expand their slate to coordinate and work with Jeffrey K. Brown and Judge John G. Marks (Ret.), who currently represent Plaintiffs Lisa Gray and Heather Age. For these reasons, and those expressed in the Mays Group's initial petition at Doc, No. 66, Plaintiffs respectfully request the Court appoint the Mays Group as Interim Lead Counsel, Liaison Counsel, and Executive Committee Members.

Dated: June 17, 2021          Respectfully submitted:


**Counsel for Plaintiffs**

*/s/       Jason P. Sultzer*

Jason P. Sultzer
Mindy Dolgoff
**THE SULTZER LAW GROUP P.C.**
270 Madison Ave., Suite 1800
New York, New York 10016
Telephone: (212) 969-7810
Facsimile: (888) 749-7747
sultzerj@thesultzerlawgroup.com
dolgoffm@thesultzerlawgroup.com

*Counsel for Plaintiff Leiba Baumgarten*


Michael Reese
**REESE LLP**
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
mreese@reesllp.com

*Counsel for Plaintiff Leiba Baumgarten*

Melissa R. Emert
**KANTROWITZ GOLDHAMER & GRAIFMAN, P.C.**
747 Chestnut Ridge Road
Chestnut Ridge, NY 10977
Tel.: (845) 356-2570
Fax: (845) 356-4335
memert@kgglaw.com

*Counsel for Plaintiff Shanely Zorrilla*

Gary E. Mason
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Avenue NW, Suite 305
Washington, D.C. 20016
Tel.: (202) 429-2290
Fax: (202) 42902294
gmason@masonllp.com
dlietz@masonllp.com

*Counsel for Plaintiff Alyssa Mays*

Charles E. Schaffer
**LEVIN, SEDRAN & BERMAN, LLP**
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Tel.: (215) 592-1500
Fax: (215) 592-4663
cschaffer@lfsblaw.com

*Counsel for Plaintiff Alyssa Mays*

Jeffrey S. Goldenberg (*admitted pro hac vice*)
**GOLDENBERG SCHNEIDER, L.P.A.**
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Tel.: (513) 345-8297
Fax: (513) 345-8294
jgoldenberg@gs-legal.com

*Counsel for Plaintiff Alyssa Mays*

Gayle M. Blatt
**CASEY GERRY FRANCAVILLA BLATT**
**& PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232
gmb@cglaw.com

*Counsel for Plaintiff Alyssa Mays*

Jonathan Shub
**SHUB LAW FORM LLC**
134 Kings Highway E., 2nd Floor
Haddonfield, NJ 08033
Telephone: (856) 772-7200
Fax: (856) 210-9088
jshub@shublawyers.com

*Counsel for Plaintiff Alyssa Mays*