UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION**<br><br>This Document Relates To: All Actions | Case No. 2:21-cv-678-JS-AYS |

**REPLY IN FURTHER SUPPORT OF THE MOTION TO APPOINT LABATON SUCHAROW AS INTERIM LEAD COUNSEL**

Michael P. Canty
Carol C. Villegas
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
cvillegas@labaton.com

Dated: June 17, 2021

## INTRODUCTION

Plaintiff Asyia Andrews (the "Andrews Plaintiff" or "Plaintiff"), by and through her undersigned counsel respectfully submits this reply in further support of the motion for appointment of her counsel, Michael Canty and Carol Villegas of Labaton Sucharow LLP ("Labaton Sucharow" or "Proposed Interim Lead Counsel") as Interim Lead Counsel pursuant to Fed. R. Civ. P. 23(g). As a threshold matter, there is no dispute that Proposed Interim Lead Counsel amply satisfies the Rule 23(g) factors for appointment as Interim Lead Counsel in this action. Nevertheless, this reply responds to three points raised by Plaintiff groups in their responses to the Motion of Asyia Andrews to Appoint Labaton Sucharow as Interim Lead Counsel:[1]

- Proposed Interim Lead Counsel has standing to move for and serve as Interim Lead Counsel;
- This case does not require a large, complicated leadership structure; and
- Labaton Sucharow's representation that its investigation will further this case is accurate.

## ARGUMENT

### I. Proposed Interim Lead Counsel Has Standing

The Stewart Response asserts that the Motion to Appoint Labaton Sucharow as Interim Lead Counsel (ECF No. 61-1) is "improper" because *Andrews v. Beech-Nut Nutrition Co.*, No. 2:21-cv-01704 (E.D.N.Y) (the "Andrews Action") originally brought claims against several Defendants. *See* Stewart Response at 11. This is incorrect for two reasons. First, as this Court is aware, the Andrews Action was consolidated with this action. *See* ECF No. 90. Second, the Court granted leave to amend the complaint so that it asserts claims against only Hain Celestial.

---

[1] Specifically, this reply responds to: (1) Plaintiffs Emily Baccari, Dominick Gross, Heather Hyden, Haley Sams, and Vito Scarola's Opposition to Motions for Leadership Appointment (ECF No. 84) (the "Erin Green Comite Response") and (2) The Stewart Movants' Omnibus Memorandum of Law in Response to Motions For Appointment For Interim Lead Counsel (ECF No. 86) (the "Stewart Response").

1

*Id.* The deadline to file the amended complaint in the Andrews Action is June 28, 2021, however, for the avoidance of doubt, Proposed Interim Lead Counsel filed the amended complaint to the Andrews Action docket today.[2] Thus, the argument that Proposed Interim Lead Counsel does not have standing is without merit.

## II. A Committee is Unnecessary and Inefficient

There is no dispute that Labaton Sucharow, led by Partners Michael Canty and Carol Villegas, amply satisfies the Rule 23(g) factors for appointment as lead counsel. There is also no dispute that Proposed Interim Lead Counsel has a "track record of success" and that this case "simply does not require a large or complicated leadership structure." Stewart Response at 12; Erin Green Comite Response at 1. Accordingly, this Court should not appoint a leadership structure consisting of multiple law firms where a more lean and efficient organizational structure is better suited to lead this case.

The Erin Green Comite Response asserts that "The Collective Motions (defined as including Labaton Sucharow's submission) all have a similar problem: they each seek the appointment of an unnecessarily large, multi-firm lead counsel structure." Erin Green Comite Response at 1. This is not true for the Labaton Sucharow submission. Proposed Interim Lead Counsel's submission clearly advocates for appointment as sole Lead Counsel with two lawyers leading the case—not a bloated multi-firm lead counsel structure.

The Erin Green Comite Response explains in detail the various inefficiencies that plague conglomerate structures, yet it requests that the Court appoint three law firms to leadership roles. This makes no sense. Indeed, the case which the Erin Green Comite Response argues is "instructive" supports appointing Labaton Sucharow as sole Lead Counsel. In *Haynie v. Cornell*

---

[2] Plaintiff reserves the right to file a consolidated amended complaint after the motions for appointment are resolved.

*Univ.*, No. 3:20-CV-467 (MAD/ML), 2020 WL 6043947 (N.D.N.Y. Oct. 13, 2020), the Court rejected a multi-firm leadership structure and appointed one law firm as "sole interim lead counsel."[3] *Id.* at 3. The Court explained that, "***appointment of a single lead counsel best serves the interests of judicial economy while protecting the interests of the putative class.***" *Id.* Here, the Erin Green Comite submission requests a multi-firm leadership structure, while the Labaton Sucharow submission requests a single firm leadership structure. Accordingly, the interests of judicial economy and the Class are better served by the appointment of Labaton Sucharow.

### III. Labaton Sucharow Worked to Further this Case Through an Ongoing Investigation

As described in Proposed Interim Lead Counsel's submission and response in further support of the submission, Labaton Sucharow has dedicated significant time and resources to investigating the asserted claims against Hain Celestial. The Stewart Response argues that the work Labaton has done to develop this case is "overstated." Stewart Response at 12. First, Labaton Sucharow's investigation is ongoing. In fact, Labaton Sucharow's in-house investigation team has contacted over 80 former Hain Celestial employees and a drafter of the Congressional Report. As the Court and the Stewart movants are undoubtedly aware, after the Court decides the pending motions and appoints Lead Counsel, Plaintiff will file an amended consolidated complaint. Second, the ongoing investigation and investigative team described in Proposed Interim Lead Counsel's submission supports the point that counsel will continue to work to identify and investigate potential claims in this action pursuant to Fed. R. Civ. P. 23(g)(1)(A)(i). As explained above, the Stewart movants do not dispute that Michael Canty and Carol Villegas of Labaton Sucharow's submission amply satisfied this requirement. Additionally, as previously stated, should the Court wish to appt multiple law firms, Labaton

---

[3] The Court also appointed local interim counsel. *See id.* at n.2.

3

Sucharow has worked collaboratively with the law firms Cohen Milstein, Gibbs Law Group, and Levi & Korsinsky.

## **CONCLUSION**

For the foregoing reasons and for the reasons stated in our May 27, 2021 and June 10, 2021 filings, we respectfully request that the Court appoint Labaton Sucharow LLP as Interim Lead Counsel.

Dated: June 17, 2021

/s/____*Michael P. Canty*___
Michael P. Canty
Carol C. Villegas
**LABATON SUCHAROW LLP**
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477
mcanty@labaton.com
cvillegas@labaton.com