UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
In re HAIN CELESTIAL HEAVY METALS
BABY FOOD LITIGATION,　　　　　　　　　　　　CONSOLIDATION ORDER
　　　　　　　　　　　　　　　　　　　　　　　　　No. 21-CV-0678(JS)(AYS)
----------------------------------------X
This Document Relates to

Walls v. Hain Celestial Group, Inc. et al.　No. 21-CV-0870

----------------------------------------X

SEYBERT, District Judge:

　　　**WHEREAS**, on May 13, 2021, this Court issued an Order consolidating certain cases in this District before the undersigned in In re Hain Celestial Heavy Metals Baby Food Litigation, Case No. 21-CV-0678 (the "Consolidated Action"), wherein Plaintiffs assert claims against Defendant Hain Celestial Group, Inc. ("Hain") for violations of various state consumer protection laws and statutes arising out of allegations that Hain engaged in deceptive business practices with respect to its baby food products by failing to disclose that the products contain levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury.　(See Consolidation Order, Consolidated Action Dkt., ECF No. 47.)[1]

　　　**WHEREAS**, the parties in Walls et al. v. Hain Celestial Group et. al., No. 21-CV-0870 (the "Walls Action"), have filed a

---

[1] Unless otherwise indicated, all docket citations refer to the docket in the Consolidated Action, Case No. 21-CV-0678.

consent motion and stipulation to consolidate the Walls Action with the Consolidated Action, representing that Plaintiffs will file an Amended Complaint asserting consumer-protection type claims against Hain as the sole defendant.  (Mot., ECF No. 112.)

**WHEREAS**, Federal Rule of Civil Procedure 42(a) provides that a court may consolidate "actions before the court" if they "involve a common question of law or fact."  Courts have "'broad discretion' to determine whether to consolidate actions." Breakwater Trading LLC v. JPMorgan Chase & Co., No. 20-CV-3515, 2020 WL 5992344, at *2 (S.D.N.Y. Oct. 9, 2020) (quoting Johnson v. Celotex Corp., 899 F.2d 1281, 1284 (2d Cir. 1990)).  In determining whether to consolidate actions, courts may consider "judicial economy," which favors consolidation, but must ensure that consolidation will not jeopardize "a fair and impartial trial." Johnson, 899 F.2d at 1285.

**WHEREAS**, upon due consideration of the parties' stipulation, the Court finds that entry of this Order will promote judicial economy, avoid duplicative proceedings, and streamline adjudication of related matters.

Accordingly, **IT IS HEREBY ORDERED THAT** the parties' stipulation is **SO ORDERED** and, on consent, the motion to consolidate the Walls Action is **GRANTED**.  Plaintiffs in the Walls Action shall file an Amended Complaint, consistent with the Consolidation Order issued in the Consolidated Action, to the Walls

2

Action docket within fourteen (14) days from the date of this Order; and

**IT IS FURTHER ORDERD** that, pursuant to the Court's Consolidation Order, the Walls Action is hereby **CONSOLIDATED** with the Consolidated Action pending before the undersigned, and shall proceed under lead Case No. 21-CV-0678 as follows: In re Hain Celestial Heavy Metals Baby Food Litigation, Case No. 21-CV-0678. Except as otherwise provided herein, all future filings shall be docketed in lead Case No. 21-CV-0678; and

**IT IS FURTHER ORDERED** that, to remain a consolidated case member, any forthcoming Amended Complaint **SHALL** be limited to claims asserting violations of various state consumer protection laws and statutes arising out of allegations that Hain engaged in deceptive business practices with respect to its baby food products by failing to disclose that the products contain levels of toxic heavy metals, including arsenic, lead, cadmium, and mercury; and **SHALL NOT** assert any personal injury and/or product liability claims for non-economic damages. (See Consolidation Order, ECF No. 47, ¶¶ 2, 4.) Plaintiffs are warned that failure to comply with these directives may result in the Court removing this case from the Consolidated Action.

\*\*\*

The Clerk of the Court is respectfully directed to (1) GRANT the motions pending at ECF No. 112 in Lead Case No. 21-CV-0678 and at ECF Nos. 47 & 48 in Case No. 21-CV-0870; (2) administratively terminate all remaining motions pending in Case No. 21-CV-0870, without prejudice and with leave to renew; and (3) consolidate the Walls Action (Case No. 21-CV-0870) with the Consolidated Action.

The Court will direct the Clerk of the Court to administratively close the Walls Action after receipt and review of the forthcoming Amended Complaint.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: June __28__, 2021
       Central Islip, New York