# Labaton Sucharow

212 907 0863 direct
212 907 0700 main
212 883 7061 fax
mcanty@labaton.com

New York Office
140 Broadway
New York, NY 10005

May 2, 2022

**VIA E-MAIL**

The Honorable Joanna Seybert
U.S. District Court for the Eastern District of New York
100 Federal Plaza, Courtroom 1030
Central Islip, NY 11722

RE: *In re Hain Celestial Heavy Metals Baby Food Litigation*, Case No. 2:21-cv-678-JS-AYS
Reply to Defendant's Notice of Supplemental Authority

Dear Judge Seybert:

Plaintiffs submit this letter in response to Hain Celestial Inc.'s ("Hain") April 27, 2022 Notice of Supplemental Authority enclosing a recent decision in *Kimca v. Sprout Foods, Inc*., No. 21-12977 (SRC). As set forth below, Plaintiff's respectfully submit that it is improper for Hain to submit a Notice of Supplemental Authority prior to the filing of a motion to dismiss. Furthermore, on substance, the case Hain brings to the Court's attention is non-precedential.

Neither the Federal Rules of Civil Procedure nor the Local Rules of this Court provide for the filing of supplemental authorities. In practice, however, this Court has allowed notices of supplemental authority to be filed without leave of court, after a party's brief was filed. Cf. Fed. R. App. P. 28(j) (A party may file a letter to "promptly advise the circuit court clerk by letter" of any "pertinent and significant authorities [that] come to a party's attention ***after the party's brief has been filed***—or after oral argument but before decision.") (emphasis added).

With respect to the substance of the holding, *Kimca* is an out of circuit decision that is not binding on this Court. To the extent the Court considers Defendants' out-of-circuit Supplemental Authority, Plaintiffs respectfully direct the Court to two (2) orders denying motions to dismiss in *In Re Plum Baby Food Litigation* and *Shipra Kochar, et al. v. Walmart, Inc*., both pending before the United States District Court for the Northern District of California.

In *Plum*, the Court found that "plaintiffs have adequately alleged an injury in fact by alleging that they 'would have not paid [the purchase price or the price premium] had they known that the Baby Foods included levels of Heavy Metals, perchlorate, and/or undesirable toxins or contaminants.'" *See In re Plum Baby Food Litig.*, No. 21-CV-913-YGR, (N.D. Cal. Jan. 12, 2022). Likewise, in *Shipra Kochar* the Court found "[n]amed plaintiffs have Article III standing to sue because they plausibly alleged the economic injury of paying a premium for baby food advertised

# Labaton Sucharow

The Honorable Joanna Seybert
May 2, 2022
Page 2

as healthy when it is said to have contained excessive levels of non-naturally occurring heavy metals." *Shipra Kochar et al., v. Walmart, Inc.*, No. 21-cv-02343-JD (N.D. Cal. Apr. 25, 2022). Moreover, there are several instances where courts in this Circuit have denied motions to dismiss in similar consumer protection and false advertising claims cases. *See e.g. Petrosino v. Stearn's Prod., Inc.,* 2018 WL 1614349 (S.D.N.Y. Mar. 30, 2018); *In re Frito-Lay N. Am., Inc. All Nat. Litig.*, 2013 WL 4647512 (E.D.N.Y. Aug. 29, 2013); *Ault v. J.M. Smucker Co.*, 2014 WL 1998235 (S.D.N.Y. May 15, 2014).

Like the *Plum* and *Shipra Kochar* plaintiffs*,* Plaintiffs' here have alleged they would not have purchased the products, would have purchased less of the products, or would have paid less for the products if they had known Hain's products contained any level of toxic heavy metals and/or other toxins.[1]  Plaintiffs also alleged that they would be willing to purchase baby foods again in the future if they were certain the foods did not contain toxic heavy metals.

Hain's Notice of Supplemental Authority was premature because its anticipated motion to dismiss has not been filed, and irrelevant because *Kimca* is not controlling.  Should this Court order briefing on a motion to dismiss, Plaintiffs welcome the opportunity to argue the applicability of *Kimca,* and other out-of-circuit cases, at the hearing on the motion to dismiss and/or stay.

Very truly yours,

Michael P. Canty

---

[1] *See* Plaintiffs' Consolidated Amended Class Action Complaint ("Complaint"), ECF No. 160 ¶¶42, 198, 212, 228, 236, 259, 280, 293, 306, 319, 332, 344, 356, 372, 383, 395, 407, 418, 430, 443, 455, 466.