Michael P. Canty
Partner
212 907 0861 direct
212 907 0700 main
212 883 7061 fax
mcanty@labaton.com

New York Office
140 Broadway
New York, NY 10005

June 17, 2022

**VIA ECF FILING**
Magistrate Judge Anne Y. Shields
100 Federal Plaza
P.O. Box 840
Central Islip, New York 11722
Courtroom 840

Re: *In re Hain Celestial Heavy Metals Baby Food Litig.*, No. 2:21-cv-00678-JS-AYS (E.D.N.Y) – Joint Letter of the Parties

Dear Judge Shields,

We submit this joint letter pursuant to paragraphs V, VI, and VII of your Individual Practice Rules. On June 8, 2022, the Parties conducted a Rule 26(f) meet and confer by phone. Melissa Nafash and Danielle Izzo were present on behalf of Plaintiffs. Alex Smith was present on behalf of Defendant, The Hain Celestial Group, Inc. ("Hain Celestial"). The Parties discussed the Confidentiality Order, ESI Protocol, and Discovery Plan Worksheet. The positions of each party are as follows:

1. **Confidentiality Order:**

**Plaintiffs' Position.** Plaintiffs propose utilizing Judge Shields's Stipulation and Order Regarding Confidential Information but do not oppose the designation proposed by Defendant.

**Defendant's Position.** Hain Celestial proposes adding a "highly confidential" designation to Judge Shields's Stipulation and Order Regarding Confidential Information. The "highly confidential" designation would be limited to ingredient specifications, product formulations, and other documents whose disclosure would pose a serious risk of competitive harm to Hain Celestial. The "highly confidential" designation would still allow Plaintiffs' counsel and their experts to review these documents, and Plaintiffs have not articulated any prejudice they would suffer from a "highly confidential" designation.

2. **Discovery Plan Worksheet:**

a. <u>Completion Date for Initial Disclosures</u>: The Parties agree to a completion date of June 30, 2022 for Rule 26(a) initial disclosures.

  b. <u>Completion Date for Phase I/Tier I Discovery</u>: The Parties have not agreed to a completion date.

  **Plaintiffs' Position.** Plaintiffs propose a completion date of June 30, 2022.

  **Defendant's Position.** This Court's standing order states that "Tier One discovery is expected to be completed no later than 60 days of the initial conference." Hain Celestial has agreed to produce Tier 1 discovery from readily accessible non-custodial sources (such as sales data, product labels, product formulations and ingredient specifications, and marketing materials stored in marketing share drives or other central repositories) within 60 days of the initial conference. There is no need for the June 30, 2022 date Plaintiffs propose.

  c. <u>Completion Date for Fact Discovery</u>: The Parties agree to propose a completion date of nine months from the date Hain Celestial files its answer.

  d. <u>Completion Date for Expert Discovery, Final Date to Take First Step in Dispositive Motion Practice, and Deadline for Submission of a Joint Proposed Pretrial Order</u>: The Parties agree that dispositive motion practice should begin after the close of discovery and a ruling on Plaintiffs' anticipated motion for class certification. The Parties also agree that the deadline for submission of a joint proposed pretrial order will be thirty days after dispositive motions are filed. The Parties do not agree on when expert discovery begins.

  **Plaintiffs' Position.** As a compromise to conducting all expert discovery prior to the motion for class certification, Plaintiffs propose two schedules for expert discovery: one schedule leading up to class certification for experts who will opine on matters central to class certification and another following class certification for those who do not.

  **Defendant's Position.** Hain Celestial maintains that it is most efficient to require Plaintiffs to disclose class certification expert witnesses at the time they file their class certification motion and to require Hain Celestial to disclose its class certification rebuttal experts at the time it files its opposition to Plaintiffs' class certification motion. Hain Celestial also anticipates that the parties will engage in expert discovery regarding merits issues following a ruling on Plaintiffs' motion for class certification. In lieu of setting two separate schedules for expert discovery, the simplest and most efficient solution is to set a uniform deadline for the completion of expert discovery approximately three to six months following a ruling on Plaintiffs' anticipated motion for class certification.

  **3.** **<u>ESI Protocol</u>:** The Parties agree to the terms of the ESI Protocol. The Parties also agree that Hain Celestial will provide its proposed list of ESI search terms within 30 days after it serves its answer, although Plaintiffs reserve their rights to propound written discovery before that time. However, the Parties have not agreed to a date by which the Parties must meet and confer in order to discuss any proposed limitations on the scope of discovery.


June 17, 2022
Page 3

**Plaintiffs' Position.** Plaintiffs assert that the ESI Protocol should require a meet and confer seven days after the deadline for response under the Federal Rules of Civil Procedure (*i.e.* thirty seven days).

**Defendant's Position.** Hain Celestial maintains that there is no need for a rigid seven-day requirement to meet and confer about the identification of responsive documents after serving written responses to discovery. Hain Celestial is willing to meet and confer in good faith about its objections and responses, as well as proposed limitations on the scope of discovery, without the unnecessary burden imposed by the seven-day window Plaintiffs propose.

Based on the foregoing, below is the current version of the Parties' Discovery Plan Worksheet:

| | |
|---|---:|
| Deadline for completion of Rule 26(a) initial disclosures and HIPAA-complaint records authorizations: | June 30, 2022 |
| Completion date for Phase I Discovery as agreed upon by the parties: | [pending] |
| Status conference TBD by the court: | 15 days after the close of Tier I/Phase I Discovery |
| Motion to join new parties or amend the pleadings: | September 1, 2022 |
| All fact discovery completed by: | 9 months following Answer |
| Expert discovery completed by: | [pending] |
| Final date to take first step in dispositive motion practice: | [After close of discovery] |
| Joint Proposed Pretrial Order to be submitted: | [30 days after above] |

June 17, 2022
Page 4

Very truly yours,

*/s/ Michael P. Canty*
**LABATON SUCHAROW LLP**
Michael P. Canty
Carol Villegas
Melissa H. Nafash
Danielle Izzo
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
mcanty@labaton.com
cvillegas@labaton.com
mnafash@labaton.com
dizzo@labaton.com

*Appointed Interim Counsel for Plaintiffs and the Proposed Class*

*/s/ Dean N. Panos*
**JENNER & BLOCK LLP**
Dean N. Panos
Alexander M. Smith
Kate T. Spellman
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 923-2765
DPanos@jenner.com
Asmith@jenner.com
KSpelman@jenner.com

*Counsel for Defendant The Hain Celestial Group, Inc.*