UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION | Case No. 2:21-cv-00678-JS-AYS |

**STIPULATION AND ORDER REGARDING CONFIDENTIAL INFORMATION**

The following provisions shall govern the exchange of confidential information in this matter:

1.      Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. Information and documents designated as confidential are to be stamped "CONFIDENTIAL."

2.      Counsel for any party may designate any document, information contained in a document, information revealed in an interrogatory response or information revealed during a deposition as highly confidential if counsel determines, in good faith, that the disclosure of such information would create a substantial risk of financial or competitive harm that cannot be eliminated through the use of a "CONFIDENTIAL" designation or other less restrictive means. Information and documents designated as highly confidential are to be stamped "HIGHLY CONFIDENTIAL."

3.      Information or documents designated as Confidential or Highly Confidential may be referred to collectively as "Confidential Information."

4. Unless ordered by the court or otherwise provided for herein, the Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action.

5. In the event that a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party specifically reserves the right to object to the use or admissibility of all Confidential Information disclosed, in accordance with applicable laws and court rules.

6. Information or documents designated as "Confidential" shall not be disclosed to any person except:

   a. The requesting party and counsel, including in-house counsel;

   b. Employees of such counsel assigned to and necessary to assist in the litigation;

   c. The Court (including the clerk and/or courtroom deputy, court reporter or stenographer, or any other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

   d. Subject to the condition set forth in Paragraph 9 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

   e. Subject to the condition set forth in Paragraph 9 below: any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his or her testimony and may not retain the Confidential Information.

7. Information or documents designated as "Highly Confidential" shall not be disclosed to any person except:

 a. Counsel for the receiving party, including in-house counsel;

 b. Employees of outside counsel assigned to and necessary to assist in the litigation;

 c. The Court (including the clerk and/or courtroom deputy, court reporter or stenographer, or any other person having access to Confidential Information by virtue of his or her position with the Court) or the jury at trial or as exhibits to motions.

 d. Subject to the condition set forth in Paragraph 9 below: consultants or experts in the prosecution or defense of the matter, to the extent deemed necessary by counsel;

 e. Subject to the condition set forth in Paragraph 9 below: any person from whom testimony is taken or is to be taken in this action, except that such a person may only be shown Confidential Information during and in preparation for his or her testimony and may not retain the Confidential Information.

8. Prior to disclosing or displaying Confidential Information to any person, counsel shall:

 a. inform the person of the confidential or highly confidential nature of the information or documents; and

 b. inform the person that this Court has enjoined the use of the information or documents by him or her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

9. The Confidential Information may be displayed to and discussed with the persons identified in Paragraphs 6(d), 6(e), 7(d), and 7(e) only on condition that prior to any such display

each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

10. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of discovery or thirty (30) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

11. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

12. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except

each person must sign an agreement to be bound by this Order in the form attached hereto as Exhibit A. In the event that such person refuses to sign an agreement in the form attached as Exhibit A, the party desiring to disclose the Confidential Information may seek appropriate relief from the Court.

10. The disclosure of a document or information without designating it as "Confidential" or "Highly Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information provided the material is designated pursuant to the procedures set forth herein no later than fourteen (14) days after the close of discovery or thirty (30) days after the production of the document or information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all of the terms of the Stipulation and Order.

11. All information subject to confidential treatment in accordance with the terms of this Stipulation and Order that is filed with the Court, including any pleadings, motions or other papers filed with the Court that includes Confidential Information, shall be filed under seal to the extent permitted by law (including, without limitation any applicable rules of court) and shall be kept under seal until further order of the Court. To the extent that the Court requires any further act by the parties as a precondition to the filing of documents under seal (beyond the submission of this Stipulation and Order Regarding Confidential Information), it shall be the obligation of the producing party of the documents to be filed with the Court to satisfy any such precondition. Where possible, only confidential portions of the filings with the Court shall be filed under seal.

12. At the conclusion of the litigation, the Confidential Information and any copies thereof shall be promptly (and in no event no later than thirty (30) days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except

that the parties' counsel shall be permitted to retain their working files on the condition that such files will remain confidential. The foregoing is without prejudice to the right of any party to apply to the Court for any further Protective Order relating to Confidential Information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this order.

13. This Order may be enforced by any party and any violation of this order may result in the imposition of sanctions by the Court.

IT IS SO STIPULATED AND AGREED:

Dated: June 28, 2022

LABATON SUCHAROW LLP

By: /s/ Michael P. Canty
    Michael P. Canty
    Carol Villegas
    Melissa Nafash
    140 Broadway
    New York, NY 10005
    (212) 907-0700
    mcanty@labaton.com
    cvillegas@labaton.com
    mnafash@labaton.com

Appointed Interim Counsel for Plaintiffs
and the Proposed Class

Dated:  June 28, 2022                                   JENNER & BLOCK LLP

                                                        By: /s/ Dean N. Panos
                                                            Dean N. Panos
                                                            353 North Clark Street
                                                            Chicago, IL 60654
                                                            (312) 923-2765
                                                            dpanos@jenner.com

                                                            Kate T. Spelman
                                                            Alexander M. Smith
                                                            515 South Flower Street, Suite 3300
                                                            Los Angeles, CA 90071
                                                            (213) 239-5100
                                                            kspelman@jenner.com
                                                            asmith@jenner.com.

                                                        Attorneys for Defendant
                                                        The Hain Celestial Group, Inc.

IT IS SO ORDERED:


Dated: _____, 2022              _____
                                                The Honorable Anne Y. Shields
                                                United States Magistrate Judge

**Exhibit A to Stipulation and Order Regarding Confidential Information**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled: have been designated as confidential or highly confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED: _____      BY: _____

Signed in the presence of:

_____
        (Attorney)