UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE HAIN CELESTIAL HEAVY METALS BABY FOOD LITIGATION | Case No. 2:21-cv-00678-NM-AYS |

**PLAINTIFFS' OPPOSITION TO
DEFENDANT'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS THE
CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

**LABATON SUCHAROW LLP**
140 Broadway
New York, New York 10005
Tel: 212-907-0700

*Appointed Interim Counsel for Plaintiffs
and the Proposed Class*

December 22, 2022

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 1

I.      Legal Standard ................................................................................................................. 1

II.     Summary of documents ................................................................................................... 2

III.    Argument ......................................................................................................................... 3

        A.     Exhibits 2-25 Cannot be Judicially Noticed ......................................................... 3

IV.    CONCLUSION ................................................................................................................ 4

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Casey v. Odwalla, Inc.*,
　338 F. Supp. 3d 284 (S.D.N.Y. 2018)..................................................................................2, 3

*Glob. Network Commc'ns, Inc. v. City of New York*,
　458 F.3d 150 (2d Cir. 2006)......................................................................................................1

*In re Plum Baby Food Litig.*,
　Case No. 21-CV-913-YGR (N.D. Cal. Jan. 12, 2022)..............................................................3

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
　547 F.3d 406 (2d Cir. 2008)......................................................................................................3

*Stinnett v. Delta Air Lines, Inc.*,
　278 F. Supp. 3d 599 (E.D.N.Y. 2017) ......................................................................................2

**Other Authorities**

Fed. R. Civ. P. 12(b)(6).................................................................................................................2, 3

Fed. R. Civ. P.  56............................................................................................................................2

Plaintiffs Asyia Andrews, Lisa Gans, Shahalis Wilson, Myjorie Philippe, Zeynep Senturk Mannix, Monica Hazelwood, Carolyn Leary, Bethany Nickerson, Lizette Romero Ortiz, Elena Thormahlen, Amanda Roman, Cassie Caldwell, Simone Craig, Cassie Isza, Helen Howard, Jade Huguenot, Stephanie Weimer, Jessie McNaughton, and Tanya Motsay (collectively, "Plaintiffs") respectfully submit this memorandum of law in opposition to Defendant Hain Celestial Inc.'s ("Defendant" or "Hain") Request for Judicial Notice in Support of Defendant's Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint.

## INTRODUCTION

Defendant Hain seeks to introduce twenty-five exhibits which are attached to their Request for Judicial Notice. As set forth below, Plaintiffs agree that Defendant's Exhibit 1 is incorporated by reference in the Complaint. However, Plaintiffs oppose Defendants request for judicial notice of Exhibits 2 through 25 because they are documents outside of the complaint that contain facts in dispute.[1]

## ARGUMENT

**I.  LEGAL STANDARD**

There are two legal standards applicable when considering a request for judicial notice contemporaneously with a motion to dismiss. First, is that which a District Court may consider on a motion to dismiss. District Courts may not consider materials outside of the Complaint when deciding a motion to dismiss. *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006) (finding lower court erred because "it considered matters outside plaintiff's complaint" and "relied on those materials to make a finding of fact that controverted

---

[1] Plaintiffs acknowledge that Exhibit 24 does not create a dispute of fact. However, it is unnecessary for this Court to take judicial notice of an out-of-circuit decision that the Court could otherwise consider. The Court has full discretion to consider cases from other jurisdictions and to weigh those decisions as it sees fit.

the plaintiff's own factual assertions"). Consideration of any such materials results in the conversion of a Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *See id*. The doctrines of judicial notice and incorporation by reference are two narrow exceptions to this general rule that only apply in a specific, limited set of circumstances. The use of these limited exceptions must be carefully limited because "Plaintiffs are harmed when material outside the complaint is considered on a motion to dismiss because they lack notice that such consideration is taking place." *Stinnett v. Delta Air Lines, Inc.*, 278 F. Supp. 3d 599, 607 (E.D.N.Y. 2017) (collecting cases).

The second applicable legal standard is the doctrine of judicial notice itself, which contemplates a limited exception to the general rule; documents may only be judicially noticed "for the limited purpose of noting what the documents state, rather than to prove the truth of their contents." This doctrine allows Courts to consider facts "not subject to reasonable dispute because they are either generally known within the trial court's territorial jurisdiction or can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned." *Casey v. Odwalla*, Inc., 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018) citing Fed. R. Evid. 201(b).[2] Thus, facts subject to reasonable dispute cannot be judicially noticed on a motion to dismiss. *See Stinnett*, 278 F. Supp. 3d at 607 ("The Court declines to take judicial notice of [Defendant]'s proffered fact . . . because it may be reasonably disputed and consideration of a reasonably disputed fact is inappropriate on a motion to dismiss").

II.   **SUMMARY OF DOCUMENTS**

Defendant's first exhibit is a copy of the February 4, 2021 House of Representatives Subcommittee on Economic and Consumer Policy report titled "Baby Foods Are Tainted with

---

[2] Internal quotations omitted throughout.

Dangerous Levels of Arsenic, Lead, Cadmium, and Mercury." Plaintiffs cite this report throughout their Complaint. Exhibits 2 through 23 consist of materials from the U.S. Food and Drug Administration ("FDA") that have been posted on the FDA's website, none of which are cited or referenced in Plaintiffs' Complaint. Defendant next includes Exhibit 24 which is a copy of the order on the motion to dismiss issued in *In re Plum Baby Food Litig.*, Case No. 21-CV-913-YGR (N.D. Cal. Jan. 12, 2022) (rejecting defendant's Article III standing, primary jurisdiction, preemption, and materiality arguments and denying defendant's motion to dismiss).[3] Defendant's last exhibit is Exhibit 25, a copy of a report issued by Healthy Babies Bright Futures, which is not referenced in Plaintiffs' Complaint.

### III.  ARGUMENT

#### A.  Exhibits 2-25 Cannot be Judicially Noticed

Documents outside of the complaint or those which contain facts subject to reasonable dispute cannot be judicially noticed on a motion to dismiss. Defendant seeks to judicially notice twenty-two exhibits, Exhibits 2-25, on the basis that the documents are "issued by the FDA," and Healthy Babies Bright Futures, a government entity and nonprofit organization, and available on their websites. RJN at 5. In making this argument, Defendant ignores the central issue – that these documents contain assertions that Plaintiffs dispute in their Complaint. *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 295 (S.D.N.Y. 2018) ("even if judicially noticeable, this Court would be unable to consider the facts for the truth of the matter asserted"). Even if this Court judicially notices the materials posted to the FDA's website, the documents cannot be considered "for [their] truth, and so [are] not a ground for decision and [do] not run afoul of the rule that a district court must confine itself to the four corners of the complaint when deciding a motion to

---

[3] Defendant cites sixty-four cases in its Motion to Dismiss, but now seeks to judicially notice one case.

3

dismiss under Rule 12(b)(6)." *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406 (2d Cir. 2008). Additionally, this Court need not judicially notice the decision in *In re Plum Baby Food Litig.* Courts are free to consider cases from other jurisdictions with whatever weight they deem appropriate. This situation is no different.

## IV. CONCLUSION

Plaintiffs agree that Exhibit 1, the Congressional Report, may be judicially noticed as it is referenced extensively and incorporated into the Complaint. However, this Court must deny Defendant's request for judicial notice of Exhibits 2 through 25 because those exhibits consist of documents outside of the complaint or those which contain facts subject to reasonable dispute.

Plaintiffs respectfully request that the Court grant Defendant's request for judicial notice of Exhibit 1 and deny Defendant's request for judicial notice of Exhibits 2 through 25.

Date: December 22, 2022

Respectfully submitted,

                                                        **LABATON SUCHAROW LLP**

                                                        */s/ Michael P. Canty*
                                                        Michael P. Canty
                                                        Carol C. Villegas
                                                        Melissa H. Nafash
                                                        Danielle Izzo
                                                        140 Broadway
                                                        New York, New York 10005
                                                        Telephone: (212) 907-0700
                                                        Facsimile: (212) 818-0477
                                                        mcanty@labaton.com
                                                        cvillegas@labaton.com
                                                        mnafash@labaton.com
                                                        dizzo@labaton.com

                                                        *Appointed Interim Counsel for Plaintiffs and the Proposed Class*

4

| | |
|---|---|
| Rosemary M. Rivas (*pro hac vice*)<br>Mark Troutman (*pro hac vice*)<br>Rosanne L. Mah (*pro hac vice*)<br>**GIBBS LAW GROUP LLP**<br>505 14th Street, Suite 110<br>Oakland, California 94612<br>Telephone: (510) 350-9700<br>Facsimile: (510) 350-9701<br>rmr@classlawgroup.com<br>RLM@classlawgroup.com<br>mht@classlawgroup.com<br><br>*Additional Counsel for Plaintiff Myjorie Philippe* | Christopher K. Leung<br>Alison Borochoff-Porte<br>**POLLOCK COHEN LLP**<br>60 Broad Street, 24th Floor<br>New York, NY 10004<br>Telephone: (212) 337-5361<br>chris@pollockcohen.com<br>alison@pollockcohen.com<br><br>*Additional Counsel for Plaintiffs Jessie McNaughton, Helen Howard, and Cassie Isza* |
| Janine Pollack<br>**CALCATERRA POLLACK LLP**<br>1140 Avenue of the Americas, 9th Floor<br>New York, NY 10036<br>Telephone: (212) 899-1765<br>Facsimile: (332) 206-2073<br>jpollack@calcaterrapollack.com<br><br>Lori G. Feldman<br>**GEORGE GESTEN MCDONALD, PLLC**<br>102 Half Moon Bay Drive<br>Croton-on-Hudson, NY 10520<br>Telephone: (833) 346-3587<br>lfeldman@4-justice.com<br><br>*Additional Counsel for Plaintiffs Lisa Gans and Zeynep Senturk Mannix*<br><br>Carl Malmstrom<br>**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**<br>270 Madison Avenue<br>New York, New York 10016<br>Telephone: (212) 545-4600<br>Facsimile: (212) 686-0114<br>malmstrom@whafh.com<br><br>*Additional Counsel for Rebecca Bromberg* | Courtney E. Maccarone<br>Mark Reich<br>**LEVI & KORSINSKY LLP**<br>55 Broadway, 10th Floor<br>New York, NY 10006<br>Telephone: (212) 363-7500<br>Facsimile: (212) 363-7171<br>cmaccarone@zlk.com<br>mreich@zlk.com<br><br>*Additional Counsel for Plaintiffs Shahalis Wilson and Jade Huguenot* |